WILLIAM E. PALLARES, SB# 187740
  E-Mail: William.Pallares@lewisbrisbois.com
**LEWIS BRISBOIS BISGAARD & SMITH LLP**
633 West 5th Street, Suite 4000
Los Angeles, California 90071
Telephone: 213.250.1800
Facsimile: 213.250.7900

KYLE MALAND, SB# 292210
  E-Mail: Kyle.Maland@lewisbrisbois.com
**LEWIS BRISBOIS BISGAARD & SMITH LLP**
550 West C Street, Suite 1700
San Diego, California 92101
Telephone: 619.233.1006
Facsimile: 619.233.8627

Attorneys for Defendants, eXp Realty, LLC,
eXp World Holdings, Inc., and Glenn Sanford

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| ANYA ROBERTS,<br><br>        Plaintiff,<br><br>    vs.<br><br>eXp REALTY, LLC, eXp WORLD HOLDINGS, INC., MICHAEL L. BJORKMAN, DAVID S. GOLDEN, BRENT GOVE, EMILY KEENAN, GLENN SANFORD, MICHAEL SHERRARD, and DOES 1-10,<br><br>        Defendants. | Case No. 2:23-cv-10492-AB-AGR<br><br>**DEFENDANTS eXp REALTY, LLC, eXp WORLD HOLDINGS, INC., AND GLENN SANFORD'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**<br><br>Judge:   Andre Birotte, Jr.<br><br>Trial Date:        None Set |

        Pursuant to Rule 8 of the Federal Rules of Civil Procedure, Defendants eXp REALTY, LLC ("eXp Realty"), eXp WORLD HOLDINGS, INC. ("eXp World"), and GLENN SANFORD ("Sanford") (collectively referred to as "Defendants"), hereby answer the First Amended Complaint (hereinafter "FAC") of Plaintiff ANYA ROBERTS (referred to as "Plaintiff"), and each and every material

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

allegation and cause of action purportedly set forth therein, and requests for a jury trial as follows:

## PRELIMINARY STATEMENT

1.    In answering paragraph 1 of Plaintiff's FAC, Defendants lack sufficient knowledge or information upon which to form a basis or belief whether "bad actors" drugged and sexually assaulted alleged coworkers, and therefore deny same. Defendants deny the remaining allegations contained therein.

2.    In answering paragraph 2 of Plaintiff's FAC, Defendants deny the allegations contained therein.

3.    In answering paragraph 3 of Plaintiff's FAC, Defendants deny the allegations contained therein.

4.    In answering paragraph 4 of Plaintiff's FAC, Defendants admit that on or around October 6, 2020, eXp received an allegation against Defendant Bjorkman allegedly assaulting an agent. Defendants deny the remaining allegations contained therein.

5.    In answering paragraph 5 of Plaintiff's FAC, the allegations are legal conclusions and/or arguments which do not require a response from Defendants. To the extent a response is required, Defendants lack sufficient knowledge or information to admit or deny the allegations contained therein because they are vague and ambiguous, and, therefore, Defendants deny.

6.    In answering paragraph 6 of Plaintiff's FAC, the allegations are legal conclusions and/or arguments which do not require a response from Defendant. To the extent a response is required, Defendant lacks sufficient knowledge or information to admit or deny the remaining allegations contained therein because they are vague and ambiguous, and, therefore, Defendants deny.

7.    In answering paragraph 7 of Plaintiff's FAC, the allegations are legal conclusions and/or arguments which do not require a response from Defendants. To the extent a response is required, Defendants lack sufficient knowledge or

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1  information to admit or deny the allegations contained therein because they are

2  vague and ambiguous, and, therefore, Defendants deny.

3      8.    In answering paragraph 8 of Plaintiff's FAC, Defendants admit that Fee

4  Gentry discussed options for continued monitoring and additional prospective

5  corrective actions with eXp's Board of Directors. As to the additional allegations,

6  Defendants lack sufficient knowledge or information to admit or deny the remaining

7  allegations contained therein because they are vague and ambiguous, and, therefore,

8  Defendants deny.

9      9. In answering paragraph 9 of Plaintiff's FAC, the allegations are legal

10  conclusions and/or arguments which do not require a response from Defendants. To

11  the extent a response is required, Defendants deny the allegations contained therein.

12      10.    In answering paragraph 10 of Plaintiff's FAC, the allegations are legal

13  conclusions and/or arguments which do not require a response from Defendants. To

14  the extent a response is required, Defendants deny the allegations contained therein.

15      11.    In answering paragraph 11 of Plaintiff's FAC, the allegations are legal

16  conclusions and/or arguments which do not require a response from Defendants. To

17  the extent a response is required, Defendants lack sufficient knowledge or

18  information to admit or deny the allegations contained therein, and, therefore, deny

19  same.

20  <center>**JURISDICTION**</center>

21      12.    In answering paragraph 12 of Plaintiff's FAC, there are no factual

22  allegations that require a response. To the extent Plaintiff does plead factual

23  allegations, Defendants deny they violated 18 U.S.C. §§1591 and 1595. Defendants

24  admit that this is a civil action for damages under 18 U.S.C. §§1591 and 1595 and

25  state law actions.

26      13.    In answering paragraph 13 of Plaintiff's FAC, Defendants deny they

27  violated either 18 U.S.C. §§1595 or 1591. In further response, Defendants lack

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

sufficient knowledge or information upon which to form a basis or belief, and therefore deny the remaining allegations.

14.     In answering paragraph 14 of Plaintiff's FAC, there are no factual allegations that require a response. To the extent Plaintiff does plead factual allegations, Defendants admit that this Court has supplemental Jurisdiction over the state law claims.

15.     In answering Paragraph 15 of Plaintiff's FAC, Defendants deny they have violated either 18 U.S.C. §§1595 or 1591 but admit the Court is "an appropriate district court of the United States" as described in 18 U.S.C. §1595.

16.     In answering paragraph 16 of Plaintiff's FAC, the allegations state a legal conclusion, and as such require no response from Defendants. However, to the extent an answer is required, Defendants lack sufficient knowledge or information upon which to form a basis or belief, and therefore deny that Defendant Michael Bjorkman ("Defendant Bjorkman") resides in the Central District of California.

## THE PARTIES

17.     In Answering Paragraph 17 of Plaintiff's FAC, Defendants lack sufficient knowledge or information sufficient to admit or deny whether Plaintiff is a citizen of Florida, and therefore deny same. Defendants admit that Plaintiff is currently a licensed real estate agent with eXp Realty.

18.     In answering paragraph 18 of Plaintiff's FAC, eXp World admits that it is a corporation duly organized and existing under and by virtue of the State of Delaware and has its principal place of business at 2219 Rimland Drive, Suite 301, Bellingham, Washington 98226.

19.     In answering paragraph 19 of Plaintiff's FAC, eXp Realty denies that it is a corporation, but admits that it is a Limited Liability Corporation organized and existing under and by virtue of the State of Washington has its principal place of business at 2219 Rimland Drive, Suite 301, Bellingham, Washington 98226.

/ / /

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

20.    In answering paragraph 20 of Plaintiff's FAC, Defendants lack sufficient knowledge or information sufficient to admit or deny whether Defendant Bjorkman is a citizen of California and resides in Ventura County, CA, and therefore deny same. eXp Realty admits that Defendant Michael Bjorkman ("Bjorkman") is a former real estate agent with eXp Realty. eXp Realty denies that Bjorkman is a current revenue share participant. Defendants lack sufficient knowledge or information sufficient to admit or deny the remaining allegations contained herein, and, therefore, deny same.

21.    In answering paragraph 21 of Plaintiff's FAC, Defendants lack sufficient knowledge or information sufficient to admit or deny whether Defendant David Golden ("Golden") is a citizen of Nevada. Defendants admit that Golden former agent of Defendant eXp Realty. Defendants deny that Golden is a current revenue share participant. Defendants lack sufficient knowledge or information sufficient to admit or deny the remaining allegations contained herein, and, therefore, deny same.

22.    In answering paragraph 22 of Plaintiff's FAC, Defendants admit that Sanford is a citizen of the State of Washington, is the founder of eXp Realty, and is Agent #1 with eXp Realty.

23.    In answering paragraph 23 of Plaintiff's FAC, Defendants lack sufficient knowledge or information sufficient to admit or deny whether Defendant Brent Gove ("Gove") is a citizen of California. Defendants admit that Gove is a current agent with Defendant eXp Realty and a current revenue share participant. Defendants lack sufficient knowledge or information sufficient to admit or deny the remaining allegations contained herein, and, therefore, deny same.

24.    In answering paragraph 24 of Plaintiff's FAC, Defendants lack sufficient knowledge or information sufficient to admit or deny whether Defendant Emily Keenan ("Keenan") is a citizen of Arizona.

/ / /

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

25.    In answering paragraph 25 of Plaintiff's FAC, Defendants lack sufficient knowledge or information sufficient to admit or deny whether Defendant Michael Sherrard ("Sherrard") is a citizen of Canada. Defendants admit that Sherrard is a current agent with Defendant eXp Realty and a current revenue share participant. Defendants lack sufficient knowledge or information sufficient to admit or deny the remaining allegations contained herein, and, therefore, deny same.

26.    In answering paragraph 26 of Plaintiff's FAC, Defendants admit Plaintiff sued DOES 1 through 10, but Defendants deny the remaining allegations contained therein.

27.    In answering paragraph 27 of Plaintiff's FAC, the allegations are legal conclusions and/or arguments which do not require a response from Defendants. To the extent a response is required, Defendants deny the allegations contained therein.

