1   WILLIAM E. PALLARES, SB# 187740
      E-Mail: William.Pallares@lewisbrisbois.com
2   **LEWIS BRISBOIS BISGAARD & SMITH LLP**
    633 West 5th Street, Suite 4000
3   Los Angeles, California 90071
    Telephone: 213.250.1800
4   Facsimile: 213.250.7900

5   KYLE MALAND, SB# 292210
      E-Mail: Kyle.Maland@lewisbrisbois.com
6   ERIN MULLEN, SB# 356383
      E-Mail: Erin.Mullen@lewisbrisbois.com
7   **LEWIS BRISBOIS BISGAARD & SMITH LLP**
    550 West C Street, Suite 1700
8   San Diego, California 92101
    Telephone: 619.233.1006
9   Facsimile: 619.233.8627

10  Attorneys for Defendants,
    eXp REALTY, LLC, eXp WORLD
11  HOLDINGS, INC., and GLENN SANFORD

12

13                   UNITED STATES DISTRICT COURT

14      CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

15

16  ANYA ROBERTS,                          Case No. 2:23-CV-10492-AB-AGR

17          Plaintiff,                      **DEFENDANTS eXp REALTY, LLC, eXp WORLD HOLDINGS, INC., AND GLENN SANFORD'S EX PARTE APPLICATION TO MODIFY THE SCHEDULING ORDER**

18      vs.

19  eXp REALTY, LLC, eXp WORLD
    HOLDINGS, INC., MICHAEL L.
20  BJORKMAN, DAVID S. GOLDEN,
    BRENT GOVE, EMILY KEENAN,
21  GLENN SANFORD, MICHAEL
    SHERRARD, and DOES 1-10,           Trial Date:         September 22, 2025

22

23          Defendants.

24

25

26

27

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1    TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

2    PLEASE TAKE NOTICE THAT Defendants eXp Realty, LLC, eXp World

3    Holdings, Inc., and Glenn Sanford (collectively "eXp Defendants") hereby apply, ex

4    parte, pursuant to Local Rule 7-19, for an order to modify the current Scheduling

5    Order and continue the trial date and related dates sixty (60) days to coincide with

6    the trial date and corresponding dates scheduled in the companion case, *Fabiola*

7    *Acevedo, et al. v. eXp World Holdings, Inc., et al.*, United States District Court for

8    the Central District of California, Case No. 2:23-cv-01304-AB-AGR.

9    The Court recently granted eXp Defendants' ex parte application to modify

10    the scheduling order in the *Acevedo* matter and continued the trial date and related

11    dates sixty (60) days. Because the *Acevedo* matter involves a majority of the same

12    parties, same fact witnesses, and similar factual allegations as in this case, counsel

13    anticipates that much of the discovery taken in the *Acevedo* matter will also apply in

14    this case. Notwithstanding, the parties want to try the *Acevedo* matter prior to the

15    instant case.

16    Despite the parties' thorough engagement in discovery to date, the parties

17    require an extension of the Court's deadlines to complete depositions and produce

18    additional documentation in order to adequately prepare for trial. eXp Defendants

19    therefore seek to align the scheduling orders to ensure efficiency and promote

20    judicial economy throughout this process. Moreover, the Court has not yet ruled on

21    the Motion to Dismiss Defendant Emily Keenan. Accordingly, eXp Defendants

22    respectively request that this Court modify the current Scheduling Order and

23    continue the trial date and related dates sixty (60) days to coincide with the Court's

24    scheduling order in the *Acevedo* case.

25    eXp Defendants seek ex parte relief pursuant to this Application, the

26    Memorandum of Points and Authorities, the Declaration of William E. Pallares, and

27    all pleadings on file.

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1

2  DATED:  April 18, 2025

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Respectfully submitted,

LEWIS BRISBOIS BISGAARD & SMITH LLP

By: _____/s/ William E. Pallares_____
     WILLIAM E. PALLARES
     KYLE MALAND
     ERIN MULLEN
     Attorneys for Defendants, eXp REALTY, LLC, eXp WORLD HOLDINGS, INC., and GLENN SANFORD

# MEMORANDUM OF POINTS AND AUTHORITIES

## 1. INTRODUCTION

Defendants eXp Realty, LLC, eXp World Holdings, Inc., and Glenn Sanford ("eXp Defendants") seek ex parte relief to modify the current Scheduling Order (Order to Modify the Scheduling Order, Dkt. 115) and continue the trial date and related dates sixty (60) days to coincide with the trial date and corresponding dates scheduled in the companion case, *Fabiola Acevedo, et al. v. eXp World Holdings, Inc., et al.*, United States District Court for the Central District of California, Case No. 2:23-cv-01304-AB-AGR.

The companion *Acevedo* matter involves a majority of the same parties, same fact witnesses, and similar factual allegations as in this case. Counsel anticipates that much of the discovery taken in the *Acevedo* matter will apply here. Notwithstanding, the parties seek to try the instant matter following the *Acevedo* matter as the instant matter was filed later. Despite diligent efforts by the parties to engage in discovery in both matters, due to the complex nature of these cases and numerosity of parties and counsel, the parties require a continuance to complete depositions and produce additional documents in order to adequately prepare for trial. (See Exhibit A to the Declaration of William E. Pallares ("Pallares Decl.").) Moreover, the Court has not yet ruled on the Motion to Dismiss Defendant Emily Keenan. eXp Defendants therefore seek to coincide the Court's Scheduling Order with the scheduling order in the *Acevedo* case as good cause exists.

Accordingly, eXp Defendants respectfully request, via an ex parte application, a modification of the Scheduling Order to continue the deadlines by sixty (60) days.

## 2. PROCEDURAL HISTORY

On December 14, 2023, Plaintiff Anya Roberts ("Plaintiff") filed her initial Complaint (Dkt. 1.) On February 20, 2024, Defendant Michael Bjorkman filed his Motion to Dismiss (Dkt. 39.) On February 21, 2024, Defendant Emily Keenan

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

Case No. 2:23-CV-10492-AB-AGR
eXp'S EX PARTE APPLICATION TO MODIFY THE SCHEDULING ORDER

1 ("Defendant Keenan") filed an answer. (Dkt. 42.) On March 11, 2024, eXp

2 Defendants filed their Motion to Dismiss (Dkt. 61.) On March 16, 2024, Defendant

3 Brent Gove filed his Motion to Dismiss (Dkt. 66.) On March 22, 2024, Defendant

4 David Golden filed an answer (Dkt. 68.) On March 23, 2024, the Court ruled on the

5 Motions to Dismiss (Dkt. 83.)

6       On June 13, 2024, Plaintiff filed her First Amended Complaint (Dkt. 84.) On

7 June 27, 2024, Defendant Keenan filed her Motion to Dismiss Defendant Emily

8 Keenan. (Dkt. 86.) In July 2024, all defendants, except for Defendant Keenan, filed

9 their answers. (Dkt. 85, Dkt. 88, Dkt. 93, Dkt. 94.) The ruling on Defendant

10 Keenan's Motion to Dismiss is still pending with the Court.

11      On May 2, 2024, the Court filed the initial Scheduling and Case Management

12 Order. (Dkt. 80.) On February 5, 2025, Plaintiff applied ex parte to amend the

13 Scheduling Order by ninety (90) days to coincide with the Scheduling Order in the

14 companion *Acevedo* matter. (Dkt. 111.) On February 19, 2025, the Court granted

15 Plaintiff's ex parte application and amended the Court's Scheduling Order. (Dkt.

16 115.)

17      Pursuant to Local Rule 7-19.1, the parties, excluding Defendant Keenan, met

18 and conferred regarding modification of the current Scheduling Order. (See Pallares

19 Decl. at ¶ 4.) No parties, apart from Defendant Keenan, opposed. (*Ibid.*)

20 **3.    LEGAL STANDARD**

21      As a general matter, it is widely understood that ex parte relief is only

22 justified where both of the following elements are present: (1) irreparable harm will

23 result if the matter is not heard in the regular manner—namely a noticed motion on

24 the usual briefing schedule—and (2) the party seeking ex parte relief did not create

25 the state of affairs that necessitates ex parte relief. (*Mission Power Eng'g Co. v.*

26 *Cont'l Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995).)

27      A district court has the inherent power to modify deadlines on its docket.

28 *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). This power is "incidental to the

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1  power inherent in every court to control the disposition of cases on its docket with

2  economy of time and effort for itself, for counsel, and for litigants." (*Landis*, 299

3  U.S. at 254; see *Dependable Highway Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d

4  1059, 1066 (9th Cir. 2007).) This discretion is in keeping with the district courts'

5  mandate to construe and apply the Federal Rules of Civil Procedure to "secure the

6  just, speedy, and inexpensive determination of every action." (Fed. R. Civ. P. 1.)

7        A court exercises significant discretion when modifying a scheduling order.

8  (*C.F. ex rel. Farnan v. Capistrano Unified Sch. Dist.*, 654 F.3d 975, 984 (9th Cir.

9  2011).) Modifying a scheduling order requires a showing of "good cause." (Fed. R.

10  Civ. P. 16(b)(4).) The good-cause inquiry "primarily considers the diligence of the

11  party seeking the amendment." (*Branch Banking and Trust Co. v. D.M.S.I.*, LLC,

12  871 F.3d 751, 764 (9th Cir. 2017) (quoting *Johnson v. Mammoth Recreations, Inc.*,

13  975 F.2d 604, 609 (9th Cir. 1992)).) A party demonstrates good cause by showing

14  that, even with the exercise of due diligence, they were unable to meet the timetable

15  set forth in the order. (*Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir.

16  2002).)

17  **4.    LEGAL ARGUMENT**

18       **A.    Good Cause Exists for this Court to Modify the Scheduling Order**

19        Good cause exists for this Court to modify the Scheduling Order. As this

20  Court is aware, this matter is a complex case, involving one (1) plaintiff and seven

21  (7) defendants, majority of which are also defendants in the companion *Acevedo*

22  matter. Importantly, the *Acevedo* matter involves similar factual allegations and

23  many of the same fact witnesses as in this case. Despite diligent efforts by the

24  parties to complete discovery in both matters, due to the complex nature of this case

25  and the *Acevedo* case, as well as the numerosity of parties and counsel, the parties

26  require additional time to complete depositions and produce additional documents in

27  order to adequately prepare for trial. (See Exhibit A to the Pallares Decl.) On March

28  21, 2025, eXp Defendants sought, via ex parte application, a sixty-day continuance

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

of the trial date and related dates in the *Acevedo* companion matter. (*Ibid.*) On March 25, 2025, the Court in *Acevedo* granted eXp Defendants' ex parte relief and modified the Scheduling Order by sixty (60) days. (See Exhibit B to the Pallares Decl.) Here, eXp Defendants seek the same relief as much of the discovery taken in the *Acevedo* case will likely apply in this case, thereby necessitating an alignment of the scheduling orders to ensure efficiency and promote judicial economy throughout this process. Moreover, the Court has not yet ruled on Defendant Keenan's Motion to Dismiss, thus, the case is not ready to proceed to trial.

Accordingly, the Court should grant eXp Defendant's ex parte relief and modify the Scheduling Order as set forth herein.

**B.     eXp Defendants Propose to Continue the Deadline Dates By Sixty (60) Days**

The parties, aside from Defendant Keenan, recently met and conferred regarding this Application to modify the current Scheduling Order by sixty (60) days. (Pallares Decl. at ¶ 4.) Importantly, no parties, aside from Defendant Keenan, opposed. (*Id.* at ¶ 4.)  eXp Defendants therefore propose the following schedule:

| Trial and Final Pretrial Conference Date | Court Ordered | New Modified Dates |
|---|---|---|
| Trial | September 22, 2025 | November 21, 2025 |
| Final Pretrial Conference | September 5, 2025 | November 4, 2025 |
| Deadline to Complete Settlement Conference | June 23, 2025 | August 22, 2025 |
| Last Day to Amend Pleadings and add parties | N/A | N/A |
| Non-Expert Discovery Cut-Off | May 6, 2025 | July 7, 2025 |
| Expert Disclosures (Initial) | May 6, 2025 | July 7, 2025 |

| | | |
|---|---|---|
| Expert Disclosures (Rebuttal) | May 19, 2025 | July 18, 2025 |
| Expert Discovery Cut-Off | June 9, 2025 | August 8, 2025 |
| Last Day to Hear Motions (Friday) Rule 56 | June 9, 2025 | August 8, 2025 |
| Trial Filing (First Round) | August 11, 2025 | October 10, 2025 |
| Trial Filing (Second Round) | August 20, 2025 | October 20, 2025 |

## C.    CONCLUSION

Based on the foregoing, eXp Defendants respectfully request that this Court modify the Scheduling Order and continue the deadline dates by sixty (60) days.

Respectfully submitted,

DATED:  April 18, 2025            LEWIS BRISBOIS BISGAARD & SMITH LLP

By:        /s/ William Pallares
WILLIAM E. PALLARES
KYLE MALAND
ERIN MULLEN
Attorneys for Defendants, eXp REALTY, LLC, eXp WORLD HOLDINGS, INC., and GLENN SANFORD

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

## CERTIFICATE OF SERVICE

I hereby certify that on this 18th day of April, 2025, I electronically filed the foregoing DEFENDANTS eXp REALTY, LLC, eXp WORLD HOLDINGS, INC., AND GLENN SANFORD'S EX PARTE APPLICATION TO MODIFY THE SCHEDULING ORDER with the Clerk of the Court using the CM/ECF system.

/s/ William E. Pallares

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW