UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No.: | 2:23-cv-10492-AB-AGR | Date: | May 1, 2025 |
|---|---|---|---|

| Title: | *Anya Roberts v. eXp Realty, LLC et al* |
|---|---|

| Present: The Honorable | **ANDRÉ BIROTTE JR., United States District Judge** |
|---|---|

| Daniel Tamayo | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Appearing | None Appearing |

**Proceedings:**     [In Chambers] ORDER <u>GRANTING</u> DEFENDANT KEENAN'S MOTION TO DISMISS (Dkt. 86)

     Before the Court is Defendant Emily Keenan's Motion to Dismiss. Dkt. 86. Plaintiff Anya Roberts opposed. Dkt. 90. Defendant Keenan did not file a reply. The Court heard argument on September 20, 2024. Per the Court's Order (Dkt. 103), Defendant Keenan filed supplemental briefing on October 10, 2024 (Dkt. 107) and Plaintiff Roberts filed supplemental briefing on October 23, 2024 (Dkt. 108). For the following reasons, the motion is **GRANTED**.

    **I.**     **Background**

     This Court has previously summarized the general facts of this case, as well as the related case, *Fabiola Acevedo et al v. eXp World Holdings, Inc. et al*, 2:23-cv-01304-AB-AGR, in prior orders. *See e.g.,* Dkt. 83. To summarize in relevant part, Plaintiff Anya Roberts, a real estate agent with eXp Realty, sued eXp Realty, LLC et al., including Defendant Emily Keenan, the girlfriend of Defendant Golden, a top agent at the company. The Complaint alleges eight causes of actions, including three claims under the Trafficking Victims Protection Reauthorization

Act ("TVPRA"), which is codified as 19 U.S.C. § 1591 and U.S.C. § 1595, and various state tort claims, including battery, intentional infliction of emotional distress, and negligent hiring, retention, and supervision. Dkt. 84. ("Compl.") Defendant Keenan has filed a Motion to Dismiss the claims in Roberts' First Amended Complaint against Keenan, arguing that this Court lacks personal jurisdiction over Keenan, is the improper venue, and that Roberts' claims are barred by applicable statute limitations.

Roberts alleges that during a conference in Puerto Rico Vallarta, Mexico, on February 8, 2020, Defendant Keenan put a pill in Roberts' mouth, and Roberts later "blacked out" without any personal recollection of what happened. Compl. ¶ 101. Others allegedly told Roberts that she was kissing Defendant Keenan at the conference. Compl. ¶ 102. Roberts believes she was sexually assaulted by Defendant Keenan. Compl. ¶ 103. Additionally, Roberts alleges that Defendant Keenan admitted to another attendee of the conference that she "pulled a girl for the first-time last night," which Roberts believes is a reference to her after being drugged by Defendant Keenan. Compl. ¶ 105. The following day, on February 9, 2020, Roberts alleges that after drinking a beverage given to her by Defendant Keenan and Defendant Golden, Roberts lost a significant portion of her memory again. Compl. ¶ 107, 108. Roberts recalls regaining some consciousness, and alleges that she remembers Defendant Keenan's fingers in her vagina. Compl. ¶ 109. Roberts has brought three tort claims—sexual battery, civil battery, and intentional infliction of emotional distress—against Keenan. Compl. ¶¶ 150-166.

## II.     Legal Standard

Fed. R. Civ. P. 8 requires a plaintiff to present a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Under Fed. R. Civ. P. 12(b)(1), 12(b)(2) and 12(b)(3), a party may challenge subject matter jurisdiction, personal jurisdiction, and venue, respectively. Under Fed. R. Civ. P. 12(b)(6), a defendant may move to dismiss a pleading for "failure to state a claim upon which relief can be granted." When ruling on a Rule 12(b)(6) motion, "a judge must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In the context of a challenge based on the statute of limitations, the Court must determine whether the "running of the statute is apparent on the face of the complaint," and may dismiss under 12(b)(6). *See Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 997 (9th Cir. 2006); *see also Supermail Cargo, Inc. v. United States*, 68 F.3d 1204, 1206 (9th Cir.1995) ("[A] complaint cannot be dismissed unless it appears beyond doubt that

the plaintiff can prove no set of facts that would establish the timeliness of the claim.").

### III. Discussion

#### A. Personal Jurisdiction and Venue

Defendant Keenan, an Arizona resident, moves to dismiss for lack of personal jurisdiction or, in the alternative, *forum non conveniens*. It is well-settled that improper venue or lack of personal jurisdiction are waived as defenses if not raised either in a pre-answer motion or an answer. *See* Fed. R. Civ. P. 12(h)(1); *see also Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986) ("A defendant must object to venue by motion or in his answer to the complaint or else his objection is waived.") Indeed, Fed. R. Civ. P. 12(h)(1) "provides a strict waiver rule with respect to lack of personal jurisdiction defense…defendants wishing to raise this defense must do so in their first defensive move, be it Rule 12 motion or a responsive pleading. *McCurley v. Royal Seas Cruises, Inc.*, 2019 WL 3006469 *4 (S.D.Cal., 2019). Here, Keenan filed an Answer on February 21, 2024. Dkt. 42. Keenan did not raise any personal jurisdiction or venue objections in that Answer. To be sure, that a First Amended Complaint was filed does not change the duty of the Defendant to have invoked their objection to either personal jurisdiction or venue earlier in the litigation in their first defensive move. Therefore, these objections have been waived.

#### B. Statute of Limitations

Defendant Keenan also moves to dismiss on timeliness grounds, arguing that the statute of limitations has elapsed. Specifically, the Fourth, Fifth, and Sixth causes of actions for sexual battery, civil battery, and intentional infliction of emotional distress, each carry a two-year statute of limitations. *See* California Code of Civil Procedure Section 335.1. Therefore, Keenan, an Arizona resident, argues that because the alleged battery against Roberts, a Florida resident, occurred in Mexico in February 2020, and this case was filed in December 2023, the suit is untimely. In the related case, *Acevedo v. eXp Realty, LLC*, 2024 WL 650189 *25 (C.D.Cal., 2024), it was undisputed that the state tort claims were time barred. However, the plaintiffs invoked California's recent legislation that extended the statute of limitations for certain claims of sexual assault. *Id*; *see* California Code of Civil Procedure Section 340.16. As this Court explained in that Order, though, not all claims are revivable under the California statute, namely the claims brought by non-California residents for conduct that occurred outside of California and

involving non-California defendants. *See Acevedo*, 2024 WL 650189 at *26; *see also Shubin v. Universal Vacation Club*, 622 F.Supp.3d 849, 853 (C.D.Cal. 2022)(under California choice-of-law rules, section 361 [(California's borrowing statute")] barred Idaho residents' claims that arose from alleged incidents that occurred in Cabo San Lucas, Mexico). Indeed, the Ninth Circuit has recognized that non-residents "certainly should not be permitted to take advantage of the state's tolling doctrine" as "California allows only its citizens to utilize this advantageous statute of limitations provision." *Hatfield v. Halifax PLC*, 564 F.3d 1177, 1189 (9th Cir. 2009). The Court reaches the same conclusion here.

Here, since Plaintiff is not a California citizen and her causes of action stem from alleged incidents that occurred in Puerto Vallarta, Mexico, she may only bring this lawsuit in California if permitted under the laws of Mexico. *See Shubin v. Universal Vacation Club,* 622 F. Supp.3d 849, 853 (C.D. Cal. 2022). Under Mexican law, the statute of limitations for tort actions is also two years. *See* Código Civil Federal [C.C.F.] [Federal Civil Code], art. 1934, (Mex.), *translated in* Romañach Jr., Julio, THE FEDERAL CIVIL CODE OF MEXICO (Lawrence Publishing Co. 2021).[1] Plaintiff Roberts argues that Mexican courts recognize an equivalent to equitable tolling for sexual abuse cases, but does not cite any civil case in Mexico where a claim of sexual battery, or a tort claim of any kind, was tolled. The Court knows of none. Plaintiff does cite certain cases from the United States for the proposition that courts in the U.S. recognize the public policy need for equitable tolling.[2] U.S. law on equitable tolling has no bearing on the existence of equitable tolling in Mexico.

Nevertheless, Plaintiff argues that "Mexico has codified their own version of the discovery rule under Article 1158 of the Mexican Federal Civil Code which … provides for the suspension of the statute of limitations in certain circumstances, such as when the plaintiff is unable to exercise their rights due to an impediment."

---

[1] All citations herein to the Mexican Federal Civil Code are made pursuant to this translation.

[2] Plaintiff included citations to three cases that the Court could not find on any legal database. *See* Dkt. No. 108 at 6 (representing that the following cases exist and are persuasive: "*Osland v. Osland*, 442 F.3d 1015 (8th Cir. 2006) (repressed memories due to trauma sufficient to toll statute of limitations); *Doe v. Roe*, 955 F.2d 1516 (11th Cir. 1992) (repressed memories constitute a disability that prevented discovery of cause of action within statutory period); *Lovelace v. Keohane*, 831 F.2d 918 (10th Cir. 1987) (statute of limitations tolled for repressed memories of sexual abuse).").

Dkt. No. 108 at 3. However, Plaintiff's representation about what the article says does not comport with its text. Article 1158 of the Código Civil states in full:

> "Negative (liberative) prescription is effected by the mere running of the time period fixed by law."

C.C.F., art. 1158. The article is found within Title Seven of the C.C.F., a section of the code that appears to deal with property rights and obligations. Under Title Seven, a prescription is defined as "a means of acquiring property or discharging obligations by the passage of a certain length of time." C.C.F., Art. 1135. A negative (liberative) prescription is defined as "the discharge or extinction of obligations by failure to demand performance." C.C.F., Art. 1136. Plaintiff does not explain how Article 1158 can be interpreted to provide for the suspension of a statute of limitations on a tort action due to "impediments" when all it appears to establish is that the extinction of an obligation is effected by the running of the time period fixed by law. Contrary to Plaintiff's representations, the article says nothing about suspension of the time period, nor what impediments would cause a suspension.

The C.C.F. plainly codifies a two-year statute of limitations for tort actions such as those alleged by Plaintiff. *See* C.C.F., Art. 1934 ("The action for demanding the reparation of damages caused under the provisions of this Chapter prescribes in two years from the day in which the damage was caused."). Plaintiff's counsel's conclusory assertions and dubious representations as to the contents of Mexican statutes do not corroborate their statement at the September hearing that "Mexico recognizes equitable tolling…" in tort actions such as these. Accordingly, based on the face of the Complaint, the state tort claims against Ms. Keenan are time barred and cannot be revived with amendment.

### IV. Conclusion

For the foregoing reasons, the motion to dismiss is hereby **GRANTED** with prejudice. With no causes of action against Defendant Keenan remaining, Defendant Keenan is hereby dismissed from this case.

**IT IS SO ORDERED**.