PETER K. LEVINE, ESQ.  SBN: 113672
**PETER K. LEVINE, A PROFESSIONAL LAW CORP.**
5455 WILSHIRE BLVD., SUITE 1250
LOS ANGELES, CA 90036
TELEPHONE: (323) 934-1234
FACSIMILE: (323) 934-1230

DAVID A. POULL, ESQ. SBN: 288458
**CANNON & NELMS, PC**
160 SOUTH OLD SPRINGS ROAD
SUITE 200
ANAHEIM, CALIF. 92808
TELEPHONE:  (714) 637-4400
FACSIMILE:  (714) 637-4444

Attorneys for Defendant David S. Golden

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANYA ROBERTS,<br><br>           Plaintiff,<br><br>   vs.<br><br>EXP WORLD HOLDINGS, INC., et. al.,<br><br>           Defendants. | Case No. 2:23-CV-10492-AB-AGR<br><br>*[Hon. Alicia G. Rosenberg]*<br><br>**JOINT AGENDA RE: DISCOVERY DISPUTE**<br><br>DATE:  DECEMBER 5, 2025<br>TIME:  11:00 A.M. (PST) |

## JOINT AGENDA

Following meet and confer discussions, the parties collectively submit their Joint Agenda:

///

168007332.1

1

JOINT AGENDA

**Defendant Golden's Discussion Point:**

1. Mr. Golden seeks an order setting the date and location for the third session of Plaintiff Anya Roberts' deposition in Orange County. Ms. Roberts has already appeared twice in Orange County, for the first two sessions of her deposition. Ms. Roberts lives in Florida.

2. Mr. Golden has not yet had an opportunity to depose Plaintiff, Ms. Roberts.

3. Mr. Golden also seeks an order setting the date for the deposition of the third-party witness, Holly Madden, who lives in Florida. Plaintiffs have agreed to produce Ms. Madden for deposition per subpoena served by Mr. Golden. However, due to calendar conflicts the parties are unable to reach agreement as to the date.

**Defendant eXp's Discussion Points:**

As to the parties' course and practice for depositions, there was never a standing agreement that plaintiffs' first session of their deposition would take place in California with subsequent sessions to take place out-of-state.

While Defendant Glenn Sanford's deposition took place in Seattle, Washington, the parties then conducted Plaintiff Christy Lundy's deposition in Los Angeles, California, and Plaintiff Tami Sims in both Los Angeles. California, and Costa Mesa, California. With respect to Plaintiff Megan Farrell-Nelson deposition, the locations were as follows: the first session took place in Los Angeles, California; the second session occurred via zoom and her third session took place in Orlando, Florida. As an accommodation, the eXp Defendants took all three sessions of Plaintiff Fabiola Acevedo's deposition in Miami, Florida.

As to Plaintiff Anya Roberts, the parties agreed that her deposition would take place in California. While her deposition had originally been scheduled for two sessions, a third session is necessary.

The eXp Defendants take the position that Ms. Roberts' third session of her deposition should take place in California, pursuant to the parties agreement for her deposition to take place in California and to avoid additional time and expense for counsel to travel across country.

Counsel for the eXp Defendants will offer its Irvine, California offices for the deposition.

The eXp Defendants further seek an order from the Magistrate for Plaintiff to produce documents pursuant to her statement of compliance. Plaintiff indicated the following: "Plaintiff is in the process of collecting responsive communications and will produce an electronic link of responsive documents." Plaintiff made this statement in response to the following requests:

REQUEST NO. 22:

All DOCUMENTS and/or COMMUNICATIONS YOU had with eXp REALTY regarding any complaints YOU made during YOUR time with eXp REALTY.

REQUEST NO. 23:

All DOCUMENTS and/or COMMUNICATIONS YOU had with eXp REALTY regarding any requests YOU made during YOUR time with eXp REALTY.

REQUEST NO. 24:

All DOCUMENTS and/or COMMUNICATIONS RELATING TO eXp REALTY's response to any of YOUR complaints YOU made during YOUR time with eXp REALTY.

REQUEST NO. 25:

All DOCUMENTS and/or COMMUNICATIONS RELATING TO eXp REALTY's response to any of YOUR requests YOU made during YOUR time with eXp REALTY.

The eXp Defendants also seek an order from the Magistrate for Plaintiff to produce documents pursuant to her statement of compliance as follows: "Plaintiff is in the process of collecting responsive communications and will produce an electronic

link of responsive documents." Plaintiff made this statement in response to the following requests:

REQUEST NO. 26:

All DOCUMENTS that support any and all items of YOUR damages.

REQUEST NO. 27:

All DOCUMENTS reflecting in any manner the damages YOU claim in this case.

REQUEST NO. 28:

All DOCUMENTS and/or COMMUNICATIONS RELATING TO YOUR contention that YOU suffered any emotional distress as a result of any of the allegations in the COMPLAINT.

REQUEST NO. 29:

All DOCUMENTS and/or COMMUNICATIONS reflecting any treatment YOU received for the emotional distress as alleged in YOUR COMPLAINT.

REQUEST NO. 30:

All DOCUMENTS and/or COMMUNICATIONS RELATING TO any treatment from any healthcare provider (including but not limited to therapists, MFTs, psychiatrists, psychologies, physicians, and/or any other mental health providers) for YOUR emotional distress YOU contend YOU suffered as a result of any of the allegations in the COMPLAINT.

REQUEST NO. 31:

All medical, mental health care, and/or psychological records RELATING TO YOUR emotional distress YOU contend YOU suffered as a result of any of the allegations in the COMPLAINT.

In addition, the eXp Defendant seek an order for Plaintiff to produce non-privileged documents in support of her claim for punitive damages. Plaintiff's response to Request No. 35 is as follows: "Plaintiff objects to this Request on the grounds it seeks attorney work product." The request does not seek work product. To the extent

168007332.1
4

that Plaintiff has no non-privileged documents, her response should indicate as much.

REQUEST NO. 35:

All DOCUMENTS that support YOUR claim for punitive damages.

Lastly, eXp's seek an order for Plaintiff to provide defendants with its computation of damages as the Acevedo Plaintiffs were ordered to do.

**Defendant Bjorkman's Discussion Points:**

Mr. Bjorkman was still questioning Ms. Roberts when the deposition concluded for the day. There is no dispute that a third session will take place, the dispute relates to the location only. Mr. Bjorkman takes no position on this issue as he and his counsel will appear remotely.

**Defendant Gove's Discussion Points:**

1. Defendant Gove has not yet had an opportunity to question plaintiff Anya Roberts.

2. Defendant Gove takes no issue with the location or means of the deposition of Anya Roberts except that it should be set in a location, manner, and date that permits Defendant Gove's questioning to be completed no later than the close of discovery on December 15, 2025.

**Plaintiff's Discussion Points**

Plaintiff has already appeared in person in California for her deposition on two (2) separate dates (November 14, 2025 and November 18, 2025) and has already provided more than twelve (12) hours of testimony. Now, Defendant eXp and Golden seek to compel Ms. Roberts to travel to California from Florida on a date unknown, but sometime before December 15, 2025, the close of fact discovery.

With respect to Defendant eXp:

- Defendant eXp has already questioned Ms. Roberts for more than seven

168007332.1
5

(7) hours on the record and concluded its questioning.

- Defendant eXp and Plaintiffs have a standing agreement that only the first deposition of each Plaintiff needs to be in person in California, an agreement which was made in exchange for allowing Defendant Sanford to attend his deposition in Washington State rather than California.
- eXp can attend the conclusion of Ms. Roberts' deposition remotely for free.

With respect to Defendant Golden:

- Counsel for Defendant Golden has *never* appeared in person for any Plaintiffs' deposition, regardless of whether it is in Los Angeles, Orange County or out of state, however, he is now insisting that Ms. Roberts return to California so that he can depose her in person without providing her the date of the deposition.

It would be a hardship to make Plaintiff travel from Florida to California, especially on such short notice with no agreement as to the date of the deposition.

Plaintiff has agreed to let Defendant Bjorkman, Golden and Gove a reasonable amount of time to question her, despite the fact she has already sat for two days. Plaintiff has agreed to make herself available in Orlando, Florida. Once a date has been selected, Plaintiff can provide a location for the deposition in Orlando, Florida.

With respect to Defendant eXp's issue regarding Plaintiff's discovery responses, this was raised for the first time in this agenda and we have not had a meet and confer. We propose this issue is not yet ripe for the Court.

Respectfully submitted,

PETER K. LEVINE, APLC

Dated: December 4, 2025   By:   /s/ Peter K. Levine
PETER K. LEVINE
Attorney for Defendant Golden

168007332.1

6

JOINT AGENDA

|   |   |
|---|---|
|   | LEWIS BRISBOIS BISGAARD & SMITH |
| Dated: December 4, 2025 | By: /s/ William E. Pallares<br>WILLIAM E. PALLARES<br>Attorneys for Defendants eXp REALTY, LLC, eXp WORLD HOLDINGS, INC. and GLENN SANFORD |
|   | GREENBERG TAURIG, LLP |
| Dated: December 4, 2025 | By: /s/ Ivy A. Wang<br>IVY ANN WANG<br>Attorneys for Defendants eXp REALTY, LLC, eXp WORLD HOLDINGS, INC. and GLENN SANFORD |
|   | COHEN HIRSCH, PC |
| Dated: December 4, 2025 | By: /s/ Andrea Hirsch<br>ANDREA HIRSCH<br>Attorneys for Plaintiffs FABIOLA ACEVEDO, TAMI SIMS, CHRISTIANA LUNDY, JANE DOE 3 and JOHN DOE 1 |
|   | CHESNOFF & SCHONFELD |
| Dated: December 4, 2025 | By: /s/ Richard A. Schonfeld<br>RICHARD A. SCHONFELD<br>Attorneys for Defendant MICHAEL L. BJORKMAN |

///

///

///

168007332.1

CANNON & NELMS, P.C.

Dated: December 4, 2025  By: /s/ David A. Poull
DAVID A. POULL
Attorneys for Defendants DAVID S. GOLDEN
PHILLIPS SPALLAS & ANGSTADT LLP

Dated: December 4, 2025  By: /s/ George Morris
GEORGE MORRIS
Attorneys for Defendant BRENT GOVE

\joint discovery report\2025_12_4_final\2025_12_4_final joint agenda 12.5.25.docx

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing was served on all counsel of record via electronic mail on this 4th day of December 2025.

/s/ Roberto Segovia
Roberto Segovia

168007332.1