UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANYA ROBERTS,<br><br>　　　　Plaintiff,<br><br>v.<br><br>EXP REALTY, LLC, EXP WORLD HOLDINGS, INC., MICHAEL L. BJORKMAN, DAVID S. GOLDEN, BRENT GOVE; EMILY KEENAN, GLENN SANFORD; MICHAEL SHERRARD, and DOES 1-10,<br><br>　　　　Defendants. | Case No. 2:23-cv-10492-AB-AGR<br><br>[PROPOSED] ORDER GRANTING DEFENDANT MICHAEL BJORKMAN'S MOTION FOR SUMMARY JUDGMENT<br><br>Judge: Andre Birotte, Jr. |

The Court has considered Defendant Michael Bjorkman's Motion for Summary Judgment, the Memorandum of Points and Authorities, Defendant's Statement of Undisputed Facts ("SUF"), the supporting evidence and exhibits, Plaintiff's opposition (if any), and Defendant's reply (if any). Having reviewed the record and applicable law, the Court finds as follows:

**Findings of Undisputed Fact**

1. Plaintiff traveled to Daytona Beach, Florida in March 2020 at the invitation of Defendant David Golden. (SUF ¶1).

2. Plaintiff had never met Defendant Michael Bjorkman prior to the Daytona Beach trip and first met him during that trip. (SUF ¶3).

3. Plaintiff testified that she had known Bjorkman for approximately forty-eight hours or less before the interaction that forms the basis of her claims. (SUF ¶4).

4. Plaintiff testified that Bjorkman arrived at the hotel room with luggage and stated he would also be staying in the room with Plaintiff and Golden. (SUF ¶6).

5. Plaintiff testified that during the trip she voluntarily consumed a substance she was told was GHB. (SUF ¶8).

6. Plaintiff testified that the next morning she was showering in the hotel bathroom and that Bjorkman entered the bathroom while she was in the shower. Plaintiff further testified that she does not recall locking the bathroom door and does not normally lock the door when she showers. (SUF ¶9).

7. Plaintiff testified that she does not know where Bjorkman was located prior to entering the bathroom and does not know whether Bjorkman knew she was in the shower when he entered. (SUF ¶¶10–11).

8. Plaintiff testified that while Bjorkman was in the bathroom she heard the sound of a toilet flushing but cannot state with certainty what Bjorkman was doing while inside the bathroom. (SUF ¶11).

9. Plaintiff testified that Bjorkman allegedly made a remark to the effect of "what, are you shy now?" while she was in the shower. (SUF ¶12).

10. Plaintiff admitted that her belief that she had been sexually assaulted was based on her interpretation of that remark and her assumption that it implied that sexual contact had occurred previously. (SUF ¶12).

11. Plaintiff further testified that the alleged comment was the sole basis for her belief that Bjorkman engaged in sexual misconduct. (SUF ¶13).

12. Plaintiff admits that she has no evidence that Defendant Bjorkman touched her or otherwise made physical contact with her. (SUF ¶¶12–13).

13. Plaintiff did not report the alleged incident to law enforcement, did not obtain a sexual assault examination, and did not obtain a toxicology screen. (SUF ¶14).

14. Plaintiff testified that she has no evidence that Bjorkman took photographs or videos of her during the Daytona Beach trip and cannot identify any evidence that Bjorkman recorded her engaged in sexual activity. (SUF ¶15).

15. Plaintiff's own retained expert testified that Plaintiff does not recall any sexual contact with Defendant Bjorkman and that the only conduct Plaintiff

described involving Bjorkman was that he entered the bathroom while she was showering. (SUF ¶16).

## Conclusions of Law

1. Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact." Fed. R. Civ. P. 56(c).

2. A fact is material if it could affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

3. When the nonmoving party bears the burden of proof at trial, summary judgment must be granted where that party fails to make a showing sufficient to establish the existence of an essential element of the claim. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986).

4. Where the record as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

5. Count II of the First Amended Complaint alleges that Defendant Michael Bjorkman violated 18 U.S.C. § 1591, the federal sex-trafficking statute.

6. To establish liability under 18 U.S.C. § 1591, a plaintiff must show that the defendant knowingly recruited, enticed, harbored, transported, provided, obtained, or maintained a person for the purpose of engaging in a commercial sex act.

7. The statute defines a "commercial sex act" as a sex act "on account of which anything of value is given to or received by any person." 18 U.S.C. § 1591(e)(3).

8. Courts interpreting the statute have held that the "commercial" element requires evidence of a quid pro quo or exchange of value tied to the alleged sexual conduct. *See Kolbek v. Twenty First Century Holiness Tabernacle Church, Inc.*, No. 10-CV-4124, 2013 WL 6816174, at *16 (W.D. Ark. Dec. 24, 2013).

9. Courts have dismissed trafficking claims where plaintiffs fail to establish that the defendant promised career advancement or other benefits in exchange for sexual activity. *Corradino v. Liquidnet Holdings, Inc.*, 2021 WL 2853362, at *3 (S.D.N.Y. July 8, 2021).

10. In contrast, courts allowing such claims to proceed have done so where defendants allegedly enticed victims with promises of professional advancement or other benefits in exchange for sexual activity. *See Geiss v. Weinstein Co. Holdings LLC*, 383 F. Supp. 3d 156, 168 (S.D.N.Y. 2019); *Ardolf v. Weber*, 332 F.R.D. 467, 471–73 (S.D.N.Y. 2019).

11. The undisputed record in this case contains no evidence that Defendant Bjorkman offered Plaintiff any career advancement, financial benefit, or other thing of value in exchange for sexual activity. (SUF ¶¶3–6, 12–13).

12. The record likewise contains no evidence that Defendant Bjorkman recruited, enticed, transported, or obtained Plaintiff for the purpose of engaging in a sex act.

13. Instead, the undisputed evidence shows that Plaintiff's claim against Defendant Bjorkman arises solely from an alleged remark made after Bjorkman entered a bathroom while Plaintiff was showering. (SUF ¶¶12–13).

14. Plaintiff admits that her belief that sexual misconduct occurred is based on her interpretation of that remark rather than any recollection or evidence of sexual contact. (SUF ¶¶12–13).

15. Plaintiff also admits that she has no evidence that Defendant Bjorkman took photographs or videos of her or recorded any sexual activity during the Daytona Beach trip. (SUF ¶15).

16. Because Plaintiff cannot establish the existence of a commercial sex act or any conduct constituting recruitment, enticement, or trafficking, Defendant Bjorkman is entitled to judgment as a matter of law on Count II.

17. Plaintiff's claims for sexual battery and civil battery likewise fail as a matter of law because both causes of action require proof of harmful or offensive physical contact.

18. Under Florida law, a sexual battery requires proof of penetration or union with sexual organs. Fla. Stat. § 794.011.

19. Civil battery requires proof that the defendant intentionally touched or struck another person against that person's will. Fla. Stat. § 784.03.

20. Plaintiff admits that she has no evidence that Defendant Bjorkman touched her or otherwise made physical contact with her. (SUF ¶¶12–13, 16).

21. Because the undisputed evidence establishes the absence of any physical contact between Plaintiff and Defendant Bjorkman, Plaintiff cannot establish the essential elements of sexual battery or civil battery.

22. Plaintiff's claim for intentional infliction of emotional distress also fails as a matter of law.

23. To establish intentional infliction of emotional distress under Florida law, a plaintiff must show conduct that is "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency." *Metro. Life Ins. Co. v. McCarson*, 467 So.2d 277, 278–79 (Fla. 1985).

24. Florida courts apply an extremely high standard for outrageous conduct and routinely dismiss such claims even in cases involving serious misconduct. *Garcia v. Carnival Corp.*, 838 F. Supp. 2d 1334, 1339 (S.D. Fla. 2012).

25. The undisputed evidence shows that the only conduct Plaintiff attributes to Defendant Bjorkman is a single alleged remark in which he stated that Plaintiff was "shy." (SUF ¶12).

26. As a matter of law, such an isolated remark cannot constitute the type of extreme and outrageous conduct required to sustain a claim for intentional infliction of emotional distress.

27. Because Plaintiff has failed to produce evidence establishing essential elements of her claims, there is no genuine dispute of material fact.

28. Defendant Michael Bjorkman is therefore entitled to judgment as a matter of law pursuant to Federal Rule of Civil Procedure 56.

///

## Order

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendant Michael Bjorkman's Motion for Summary Judgment is GRANTED.

2. Judgment is entered in favor of Defendant Michael Bjorkman and against Plaintiff Anya Roberts on all claims asserted against him in the First Amended Complaint.

3. Plaintiff shall take nothing from Defendant Michael Bjorkman.

4. Defendant Michael Bjorkman is entitled to recover his costs as permitted by law.

**IT IS SO ORDERED.**

DATED: _____, 2026.

                                                  **HON. ANDRÉ BIROTTE JR.**
                                                  **United States District Judge**