CHESNOFF & SCHONFELD
RICHARD A. SCHONFELD, ESQ. (SBN 202182)
Email: rschonfeld@cslawoffice.net
ROBERT Z. DEMARCO, ESQ. (admitted *pro hac vice*)
Email: rdemarco@cslawoffice.net
520 S. 4th Street
Las Vegas, NV 89101
Telephone: 702-384-5563
Facsimile: 702-598-1425
Attorneys for Defendant Michael Bjorkman

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANYA ROBERTS, | Case No. 2:23-cv-10492-AB-AGR |
| Plaintiff, | MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT MICHAEL BJORKMAN'S NOTICE OF MOTION AND MOTION TO SEVER FROM EXP REALTY, LLC, EXP WORLD HOLDINGS, INC., AND GLENN SANFORD |
| v. | |
| EXP REALTY, LLC, EXP WORLD HOLDINGS, INC., MICHAEL L. BJORKMAN, DAVID S. GOLDEN, BRENT GOVE; EMILY KEENAN; GLENN SANFORD; MICHAEL SHERRARD, and DOES 1-10, | |
| Defendants. | Date: April 17, 2026<br>Time: 10:00 a.m.<br>Courtroom: 7B<br>Judge: Hon. André Birotte Jr. |

///

1    Defendant Michael L. Bjorkman hereby submits his points and authorities in

2
support of his Motion to Sever from Defendants eXp Realty, LLC, eXp World
3

4   Holdings, and Glenn Sanford (hereinafter "eXp Defendants).

5    Dated this 13th day of March, 2026.

6
                                    Respectfully Submitted:
7

8                                   CHESNOFF & SCHONFELD

9                                    /s/ Robert Z. DeMarco
10                                  RICHARD A. SCHONFELD, ESQ.
                                    (SBN 202182)
11                                  Email: rschonfeld@cslawoffice.net
                                    ROBERT Z. DEMARCO, ESQ.
12                                  (admitted *pro hac vice*)
                                    Email: rdemarco@cslawoffice.net
13                                  520 S. 4th Street
                                    Las Vegas, NV 89101
14                                  Telephone: 702-384-5563
                                    Facsimile: 702-598-1425
15                                  Attorneys for Defendant
                                    Michael Bjorkman
16

17

18

19

20

21

22

23

24

25

26

27

28
                                    ii

1

## **TABLE OF CONTENTS**

2

TABLE OF AUTHORITIES ...................................................................................iii

MEMORANDUM OF POINTS AND AUTHORITIES...........................................1

A. Summary of Allegations Against Michael Bjorkman .....................................1

B. Claims Against Michael Bjorkman .................................................................2

C. Summary of Factual Allegations Against eXp.................................................2

D. Claims Against eXp Defendants .....................................................................5

E. Testimony of Anya Roberts Related to Michael Bjorkman............................6

F. Testimony of Expert Witnesses Regarding Other Act Evidence and Arrest of Michael Bjorkman .............................................................................................6

      i.   Lawrence Jacobsen ...............................................................6
      ii.  Lori Namazi .........................................................................9
      iii. Kimberly Mehlman-Orozco.................................................10
      iv. Dr. Chitrah Raghavan, Ph.D ...............................................11
      v.  Testimony of Debbie Penny ................................................12
      vi. Glenn Sanford .....................................................................13

G. Legal Argument..............................................................................................14

      i.   Inadmissible Other Act Evidence .......................................14
      ii.  Exclusion of Arrest..............................................................20
      iii. Expert Witnesses Cannot Introduce Inadmissible Hearsay Related to the Declaration of Warrant/Summons....................22

H. Conclusion………………………………………………………………..24

Declaration in Support of Good Faith Meet and Confer ...........................................

MEMORANDUM OF POINTS AND AUTHORITIES SUPPORTING MICHAEL L. BJORKMAN'S MOTION TO SEVER FROM EXP REALTY, LLC, EXP WORLD HOLDINGS, INC., AND GLENN SANFORD

1

2

## **TABLE OF AUTHORITIES**

**Cases**

*De Jong v. United States*, 381 F.2d 725 (9th Cir. 1967) ..........................................21

*Doe v. Glanzer*, 232 F.3d 1258 (9th Cir. 2000) ...............................................16, 20

*Kenneth W. Graham, Jr.* 23 Fed. Prac. & Proc. Evid. § 5416 (1st ed.) ...........19, 20

*Michelson v. United States*, 335 U.S. 469, 482 (1948)...........................................21

*Paddack v. Dave Christensen, Inc.*, 745 F.2d 1254 (1984)...............................22, 23

*United States v. Curley*, 639 F.3d 50, 59 (2d Cir. 2011) ...................................15, 16

*United States v. Labarbera*, 581 F.2d 107, 109 (5th Cir.1978)..............................21

*United States v. Larson*, 112 F.3d at 602, 605, 2d Cir. 1997 .................................16

*United States v. Morales*, 720 F.3d 1194, 1202 (9th Cir. 2013) .............................23

*United States v. Pazsint*, 703 F.2d 420 (9th Cir. 1983) ..........................................23

**Rules of Evidence**

Fed. R. Evid. 401 ....................................................................................................21

Fed. R. Evid. 403 ................................................................................15, 16, 20, 22

Fed. R. Evid. 404 ................................................................................15, 21, 22

Fed. R. Evid 415 ....................................................................................16, 19, 20

Fed. R. Evid. 703 ....................................................................................................22

Fed. R. Evid. 805 ....................................................................................................23

MEMORANDUM OF POINTS AND AUTHORITIES SUPPORTING MICHAEL L. BJORKMAN'S MOTION TO SEVER FROM EXP REALTY, LLC, EXP WORLD HOLDINGS, INC., AND GLENN SANFORD

## MEMORANDUM OF POINTS AND AUTHORITIES

### A.    Summary of Allegations Against Michael Bjorkman

In the First Amended Complaint (Dkt 549), Plaintiff Anya Roberts' factual assertions against Michael Bjorkman are as follows:

- She went to Daytona Beach Florida around March 12, 2020, because David Golden invited her. ¶131;

- She thought the plan was for her to share a room with David Golden; however, on the first night Mr. Bjorkman showed up at the room with his luggage and said that he would also be staying in the room; ¶133;

- The next day, David Golden received a delivery of GHB.  ¶134;

- Defendant Golden told her to look up GHB online as it was used for workouts and was a performance enhancing drug. He showed her a google search that reflected it to be a used as an energy enhancer.  ¶135;

- Ms. Roberts voluntarily consumed GHB.  ¶135;

- Ms. Roberts blacked out and the next morning Mr. Bjorkman walked into the bathroom naked while Ms. Roberts was showering.  ¶136;

- Ms. Roberts asked what he was doing to which he replied, "oh, now you are shy?" implying that they had sexual contact the night before. ¶136.

Those are the totality of allegations involving Michael Bjorkman, who Plaintiff had not met prior to the Daytona Beach weekend.

It should be noted that Mr. Bjorkman is not alleged to have been involved in the recruiting of Anya Roberts, and had not even met Anya Roberts until the weekend of March 12, 2020.  That was a single in person interaction.  Accordingly, the allegations lodged by Anya Roberts are dissimilar to the allegations lodged by

MEMORANDUM OF POINTS AND AUTHORITIES SUPPORTING MICHAEL L. BJORKMAN'S MOTION TO SEVER FROM EXP REALTY, LLC, EXP WORLD HOLDINGS, INC., AND GLENN SANFORD

the Plaintiffs in the *Acevedo* case and are different than the "other act" evidence

outlined below.

**B.    Claims Against Michael Bjorkman:**

Count II of the FAC alleges that Michael Bjorkman violated 18 U.S.C. § 1591.

Count IV of the FAC alleges that Mr. Bjorkman committed a sexual battery.  Count

V alleges that Mr. Bjorkman committed a civil battery.  Count VI alleges that Mr.

Bjorkman engaged in the act of Intentional Infliction of Emotional Distress.

**C.    Summary of Factual Allegations Against eXp:**

The FAC at ¶1 summarizes that:

> "this case involves "bad actors" that drugged and sexually
> assaulted their coworkers, and a company, eXp, who at worst
> knew of, encouraged, and permitted abhorrent behavior; or at
> the least, recklessly disregarded, and willfully turned a blind
> eye to "things that are on the wrong side of the law".

The FAC continues:

• The detestable actions that are the subject of this Complaint (the drugging and
sexual assault of agents) were rampant within eXp culture.  ¶2;

• On October 6, 2020, DEFENDANT eXp received a memo with granular detail
describing the previous blatant, overt, and well-known behavior of Defendant
Bjorkman and Defendant Golden who would routinely invite agents to
recruiting parties where they would drug and assault individuals.  ¶4;

• DEFENDANT eXp CEO, GLENN SANFORD, expressed to Ms. Gentry that
this was not eXp's problem, and the arrest of Defendant Bjorkman and the
numerous complaints made against Defendant Bjorkman and Defendant
Golden for illegal behavior that took place at Defendant eXp conferences and
recruiting events, would be simply a three to five day newspaper phenomenon
which would then disappear.  ¶10;

MEMORANDUM OF POINTS AND AUTHORITIES SUPPORTING MICHAEL L. BJORKMAN'S
MOTION TO SEVER FROM EXP REALTY, LLC, EXP WORLD HOLDINGS, INC., AND GLENN
SANFORD

The FAC then has a section titled "Actual Notice" that asserts in part:

- On September 15, 2020, an eXp Realty Agent, Christy Lundy, made a post on Facebook warning others that she had been drugged while at a recruiting event in Las Vegas.  This post received hundreds of comments including several comments from people coming forward with stories of their own accounts of being drugged. ¶153;

- On September 17, 2020, an eXp agent reported to Defendant eXp that she had been drugged and raped while attending a Brent Gove seminar. This agent identified Defendant Bjorkman as the rapist, and also, implicated Defendant David Golden. ¶135;

- On October 6, 2020, eXp agent Tami Sims reported to Cory Haggard, a member of Defendant eXp's executive leadership team, that in 2014 Defendant Bjorkman had told her to stay away from Defendant Golden because he "will drug you and rape you." Defendant eXp Realty and Defendant Sanford ignored this and took no action to investigate. ¶157;

- On October 6, 2020, Sims further notified Defendant eXp Realty that Defendant Bjorkman showed her videos of Defendant Golden completely naked performing sex acts with random women. Defendant eXp Realty and Defendant Sanford took no action.  ¶158;

- On October 6, 2020, Sims reported to Defendant eXp Realty that in February 2019 at a Club Wealth event in Hawaii where eXp agents recruited other agents into eXp, a real estate agent was hospitalized with a dangerous Blood Alcohol amount after having just one drink while being recruited by Defendant Bjorkman. Defendant Bjorkman told Sims that the agent that was taken to the hospital was wasted, "she wanted it," and "she was so into me." Defendant eXp Realty and Defendant Sanford took no action.  ¶160;

- On October 6, 2020, Sims reported to Defendant eXp Realty that Defendant Golden and Defendant Bjorkman would get agents drunk so that they could get them to join eXp Realty naming either of them as their sponsor. ¶160;

- On October 6, 2020, Defendant eXp Realty received an eleven (11) page detailed memorandum (the "Memo") from one of its top agents (hereafter Agent Doe) explaining that it is Defendant Golden and Defendant Bjorkman's "MO" to (1) travel together "as a pack"; (2) get agent recruits so intoxicated

- 3 -

that they can hardly function; (3) take advantage of them; (4) video them; and (5) follow up with statements of "you're a whore", "you asked for it," "you drink too much," "you made a mistake", "you know I would never do something like that to you", "you liked it" etc. ¶163;

- The Memo details how it was Defendant Bjorkman and Defendant Golden's practice to supply copious amounts of drugs and alcohol at their Recruiting Events so that the attendees would do things "that are hard to take back and embarrassing" and then use that information to coerce them to join Defendant eXp Realty.  Defendant eXp Realty and Defendant Sanford took no action. ¶164;

- The FAC further outlines the content of this Memo to include allegations of Defendant Bjorkman making lewd and unwanted sexual comments at an event in April of 2019, that he tried to get an agent to go to his room before her husband arrived, that at a different event in Coronado California after two individuals had a few sips of a mixed drink offered to them by Mr. Bjorkman and they felt "wasted" and later concluded that they were drugged by Mr. Bjorkman, that at an event in November of 2019 Mr. Bjorkman was wasted and grabbed an agent in an effort to kiss her, that in December of 2019 in Puerto Rico David Golden and Mr. Bjorkman made sexual comments to an agent and made her uncomfortable, and that the memo outlined allegations related to Las Vegas incidents that form the basis of the *Acevedo et. al.* Complaint.  Golden and Bjorkman.  ¶166-167;

- The FAC continues that one week after Defendant eXp received a copy of the Memo, the detailed complaint from Sims, and the detailed complaint from the agent that was raped in Las Vegas, as well as the notorious Facebook post, rather than taking any action against they offered Defendant Bjorkman encouragement. ¶166-168;

- The FAC asserts that in April of 2022, Felicia Gentry, an eXp agent, eXp's Director and Leader of Diversity and Inclusion for eXp, and eXp Board Member addressed eXp's Board of Directors to discuss the multiple complaints brought by eXp agents, all independently reporting that they had been drugged and assaulted by Defendant Bjorkman and Defendant Golden. In her address to the Board of Directors, Ms. Gentry complained that Defendant eXp Realty only conducted an internal investigation that lacked independence. ¶178-179;

MEMORANDUM OF POINTS AND AUTHORITIES SUPPORTING MICHAEL L. BJORKMAN'S MOTION TO SEVER FROM EXP REALTY, LLC, EXP WORLD HOLDINGS, INC., AND GLENN SANFORD

- • On March 20, 2023, DEFENDANT SANFORD addressed the allegations set forth in *Acevedo v. eXp Realty* and made public statements including "we took action a few years ago, immediately released [DEFENDANT BJORKMAN] when this was coming to a head." ¶184;

The FAC then has a section titled Constructive Knowledge/Willful Blindness that sets forth assertions that Mr. Bjorkman had a "widespread reputation, even prior to joining eXp, of drugging and assaulting women." The FAC further asserts that multiple agents complained to eXp that Defendants Golden and Bjorkman drugged and raped agents. ¶185, 193;

### D.    Claims Against eXp Defendants:

Count III assert a claim of Participating in a Venture in Violation of 18 U.S.C. § 1595. Count VII asserts a claim of Negligent Hiring, Retention, and Supervision.

Both claims are predicated on eXp either having actual knowledge of the conduct alleged above or being in a position that the eXp Defendants should have known. Accordingly, as a necessary component to the claims asserted against eXp, the Plaintiff must present evidence of the alleged prior historical acts of Defendant Bjorkman in order to establish liability on the part of eXp. Those alleged prior acts are not only hearsay in many of the circumstances described above, but even if the Plaintiff called percipient witnesses to that alleged conduct it would be inadmissible against Mr. Bjorkman if tried separately. The prejudice of a joint trial necessitates a severance of Defendants.

1

**E.      Testimony of Anya Roberts Related to Michael Bjorkman:**

2

3

Ms. Roberts testified that as a result of Mr. Bjorkman allegedly stating "oh

4

now you're shy" she drew an inference that there had been sexual contact between

5

them.  *See*, Exhibit A at 29.  When asked if there could be a lot of different

6

circumstances that would lead someone to say those words, Ms. Roberts responded

7

"it's hard to say." *Id.* at 30.  In sum, Ms. Roberts testified that it was five words "oh

8

now you are shy" and the manner in which Mr. Bjorkman stated those words, which

9

10

leads her to the belief that she had sexual contact with Mr. Bjorkman. *Id.* at 32.  In

11

terms of the allegation in the FAC that Mr. Bjorkman and/or Mr. Golden took

12

pictures or videos of her, Ms. Roberts stated at her deposition that she has no

13

14

knowledge or evidence of that having taken place.  *Id.* at p. 33-35.  In fact, she

15

expressly testified that she cannot point to any evidence whatsoever that pictures or

16

videos of her engaged in a sexual act were ever taken during the Daytona Beach

17

18

weekend. *Id.*  at p. 36.

19

**F.      Testimony of Expert Witnesses Regarding Other Act Evidence and
           Arrest of Michael Bjorkman:**

20

21

**i.      Lawrence Jacobsen:**

22

23

This witness was designated by the Plaintiff as an expert in real estate industry

24

customs and practices.  *See*, Exhibit B.  His retention was to review and opine on

25

26

eXp's supervision of its agents, which included Mr. Bjorkman.  The sole purpose of

27

his testimony is related to the claims lodged by Plaintiff Roberts against the eXp

28

- 6 -

Defendants.  His testimony does not relate to the claims lodged against Mr.

Bjorkman.  Accordingly, at a severed trial his testimony would not be relevant or

admissible.

However, at a joint trial he would testify related to his review of the Las Vegas

Metropolitan Police Department Declaration of Warrant/Summons which resulted

in the arrest of Mr. Bjorkman.  Mr. Bjorkman was not convicted of any crime and

the criminal case against him was dismissed.  Moreover, Plaintiff Roberts was not a

part of that investigation (either as an alleged victim or as a witness).  That

declaration is 27 pages long and includes hearsay statements of a Detective, that

reiterates what witnesses stated to him (i.e. double hearsay).  *See* Exhibit C.  That

 Declaration, which was relied upon by a number of the expert witnesses, is filled

with hearsay allegations of bad acts on the part of Mr. Bjorkman that are unrelated

to Plaintiff Roberts.

In Mr. Jacobsen's report he opines that Debbie Penny, a broker that supervised

Mr. Bjorkman before either she or Mr. Bjorkman were independent contractors for

eXp, "may have been aware of Mr. Bjorkman's misconduct" that predates his

involvement with eXp and/or Plaintiff Roberts, and she did nothing about it when

she ultimately joined eXp at the same time that Mr. Bjorkman was an independent

contractor there.  Mr. Jacobsen further opines "If she knew about the alleged

misconduct by Mr. Bjorkman, it would have made no difference if it had

MEMORANDUM OF POINTS AND AUTHORITIES SUPPORTING MICHAEL L. BJORKMAN'S
MOTION TO SEVER FROM EXP REALTY, LLC, EXP WORLD HOLDINGS, INC., AND GLENN
SANFORD

been alleged misconduct by Mr. Bjorkman, not directed toward a licensee under Ms. Penny's supervision but a prospective seller or buyer being represented by that agent, e.g. Mr. Bjorkman."

Accordingly, the vast majority of Mr. Jacobsen's testimony (which is not relevant to the claims against Mr. Bjorkman) will be his opinion regarding prior alleged misconduct on the part of Mr. Bjorkman, providing notice to eXp that he was not suitable to be engaged as an agent for that company.

Similarly, in his rebuttal report to eXp expert Lorie Namazi, Mr. Jacobsen provides "One of the important issues in this case is what Defendants knew about Mr. Bjorkman's criminal conduct, and what they should have done to protect their female agents from his behavior.  Even if Penny knew about the misconduct, she would not have done anything about it."  *See,* Exhibit D at p. 2, lines 21-24.

The report continues "Penny knew of Bjorkman's criminal conduct, apparently because drugging a female agent and raping her is not in violation of the real estate laws in the state of California, she did nothing."  *Id.* at lines 24-36.

Mr. Lawrence was deposed and his deposition was also consistent with his reporting.  Importantly, Mr. Lawrence admits that he did not analyze Roberts' claim specifically, and therefore, his testimony would be irrelevant to a severed trial involving Mr. Bjorkman.  He testified:

> Q:    …What is your understanding of what Mr. Bjorkman is alleged
> to have done in connection with the Roberts matter?

MEMORANDUM OF POINTS AND AUTHORITIES SUPPORTING MICHAEL L. BJORKMAN'S MOTION TO SEVER FROM EXP REALTY, LLC, EXP WORLD HOLDINGS, INC., AND GLENN SANFORD

1    MS. LENZE:        Objection to form. Go ahead, please, sir.
2    A:      The - - I didn't parse it out on a plaintiff-by-plaintiff basis.  The
     overall allegations involved getting agents drunk, drugging them, and
3    raping them.
             As I said, I didn't parse out between the two cases because, for
4    purposes of my opinion, what was important was what eXp knew or
5    didn't know, not the particular person who was suing them.
     …
6    Q:      Okay.  The scope of your report, we've already agreed, is
7    whether or not eXp properly vetted Mr. Bjorkman and his background
     prior to hiring him as an independent contractor and as an agent; is that
8    correct?
9    ….
10           And then the second part is whether or not eXp properly
     responded to allegations that Mr. Bjorkman had sexually assaulted
11   women when it learned of that; is that correct?
12   A:      That is correct.

13   *See*, Exhibit M at 31-32.

14
     Mr. Lawrence testified as to his review of the police Declaration as follows:
15

16   Q.      "The assumed facts that you have based your opinion on" – and
     it begins with the Las Vegas Police Department's Declaration of
17   Warrant/Summons, which is Exhibit D to your report; is that correct?
18   A:      Yes.
     …
19   Q:      So you obviously have reviewed the Las Vegas Police
20   Department's Declaration of Warrant/Summons, right?
     A:      Yes, I did.
21

22   *Id.* at 101.

23   **ii.    Lori Namazi:**

24
     Lori Namazi was designated as a rebuttal expert to Mr. Jacobsen by eXp.
25

26   Ms. Namazi rendered opinions as an expert related to the standard of care in

27   the real estate field.  In her report, Ms. Namazi opined that Debbie Penny did not fall

28
     MEMORANDUM OF POINTS AND AUTHORITIES SUPPORTING MICHAEL L. BJORKMAN'S
     MOTION TO SEVER FROM EXP REALTY, LLC, EXP WORLD HOLDINGS, INC., AND GLENN
     SANFORD

1  below the standard of care in terms of her obligation to report knowledge she may

2  have learned prior to joining eXp.  Specifically, Ms. Namazi stated "Per her own

3

4  testimony, ████████ alleges sexual assault when she worked directly for

5  Michael Bjorkman's brokerage.  This was prior to ██████ joining eXp and prior

6  to her joining Keller Williams before that."  *See*, Exhibit E at IIA.

7

8      This testimony would not be relevant or admissible at a severed trial of Mr.

9  Bjorkman.[1]

10     **iii.    Kimberly Mehlman-Orozco:**

11

12     This witness was designated as an initial witness and rebuttal witness by the

13  eXp Defendants.  This witness is an expert in the field of coercive control and

14  trauma, also described as a sex trafficking expert.  *See*, Exhibit F at 5.

15

16     This witness rebutted the report and testimony of Dr. Chitra Raghavan who

17  was designated by Plaintiff's as an expert.  Relevant to this Motion, is the testimony

18  by both Dr. Raghavan and Dr. Mehlman-Orozco related to alleged conduct on the

19  part of Michael Bjorkman and eXp's knowledge or lack thereof.  Significantly, Mr.

20

21  Bjorkman did not designate Dr. Mehlman-Orozco as a witness and therefore any

22  testimony of Dr. Mehlman-Orozco and any rebuttal testimony of Dr. Raghavan

23

24  would not be presented at a severed trial.

25

26

27  _____

[1] Ms. Namazi was also deposed regarding her report.  Her testimony was consistent with what was written in her report, however, the transcript is not yet available.

28
- 10 -
MEMORANDUM OF POINTS AND AUTHORITIES SUPPORTING MICHAEL L. BJORKMAN'S
MOTION TO SEVER FROM EXP REALTY, LLC, EXP WORLD HOLDINGS, INC., AND GLENN
SANFORD

Dr. Mehlman-Orozco's report provides "Moreover, Defendant Bjorkman expressed fear that these allegations could result in him being fired, which suggests that the alleged bad actors attempted to conceal their activities from eXp leadership. In fact, Mr. Bjorkman's affiliation with eXp Realty was eventually terminated based upon the allegations against him. When law enforcement became involved, the actions by Mr. Bjorkman were conceptualized as sexual assault, not sex trafficking." *See*, Exhibit F at 34.[2] None of that testimony would come in at a severed trial as Dr. Mehlman-Orozco would not be a witness.

**iv.    Dr. Chitrah Raghavan, Ph.D:**

Plaintiff designated this witness as a rebuttal expert to Dr. Mehlman-Orozco. *See*, Exhibit G. The report summarizes Dr. Raghavan's expertise in the area of sex trafficking. This evidence would not come in at a severed trial as Mr. Bjorkman did not designate a sex trafficking expert that would be rebutted.

Dr. Raghavan testified that the only conduct Roberts described involving Bjorkman was that he entered the bathroom while Roberts was showering, and that Roberts did not recall any physical contact with him. *See*, Exhibit H at 286. During approximately 13 hours of interviews with Plaintiff, Roberts likewise never told Dr. Raghavan that Bjorkman sexually assaulted her.

---

[2] Notably, Dr. Mehlman-Orozco was also deposed regarding her report. Her testimony was consistent with what was written in her report, however, the transcript is not yet available.

MEMORANDUM OF POINTS AND AUTHORITIES SUPPORTING MICHAEL L. BJORKMAN'S MOTION TO SEVER FROM EXP REALTY, LLC, EXP WORLD HOLDINGS, INC., AND GLENN SANFORD

Q.    Is it your recitation that as a result of your interactions with Ms. Roberts, she does not know what role Mr. Bjorkman played in terms of the events between March 10 and 12, 2020?

MS. LENZE: Objection to form.

A.    I'm just being careful here. I'm not opining on whether Mr. Bjorkman did or didn't do anything. My role here is are her symptoms consistent with allegations of coercion and sexual trauma. But she does not recall -- she does not recall any contact with Mr. Bjorkman, other than his entering the shower naked when she was showering also in the nude.

*Id.* at 286.

…

Q.  Would you agree with me that you have seen no evidence that Mr. Bjorkman had any type of physical contact with Ms. Roberts, correct?

A.  Correct.

*Id.* at 289.

**v.    Testimony of Debbie Penny:**

As reflected above, the testimony of Debbie Penny will be presented by Plaintiff in an effort to establish notice to eXp of misconduct on the part of Mr. Bjorkman.  Specifically, Debbie Penny testified ███████████████████████ ███████████████████████████████████████████████████ █████████████████████████████████████████ ████████████████████████████████████████████ ████████████████████████████████████████████ ████████████████████████████████████████████ ███████████████████████████. These questions were all posed in

MEMORANDUM OF POINTS AND AUTHORITIES SUPPORTING MICHAEL L. BJORKMAN'S MOTION TO SEVER FROM EXP REALTY, LLC, EXP WORLD HOLDINGS, INC., AND GLENN SANFORD

1  an effort to assert that eXp had notice of a general lack of good character on the part

2  of Mr. Bjorkman.  Evidence that would not be admissible at a severed trial.

3

4  ████████████████████████████████████████████████

5  ████████████████████████████████████████████████████

6  ████████████████████████████████████████████████████

7  ████████████████████████████████████████████████████

8  ████████████████████████████████████████████████████

9  ████████████████████████████████████████████████████.

10  That evidence would be inadmissible at a severed trial.

11

12     vi.    **Glenn Sanford:**

13        Plaintiff's asked Glenn Sanford (founder, chairman, and CEO of eXp)

14  questions related to his knowledge in 2020, imputed to eXp, of Mr. Bjorkman

15  "drugging" people at eXp events.  *See*, Exhibit J at 181-182.  Plaintiff asked

16

17  questions about Mr. Bjorkman being "offboarded" as a result of his arrest in

18  September of 2020.  *See id.* at 187.  Plaintiff asked if Mr. Sanford understood that

19  the offboarding occurred because of complaints of "drugging and sexual assault."

20

21  *Id*. at 187-188. The witness confirmed that to be his understanding.  It should be

22  noted that Plaintiff Roberts did not complain until 2023, so the testimony of Mr.

23  Sanford is not related to Plaintiff Roberts.

24

25        Plaintiff then asked questions about a 12-page memo that was produced by

26  eXp that included a section "Michael Bjorkman: Rape, sexual harassment, illegal

27

28

MEMORANDUM OF POINTS AND AUTHORITIES SUPPORTING MICHAEL L. BJORKMAN'S
MOTION TO SEVER FROM EXP REALTY, LLC, EXP WORLD HOLDINGS, INC., AND GLENN
SANFORD

drug use mental manipulation, coercion, abuse of position. And if none of that matters, hiring a recruiting company." *Id*. at 211-212.  Plaintiff followed that line of questions with questions regarding the next section "David Golden: Knowledge of Mike's behavior. And you see the list, including sexual harassment, illegal drug use, and so on. Do you see that?" *Id*. at 212.

None of these questions would be relevant or admissible at a severed trial of Mr. Bjorkman.

### G.    Legal Argument:

### i.    Inadmissible Other Act Evidence:

Mr. Bjorkman is accused of a single contact with Plaintiff Roberts that is alleged to have occurred during a distinct and narrow time frame of March 12, 2020 to March 14, 2020.  The allegations relate to alleged contact in Daytona Beach, Florida.  There are no allegations of recruiting on the part of Mr. Bjorkman as it relates to Anya Roberts, who was already in a relationship with David Golden (whose substantive contact with Anya Roberts concluded – i.e. a breakup- on March 14, 2020).

The allegations, and evidence adduced at depositions and in expert witness opinions,  include assertions regarding conduct that post-dates the March 2020 time frame, predates the March 2020 time by up to 13 years (in the instance of allegations by ███████ and Debbie Penny), and are alleged conduct that occurred in locations other than Florida.  Moreover, the Anya Roberts allegations against

- 14 -

Michael Bjorkman are not similar to any of the other act evidence that Plaintiff will attempt to offer at this trial.    While the evidence may be necessary to pursue Plaintiff's claims against eXp, it is not relevant, not admissible, and highly prejudicial as it relates to Mr. Bjorkman.

As a result, Mr. Bjorkman must be severed from the eXp Defendants.

In anticipation of the Plaintiff asserting that the above stated evidence is somehow admissible against Mr. Bjorkman, and therefore a severance is unnecessary, such is not the case. The above stated "other act" evidence is dissimilar, remote in time, remote in location, and unrelated to the single allegation that Plaintiff Roberts has lodged against Michael Bjorkman.

Plaintiff Roberts should not be able to bootstrap her single, and speculative, claim against Mr. Bjorkman by inadmissible and highly prejudicial other act evidence being introduced against eXp.

Evidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait.    Fed. R. Evid. 404(a)(1).    Evidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character. *Fed. R. Evid. 404(b)(1).*

Rule 403 excludes testimony that has "become 'too attenuated' to be relevant or too remote to render the witness's memory reliable." *United States v. Curley*, 639

- 15 -
MEMORANDUM OF POINTS AND AUTHORITIES SUPPORTING MICHAEL L. BJORKMAN'S
MOTION TO SEVER FROM EXP REALTY, LLC, EXP WORLD HOLDINGS, INC., AND GLENN
SANFORD

F.3d 50, 59 (2d Cir. 2011) (quoting *United States v. Larson*, 112 F.3d at 605, 2d Cir. 1997).   The allegations related to ▮▮▮▮▮▮▮, which form the basis in part for Debbie Penny's testimony presents a "danger of unfair prejudice to [a defendant] in having to defend allegations so remote in time." *Larson*, 112 F.3d at 602 (internal quotation marks omitted). In that case, Rule 403 required the exclusion of the testimony because the remoteness of the underlying events meant that the risk of unfair prejudice outweighed the probative value. *Id.*   Pursuant to Rule 403, even if some of this evidence were deemed relevant or admissible, the balancing test would still preclude the introduction of such evidence.  *See*, Fed. R. Evid. 403.

In anticipation of Plaintiff asserting that Rule 415 permits the testimony of Debbie Penny related to the allegations of ▮▮▮▮▮▮ (which is the link to eXp having alleged notice), such is not the case as Debbie Penny's testimony is hearsay as to Mr. Bjorkman.   Even the direct testimony of ▮▮▮▮▮▮ would not be admissible under Rule 415.

In the Ninth Circuit, in order for Rule 415 to apply to evidence that a party is seeking to introduce at trial: (1) the defendant must be accused of an offense of sexual assault or child molestation; (2) the evidence being proffered must be related to the commission of another offense of sexual assault or child molestation; and (3) the evidence must be relevant. *Doe v. Glanzer*, 232 F.3d 1258, 1268 (9th Cir. 2000).

MEMORANDUM OF POINTS AND AUTHORITIES SUPPORTING MICHAEL L. BJORKMAN'S MOTION TO SEVER FROM EXP REALTY, LLC, EXP WORLD HOLDINGS, INC., AND GLENN SANFORD

 1    ███████████  asserts that  ██████████████████████████

 2    ████████████████████████████████████████████████████

 3    ████████████████████████████████████████████████████

 4    ████████████████████████████████████████████████████

 5    ████████████████████████████████████████████████████

 6    ████████████████████████████████████████████████████

 7    ████████████████████████████████████████████████████

 8    ████████████████████████████████████████████████████

 9    ████████████████████████████████████████████████████

10    ████████████████████████████████████████████████████

11    ██████████████████████████████

12    ████████████████████████████

13    ██████████████████████████████████████████████████

14    ████████████████████████████████████████████████████

15    ████████████████████████████████████████████████████

16    ████████████████████████████████████████████████████

17    ████████████████████████████████████████████████████

18    ██████████

19    ██████████████████████████████████████████████████

20    ████████████████████████████████████████████████████

21    ████████████████████████████████████████████████████

22    ██████████████████████████████████████████████████

23    ████████████████████████████████████████████████████

24    ████████████████████████████████████████████████████

25    ████████████████████████████████████████████████████

26    ████████████████████████████████████████████████████

27    

28

MEMORANDUM OF POINTS AND AUTHORITIES SUPPORTING MICHAEL L. BJORKMAN'S
MOTION TO SEVER FROM EXP REALTY, LLC, EXP WORLD HOLDINGS, INC., AND GLENN
SANFORD

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MEMORANDUM OF POINTS AND AUTHORITIES SUPPORTING MICHAEL L. BJORKMAN'S MOTION TO SEVER FROM EXP REALTY, LLC, EXP WORLD HOLDINGS, INC., AND GLENN SANFORD

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21    The testimony of ▮▮▮▮▮▮ is not reliable, does not describe an incident

22

23    similar to the Anya Roberts allegations, and will cause a trial within a trial.

24    It must be noted that "the general standards of the rules of evidence ... continue

25    to apply [to Rule 415], including the restrictions on hearsay evidence," *Kenneth W.*

26

27    *Graham, Jr.*23 Fed. Prac. & Proc. Evid. § 5416 (1st ed.), as well as "the dictates of

28

MEMORANDUM OF POINTS AND AUTHORITIES SUPPORTING MICHAEL L. BJORKMAN'S
MOTION TO SEVER FROM EXP REALTY, LLC, EXP WORLD HOLDINGS, INC., AND GLENN
SANFORD

[Rule 403,] which provides that the district court may exclude evidence 'if its probative value is substantially outweighed by the danger of unfair prejudice' to the party against whom the evidence is offered," *Doe v. Glanzer*, 232 F.3d 1258, 1268 (9th Cir. 2000) (citing Fed. R. Evid. 403) (emphasis added).

Indeed, given "the inherent strength of the evidence that is covered by [Rule 415]," the Ninth Circuit has admonished courts to pay "careful attention to both the significant probative value and the strong prejudicial qualities" of that evidence. *Glanzer*, 232 F.3d at 1268 (citing *Guardia*, 135 F.3d at 1330). Specifically, in deciding whether to admit evidence under Rule 415 or to exclude it as unfairly prejudicial under Rule 403, courts should consider the following five factors, as described in *Glanzer*: "[1]the similarity of the prior acts to the acts charged, [2] the closeness in time of the prior acts to the acts charged, [3] the frequency of the prior acts, [4] the presence or lack of intervening circumstances, and [5] the necessity of that evidence beyond the testimonies already offered at trial." *Id.*

███████████ should be excluded at a severed trial of Mr. Bjorkman, but would likely be permitted to testify related to the claims against eXp. This evidence relates to the notice on the part of eXp.

### ii.   *Exclusion of Arrest:*

Plaintiff's experts, and eXp witnesses deposed by Plaintiff, considered and testified about the 27 page arrest report of Mr. Bjorkman. Mr. Bjorkman was not

MEMORANDUM OF POINTS AND AUTHORITIES SUPPORTING MICHAEL L. BJORKMAN'S MOTION TO SEVER FROM EXP REALTY, LLC, EXP WORLD HOLDINGS, INC., AND GLENN SANFORD

1  convicted of a crime.  Evidence that Mr. Bjorkman was arrested in September 2020
2
3  must be excluded.  An arrest, standing alone, is not evidence of misconduct and
4  carries an extraordinary risk of unfair prejudice.

5      The Supreme Court has long held that an arrest has no probative value as to
6
7  guilt. *Michelson v. United States*, 335 U.S. 469, 482 (1948).  The notion that arrest
8  without more does not, in law any more than in reason, impeach the integrity or
9  impair the credibility of a witness applies specifically in this case.  *Id.; See also*,
10
11  *United States v. Labarbera*, 581 F.2d 107, 109 (5th Cir.1978); *See also generally* 20
12  A.L.R.2d 1421 (1951).  The Ninth Circuit applied this principle, holding that
13  evidence of a defendant's prior arrest can be so prejudicial that even limiting
14
15  instructions for the jury may not cure the harm.  *See, De Jong v. United States*, 381
16  F.2d 725 (9th Cir. 1967).

17      Here, Mr. Bjorkman was not convicted of any offense. The criminal matter
18
19  was dismissed.  Plaintiff Roberts was not a complainant in that matter, nor was she
20  even a witness.   Therefore, the arrest has no tendency to make any fact of
21  consequence in Plaintiff Robert's instant claim more or less probable. *Fed. R. Evid.*
22
23  *401*.

24      Moreover, the introduction of an arrest invites the jury to improperly infer
25  guilt based on law enforcement action alone.  Such evidence is classic propensity
26
27  evidence prohibited under Rule 404(a) and Rule 404(b).  Thus, the probative value
28

MEMORANDUM OF POINTS AND AUTHORITIES SUPPORTING MICHAEL L. BJORKMAN'S
MOTION TO SEVER FROM EXP REALTY, LLC, EXP WORLD HOLDINGS, INC., AND GLENN
SANFORD

is substantially outweighed by the danger of unfair prejudice, confusion of the issues, and misleading the jury under Rule 403.

Additionally, in a civil case, evidence of a person's character is never admissible to prove that the person acted in conformity with the character trait. *Fed. R. Evid. 404(a)*; see Advisory Committee's Note to 2006 Amendment to Rule 404. "The amendment is consistent with the original intent of the rule, which was to prohibit the circumstantial use of character evidence in civil cases, even when closely related to criminal charges." *Id.*

### iii.    *Expert Witnesses Cannot Introduce Inadmissible Hearsay related to the Declaration of Warrant/Summons.*

Plaintiff's experts cannot be used as a means of introducing otherwise inadmissible evidence such as arrest records, police declarations, or unrelated allegations of prior misconduct. Indeed, Rule 703 permits an expert to rely on otherwise inadmissible material, if the experts in the field need to reasonably rely on such information. However, the rule does not permit the proponent to disclose that inadmissible material to the jury unless its probative value in helping the jury evaluate the opinion substantially outweighs its prejudicial effect.

As to the claims against Mr. Bjorkman, there is no probative value in the introduction of testimony evidence related to the Declaration of Warrant/Summons. The Ninth Circuit's seminal decision in *Paddack v. Dave Christensen, Inc.* established the fundamental principle that "Rule 703 merely permits such hearsay,

MEMORANDUM OF POINTS AND AUTHORITIES SUPPORTING MICHAEL L. BJORKMAN'S MOTION TO SEVER FROM EXP REALTY, LLC, EXP WORLD HOLDINGS, INC., AND GLENN SANFORD

or other inadmissible evidence, upon which an expert properly relies, to be admitted to explain the basis of the expert's opinion" but "does not allow the admission of the reports to establish the truth of what they assert." *See generally*, *Paddack v. Dave Christensen, Inc.*, 745 F.2d 1254 (9th Cir. 1984). The court emphasized that inadmissible hearsay used by an expert "may be admitted solely to illustrate and explain the expert's opinion" and "is not otherwise admissible as evidence." Moreover, witness statements within a police report are inadmissible hearsay. *United States v. Pazsint*, 703 F.2d 420 (9th Cir. 1983).

The Ninth Circuit has held that, under the public-records exception, "entries in a police report which result from the officer's own observations and knowledge may be admitted" in a civil case. *United States v. Morales*, 720 F.3d 1194, 1202 (9th Cir. 2013). By contrast, any statements from third parties that are recounted in a police report involve an additional layer of hearsay that must be separately justified by another exception to the hearsay rule. *See*, *Fed. R. Evid.* 805; see also *Morales*, 720 F.3d at 1202. Here, the entirety of the Declaration of Warrant/Summons are recitations of non-party witnesses that have nothing to do with Plaintiff Roberts.

**H.    Conclusion**

Given that Plaintiff, by necessity, must introduce evidence of Mr. Bjorkman's

prior alleged conduct involving people other than Ms. Roberts in order to support its

claims against eXp, with said evidence being inadmissible against Mr. Bjorkman, a

severance is necessary.

Dated this 13th day of March, 2026.

Respectfully Submitted:

CHESNOFF & SCHONFELD

___/s/ Robert Z. DeMarco
RICHARD A. SCHONFELD, ESQ.
(SBN 202182)
Email: rschonfeld@cslawoffice.net
ROBERT Z. DEMARCO, ESQ.
(admitted *pro hac vice*)
Email: rdemarco@cslawoffice.net
520 S. 4th Street
Las Vegas, NV 89101
Telephone: 702-384-5563
Facsimile: 702-598-1425
Attorneys for Defendant
Michael Bjorkman

MEMORANDUM OF POINTS AND AUTHORITIES SUPPORTING MICHAEL L. BJORKMAN'S
MOTION TO SEVER FROM EXP REALTY, LLC, EXP WORLD HOLDINGS, INC., AND GLENN
SANFORD

## DECLARATION OF ROBERT Z. DEMARCO, ESQ.
## IN SUPPORT OF GOOD FAITH MEET-AND-CONFER

I, ROBERT Z. DEMARCO, ESQ., declare as follows:

1.      I am an attorney with the law firm of Chesnoff & Schonfeld and co-counsel for Defendant Michael Bjorkman in this action. I have personal knowledge of the matters set forth herein and, if called as a witness, could and would competently testify thereto.

2.      On March 9, 2026, counsel for all parties participated in a meet and confer regarding the anticipated motions by Defendants Michael Bjorkman and David Golden to sever their trial from that of Defendants eXp Realty, LLC, eXp World Holdings, Inc., and Glenn Sanford (collectively, the "eXp Defendants").

3.      During that meet and confer, Plaintiff's counsel indicated that Plaintiff opposes severance.

4.      Following the meet and confer, counsel for the eXp Defendants, Ivy Wang, confirmed the position of the eXp Defendants in writing. Specifically, Ms. Wang stated:

> "Following our meet and confer this morning, we want to make clear that the eXp entities and Glenn Sanford (the 'eXp Defendants') do not oppose defendant Golden and Bjorkman's motions for severance in this case, so long as the severed trial(s) of Golden and Bjorkman precede the eXp Defendants' trial, given that the eXp Defendants' alleged liability on plaintiff's claims are derivative of Golden and Bjorkman's purported liability. In our view, plaintiff is the only party opposing the anticipated severance motions."

MEMORANDUM OF POINTS AND AUTHORITIES SUPPORTING MICHAEL L. BJORKMAN'S MOTION TO SEVER FROM EXP REALTY, LLC, EXP WORLD HOLDINGS, INC., AND GLENN SANFORD

5.      Defendant Bjorkman appreciates the eXp Defendants' position that severance is appropriate. However, Defendant Bjorkman believes that it is premature to determine which Defendant(s) would proceed to trial first. Accordingly, Defendant Bjorkman does not agree that if he is severed from the eXp Defendants that his trial should proceed prior to any eXp Defendant trial. Those matters should be addressed after the Court rules on the Motion to Sever.

Dated this 13th day of March, 2026.

/s/ Robert Z. DeMarco
ROBERT Z. DEMARCO, ESQ.

MEMORANDUM OF POINTS AND AUTHORITIES SUPPORTING MICHAEL L. BJORKMAN'S MOTION TO SEVER FROM EXP REALTY, LLC, EXP WORLD HOLDINGS, INC., AND GLENN SANFORD

## CERTIFICATE OF SERVICE

I hereby certify that I am an employee of CHESNOFF & SCHONFELD that on the 13th day of March 2026, I served a true and correct copy of the foregoing, electronically via email to the following:

Andrea Hirsch — Cohen Hirsch
andrea@cohenhirsch.com

Jennifer Lenze — Lenze Lawyers
jlenze@lenzelawyers.com

Brooke Cohen — Cohen Hirsch
brooke@cohenhirsch.com

William Pallares — Lewis Brisbois Bisgaard & Smith LLP
william.pallares@lewisbrisbois.com

Peter Levine — The Law Offices of Peter Levine
peter@peterlawfirm.com

David A. Poull — Cannon & Nelms
dpoull@cannonnelms.com

Daniel J. Wadley — Greenberg Traurig LLP
wadleyd@gtlaw.com

Garrett W. Messerly — Greenberg Traurig LLP
garrett.messerly@gtlaw.com

Ivy A. Wang — Greenberg Traurig LLP
ivy.wang@gtlaw.com

Joseph M. Dietrich — Greenberg Traurig LLP
joe.dietrich@gtlaw.com

Shauna E. Imanaka — Greenberg Traurig LLP
imanakas@gtlaw.com

Kyle R. Maland — Lewis Brisbois Bisgaard & Smith LLP
kyle.maland@lewisbrisbois.com

/s/ Robert Z. DeMarco
Employee of Chesnoff & Schonfeld

MEMORANDUM OF POINTS AND AUTHORITIES SUPPORTING MICHAEL L. BJORKMAN'S MOTION TO SEVER FROM EXP REALTY, LLC, EXP WORLD HOLDINGS, INC., AND GLENN SANFORD