1  WILLIAM E. PALLARES, SB# 187740
     Email: William.Pallares@lewisbrisbois.com
2  MACK H. REED, (*Pro Hac Vice* to be submitted)
     E-Mail: Mack.Reed@lewisbrisbois.com
3  **LEWIS BRISBOIS BISGAARD & SMITH LLP**
   633 West 5th Street, Suite 4000
4  Los Angeles, California 90071
   Telephone: 213.250.1800
5  Facsimile: 213.250.7900

6  IVY A. WANG, SB# 224899
     Email: Ivy.Wang@gtlaw.com
7  **GREENBERG TRAURIG, LLP**
   1840 Century Park East, Suite 1900
8  Los Angeles, California 90067-2121
   Telephone: 310.586.7700
9  Facsimile: 310.586.7800

10 DANIEL J. WADLEY, (*Admitted Pro Hac Vice*)
     Email: wadleyd@gtlaw.com
11 **GREENBERG TRAURIG, LLP**
   222 South Main Street, Suite 1730
12 Salt Lake City, Utah 84101
   Telephone: 801.478.6900
13 Facsimile: 801.994.9041

14 Attorneys for Defendants,
   eXp REALTY, LLC, eXp WORLD
15 HOLDINGS, INC., and GLENN SANFORD

16                UNITED STATES DISTRICT COURT

17         CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| 18 ANYA ROBERTS, | Case No. 2:23-CV-10492-AB-AGR |
| 19 Plaintiff, | **eXp REALTY, LLC, eXp WORLD HOLDINGS, INC., AND GLENN SANFORD'S MOTION IN LIMINE TO EXCLUDE EXPERT TESTIMONY OF LAWRENCE JACOBSON** |
| 20 vs. | |
| 21 eXp REALTY, LLC, eXp WORLD HOLDINGS, INC., MICHAEL L. BJORKMAN, DAVID S. GOLDEN, BRENT GOVE, EMILY KEENAN, GLENN SANFORD, MICHAEL SHERRARD, and DOES 1-10, | |
| 24 Defendants. | |
| 25 | Trial Date: August 31, 2026 |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on April 17, 2026 at 10:00 a.m., or as soon thereafter as the matter may be heard, before the Honorable André J. Birotte, Jr. in Courtroom 7B of the United States District Court for the Central District of California, located at 350 West First Street, Los Angeles, California, 90012, Defendants eXp Realty, LLC, eXp World Holdings, Inc, and Glenn Sanford (collectively, "Defendants") will and hereby do move, for an order in limine to exclude testimony from Plaintiff's expert Lawrence Jacobson ("Jacobson"). Accordingly, Defendants request an order instructing Plaintiff, her counsel, and/or her witnesses as follows:

1. Not to call Jacobson as a witness in this matter;
2. To preclude all parties, witnesses, and attorneys from referring to the fact this motion has been filed and/or granted; and
3. To advise and caution Plaintiff and each of Plaintiff's witnesses to strictly follow these instructions.

Additionally, Defendants request an order excluding Lawrence Jacobson's testimony in connection with any oppositions filed by Plaintiff to Defendants' concurrently filed Motions for Summary Judgment.

Defendants make this Motion on the grounds that: (a) Jacobson's opinions are based on factual assumptions that are contradicted by undisputed facts; and (b) Jacobson's opinions are not based on specialized or technical knowledge beyond the scope of knowledge of the average layman.

Defendants base their Motion on this Notice of Motion and Motion, the following Memorandum of Points and Authorities, the Statement of Uncontroverted Facts and Conclusions of Law filed concurrently herewith and in support of Defendants' Motions for Summary Judgment, the Declaration of William E. Pallares, the pleadings and other materials filed in this case, and on such other and further oral or documentary evidence and argument as they may present to the Court at or prior to the hearing on this Motion.

Defendants make this Motion following the conference of counsel on March 9, 2026 pursuant to C.D. Cal. L.R. 7-3.

Respectfully Submitted,

DATED: March 13, 2026  LEWIS BRISBOIS BISGAARD & SMITH LLP

By: /s/ William E. Pallares
WILLIAM E. PALLARES
Attorneys for Defendants, eXp REALTY, LLC, eXp WORLD HOLDINGS, INC., and GLENN SANFORD



eXp'S AND SANFORD'S MOTION IN LIMINE TO EXCLUDE EXPERT TESTIMONY

**TABLE OF CONTENTS**

1.  INTRODUCTION ........................................................................................... 1
2.  FACTS RELEVANT TO THIS MOTION ...................................................... 1
   A.  Roberts' Interactions with Bjorkman. .................................................. 1
   B.  eXp's Release of Bjorkman's License ................................................. 2
   C.  Jacobson's Opinions. ............................................................................ 3
3.  LEGAL STANDARD ..................................................................................... 3
4.  LEGAL ARGUMENT ..................................................................................... 4
   A.  Jacobson's Opinions are Based on Assumptions Contrary to Undisputed Facts. ...................................................................................................... 4
   B.  Jacobson's Opinions are Based on "Common Sense" and Will be of No Help to the Jury. ............................................................................................. 6
5.  CONCLUSION ................................................................................................ 6

# TABLE OF AUTHORITIES

**Federal Cases**

*In re ConAgra Foods, Inc.*,
   302 F.R.D. 537 (C.D. Cal. 2014) ............................................................... 4

*Diaz v. Fed. Express Corp.*,
   No. CV 03-04765-SVW, 2004 WL 5402500 (C.D. Cal. Aug. 14,
   2004) ........................................................................................................... 5

*Kimbro v. Atl. Richfield Co.*,
   889 F.2d 869 (9th Cir. 1989) ..................................................................... 5

*Laux v. Mentor Worldwide, LLC*,
   495 F. Supp. 3d 1049 (C.D. Cal. 2017) ..................................................... 4

*In re Northrop Grumman ERISA Litig.*,
   2017 WL 11685251 (C.D. Cal. Mar. 3, 2017) .......................................... 4

**State Cases**

*Jefferson Pilot Life Ins. Co. v. Goold*,
   No. SACV 03-36 VAP (ANx), 2005 WL 5957832, at *1 (C.D. Cal.
   Nov. 15, 2025) ............................................................................................ 5

*Redman v. Walters*
   (1979) 88 Cal. App. 3d 448 ....................................................................... 5

*Summers v. A.L. Gilbert Co.*,
   69 Cal. App. 4th 1155 (1999) .................................................................... 6

**Court Rules**

Federal Rules of Evidence Rule 702 ............................................................... 3, 4

**Treatises**

Restatement (2d) Agency, § 238 (1958) ............................................................ 5

# MEMORANDUM OF POINTS AND AUTHORITIES

## 1. INTRODUCTION

On the weekend of March 10, 2020, Plaintiff Anya Roberts ("Roberts" or "Plaintiff") shared a hotel room with David Golden ("Golden") and Michael Bjorkman ("Bjorkman"). On March 12, 2020, while Roberts was using the shower, Bjorkman entered the bathroom naked. When Roberts asked him what he was doing, he replied, "Oh, now you're shy?" Based on this comment, Roberts assumes that Bjorkman sexually assaulted her the previous night. Roberts alleges eXp Realty, LLC ("eXp Realty" or the Company") negligently hired, retained, or supervised Bjorkman and Golden. To support this claim against Bjorkman, Plaintiff retained and designated Lawrence Jacobson, ("Jacobson") an attorney who purports to be an expert on real estate industry custom and practice. Jacobson does not express an opinion as to Golden's conduct. (February 4, 2026 Lawrence Jacobson Deposition ("Jacobson Depo.") (attached as Exhibit 1 to Declaration of William E. Pallares ("Pallares Decl.")), 41:19-25.)

eXp Realty, eXp World Holdings, Inc., and Glenn Sanford (the "eXp Defendants") file this motion to preclude any and all expert opinion testimony by Jacobson on the basis that his opinion is based on assumptions not supported by facts in the record. In addition, his opinions arise from "common sense," which is not specialized or technical knowledge beyond the scope of knowledge of the average layman. Accordingly, this court should grant the eXp Defendants' motion and exclude Jacobson's testimony not only at trial but in consideration of any opposition filed by Plaintiff to the eXp Defendants' concurrently filed Motion for Summary Judgment.

## 2. FACTS RELEVANT TO THIS MOTION

### A. Roberts' Interactions with Bjorkman.

Roberts claims the eXp Defendants knew or should have known Bjorkman was or became unfit, and this unfitness harmed Roberts. (ECF No. 1, ¶¶ 288-90.) On March 10-12, 2020, Roberts traveled to Flagler Beach, Florida at Golden's invitation

to observe Golden and Bjorkman run a recruiting event for Megan Farrell-Nelson ("Farrell-Nelson"), a real estate agent in Bjorkman and Golden's sales organization. (November 14, 2025 Anya Roberts Deposition ("11/14/25 Roberts Depo.") (attached as Exhibit 2 to Pallares Decl.), 231:4-6; 232:1-13; 234:4-10; 236:1-21; Holly Madden Deposition ("Madden Depo.") (attached as Exhibit 3 to Pallares Decl.), 79:16-19; 98:11-15.) After Roberts and Golden checked into their room, Bjorkman arrived with his luggage and announced he would be staying in the room as well (there were two beds in the hotel room). (11/14/25 Roberts Depo. (Pallares Decl., Ex. 2), 238:16-21; 239:14-24; 240:18-22.) Roberts had not previously met Bjorkman. (SUF #34.)

On the morning of March 12, 2020, while Roberts was showering in the hotel room's bathroom, Bjorkman entered the bathroom naked. (11/14/25 Roberts Depo. (Pallares Decl., Ex. 2), 260:8-11.) According to Roberts, she asked Bjorkman what he was doing and Bjorkman responded by saying: "Oh, now you're shy." (*Id.*, 261:16-20; November 18, 2025 Anya Roberts Deposition (attached as Exhibit 4 to Pallares Decl.), 205:24-2-6:2.) Based solely on this comment, Roberts assumes Bjorkman sexually assaulted her the previous night. (SUF #40.)

B.  **eXp's Release of Bjorkman's License**

On September 15, 2020, prospective eXp Realty real estate agent Christiana Lundy posted on Facebook that she believed she had been drugged by unnamed perpetrators at a real estate industry event in Las Vegas, Nevada approximately three weeks earlier (the "Wynn Encore Event"). (SUF #46.) On September 18, 2020, Farrell-Nelson contacted her state broker and reported Bjorkman had raped her at the Wynn Encore Event. (SUF #48.) Within three hours of receiving this report, eXp Realty terminated its affiliation with Bjorkman by releasing his real estate license. (SUF #49.) eXp Realty and Sanford were unaware of any allegations of sexual assault against Bjorkman prior to September 15, 2020. (SUF #56.)

### C. Jacobson's Opinions.

All parties to this case exchanged expert disclosures on January 9, 2026, at which time Plaintiff designated Jacobson as an expert to opine as to "eXp Realty's supervision of its real estate agents and whether eXp's conduct was consistent with the custom and practice of residential real estate brokerages regarding supervision and security of agents operating under a corporate real estate broker's license." (Plaintiff's January 9, 2026 Expert Disclosures (attached as Exhibit 5 to Pallares Decl.), ¶ 43. In Jacobson's opinion, the "conduct of [eXp Realty, LLC] was not consistent with the custom and practice of residential real estate brokerages as it relates to their supervision and security of real estate agents working under their corporate real estate broker's license." (Expert Report of Lawrence H. Jacobson (attached as Exhibit 6 to Pallares Decl.,) ¶ 7.)

Jacobson testified to the following during his deposition on February 4, 2026:

- His opinions are based on an assumption that the person who vetted Bjorkman knew of past allegations of sexual assault against Bjorkman. (Jacobson Depo. (Pallares Decl., Ex. 1), 62:1-9, 65:22-66:5, 162:14-19, 191:9-11, 222:9-20.)
- He assumes the eXp Defendants had knowledge of Bjorkman's alleged sexual misconduct prior to September 15, 2020. (*Id*., 182:20-23, 212:20-24, 214:8-13.)
- He concludes the eXp Defendants breached their duty to Roberts because they failed to act in accordance with "common sense." (*Id*., at 77:22-78:7, 100:14-16.)

### 3. LEGAL STANDARD

The admissibility of expert testimony is governed by Rule 702 of the Federal Rules of Evidence, which provides:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if the proponent demonstrates to the court that it is more likely than not that: (a) the expert's scientific, technical, or other specialized

> knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert's opinion reflects a reliable application of the principles and methods to the facts of the case.

Whether the expert's assumptions are consistent with the uncontroverted facts in the record goes to the "core of reliability" of an expert's analyses and conclusions. *Laux v. Mentor Worldwide, LLC*, 495 F. Supp. 3d 1049, 1099 (C.D. Cal. 2017). Moreover, an expert opinion is not admissible under Rule 702 unless the subject matter at issue is beyond the common knowledge of the average layman. *In re ConAgra Foods, Inc.*, 302 F.R.D. 537, 549 (C.D. Cal. 2014).

**4.    LEGAL ARGUMENT**

   **A.    Jacobson's Opinions are Based on Assumptions Contrary to Undisputed Facts.**

To be admissible at trial, an expert's opinions must be based on sufficient facts or data. Fed. Rule. Evid. 702. Jacobson's opinions have no basis in fact, in that they are based on assumptions contrary to undisputed facts.

Jacobson's opinions are based on an assumption that eXp Realty did not adequately vet Bjorkman at the time he affiliated with the Company because the person who vetted Bjorkman was aware of a past allegation of sexual assault made against him. (Jacobson Depo. (Pallares Decl., Ex. 1), 62:1-9, 65:22-66:5, 162:14-19, 191:9-11, 222:9-20.) This assumption is contrary to undisputed facts. (SUF #26-29.) (*See also* May 29, 2025 Debbie Penny Deposition (attached as Exhibit 7 to Pallares Decl.), 53:10-11, 19-24; July 29, 2025 Debbie Penny Deposition (attached as Exhibit 8 to Pallares Decl.), 368:7-11, 15-19; 369:15-18; 371:10-14.)

Furthermore, to the extent Jacobsen bases his opinions on an assumption that an employee's knowledge that was acquired before employment of a past sexual assault allegation can be imputed to eXp Realty, that assumption is a legal conclusion Jacobson cannot properly offer. *In re Northrop Grumman ERISA Litig.*, 2017 WL

11685251, at *3 (C.D. Cal. Mar. 3, 2017). And even if it was proper for Jacobson to opine on the law, any conclusion along these lines is incorrect as a matter of law. An agent's knowledge is imputed to her principal only when she acquires that knowledge in the course of her agency. *Redman v. Walters*, (1979) 88 Cal. App. 3d 448, 454.[1] It is "an exceedingly well-settled principle of" agency law that knowledge an employee gains before joining her new employer—particularly while working for a competing company—is not imputed to the new employer; in that circumstance, the employee's knowledge is no more to be imputed to the employer "than to an utter stranger." *Jefferson Pilot Life Ins. Co. v. Goold*, No. SACV 03-36 VAP (ANx), 2005 WL 5957832, at *1 (C.D. Cal. Nov. 15, 2005) (quotation marks omitted).

Jacobson also assumes the eXp Defendants generally had knowledge of Bjorkman's alleged misconduct prior to September 15, 2020. (Jacobson Depo. (Pallares Decl., Ex 1), 182:20-23, 212:20-24, 214:8-13.) But the undisputed facts show that prior to September 15, 2020 eXp Realty was unaware of any such allegations. (SUF #56.) There is no evidence of any report to eXp Realty regarding any alleged improper conduct against Bjorkman or Golden prior to September 15, 2020. Jacobson's opinions about the eXp Defendants' adherence to "the custom and practice of residential real estate brokerages as it relates to their supervision and security of real estate agents working under their corporate real estate broker's license" are therefore inadmissible because they are based on false assumptions regarding when the eXp Defendants learned about Bjorkman's alleged misconduct, and are also inadmissible to the extent Jacobson is offering legal conclusions

---

[1] Traditional principles of agency law apply with equal force in the employment context. *Diaz v. Fed. Express Corp.*, No. CV 03-04765-SVW (AJWx), 2004 WL 5402500, at * 12 (C.D. Cal. Aug. 14, 2004). *See also Kimbro v. Atl. Richfield Co.*, 889 F.2d 869, 876 (9th Cir. 1989) (relying on, *inter alia*, Restatement (2d) Agency, § 238 (1958)).

(particularly incorrect legal conclusions) about an employee's past knowledge being imputed to the eXp Defendants.

### B. Jacobson's Opinions are Based on "Common Sense" and Will be of No Help to the Jury.

Jacobson also opines that the eXp Defendants breached their duty to Roberts because they failed to act consistently with common sense. (Jacobson Depo. (Pallares Decl., Ex 1), 77:22-78:7, 100:14-16.) Specifically, he references the #MeToo movement and Harvey Weinstein to explain "what the management of any company should do and what they shouldn't do." (*Id.*, 77:22-78:7.) Jacobson also testified that the duty employers have in onboarding and retaining employees "is not simply restricted to real estate brokerages. It's the course of conduct and custom and practice by any company with any number of employees in terms of monitoring and protecting their agents." (*Id.*, 95:22-96:1.) According to Jacobson, "a great deal of custom and practice is common sense." (*Id.*, 93:20-21.) In other words, Jacobson is not basing his opinion on his purported expertise in the real estate brokerage industry, but rather on "common sense" he contends companies should use.

Expert testimony is not necessary, and is not properly received, to establish matters of common sense. *Summers v. A.L. Gilbert Co.*, 69 Cal. App. 4th 1155, 1169 (1999) (expert opinions will be excluded when they add nothing to the jury's common fund of information, or "when the subject of inquiry is one of such common knowledge that men of ordinary education could reach a conclusion as intelligently as the witness."). Jacobson's reliance on "common sense" shows his opinions are not based on information that is beyond the common knowledge of the average layman. His opinions are inadmissible to this extent and must be excluded.

### 5. CONCLUSION

For the foregoing reasons, the eXp Defendants respectfully request an order precluding Jacobson from offering expert opinion testimony at trial. The eXp Defendants also request that any and all opinions of Jacobson be disregarded and not

considered in opposition to the eXp Defendants' concurrently filed Motion for Summary Judgment.

DATED: March 13, 2026

Respectfully submitted,

LEWIS BRISBOIS BISGAARD & SMITH LLP

By: */s/ William E. Pallares*
WILLIAM E. PALLARES
Attorneys for Defendants
eXp REALTY, LLC, eXp WORLD HOLDINGS, INC. and GLENN SANFORD



**CERTIFICATE OF SERVICE**

I hereby certify that on this 13th day of March, 2026, I electronically filed the foregoing MOTION IN LIMINE TO EXCLUDE EXPERT TESTIMONY with the Clerk of the Court using the CM/ECF system.

/s/ *Debbie Wilhelm*

Debbie Wilhelm