## GENERAL FACTUAL ALLEGATIONS

### eXp's Revenue Share Pyramid

28.    In answering paragraph 28 of Plaintiff's FAC, Defendants admit the allegations contained therein.

29.    In answering paragraph 29 of Plaintiff's FAC, Defendants admit the allegations contained therein.

30.    In answering paragraph 30 of Plaintiff's FAC, Defendants admit the allegations contained therein.

31.    In answering paragraph 31 of Plaintiff's FAC, Defendants admit the allegations contained therein.

32.    In answering paragraph 32 of Plaintiff's FAC, Defendants admit the allegations contained therein.

33.    In answering paragraph 33 of Plaintiff's FAC, Defendants admit the allegations contained therein.

34.    In answering paragraph 34 of Plaintiff's FAC, Defendants admit the allegations contained therein.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

35.    In answering paragraph 35 of Plaintiff's FAC, Defendants admit the allegations contained therein.

### eXp's Sixty-One (61) Alpha Agents

36.    In answering paragraph 36 of Plaintiff's FAC, Defendants lack sufficient information to admit or deny the allegations because they are vague and ambiguous.

37.    In answering paragraph 37 of Plaintiff's FAC, Defendants admit the contents of the allegations contained therein.

38.    In answering paragraph 38 of Plaintiff's FAC, Defendants admit the allegations contained therein.

39.    In answering paragraph 39 of Plaintiff's FAC, Defendants deny the allegations contained therein.

40.    In answering paragraph 40 of Plaintiff's FAC, Defendants admit the allegations contained therein.

41.    In answering paragraph 41 of Plaintiff's FAC, the allegations are legal conclusions and/or arguments which do not require a response from Defendants. To the extent a response is required, Defendants lack sufficient knowledge or information to admit or deny the allegations contained therein because they are vague and ambiguous, and, therefore, Defendants deny.

42.    In answering paragraph 42 of Plaintiff's FAC, Defendants lack sufficient knowledge or information to admit or deny the allegations contained therein because they are vague and ambiguous, and, therefore, Defendants deny.

43.    In answering paragraph 43 of Plaintiff's FAC, the allegations are legal conclusions and/or arguments which do not require a response from Defendants. To the extent a response is required, Defendants lack sufficient knowledge or information to admit or deny the allegations contained therein because they are vague and ambiguous, and, therefore, Defendants deny.

/ / /

LEWIS BRISBOIS BISGAARD & SMITH LLP ATTORNEYS AT LAW

44.     In answering paragraph 44 of Plaintiff's FAC, Defendants admit the allegations contained therein.

45.     In answering paragraph 45 of Plaintiff's FAC, the allegations are legal conclusions and/or arguments which do not require a response from Defendants. To the extent a response is required, Defendants lack sufficient knowledge or information to admit or deny the allegations contained therein because they are vague and ambiguous, and, therefore, Defendants deny.

46.     In answering paragraph 46 of Plaintiff's FAC, Defendants admit the allegations contained therein.

47.     In answering paragraph 47 of Plaintiff's FAC, the allegations are legal conclusions and/or arguments which do not require a response from Defendants. To the extent a response is required, Defendants lack sufficient knowledge or information to admit or deny the allegations contained therein because they are vague and ambiguous, and, therefore, Defendants deny.

48.     In answering paragraph 48 of Plaintiff's FAC, the allegations are legal conclusions and/or arguments which do not require a response from Defendants, and to the extent a response is required, Defendants deny.

49.     In answering paragraph 49 of Plaintiff's FAC, the allegations are legal conclusions and/or arguments which do not require a response from Defendants, and to the extent a response is required, Defendants deny.

50.     In answering paragraph 50 of Plaintiff's FAC, the allegations are legal conclusions and/or arguments which do not require a response from Defendants, and to the extent a response is required, Defendants deny.

51.     In answering paragraph 51 of Plaintiff's FAC, Defendants lack sufficient knowledge or information to admit or deny the allegations contained therein, and, therefore, deny same.

/ / /

/ / /

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

52.    In answering paragraph 52 of Plaintiff's FAC, Defendants lack sufficient knowledge or information to admit or deny the allegations contained therein, and, therefore, deny same.

53.    In answering paragraph 53 of Plaintiff's FAC, Defendants admit the allegations contained therein.

54.    In answering paragraph 54 of Plaintiff's FAC, Defendants lack sufficient knowledge or information to admit or deny the allegations contained therein, and, therefore, deny same.

55.    In answering paragraph 55 of Plaintiff's FAC, Defendants admit the allegations contained therein.

56.    In answering paragraph 56 of Plaintiff's FAC, the allegations are legal conclusions and/or arguments which do not require a response from Defendants. To the extent a response is required, Defendants lack sufficient knowledge or information to admit or deny the allegations contained therein, and, therefore, deny same.

57.    In answering paragraph 57 of Plaintiff's FAC, the allegations are legal conclusions and/or arguments which do not require a response from Defendants. To the extent a response is required, Defendants lack sufficient knowledge or information to admit or deny the allegations contained therein, and, therefore, deny same.

58.    In answering paragraph 58 of Plaintiff's FAC, Defendants lack sufficient knowledge or information to admit or deny the allegations contained therein, and, therefore, deny same.

## DEFENDANT BRENT GOVE'S INFLUENCE AT eXp

59.    In answering paragraph 59 of Plaintiff's FAC, Defendants admit that Gove has the largest revenue share group. Defendants lack sufficient knowledge or information to admit or deny the remaining allegations contained therein because the allegations are vague and ambiguous, and, therefore, deny same.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

60.     In answering paragraph 60 of Plaintiff's FAC, the allegations are legal conclusions and/or arguments which do not require a response from Defendants. To the extent a response is required, Defendants lack sufficient knowledge or information to admit or deny the allegations contained therein, and, therefore, deny same.

61.     In answering paragraph 61 of Plaintiff's FAC, the allegations are legal conclusions and/or arguments which do not require a response from Defendants. To the extent a response is required, Defendants lack sufficient knowledge or information to admit or deny the allegations contained therein, and, therefore, deny same.

62.     In answering paragraph 62 of Plaintiff's FAC, the allegations are legal conclusions and/or arguments which do not require a response from Defendants. To the extent a response is required, Defendants lack sufficient knowledge or information to admit or deny the allegations contained therein, and, therefore, deny same.

63.     In answering paragraph 63 of Plaintiff's FAC, the allegations are legal conclusions and/or arguments which do not require a response from Defendants. To the extent a response is required, Defendants lack sufficient knowledge or information to admit or deny the allegations contained therein, and, therefore, deny same.

64.     In answering paragraph 64 of Plaintiff's FAC, the allegations are legal conclusions and/or arguments which do not require a response from Defendants. To the extent a response is required, Defendants lack sufficient knowledge or information to admit or deny the allegations contained therein, and, therefore, deny same.

/ / /

/ / /

/ / /

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

# **SPECIFIC FACTUAL ALLEGATIONS**

## **The Initial Recruitment of Ms. Roberts into eXp Realty**

65.     In answering paragraph 65 of Plaintiff's FAC, the allegations are legal conclusions and/or arguments which do not require a response from Defendants. To the extent a response is required, Defendants lack sufficient knowledge or information to admit or deny the allegations contained therein, and, therefore, deny same.

66.     In answering paragraph 66 of Plaintiff's FAC, Defendants lack sufficient knowledge or information to admit or deny the allegations contained therein, and, therefore, deny same.

67.     In answering paragraph 67 of Plaintiff's FAC, Defendants lack sufficient knowledge or information to admit or deny the allegations contained therein, and, therefore, deny same.

68.     In answering paragraph 68 of Plaintiff's FAC, Defendants lack sufficient knowledge or information to admit or deny the allegations contained therein, and, therefore, deny same.

69.     In answering paragraph 69 of Plaintiff's FAC, Defendants deny the allegations contained therein.

70.     In answering paragraph 70 of Plaintiff's FAC, Defendants lack sufficient knowledge or information to admit or deny the allegations contained therein, and, therefore, deny same.

71.     In answering paragraph 71 of Plaintiff's FAC, Defendants lack sufficient knowledge or information to admit or deny the allegations contained therein, and, therefore, deny same.

72.     In answering paragraph 72 of Plaintiff's FAC, Defendants lack sufficient knowledge or information to admit or deny the allegations contained therein, and, therefore, deny same.

/ / /



eXp DEFENDANTS AND GLENN SANFORD'S
ANSWER TO FIRST AMENDED COMPLAINT

73.      In answering paragraph 73 of Plaintiff's FAC, Defendants admit that Plaintiff joined eXp Realty in December 2018 and named Chris Bear as her sponsor agent. Defendants lack sufficient knowledge or information to admit or deny the remaining allegations contained therein, and, therefore, deny same.

74.      In answering paragraph 74 of Plaintiff's FAC, Defendants admit the allegations contained therein.

75.      In answering paragraph 75 of Plaintiff's FAC, Defendants lack sufficient knowledge or information to admit or deny the allegations contained therein, and, therefore, deny same.

76.      In answering paragraph 76 of Plaintiff's FAC, Defendants lack sufficient knowledge or information to admit or deny the allegations contained therein, and, therefore, deny same.

77.      In answering paragraph 77 of Plaintiff's FAC, Defendants lack sufficient knowledge or information to admit or deny the allegations contained therein, and, therefore, deny same.

78.      In answering paragraph 78 of Plaintiff's FAC, Defendants lack sufficient knowledge or information to admit or deny the allegations contained therein, and, therefore, deny same.

79.      In answering paragraph 79 of Plaintiff's FAC, Defendants lack sufficient knowledge or information to admit or deny the allegations contained therein, and, therefore, deny same.

80.      In answering paragraph 80 of Plaintiff's FAC, Defendants lack sufficient knowledge or information to admit or deny the allegations contained therein, and, therefore, deny same.

81.      In answering paragraph 81 of Plaintiff's FAC, Defendants deny that eXp Realty pressured Plaintiff to give up her sales career to focus on recruiting eXp agents. Defendants lack sufficient knowledge or information to admit or deny the remaining allegations contained therein, and, therefore, deny same.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

82.    In answering paragraph 82 of Plaintiff's FAC, the allegations are legal conclusions and/or arguments which do not require a response from Defendants. To the extent a response is required, Defendants lack sufficient knowledge or information to admit or deny the allegations contained therein, and, therefore, deny same.

83.    In answering paragraph 83 of Plaintiff's FAC, the allegations are legal conclusions and/or arguments which do not require a response from Defendants. To the extent a response is required, Defendants deny the allegations that pertain to them.

84.    In answering paragraph 84 of Plaintiff's FAC, the allegations are legal conclusions and/or arguments which do not require a response from Defendants. To the extent a response is required, Defendants lack sufficient knowledge or information to admit or deny the allegations contained therein, and, therefore, deny same.

## **DEFENDANT GOVE'S FREEDOM SUMMIT: PUERTO VALLARTA, MEXICO February 4-10, 2020**

85.    In answering paragraph 85 of Plaintiff's FAC, Defendants lack sufficient knowledge or information to admit or deny the allegations contained therein, and, therefore, deny same.

86.    In answering paragraph 86 of Plaintiff's FAC, Defendants lack sufficient knowledge or information to admit or deny the allegations contained therein, and, therefore, deny same.

87.    In answering paragraph 87 of Plaintiff's FAC, Defendants deny that eXp Realty sponsored the referenced alleged event. Defendants lack sufficient knowledge or information to admit or deny the remaining allegations contained therein, and, therefore, deny same.

/ / /

/ / /

eXp DEFENDANTS AND GLENN SANFORD'S
ANSWER TO FIRST AMENDED COMPLAINT

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

88.    In answering paragraph 88 of Plaintiff's FAC, Defendants lack sufficient knowledge or information to admit or deny the allegations contained therein, and, therefore, deny same.

89.    In answering paragraph 89 of Plaintiff's FAC, Defendants lack sufficient knowledge or information to admit or deny the allegations contained therein, and, therefore, deny same.

90.    In answering paragraph 90 of Plaintiff's FAC, the allegations are legal conclusions and/or arguments which do not require a response from Defendants. To the extent a response is required, Defendants lack sufficient knowledge or information to admit or deny the allegations contained therein, and, therefore, deny same.

91.    In answering paragraph 91 of Plaintiff's FAC, Defendants lack sufficient knowledge or information to admit or deny the allegations contained therein, and, therefore, deny same.

92.    In answering paragraph 92 of Plaintiff's FAC, Defendants lack sufficient knowledge or information to admit or deny the allegations contained therein, and, therefore, deny same.

93.    In answering paragraph 93 of Plaintiff's FAC, Defendants lack sufficient knowledge or information to admit or deny the allegations contained therein, and, therefore, deny same.

94.    In answering paragraph 94 of Plaintiff's FAC, the allegations are legal conclusions and/or arguments which do not require a response from Defendants. To the extent a response is required, Defendants lack sufficient knowledge or information to admit or deny the allegations contained therein, and, therefore, deny same.

95.    In answering paragraph 95 of Plaintiff's FAC, Defendants lack sufficient knowledge or information to admit or deny the allegations contained therein, and, therefore, deny same.

LEWIS BRISBOIS BISGAARD & SMITH LLP ATTORNEYS AT LAW

96.     In answering paragraph 96 of Plaintiff's FAC, the allegations are legal conclusions and/or arguments which do not require a response from Defendants. To the extent a response is required, Defendants lack sufficient knowledge or information to admit or deny the allegations contained therein, and, therefore, deny same.

97.     In answering paragraph 97 of Plaintiff's FAC, Defendants lack sufficient knowledge or information to admit or deny the allegations contained therein, and, therefore, deny same.

98.     In answering paragraph 98 of Plaintiff's FAC, the allegations are legal conclusions and/or arguments which do not require a response from Defendants. To the extent a response is required, Defendants lack sufficient knowledge or information to admit or deny the allegations contained therein, and, therefore, deny same.

99.     In answering paragraph 99 of Plaintiff's FAC, the allegations are legal conclusions and/or arguments which do not require a response from Defendants. To the extent a response is required, Defendants lack sufficient knowledge or information to admit or deny the allegations contained therein, and, therefore, deny same. Defendants also deny that eXp Realty held Gove and/or Golden out to be a leader.

100.   In answering paragraph 100 of Plaintiff's FAC, Defendants lack sufficient knowledge or information to admit or deny the allegations contained therein, and, therefore, deny same.

101.   In answering paragraph 101 of Plaintiff's FAC, Defendants lack sufficient knowledge or information to admit or deny the allegations contained therein, and, therefore, deny same.

102.   In answering paragraph 102 of Plaintiff's FAC, Defendants lack sufficient knowledge or information to admit or deny the allegations contained therein, and, therefore, deny same.

LEWIS BRISBOIS BISGAARD & SMITH LLP
ATTORNEYS AT LAW

eXp DEFENDANTS AND GLENN SANFORD'S ANSWER TO FIRST AMENDED COMPLAINT

103.    In answering paragraph 103 of Plaintiff's FAC, Defendants lack sufficient knowledge or information to admit or deny the allegations contained therein, and, therefore, deny same.

104.    In answering paragraph 104 of Plaintiff's FAC, Defendants lack sufficient knowledge or information to admit or deny the allegations contained therein, and, therefore, deny same.

105.    In answering paragraph 105 of Plaintiff's FAC, Defendants lack sufficient knowledge or information to admit or deny the allegations contained therein, and, therefore, deny same.

106.    In answering paragraph 106 of Plaintiff's FAC, Defendants lack sufficient knowledge or information to admit or deny the allegations contained therein, and, therefore, deny same.

107.    In answering paragraph 107 of Plaintiff's FAC, Defendants lack sufficient knowledge or information to admit or deny the allegations contained therein, and, therefore, deny same.

108.    In answering paragraph 108 of Plaintiff's FAC, Defendants lack sufficient knowledge or information to admit or deny the allegations contained therein, and, therefore, deny same.

109.    In answering paragraph 109 of Plaintiff's FAC, Defendants lack sufficient knowledge or information to admit or deny the allegations contained therein, and, therefore, deny same.

110.    In answering paragraph 110 of Plaintiff's FAC, Defendants lack sufficient knowledge or information to admit or deny the allegations contained therein, and, therefore, deny same.

111.    In answering paragraph 111 of Plaintiff's FAC, Defendants lack sufficient knowledge or information to admit or deny the allegations contained therein, and, therefore, deny same.

/ / /

eXp DEFENDANTS AND GLENN SANFORD'S
ANSWER TO FIRST AMENDED COMPLAINT

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

112.    In answering paragraph 112 of Plaintiff's FAC, the allegations are legal conclusions and/or arguments which do not require a response from Defendants. To the extent a response is required, Defendants deny that eXp realty has typical agent attraction techniques. Defendants lack sufficient knowledge or information to admit or deny the remaining allegations contained therein, and, therefore, deny same.

113.    In answering paragraph 113 of Plaintiff's FAC, Defendants lack sufficient knowledge or information to admit or deny the allegations contained therein, and, therefore, deny same.

114.    In answering paragraph 114 of Plaintiff's FAC, Defendants lack sufficient knowledge or information to admit or deny the allegations contained therein, and, therefore, deny same.

115.    In answering paragraph 115 of Plaintiff's FAC, Defendants lack sufficient knowledge or information to admit or deny the allegations contained therein, and, therefore, deny same.

116.    In answering paragraph 116 of Plaintiff's FAC, Defendants lack sufficient knowledge or information to admit or deny the allegations contained therein, and, therefore, deny same.

117.    In answering paragraph 117 of Plaintiff's FAC, Defendants lack sufficient knowledge or information to admit or deny the allegations contained therein, and, therefore, deny same.

118.    In answering paragraph 118 of Plaintiff's FAC, Defendants lack sufficient knowledge or information to admit or deny the allegations contained therein, and, therefore, deny same.

119.    In answering paragraph 119 of Plaintiff's FAC, Defendants lack sufficient knowledge or information to admit or deny the allegations contained therein, and, therefore, deny same.

/ / /

/ / /

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

120.   In answering paragraph 120 of Plaintiff's FAC, Defendants lack sufficient knowledge or information to admit or deny the allegations contained therein, and, therefore, deny same.

121.   In answering paragraph 121 of Plaintiff's FAC, the allegations are legal conclusions and/or arguments which do not require a response from Defendants. To the extent a response is required, Defendants deny that "knowledge of this sponsorship change would have necessarily been approved by the leadership team of eXp." Defendants admit the remainder of Plaintiff's allegations contained therein.

122.   In answering paragraph 122 of Plaintiff's FAC, Defendants lack sufficient knowledge or information to admit or deny the allegations contained therein, and, therefore, deny same.

123.   In answering paragraph 123 of Plaintiff's FAC, Defendants lack sufficient knowledge or information to admit or deny the allegations contained therein, and, therefore, deny same.

124.   In answering paragraph 124 of Plaintiff's FAC, Defendants deny the allegations contained therein.

125.   In answering paragraph 125 of Plaintiff's FAC, Defendants lack sufficient knowledge or information to admit or deny the allegations contained therein, and, therefore, deny same.

126.   In answering paragraph 126 of Plaintiff's FAC, Defendants lack sufficient knowledge or information to admit or deny the allegations contained therein, and, therefore, deny same.

127.   In answering paragraph 127 of Plaintiff's FAC, Defendants lack sufficient knowledge or information to admit or deny the allegations contained therein, and, therefore, deny same.

128.   In answering paragraph 128 of Plaintiff's FAC, Defendants lack sufficient knowledge or information to admit or deny the allegations contained therein, and, therefore, deny same.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

Case No. 2:23-cv-10492-AB-AGR
eXp DEFENDANTS AND GLENN SANFORD'S
ANSWER TO FIRST AMENDED COMPLAINT

129.   In answering paragraph 129 of Plaintiff's FAC, Defendants lack sufficient knowledge or information to admit or deny the allegations contained therein, and, therefore, deny same.

130.   In answering paragraph 130 of Plaintiff's FAC, Defendants deny that there would be any "financial boon" to Defendants is Plaintiff switched her sponsor. Defendants lack sufficient knowledge or information to admit or deny the remaining allegations contained therein, and, therefore, deny same.

## **Daytona Beach, Florida**

## **March 2020**

131.   In answering paragraph 131 of Plaintiff's FAC, Defendants lack sufficient knowledge or information to admit or deny the allegations contained therein, and, therefore, deny same.

132.   In answering paragraph 132 of Plaintiff's FAC, Defendants lack sufficient knowledge or information to admit or deny the allegations contained therein, and, therefore, deny same.

133.   In answering paragraph 133 of Plaintiff's FAC, Defendants lack sufficient knowledge or information to admit or deny the allegations contained therein, and, therefore, deny same.

134.   In answering paragraph 134 of Plaintiff's FAC, Defendants lack sufficient knowledge or information to admit or deny the allegations contained therein, and, therefore, deny same.

135.   In answering paragraph 135 of Plaintiff's FAC, Defendants lack sufficient knowledge or information to admit or deny the allegations contained therein, and, therefore, deny same.

136.   In answering paragraph 136 of Plaintiff's FAC, Defendants lack sufficient knowledge or information to admit or deny the allegations contained therein, and, therefore, deny same.

/ / /

eXp DEFENDANTS AND GLENN SANFORD'S
ANSWER TO FIRST AMENDED COMPLAINT

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

137.    In answering paragraph 137 of Plaintiff's FAC, Defendants lack sufficient knowledge or information to admit or deny the allegations contained therein, and, therefore, deny same.

138.    In answering paragraph 138 of Plaintiff's FAC, Defendants lack sufficient knowledge or information to admit or deny the allegations contained therein, and, therefore, deny same.

139.    In answering paragraph 139 of Plaintiff's FAC, Defendants lack sufficient knowledge or information to admit or deny the allegations contained therein, and, therefore, deny same.

140.    In answering paragraph 140 of Plaintiff's FAC, Defendants lack sufficient knowledge or information to admit or deny the allegations contained therein, and, therefore, deny same.

141.    In answering paragraph 141 of Plaintiff's FAC, Defendants lack sufficient knowledge or information to admit or deny the allegations contained therein, and, therefore, deny same.

142.    In answering paragraph 142 of Plaintiff's FAC, Defendants lack sufficient knowledge or information to admit or deny the allegations contained therein, and, therefore, deny same.

143.    In answering paragraph 143 of Plaintiff's FAC, Defendants lack sufficient knowledge or information to admit or deny the allegations contained therein, and, therefore, deny same.

## Los Cabos, Mexico

## April 2021

144.    In answering paragraph 144 of Plaintiff's FAC, Defendants deny that the alleged referenced event was an "eXp Realty Recruiting event." Defendants lack sufficient knowledge or information to admit or deny the remaining allegations contained therein, and, therefore, deny same.

/ / /

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1    145.   In answering paragraph 145 of Plaintiff's FAC, Defendants lack
2    sufficient knowledge or information to admit or deny the allegations contained
3    therein, and, therefore, deny same.

4    146.   In answering paragraph 146 of Plaintiff's FAC, Defendants lack
5    sufficient knowledge or information to admit or deny the allegations contained
6    therein, and, therefore, deny same.

7    147.   In answering paragraph 147 of Plaintiff's FAC, Defendants lack
8    sufficient knowledge or information to admit or deny the allegations contained
9    therein, and, therefore, deny same.

10    148.   In answering paragraph 148 of Plaintiff's FAC, Defendants lack
11    sufficient knowledge or information to admit or deny the allegations contained
12    therein, and, therefore, deny same.

13    149.   In answering paragraph 149 of Plaintiff's FAC, Defendants lack
14    sufficient knowledge or information to admit or deny the allegations contained
15    therein, and, therefore, deny same.

16    150.   In answering paragraph 150 of Plaintiff's FAC, Defendants lack
17    sufficient knowledge or information to admit or deny the allegations contained
18    therein, and, therefore, deny same.

19    151.   In answering paragraph 151 of Plaintiff's FAC, Defendants lack
20    sufficient knowledge or information to admit or deny the allegations contained
21    therein, and, therefore, deny same.

22    152.   In answering paragraph 152 of Plaintiff's FAC, Defendants lack
23    sufficient knowledge or information to admit or deny the allegations contained
24    therein, and, therefore, deny same.

25    **ACTUAL NOTICE**

26    153.   In answering paragraph 153 of Plaintiff's FAC, Defendants lack
27    sufficient knowledge or information to admit or deny the allegations contained
28    therein, and, therefore, deny same.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

eXp DEFENDANTS AND GLENN SANFORD'S
ANSWER TO FIRST AMENDED COMPLAINT

154.   In answering paragraph 154 of Plaintiff's FAC, Defendants admit that an agent reported being raped by Defendant Bjorkman in September 2020. Defendants lack sufficient knowledge or information to admit or deny the remaining allegations contained therein because they are vague and ambiguous, and, therefore, deny same.

155.   In answering paragraph 155 of Plaintiff's FAC, Defendants admit that eXp Realty terminated Defendant Bjorkman's real estate license and terminated his Independent Contractor Agreement. Defendants lack sufficient knowledge or information to admit or deny the remaining allegations contained therein, and, therefore, Defendants deny same.

156.   In answering paragraph 156 of Plaintiff's FAC, Defendants lack sufficient knowledge or information to admit or deny the allegations contained therein, and, therefore, deny same.

157.   In answering paragraph 157 of Plaintiff's FAC, Defendants admit that around October 6, 2020, eXp agent Tami Sims reported to Cory Haggard that in 2014 Bjorkman had told her to stay away from Golden because he "will drug you and rape you." Defendants deny the remaining allegations contained herein.

158.   In answering paragraph 158 of Plaintiff's FAC, Defendants admit that around October 6, 2020, Sims reported that Bjorkman showed her videos of Golden naked performing sex acts with random women. Defendants deny the remaining allegations contained herein.

159.   In answering paragraph 159 of Plaintiff's FAC, Defendants admit that around October 6, 2020, Sims reported that she knew Bjorkman kept GHB in his five-hour energy drink bottles. Defendants deny the remaining allegations contained herein.

160.   In answering paragraph 160 of Plaintiff's FAC, Defendants admit that around October 6, 2020, Sims reported that reported that in February 2019 at a Club

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

Wealth event in Hawaii, a real estate agent was taken to the hospital after being recruited by Bjorkman, that Bjorkman told Sims that the agent that was taken was wasted, she wanted it, and she was so into him, and that Golden was not at this event because he had already been banned from attending Club Wealth events. Defendants deny the remaining allegations.

161. In answering paragraph 161 of Plaintiff's FAC, Defendants admit that around October 6, 2020, Sims reported that Bjorkman and Golden got agents drunk to join eXp. Defendants deny the remaining allegations.

162. In answering paragraph 162 of Plaintiff's FAC, Defendants deny the allegations.

163. In answering paragraph 163 of Plaintiff's FAC, Defendants admit that around October 6, 2020, an eXp agent provided a written statement containing the claimed allegations.

164. In answering paragraph 164 of Plaintiff's FAC, the allegations are arguments which do not require a response from Defendants.

165. In answering paragraph 165 of Plaintiff's FAC, the allegations are arguments which do not require a response from Defendants.

166. In answering paragraph 166 of Plaintiff's FAC, the allegations are arguments which do not require a response from Defendants.

167. In answering paragraph 167 of Plaintiff's FAC, the allegations are arguments which do not require a response from Defendants.

168. In answering paragraph 168 of Plaintiff's FAC, the allegations are arguments which do not require a response from Defendants. To the extent a response is required, Defendants deny the allegations contained therein.

169. In answering paragraph 169 of Plaintiff's FAC, the allegations are arguments which do not require a response from Defendants. To the extent a response is required, Defendants deny the allegations contained therein.

/ / /



170.   In answering paragraph 170 of Plaintiff's FAC, the allegations are arguments which do not require a response from Defendants. To the extent a response is required, Defendants deny the allegations contained therein.

171.   In answering paragraph 171 of Plaintiff's FAC, the allegations are arguments which do not require a response from Defendants. To the extent a response is required, Defendants deny the allegations contained therein.

172.   In answering paragraph 172 of Plaintiff's FAC, the allegations are arguments which do not require a response from Defendants. To the extent a response is required, Defendants deny the allegations contained therein.

173.   In answering paragraph 173 of Plaintiff's FAC, the allegations are arguments which do not require a response from Defendants.

174.   In answering paragraph 174 of Plaintiff's FAC, the allegations are arguments which do not require a response from Defendants. To the extent a response is required, Defendants admit the allegations contained therein.

175.   In answering paragraph 175 of Plaintiff's FAC, the allegations are arguments which do not require a response from Defendants.

176.   In answering paragraph 176 of Plaintiff's' FAC, Defendants admit the allegation as to Defendant Sanford, but lack sufficient knowledge or information to admit or deny the remaining allegations contained therein, and, therefore, deny same.

177.   In answering paragraph 177 of Plaintiff's FAC, Defendants admit that the compliance committee initially denied Acevedo's request to change sponsors, but deny the remaining allegations containing therein.

178.   In answering paragraph 178 of Plaintiff's FAC, Defendants admit that Fee Gentry discussed complaints about Bjorkman with eXp Realty's Board of Directors. Defendants deny the remaining allegations contained therein.

/ / /

/ / /

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

179. In answering paragraph 179 of Plaintiff's FAC, the allegations are arguments which do not require a response from Defendants. To the extent a response is required, Defendants deny the allegations contained therein.

180. In answering paragraph 180 of Plaintiff's FAC, Defendants lack sufficient knowledge or information to admit or deny the allegations contained therein, and, therefore, deny same.

181. In answering paragraph 181 of Plaintiff's FAC, Defendants lack sufficient knowledge or information to admit or deny the allegations contained therein, and, therefore, deny same.

182. In answering paragraph 182 of Plaintiff's FAC, Defendants admit that Gentry proposed a plan to the Board with seven points of action.

183. In answering paragraph 183 of Plaintiff's FAC, Defendants deny the allegations contained therein.

184. In answering paragraph 184 of Plaintiff's FAC, Defendants admit the allegations contained therein, in that the video speaks for itself.

## CONSTRUCTIVE KNOWLEDGE/ SHOULD HAVE KNOWN/ WILLFUL BLINDNESS

185. In answering paragraph 185 of Plaintiff's FAC, Defendants deny the allegations contained therein.

186. In answering paragraph 186 of Plaintiff's FAC, Defendants deny the allegations contained therein.

187. In answering paragraph 187 of Plaintiff's FAC, Defendants deny the allegations contained therein.

188. In answering paragraph 188 of Plaintiff's FAC, Defendants deny the allegations contained therein.

189. In answering paragraph 189 of Plaintiff's FAC, Defendants deny the allegations contained therein.

/ / /

LEWIS BRISBOIS BISGAARD & SMITH LLP ATTORNEYS AT LAW

190.   In answering paragraph 190 of Plaintiff's FAC, Defendants deny the allegations contained therein.

191.   In answering paragraph 191 of Plaintiff's FAC, Defendants deny the allegations contained therein.

192.   In answering paragraph 192 of Plaintiff's FAC, Defendants deny the allegations contained therein.

193.   In answering paragraph 193 of Plaintiff's FAC, the allegations are arguments which do not require a response from Defendants. To the extent a response is required, Defendants deny the allegations contained therein.

194.   In answering paragraph 194 of Plaintiff's FAC, the allegations are arguments which do not require a response from Defendants. To the extent a response is required, Defendants deny the allegations contained therein.

## **<u>BENEFIT TO DEFENDANTS eXp, SANFORD, and GOVE</u>**

195.   In answering paragraph 195 of Plaintiff's FAC, Defendants deny the allegations contained therein as to eXp and Sanford. Defendants lack sufficient knowledge or information to admit or deny the allegations contained therein, and, therefore, deny same.

196.   In answering paragraph 196 of Plaintiff's FAC, Defendants lack sufficient knowledge or information to admit or deny the allegations contained therein, and, therefore, deny same.

197.   In answering paragraph 197 of Plaintiff's FAC, Defendants lack sufficient knowledge or information to admit or deny the allegations contained therein, and, therefore, deny same.

198.   In answering paragraph 198 of Plaintiff's FAC, the allegations are arguments which do not require a response from Defendants. To the extent a response is required, Defendants deny the allegations contained therein.

/ / /

/ / /

Case No. 2:23-cv-10492-AB-AGR

eXp DEFENDANTS AND GLENN SANFORD'S
ANSWER TO FIRST AMENDED COMPLAINT

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

199.   In answering paragraph 199 of Plaintiff's FAC, Defendants lack sufficient knowledge or information to admit or deny the allegations contained therein, and, therefore, deny same.

200.   In answering paragraph 200 of Plaintiff's FAC, the allegations are arguments which do not require a response from Defendants. To the extent a response is required, Defendants deny the allegations contained therein.

201.   In answering paragraph 201 of Plaintiff's FAC, Defendants lack sufficient knowledge or information to admit or deny the allegations contained therein, and, therefore, deny same.

202.   In answering paragraph 202 of Plaintiff's FAC, Defendants deny the allegations contained therein.

203.   In answering paragraph 203 of Plaintiff's FAC, Defendants lack sufficient knowledge or information to admit or deny the allegations contained therein, and, therefore, deny same.

**AGENCY and CONTROL**

204.   In answering paragraph 204 of Plaintiff's FAC, the allegations are arguments and/or legal conclusions which do not require a response from Defendants. To the extent a response is required, Defendants deny the allegations contained therein because the term "agents" is vague and ambiguous.

205.   In answering paragraph 205 of Plaintiff's FAC, Defendants admit that its real estate agents were required to follow policies and procedures pursuant to, among other things, the Independent Contractor Agreement. The remaining allegations are arguments and/or legal conclusions which do not require a response from Defendants.

206.   In answering paragraph 206 of Plaintiff's FAC, Defendants admit the allegations contained therein.

207.   In answering paragraph 207 of Plaintiff's FAC, Defendants admit the allegations contained therein.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

208.   In answering paragraph 208 of Plaintiff's FAC, Defendants admit the allegations contained therein.

209.   In answering paragraph 209 of Plaintiff's FAC, Defendants admit the allegations contained therein.

210.   In answering paragraph 210 of Plaintiff's FAC, Defendants deny that Golden and Bjorkman were employees. Defendants admit the remaining allegations contained therein.

211.   In answering paragraph 211 of Plaintiff's FAC, Defendants admit the allegations contained therein.

212.   In answering paragraph 212 of Plaintiff's FAC, Defendants admit the allegations contained therein.

213.   In answering paragraph 213 of Plaintiff's FAC, the allegations are arguments and/or legal conclusions which do not require a response from Defendants. To the extent a response is required, Defendants deny the allegations contained therein because the allegation is vague and ambiguous.

214.   In answering paragraph 214 of Plaintiff's FAC, Defendants admit that Golden and Bjorkman were required to be licensed Real Estate Agents. The remaining allegations are arguments and/or legal conclusions which do not require a response from Defendants. To the extent a response is required, Defendants deny the allegations contained therein because the allegation is vague and ambiguous.

215.   In answering paragraph 215 of Plaintiff's FAC, the allegations are arguments and/or legal conclusions which do not require a response from Defendants. To the extent a response is required, Defendants deny the allegations contained therein.

## **VICARIOUS LIABILITY**

216.   In answering paragraph 216 of Plaintiff's FAC, Defendants deny the allegations contained therein.

/ / /

Case No. 2:23-cv-10492-AB-AGR
eXp DEFENDANTS AND GLENN SANFORD'S
ANSWER TO FIRST AMENDED COMPLAINT

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

217.   In answering paragraph 217 of Plaintiff's FAC, Defendants deny the allegations contained therein.

218.   In answering paragraph 218 of Plaintiff's FAC, Defendants deny the allegations contained therein.

219.   In answering paragraph 219 of Plaintiff's FAC, Defendants deny the allegations contained therein.

220.   In answering paragraph 220 of Plaintiff's FAC, Defendants admit that eXp Realty requires all of its agents, including Bjorkman and Golden, to follow the agent attraction Best Practices Guide, the eXp Agent Attraction Success Strategy, and eXp Realty's Policies and Procedures. Defendants deny the remaining allegations contained therein.

221.   In answering paragraph 221 of Plaintiff's FAC, Defendants admit that eXp Realty Required Bjorkman and Golden to use its branding and logos. Defendants also admit that Bjorkman and Golden had access to databases, computer systems, company websites, forms, and documents. Defendants deny the remaining allegations contained therein.

222.   In answering paragraph 222 of Plaintiff's FAC, the allegations are arguments and/or legal conclusions which do not require a response from Defendants. To the extent a response is required, Defendants deny the allegations contained therein because the allegation is vague and ambiguous.

223.   In answering paragraph 223 of Plaintiff's FAC, Defendants lack sufficient knowledge or information to admit or deny the allegations contained therein, and, therefore, deny same.

224.   In answering paragraph 224 of Plaintiff's FAC, the allegations are arguments which do not require a response from Defendants. To the extent a response is required, Defendants deny the allegations contained therein.

225.   In answering paragraph 225 of Plaintiff's FAC, the allegations are arguments and/or legal conclusions which do not require a response from

1  Defendants. To the extent a response is required, Defendants deny the allegations
2  contained therein because the allegation is vague and ambiguous.

3  226.   In answering paragraph 226 of Plaintiff's FAC, Defendants lack
4  sufficient knowledge or information to admit or deny the allegations contained
5  therein, and, therefore, deny same.

6  227.   In answering paragraph 227 of Plaintiff's FAC, the allegations are
7  arguments and/or legal conclusions which do not require a response from
8  Defendants. To the extent a response is required, Defendants deny the allegations
9  contained therein because the allegation is vague and ambiguous.

10  228.   In answering paragraph 228 of Plaintiff's FAC, the allegations are
11  arguments and/or legal conclusions which do not require a response from
12  Defendants. To the extent a response is required, Defendants deny the allegations
13  contained therein.

14  229.   In answering paragraph 229 of Plaintiff's FAC, the allegations are
15  arguments and/or legal conclusions which do not require a response from
16  Defendants. To the extent a response is required, Defendants lack sufficient
17  knowledge or information to admit or deny the allegations contained therein, and,
18  therefore, deny same.

19  230.   In answering paragraph 230 of Plaintiff's FAC, Defendants deny the
20  allegations contained therein.

21  **THE VENTURE**

22  231.   In answering paragraph 231 of Plaintiff's FAC, Defendants deny the
23  allegations contained therein.

24  232.   In answering paragraph 232 of Plaintiff's FAC, he allegations are
25  arguments and/or legal conclusions which do not require a response from
26  Defendants. To the extent a response is required, Defendants deny the allegations
27  contained therein.

28  / / /

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

Case No. 2:23-cv-10492-AB-AGR
eXp DEFENDANTS AND GLENN SANFORD'S
ANSWER TO FIRST AMENDED COMPLAINT

233.   In answering paragraph 233 of Plaintiff's FAC, Defendants deny the allegations contained therein.

234.   In answering paragraph 234 of Plaintiff's FAC, Defendants lack sufficient knowledge or information to admit or deny the allegations contained therein, and, therefore, deny same.

235.   In answering paragraph 235 of Plaintiff's FAC, Defendants deny the allegations contained therein.

236.   In answering paragraph 236 of Plaintiff's FAC, he allegations are arguments and/or legal conclusions which do not require a response from Defendants. To the extent a response is required, Defendants ack sufficient knowledge or information to admit or deny the allegations contained therein, and, therefore, deny same.

237.   In answering paragraph 237 of Plaintiff's FAC, Defendants deny the allegations contained therein.

<u>Count 1</u>

Violation of 18 U.S.C. § 1591 Against Defendant Golden

238.   In answering paragraph 238 of Plaintiff's FAC, the allegations contained therein do not contain factual allegations directed at Defendants, and therefore no response is required.

239.   In answering paragraph 239 of Plaintiff's' FAC, the allegations contained therein do not contain factual allegations directed at Defendants, and therefore no response is required. To the extent a response is required, Defendants lack sufficient knowledge or information to admit or deny the allegations contained in therein, and, therefore, deny same.

240.   In answering paragraph 240 of Plaintiff's' FAC, the allegations contained therein do not contain factual allegations directed at Defendants, and therefore no response is required. To the extent a response is required, Defendants

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1  lack sufficient knowledge or information to admit or deny the allegations contained

2  in therein, and, therefore, deny same.

3      241.   In answering paragraph 241 of Plaintiff's' FAC, the allegations

4  contained therein do not contain factual allegations directed at Defendants, and

5  therefore no response is required. To the extent a response is required, Defendants

6  lack sufficient knowledge or information to admit or deny the allegations contained

7  in therein, and, therefore, deny same.

8      242.   In answering paragraph 242 of Plaintiff's' FAC, the allegations

9  contained therein do not contain factual allegations directed at Defendants, and

10  therefore no response is required. To the extent a response is required, Defendants

11  lack sufficient knowledge or information to admit or deny the allegations contained

12  in therein, and, therefore, deny same.

13      243.   In answering paragraph 243 of Plaintiff's' FAC, the allegations

14  contained therein do not contain factual allegations directed at Defendants, and

15  therefore no response is required. To the extent a response is required, Defendants

16  lack sufficient knowledge or information to admit or deny the allegations contained

17  in therein, and, therefore, deny same.

18      244.   In answering paragraph 244 of Plaintiff's' FAC, the allegations

19  contained therein do not contain factual allegations directed at Defendants, and

20  therefore no response is required. To the extent a response is required, Defendants

21  lack sufficient knowledge or information to admit or deny the allegations contained

22  in therein, and, therefore, deny same.

23      245.   In answering paragraph 245 of Plaintiff's' FAC, the allegations

24  contained therein do not contain factual allegations directed at Defendants, and

25  therefore no response is required. To the extent a response is required, Defendants

26  lack sufficient knowledge or information to admit or deny the allegations contained

27  in therein, and, therefore, deny same.

28  / / /

eXp DEFENDANTS AND GLENN SANFORD'S
ANSWER TO FIRST AMENDED COMPLAINT

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

246.   In answering paragraph 246 of Plaintiff's' FAC, the allegations contained therein do not contain factual allegations directed at Defendants, and therefore no response is required. To the extent a response is required, Defendants lack sufficient knowledge or information to admit or deny the allegations contained in therein, and, therefore, deny same.

247.   In answering paragraph 247 of Plaintiff's' FAC, the allegations contained therein do not contain factual allegations directed at Defendants, and therefore no response is required. To the extent a response is required, Defendants lack sufficient knowledge or information to admit or deny the allegations contained in therein, and, therefore, deny same.

248.   In answering paragraph 248 of Plaintiff's' FAC, the allegations contained therein do not contain factual allegations directed at Defendants, and therefore no response is required. To the extent a response is required, Defendants lack sufficient knowledge or information to admit or deny the allegations contained in therein, and, therefore, deny same.

249.   In answering paragraph 249 of Plaintiff's' FAC, the allegations contained therein do not contain factual allegations directed at Defendants, and therefore no response is required. To the extent a response is required, Defendants lack sufficient knowledge or information to admit or deny the allegations contained in therein, and, therefore, deny same.

250.   In answering paragraph 250 of Plaintiff's' FAC, the allegations contained therein do not contain factual allegations directed at Defendants, and therefore no response is required. To the extent a response is required, Defendants lack sufficient knowledge or information to admit or deny the allegations contained in therein, and, therefore, deny same.

/ / /

/ / /

/ / /

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1

<u>Count II</u>

2

Violation of 18 U.S.C. § 1591

3

Against DEFENDANT BJORKMAN

4    251.   In answering paragraph 251 of Plaintiff's' FAC, the allegations

5  contained therein do not contain factual allegations directed at Defendants, and

6  therefore no response is required.

7    252.   In answering paragraph 252 of Plaintiff's' FAC, the allegations

8  contained therein do not contain factual allegations directed at Defendants, and

9  therefore no response is required. To the extent a response is required, Defendants

10  lack sufficient knowledge or information to admit or deny the allegations contained

11  in therein, and, therefore, deny same.

12    253.   In answering paragraph 253 of Plaintiff's' FAC, the allegations

13  contained therein do not contain factual allegations directed at Defendants, and

14  therefore no response is required. To the extent a response is required, Defendants

15  lack sufficient knowledge or information to admit or deny the allegations contained

16  in therein, and, therefore, deny same.

17    254.   In answering paragraph 254 of Plaintiff's' FAC, the allegations

18  contained therein do not contain factual allegations directed at Defendants, and

19  therefore no response is required. To the extent a response is required, Defendants

20  lack sufficient knowledge or information to admit or deny the allegations contained

21  in therein, and, therefore, deny same.

22    255.   In answering paragraph 255 of Plaintiff's' FAC, the allegations

23  contained therein do not contain factual allegations directed at Defendants, and

24  therefore no response is required. To the extent a response is required, Defendants

25  lack sufficient knowledge or information to admit or deny the allegations contained

26  in therein, and, therefore, deny same.

27    256.   In answering paragraph 256 of Plaintiff's' FAC, the allegations

28  contained therein do not contain factual allegations directed at Defendants, and

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

eXp DEFENDANTS AND GLENN SANFORD'S
ANSWER TO FIRST AMENDED COMPLAINT

therefore no response is required. To the extent a response is required, Defendants lack sufficient knowledge or information to admit or deny the allegations contained in therein, and, therefore, deny same.

<u>Count III</u>

Participating in a Venture in Violation of 18 U.S.C. § 1595 Against

DEFENDANTS EXP REALTY, SANFORD, AND GOVE

257.    In answering paragraph 257 of Plaintiff's' FAC, the allegations contained therein do not contain factual allegations directed at Defendants, and therefore no response is required.

258.    In answering paragraph 258 of Plaintiff's' FAC, Defendants deny the allegations contained therein.

259.    In answering paragraph 259 of Plaintiff's' FAC, Defendants deny the allegations contained therein.

260.    In answering paragraph 260 of Plaintiff's' FAC, Defendants deny the allegations contained therein.

261.    In answering paragraph 261 of Plaintiff's' FAC, Defendants deny the allegations contained therein.

262.    In answering paragraph 262 of Plaintiff's' FAC, Defendants deny the allegations contained therein.

263.    In answering paragraph 263 of Plaintiff's' FAC, Defendants deny the allegations contained therein.

<u>Count IV</u>

Sexual Battery

Against DEFENDANT BJORKMAN, DEFENDANT GOLDEN, DEFENDANT KEENAN; and DEFENDANT SHERRARD

264.    In answering paragraph 264 of Plaintiff's' FAC, the allegations contained therein do not contain factual allegations directed at Defendants, and therefore no response is required.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

265.   In answering paragraph 265 of Plaintiff's' FAC, the allegations contained therein do not contain factual allegations directed at Defendants, and therefore no response is required. To the extent a response is required, Defendants lack sufficient knowledge or information to admit or deny the allegations contained in therein, and, therefore, deny same.

266.   In answering paragraph 266 of Plaintiff's' FAC, the allegations contained therein do not contain factual allegations directed at Defendants, and therefore no response is required. To the extent a response is required, Defendants lack sufficient knowledge or information to admit or deny the allegations contained in therein, and, therefore, deny same.

267.   In answering paragraph 267 of Plaintiff's' FAC, the allegations contained therein do not contain factual allegations directed at Defendants, and therefore no response is required. To the extent a response is required, Defendants lack sufficient knowledge or information to admit or deny the allegations contained in therein, and, therefore, deny same.

268.   In answering paragraph 268 of Plaintiff's' FAC, the allegations contained therein do not contain factual allegations directed at Defendants, and therefore no response is required. To the extent a response is required, Defendants lack sufficient knowledge or information to admit or deny the allegations contained in therein, and, therefore, deny same.

269.   In answering paragraph 269 of Plaintiff's' FAC, the allegations contained therein do not contain factual allegations directed at Defendants, and therefore no response is required. To the extent a response is required, Defendants lack sufficient knowledge or information to admit or deny the allegations contained in therein, and, therefore, deny same.

/ / /

/ / /

/ / /

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

eXp DEFENDANTS AND GLENN SANFORD'S
ANSWER TO FIRST AMENDED COMPLAINT

## Count V

### Civil Battery

### Against DEFENDANT BJORKMAN, DEFENDANT GOLDEN, AND DEFENDANT KEENAN

270.   In answering paragraph 270 of Plaintiff's' FAC, the allegations contained therein do not contain factual allegations directed at Defendants, and therefore no response is required.

271.   In answering paragraph 271 of Plaintiff's' FAC, the allegations contained therein do not contain factual allegations directed at Defendants, and therefore no response is required. To the extent a response is required, Defendants lack sufficient knowledge or information to admit or deny the allegations contained in therein, and, therefore, deny same.

272.   In answering paragraph 272 of Plaintiff's' FAC, the allegations contained therein do not contain factual allegations directed at Defendants, and therefore no response is required. To the extent a response is required, Defendants lack sufficient knowledge or information to admit or deny the allegations contained in therein, and, therefore, deny same.

273.   In answering paragraph 273 of Plaintiff's' FAC, the allegations contained therein do not contain factual allegations directed at Defendants, and therefore no response is required. To the extent a response is required, Defendants lack sufficient knowledge or information to admit or deny the allegations contained in therein, and, therefore, deny same.

274.   In answering paragraph 274 of Plaintiff's' FAC, the allegations contained therein do not contain factual allegations directed at Defendants, and therefore no response is required. To the extent a response is required, Defendants lack sufficient knowledge or information to admit or deny the allegations contained in therein, and, therefore, deny same.

/ / /

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

eXp DEFENDANTS AND GLENN SANFORD'S
ANSWER TO FIRST AMENDED COMPLAINT

275.   In answering paragraph 275 of Plaintiff's' FAC, the allegations contained therein do not contain factual allegations directed at Defendants, and therefore no response is required. To the extent a response is required, Defendants lack sufficient knowledge or information to admit or deny the allegations contained in therein, and, therefore, deny same.

<div align="center">

Count VI

Intentional Infliction of Emotional Distress

Against DEFENDANT BJORKMAN, DEFENDANT GOLDEN, and DEFENDANT KEENAN

</div>

276.   In answering paragraph 276 of Plaintiff's' FAC, the allegations contained therein do not contain factual allegations directed at Defendants, and therefore no response is required.

277.   In answering paragraph 277 of Plaintiff's' FAC, the allegations contained therein do not contain factual allegations directed at Defendants, and therefore no response is required. To the extent a response is required, Defendants lack sufficient knowledge or information to admit or deny the allegations contained in therein, and, therefore, deny same.

278.   In answering paragraph 278 of Plaintiff's' FAC, the allegations contained therein do not contain factual allegations directed at Defendants, and therefore no response is required. To the extent a response is required, Defendants lack sufficient knowledge or information to admit or deny the allegations contained in therein, and, therefore, deny same.

279.   In answering paragraph 279 of Plaintiff's' FAC, the allegations contained therein do not contain factual allegations directed at Defendants, and therefore no response is required. To the extent a response is required, Defendants lack sufficient knowledge or information to admit or deny the allegations contained in therein, and, therefore, deny same.

/ / /

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

Case No. 2:23-cv-10492-AB-AGR
eXp DEFENDANTS AND GLENN SANFORD'S
ANSWER TO FIRST AMENDED COMPLAINT

280.   In answering paragraph 280 of Plaintiff's' FAC, the allegations contained therein do not contain factual allegations directed at Defendants, and therefore no response is required. To the extent a response is required, Defendants lack sufficient knowledge or information to admit or deny the allegations contained in therein, and, therefore, deny same.

<div align="center">Count VII</div>

<div align="center">Negligent Hiring, Retention, and Supervision</div>

<div align="center">Against DEFENDANT eXp REALTY and DEFENDANT SANFORD</div>

281.   In answering paragraph 281 of Plaintiff's' FAC, the allegations contained therein do not contain factual allegations directed at Defendants, and therefore no response is required.

282.   In answering paragraph 282 of Plaintiff's' FAC, Defendants deny the allegations contained therein.

283.   In answering paragraph 283 of Plaintiff's' FAC, Defendants deny the allegations contained therein.

284.   In answering paragraph 284 of Plaintiff's' FAC, Defendants deny the allegations contained therein.

285.   In answering paragraph 285 of Plaintiff's' FAC, Defendants deny the allegations contained therein.

286.   In answering paragraph 286 of Plaintiff's' FAC, Defendants admit that Golden and Bjorkman were required to be licensed Real Estate Agents. Defendants deny the remaining allegations contained therein.

287.   In answering paragraph 287 of Plaintiff's' FAC, Defendants deny the allegations contained therein.

288.   In answering paragraph 288 of Plaintiff's' FAC, Defendants deny the allegations contained therein.

289.   In answering paragraph 289 of Plaintiff's' FAC, Defendants deny the allegations contained therein.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

290.   In answering paragraph 290 of Plaintiff's' FAC, Defendants deny the allegations contained therein.

291.   In answering paragraph 291 of Plaintiff's' FAC, Defendants deny the allegations contained therein.

<div align="center">

COUNT VIII

TORTIOUS INTERFERENCE

Against Defendant Gove

</div>

292.   In answering paragraph 292 of Plaintiff's' FAC, the allegations contained therein do not contain factual allegations directed at Defendants, and therefore no response is required.

293.   In answering paragraph 293 of Plaintiff's' FAC, the allegations contained therein do not contain factual allegations directed at Defendants, and therefore no response is required. To the extent a response is required, Defendants lack sufficient knowledge or information to admit or deny the allegations contained in therein, and, therefore, deny same.

294.   In answering paragraph 294 of Plaintiff's' FAC, the allegations contained therein do not contain factual allegations directed at Defendants, and therefore no response is required. To the extent a response is required, Defendants lack sufficient knowledge or information to admit or deny the allegations contained in therein, and, therefore, deny same.

295.   In answering paragraph 295 of Plaintiff's' FAC, the allegations contained therein do not contain factual allegations directed at Defendants, and therefore no response is required. To the extent a response is required, Defendants lack sufficient knowledge or information to admit or deny the allegations contained in therein, and, therefore, deny same.

296.   In answering paragraph 296 of Plaintiff's' FAC, the allegations contained therein do not contain factual allegations directed at Defendants, and therefore no response is required. To the extent a response is required, Defendants

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1  lack sufficient knowledge or information to admit or deny the allegations contained

2  in therein, and, therefore, deny same.

3      297.   In answering paragraph 297 of Plaintiff's' FAC, the allegations

4  contained therein do not contain factual allegations directed at Defendants, and

5  therefore no response is required. To the extent a response is required, Defendants

6  lack sufficient knowledge or information to admit or deny the allegations contained

7  in therein, and, therefore, deny same.

8      298.   In answering paragraph 298 of Plaintiff's' FAC, the allegations

9  contained therein do not contain factual allegations directed at Defendants, and

10  therefore no response is required. To the extent a response is required, Defendants

11  lack sufficient knowledge or information to admit or deny the allegations contained

12  in therein, and, therefore, deny same.

13      299.   In answering paragraph 299 of Plaintiff's' FAC, the allegations

14  contained therein do not contain factual allegations directed at Defendants, and

15  therefore no response is required. To the extent a response is required, Defendants

16  lack sufficient knowledge or information to admit or deny the allegations contained

17  in therein, and, therefore, deny same.

18      300.   In answering paragraph 300 of Plaintiff's' FAC, the allegations

19  contained therein do not contain factual allegations directed at Defendants, and

20  therefore no response is required. To the extent a response is required, Defendants

21  lack sufficient knowledge or information to admit or deny the allegations contained

22  in therein, and, therefore, deny same.

## **REQUEST FOR RELIEF**

24      301.   Defendants need not answer Plaintiff's Prayer for Relief. To the extent

25  that any material allegation in the Prayer for Relief is deemed to require an answer,

26  Defendants deny all allegations contained therein.

27  / / /

28  / / /

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

Case No. 2:23-cv-10492-AB-AGR

eXp DEFENDANTS AND GLENN SANFORD'S
ANSWER TO FIRST AMENDED COMPLAINT

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Cause of Action)

The FAC, and each and every cause of action or purported cause of action therein, fails to state facts sufficient to constitute a cause of action against these answering Defendants.

### SECOND AFFIRMATIVE DEFENSE

### (Contributory Negligence)

Plaintiff was negligent in and about the matters alleged in the FAC and in each alleged cause of action. This negligence proximately caused, in whole or in part, the damages alleged in the FAC. In the event Plaintiff is entitled to any damages, the amount of these damages should be reduced by the comparative fault of Plaintiff and any person whose negligent acts or omissions are imputed to Plaintiff.

### THIRD AFFIRMATIVE DEFENSE

### (Fault of Others)

At all times and places set forth in the FAC, parties other than these answering Defendants failed to exercise ordinary care on their own behalf, which negligence and carelessness was a proximate cause of some portion, up to and including the whole thereof, of the injuries and damages complained of by Plaintiff in this action. The fault, if any, of these other parties should be compared with the fault of these answering Defendants and damages, if any, should be apportioned among the parties in direct relation to each party's comparative fault. These answering Defendants should be obligated to pay only such damages, if any, which are directly attributable to his percentage of comparative fault. To require these answering Defendants to contribute any more than their percentage of comparative fault violates the equal protection and due process clauses of the Constitution of the United States and the Constitution of the State of California.

eXp DEFENDANTS AND GLENN SANFORD'S
ANSWER TO FIRST AMENDED COMPLAINT

## FOURTH AFFIRMATIVE DEFENSE

### (Active, Affirmative and Primary Negligence)

These answering Defendants are informed and believe and thereon allege that with respect to each and every purported cause of action of the FAC on file herein, at the time and place alleged in the FAC, Plaintiff committed active, affirmative and primary negligence in connection with the incident(s) described in Plaintiff's FAC, which active, affirmative, and primary negligence was a proximate cause of the damages or injuries, if any, which Plaintiff complains of herein, and bars any right to indemnification which Plaintiff may assert.

## FIFTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

Plaintiff has failed to exercise reasonable care and diligence to avoid loss and to minimize damages, and, therefore, Plaintiff may not recover for losses which could have been prevented by reasonable efforts on her own part, or by expenditures that might reasonably have been made. Therefore, Plaintiff's recovery, if any, should be reduced by the failure of the Plaintiff to mitigate her damages.

## SIXTH AFFIRMATIVE DEFENSE

### (Superseding Negligence)

The injuries and damages sustained by Plaintiff, if any, were proximately caused or contributed to by the intervening and superseding actions of others, which intervening and superseding actions bar and/or diminish Plaintiff's recovery, if any, against these answering Defendants.

## SEVENTH AFFIRMATIVE DEFENSE

### (Statutes of Limitations)

These answering Defendants are informed and believe, and thereon allege, that the FAC, and each cause of action therein, is barred by each and every applicable statute of limitations.

/ / /

eXp DEFENDANTS AND GLENN SANFORD'S ANSWER TO FIRST AMENDED COMPLAINT

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

## EIGHTH AFFIRMATIVE DEFENSE

### (Outside Causation/Contribution)

If any loss, injury, damage, or detriment occurred as alleged in the FAC, the loss, injury, damage, detriment was caused and contributed to by the actions of Plaintiff, or by other factors outside of these answering Defendants' control. Furthermore, if Plaintiff did not exercise ordinary care on her own behalf, her own acts and omissions proximately caused and contributed to the loss, injury, damage, or detriment to Plaintiff, and her recovery from these answering Defendants, if any, should be reduced in proportion to the percentage of Plaintiff's negligence or fault.

## NINTH AFFIRMATIVE DEFENSE

### (Reduction of Damages)

Plaintiff is entirely or, alternatively, partially barred from recovery in this action to the extent that she have received any consideration from these answering Defendants or from anyone else in satisfaction of any purported claim against these answering Defendants.

## TENTH AFFIRMATIVE DEFENSE

### (Offset)

In any event and purely for the purpose of alleging this defense, any purported damages allegedly caused by these answering Defendants are subject to a set off either partially or in the full amount of the purported damages.

## ELEVENTH AFFIRMATIVE DEFENSE

### (No Proximate Cause)

These answering Defendants allege that any acts or omissions by these answering Defendants were not the proximate cause of any injury suffered by Plaintiff.

/ / /

/ / /

/ / /

1

## TWELFTH AFFIRMATIVE DEFENSE

## (Pre-Existing Condition)

Plaintiff is not entitled to recover damages to the extent that any purported emotional distress damages allegedly suffered by Plaintiff were caused by any pre-existing psychological condition(s).

## THIRTEENTH AFFIRMATIVE DEFENSE

## (Uncertainty)

Plaintiff's FAC is vague, uncertain, ambiguous and unintelligible.

## FOURTEENTH AFFIRMATIVE DEFENSE

## (Estoppel)

Plaintiff has engaged in conduct with respect to the series of activities that are the subject of the FAC, and by reason of said activities and conduct, are estopped from asserting any claims or damages or seeking any other relief against these answering Defendants.

## FIFTEENTH AFFIRMATIVE DEFENSE

## (Waiver)

Plaintiff by her actions and/or omissions knowingly, voluntarily and willingly waived any rights she might otherwise have had against these answering Defendants.

## SIXTEENTH AFFIRMATIVE DEFENSE

## (Laches)

Some or all of the causes of actions in the FAC are barred by the Doctrine of Laches.

## SEVENTEENTH AFFIRMATIVE DEFENSE

## (Unclean Hands)

These answering Defendants are informed and believe, and thereon allege, that Plaintiff, by her own conduct, acts, and/or omissions, are barred by their unclean hands and shared fault from recovering all relief requested in the FAC.

LEWIS BRISBOIS BISGAARD & SMITH LLP
ATTORNEYS AT LAW

1

## EIGHTEENTH AFFIRMATIVE DEFENSE

2

### (Consent)

3       These answering Defendants allege that Plaintiff, at all relevant times, gave

4   her consent, express or implied, to the alleged acts, omissions and conduct of these

5   answering Defendants.

6

## NINETEENTH AFFIRMATIVE DEFENSE

7

### (Lack of Notice)

8       Plaintiff's claims for relief are barred because Plaintiff cannot establish actual

9   or constructive notice and/or knowledge to sustain an allegation of violation of 18

10  U.S.C. §§1591 and 1595.

11

## TWENTIETH AFFIRMATIVE DEFENSE

12

### (Mistake of Fact and/or Law)

13      Plaintiff's claims are barred by either a mistake of fact or a mistake of law or

14  both.

15

## TWENTY-FIRST AFFIRMATIVE DEFENSE

16

### (Not Foreseeable)

17      Plaintiff's FAC, and each and every purported cause of action therein, is

18  barred in whole or in part, because these answering Defendants did not and could

19  not have known about the alleged unlawful conduct.

20

## TWENTY-SECOND AFFIRMATIVE DEFENSE

21

### (Lack of Standing)

22      These answering Defendants allege that Plaintiff lacks standing to assert some

23  or all of the claims alleged in the FAC.

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

142966267.1    46                    Case No. 2:23-cv-10492-AB-AGR

eXp DEFENDANTS AND GLENN SANFORD'S
ANSWER TO FIRST AMENDED COMPLAINT

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (No Commercial Venture)

These answering Defendants are informed and believe, and based thereon allege, that Plaintiff's claims are barred in whole or in part because these answering Defendants were not engaged in unlawful commercial activities based on profiting financially from purported illicit sex trade.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (No Participation)

These answering Defendants are informed and believe, and based thereon allege, that Plaintiff's claims are barred in whole or in part because these answering Defendants did not participate in a purported sex trafficking venture.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (No Benefit)

These answering Defendants are informed and believe, and based thereon allege, that Plaintiff's claims are barred in whole or in part because these answering Defendants did not knowingly, attempt, conspire, or otherwise, to benefit from the alleged sex-trafficking venture.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (No Knowledge)

These answering Defendants are informed and believe, and based thereon allege, that Plaintiff's claims are barred in whole or in part because these answering Defendants did not know nor should they have known of the alleged ex-trafficking venture.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (Not Employer)

Defendants are not liable for the conduct alleged in the FAC because Defendants were not Plaintiff's nor Defendant Bjorkman or Defendant Golden's employer or joint employer.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### (No Foreseeability)

These answering Defendants are not liable for the conduct alleged in the FAC because these answering Defendants had no reason to believe Codefendants were unfit or failed to use reasonable care to discover the Codefendants alleged unfitness before contracting.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

### (Privileges)

These answering Defendants allege that they are entitled to all privileges available to them.

## THIRTIETH AFFIRMATIVE DEFENSE

### (No Attorneys' Fees)

These answering Defendants allege that Plaintiff has failed to state a claim upon which attorneys' fees can be awarded.

## <u>RESERVATION OF ADDITIONAL AFFIRMATIVE DEFENSE</u>

### (All Additional Affirmative Defenses Reserved)

These answering Defendants presently have insufficient knowledge or information upon which to form a belief as to whether it may have additional, as yet unknown, Affirmative Defenses. These answering Defendants reserve herein the right to assert additional Affirmative Defenses in the event that investigation and discovery indicate it would be appropriate.

WHEREFORE, these answering Defendants pray for judgment against the Plaintiff as follows:

1. That Plaintiff take nothing by way of this action;

2. That these answering Defendants are awarded costs of suit incurred herein; and

/ / /

/ / /

eXp DEFENDANTS AND GLENN SANFORD'S
ANSWER TO FIRST AMENDED COMPLAINT

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1    3.    For such other and further relief as the Court deems just and proper.

2

3    DATED:  July 18, 2024                LEWIS BRISBOIS BISGAARD & SMITH LLP

4

5

6    By:        /s/ Kyle Maland

7        KYLE MALAND
         Attorneys for Defendants, eXp Realty,
8        LLC, eXp World Holdings, Inc., and Glenn
         Sanford

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

eXp DEFENDANTS AND GLENN SANFORD'S
ANSWER TO FIRST AMENDED COMPLAINT

# FEDERAL COURT PROOF OF SERVICE

Anya Roberts v. eXp Realty, LLC, et al.
Case No. 2:23-cv-10492

STATE OF CALIFORNIA, COUNTY OF SAN DIEGO

At the time of service, I was over 18 years of age and not a party to the action. My business address is 550 West C Street, Suite 1700, San Diego, CA 92101. I am employed in the office of a member of the bar of this Court at whose direction the service was made.

On July 18, 2024, I served the following document(s): **DEFENDANTS EXP REALTY, LLC, EXP WORLD HOLDINGS, INC., AND GLENN SANFORD'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

I served the documents on the following persons at the following addresses (including fax numbers and e-mail addresses, if applicable):

## SEE ATTACHED SERVICE LIST

The documents were served by the following means:

☒ (BY COURT'S CM/ECF SYSTEM) Pursuant to Local Rule, I electronically filed the documents with the Clerk of the Court using the CM/ECF system, which sent notification of that filing to the persons listed above.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Executed on July 18, 2024, at Spring Valley, California.

VICKI M. SIMPSON

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

**SERVICE LIST**
**Anya Roberts v. eXp Realty, LLC, et al.**
**Case No. 2:23-cv-10492**

Jennifer A. Lenze, Esq.
**LENZE LAWYERS, PLC**
999 Corporate Drive, Suite 100
Ladera Ranch, CA 91765
T: (310) 322-8800 / F: (310) 322-8811
ilenze@lenzelawyers.com

Attorneys for Plaintiff,
ANYA ROBERTS

Brooke Cohen, Esq.
Andrea Hirsch, Esq.
**COHEN HIRSCH, LP**
5256 Peachtree Road, Suite 195-E
Atlanta, GA 30341
T: (678) 268-4683
brooke@cohenhirsch.com
andrea@cohenhirsch.com

Attorneys for Plaintiff,
ANYA ROBERTS

Richard A. Schonfeld, Esq.
**CHESNOFF & SCHONFELD**
520 South 4th Street, Suite 200
Las Vegas, NV 89101-6593
T: (702) 384-5563 / F: (702) 598-1425
rschonfeld@cslawoffice.net

Attorneys for Defendant,
MICHAEL L. BJORKMAN

Todd A. Angstadt, Esq.
Elisa R. Marcaletti, Esq.
George M. Morris, Esq.
**PHILLIPS, SPALLAS**
**& ANGSTADT LLP**
560 Mission St., Suite 1010
San Francisco, CA 94105
T: (415) 278-9400 / F: (415) 278-9411
tangstadt@psalaw.net
emarcaletti@psalaw.net
gmorris@psalaw.net

Attorneys for Defendant,
BRENT GOVE

Peter K. Levin, Esq.
**PETER K. LEVINE, APLC**
5455 Wilshire Boulevard, Suite 1250
Los Angeles, CA 90036
T: (323) 934-1234 / F: (323) 934-1230
peter@peterlawfirm.com
cc: Assistant, Roberto Segovia
roberto@peterlawfirm.com

Attorneys for Defendant,
DAVID S. GOLDEN

David A. Poull, Esq.
**CANNON & NELMS, PC**
160 South Old Springs Rd., Suite 200
Anaheim, CA 92808
T: (714) 637-4400 / F: (714) 637-4444
DPoull@CannonNelms.com

Attorneys for Defendant,
DAVID S. GOLDEN

eXp DEFENDANTS AND GLENN SANFORD'S
ANSWER TO FIRST AMENDED COMPLAINT

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1  | Sanford Passman, Esq.,                     Attorneys for Defendant,
2  | 10507 West Pico Blvd., Second Floor        EMILY KEENAN
   | Los Angeles, CA 90064
3  | sandy@sandypassman.com

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW