# EXHIBIT 5

Jennifer A. Lenze, Esq., CA Bar No. 246858
LENZE LAWYERS, PLC
999 Corporate Drive, Suite 100
Ladera Ranch, California 92694
Tel: (310) 322-8800 F: (310) 322-8811
jlenze@lenzelawyers.com

Brooke Cohen, Esq., TX Bar No. 24007019 PHV Admitted
Andrea Hirsch, Esq., GA Bar No. 666557 PHV Admitted
COHEN HIRSCH, LP
5256 Peachtree Road, Suite 195-E
Atlanta, Georgia 30341
Tel: (678) 268-4683
brooke@cohenhirsch.com
andrea@cohenhirsch.com
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANYA ROBERTS,<br><br>    Plaintiff,<br><br>    v.<br><br>EXP REALTY, LLC, EXP WORLD HOLDINGS, INC., MICHAEL L. BJORKMAN; DAVID S. GOLDEN; GLENN SANFORD; BRENT GOVE,<br><br>    Defendants. | Case No. 2:23-CV-10492-AB-AGR<br><br>Hon. Andrea Birotte, Jr.<br><br>**PLAINTIFF'S EXPERT WITNESS DESIGNATION AND RULE 26(a)(2) DISCLOSURES** |

1

**TO ALL PARTIES AND TO THEIR COUNSEL OF RECORD HEREIN:**

Pursuant to Federal Rules of Civil Procedure, Rule 26(a)(2)(B), Plaintiff hereby designates the following individuals to serve as her expert witnesses in this matter:

1. Marc A. LeBeau, Ph.D., F-ABFT
2. Chitra Raghavan, Ph.D
3. William W. Keep, Ph.D
4. Lawrence Jacobson, Esq.

Attached hereto is the Declaration of Andrea S. Hirsch, which provides information regarding Plaintiff's experts, including their contact information, subject matters of testimony, and compensation agreements.

Plaintiff reserves the right to supplement this list and to call rebuttal witnesses as necessary to rebut any retained expert witness(es) designated by Defendants.

Date: January 9, 2026

By: /s/ Jennifer A. Lenze
Jennifer A. Lenze (CA No 246858)
LENZE LAWYERS, PLC
999 Corporate Drive, Suite 100
Ladera Ranch, California 92694
Telephone (310) 322-8800
jlenze@lenzelawyers.com

Brooke F. Cohen TX 24007019 PHV Adm
Andrea S. Hirsch, GA 666557 PHV Adm
COHEN HIRSCH, LP
5256 Peachtree Road, Suite 195-E
Atlanta, Georgia 30341
Tel: (678) 268-4683
brooke@cohenhirsch.com
andrea@cohenhirsch.com

Attorneys for Plaintiff

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing was served on all counsel of record by way of email this 9th day of January 2026.

/s/ Andrea S Hirsch
Andrea S Hirsch

## DECLARATION OF ANDREA S HIRSCH

I, Andrea S Hirsch, do hereby declare and state:

1. Plaintiff hereby designates Marc A. LeBeau, Ph.D., F-ABFT; Chitra Raghavan, Ph.D,; William W. Keep, Ph.D,; and Lawrence Jacobson, Esq. as experts in this matter.

## MARC A. LEBEAU, PhD, F-ABFT

2. Marc A. LeBeau, Ph.D., F-ABFT is an expert in forensic toxicology and forensic chemistry, with extensive experience in the interpretation of alcohol and drug effects, including issues that arise in suspected drug-facilitated sexual assault matters. Dr. LeBeau is a Board-Certified Fellow of the American Board of Forensic Toxicology.

3. Dr. LeBeau has more than three decades of experience in forensic toxicology, including senior scientific and leadership roles with the FBI Laboratory. His experience includes conducting and supervising forensic toxicological work, reviewing technical work, training personnel, and addressing complex forensic science issues.

4. Dr. LeBeau earned a Bachelor of Arts degree with majors in Chemistry and Criminal Justice, a Master of Science degree in Forensic Science, and a Ph.D. in Toxicology.

5. Dr. LeBeau currently serves as the President / Forensic Toxicologist of LeBeau Forensic Toxicology Consulting, LLC, providing expert consultation and testimonial support in criminal and civil matters in forensic toxicology and forensic chemistry.

  6. Dr. LeBeau's business address and phone number are 1001 Boardwalk Springs Place #111, O'Fallon, Missouri 63368, (314) 312-1284. His email is marc@lebeau-toxicology.com.

  7. Dr. LeBeau's billing rate for expert consultation and trial testimony is $550.00 per hour.

  8. Dr. LeBeau has agreed to testify at trial in this case, and he will be sufficiently familiar with the pending action to submit to a meaningful oral deposition concerning the specific testimony, including any opinion and its basis, that Dr. LeBeau is expected to give at trial.

  9. A copy of Dr. LeBeau's expert report dated January 8, 2026, and his curriculum vitae are attached hereto as Exhibit "A".

  10. Dr. LeBeau has been retained to provide expert opinions regarding forensic toxicology and pharmacology issues relevant to this case, including the expected effects of substances discussed in the record. His report explains that his work includes review of the records of reported drugging and sexual assault incidents involving Anya Roberts; identification of drugs referenced in the materials; evaluation of the reported symptoms; and discussion of pharmacological effects of ethanol, gamma-hydroxybutyrate (GHB), and Adderall (amphetamine).

  11. Dr. LeBeau's report further includes calculations estimating expected maximum blood alcohol concentrations based on a standard drink and provides his professional interpretations and opinions regarding how ethanol, GHB, and amphetamines are expected to affect individuals who consume them.

  12. Among other opinions disclosed in his report, Dr. LeBeau opines regarding GHB's central nervous system effects, including cognitive disruption, amnesia, and impaired executive function, and the significance of these effects to a person's ability to understand circumstances and provide informed consent.

PLAINTIFF'S EXPERT WITNESS DESIGNATION AND RULE 26(a)(2) DISCLOSURES

13. Dr. LeBeau will also offer opinions as to any opinions and testimony provided by any expert(s) designated by Defendants in this case relating to the foregoing.

## CHITRA RAGHAVAN, Ph.D

14. Dr. Chitra Raghavan is a licensed clinical psychologist with more than twenty years of experience in clinical psychology, including research, teaching, and being qualified as an expert witness in sexual coercion, coercive control, and trauma bonding. She is a tenured Full Professor of Psychology, the Director of the Forensic Mental Health Counseling Program, and Coordinator of Victimology Studies in Forensic Psychology at John Jay College of Criminal Justice (CUNY).

15. Dr. Raghavan's education and training include a B.A. from Smith College (1992), a doctorate in Community and Clinical Psychology from the University of Illinois at Urbana–Champaign (1998), a postdoctoral fellowship at Yale University School of Medicine (2000), and work as a research scientist at CASA at Columbia University (2002). She has been licensed to practice psychology in New York since 2005 and is in good standing.

16. Dr. Raghavan has published over sixty peer-reviewed publications, delivered over two hundred conference presentations, edited multiple books, and is under contract for a forthcoming Oxford University Press book regarding the assessment of coercive control.

17. Dr. Raghavan's business address and email are: John Jay College of Criminal Justice, 524 West 59th Street, New York, NY 10019, craghavan@jjay.cuny.edu. Her billing rate(s) for expert consultation and trial testimony are: $500 per hour.

18. Dr. Raghavan has agreed to testify at trial in this action, and she will be sufficiently familiar with the pending action to submit to meaningful deposition and

trial examination concerning the opinions described herein and in her declaration/report.

19. A copy of Dr. Raghavan's expert declaration/report (and referenced CV materials identified in her appendices) is attached as Exhibit "B."

20. Dr. Raghavan has been retained to provide expert opinions regarding psychological science and clinical findings relevant to Plaintiff's allegations, including coercive control, sexual coercion/assault, drug-facilitated sexual assault (DFSA), consent capacity in the context of incapacitation, trauma responses and sequelae, diagnostic conclusions, and the presence or absence of malingering, as applied to the facts and materials in this matter.

21. As summarized in Dr. Raghavan's declaration/report, her evaluation objectives included: (i) assessing whether Plaintiff suffered psychological distress as alleged and whether such distress is consistent with clinical data and collateral information; (ii) evaluating whether the distress is likely associated with the alleged coercively controlling and sexually coercive relationship dynamics; (iii) assessing capacity to consent to sexual activity in the context of alleged incapacitation by drugs and/or alcohol (including involuntary intoxication and coercion/pressure regarding consumption); and (iv) determining whether the alleged abuse/exploitation disrupted Plaintiff's functioning and life domains.

22. Dr. Raghavan's opinions are based on her clinical evaluation and review of case materials and are grounded in established psychological science regarding coercive control, sexual assault, sexual coercion, and DFSA. She reports that she examined Plaintiff for 13 hours, reviewed an additional clinical recording for approximately 8 hours, and conducted extensive file review and related work totaling approximately 85 hours. She met with Plaintiff over four Zoom sessions on 12/6/2025, 12/7/2025, 12/15/2025, and 12/16/2025.

23. Dr. Raghavan's principal opinions include, among others, the following (as set forth in detail in Exhibit "B"):

    a. Based on her evaluation of case data and materials, it is Dr. Raghavan's professional opinion, to a reasonable degree of psychological certainty, that Plaintiff's described psychological distress was more likely than not associated with a pattern of abuse marked by coercive control and sexual exploitation.

    b. Dr. Raghavan opines that Plaintiff meets criteria for multiple disorders, including trauma-related conditions (including PTSD dissociative subtype with panic attacks and a past diagnosis of trauma-coerced attachment/trauma bond), mood and anxiety disorders (including persistent depressive disorder and generalized anxiety disorder with panic attacks), sexual dysfunction diagnoses including hypersexuality/compulsive sexual behavior disorder, alcohol use disorder (severe), and body-related disorders, and she further notes the potential need for neuropsychological evaluation to assess possible neurocognitive disorder etiologies.

    c. Dr. Raghavan opines that Plaintiff's reported memory difficulties and presentation are consistent with substance-induced impairment and anterograde amnesia/blackouts, and she addresses how such impairment bears on capacity to consent.

    d. Dr. Raghavan opines that, from a psychological perspective, an individual incapacitated by drugs—particularly substances associated with memory loss and impaired cognitive function—cannot provide meaningful consent to sexual activity during such incapacitation, and she addresses this issue in connection with the reported facts and materials.

    e. Dr. Raghavan reports that available test data are consistent with a conclusion that Plaintiff is not malingering her mental health symptoms and psychological distress.

24.    Dr. Raghavan further states that she does not make definitive legal causation determinations and does not opine on whether the alleged abuse occurred;

rather, she provides opinions concerning psychological probability of harm arising from the alleged abuse and reserves the right to amend opinions if new data arise.

25. Dr. Raghavan may also offer opinions responding to or rebutting testimony offered by other experts designated in this case to the extent such testimony concerns the same subject matter within her expertise.

## WILLIAM H KEEP, PhD

26. Dr. Keep is a marketing scholar and former academic administrator with a doctoral degree in Marketing from Michigan State University, with minors in business ethics and psychometrics. Over his career as a marketing professor, he has published and taught in areas that include multi-level marketing ("MLM"), direct selling, pyramid schemes, and related business-ethics issues. His scholarship has appeared in peer-reviewed academic journals and other publications. In 2002, Dr. Keep co-authored (with Dr. Peter Vander Nat, then a senior economist with the Federal Trade Commission) an academic paper presenting a methodology for differentiating between an illegal pyramid scheme and a legal MLM model. Dr. Keep's curriculum vitae reflects his education, academic appointments, publications, presentations, and related professional experience.

27. Dr. Keep's contact information as reflected on his curriculum vitae is: 196 High Meadow Lane, Mystic, CT 06355-1652; (203) 915-3165; keep@tcnj.edu. His billing rates are $500.00 per hour for all time other than testimony, and $750.00 per hour for sworn testimony.

28. Dr. Keep has agreed to testify at trial in this action, and he will be sufficiently familiar with the pending action to submit to meaningful deposition and trial examination concerning the opinions he is expected to offer and the bases for those opinions.

29. Dr. Keep has been retained to provide expert opinions based on his knowledge and experience regarding (among other things) the MLM business model

in practice and how it operates, characteristics commonly associated with the MLM model, and legal and ethical issues associated with recruitment and earnings claims.

30. A copy of Dr. Keep's expert report and curriculum vitae are attached hereto as Exhibit "C".

31. Dr. Keep's expert opinions in this action are specific to eXp Realty, and its revenue share model and business practices as addressed in his report. His testimony and opinions are expected to include, among others, the following:

a. How the MLM model works in practice, including structure, terminology, and incentives (including "upline/downline" dynamics);

b. Characteristics commonly associated with MLM structures, including dependence on recruitment and attrition dynamics;

c. Legal and ethical issues implicated by recruitment-oriented marketing and earnings representations, including the risk that earnings claims and simplified "path to success" messaging can be misleading when presented without appropriate context; and

d. How eXp Realty's revenue share model functions in practice as described in the materials reviewed and analyzed by Dr. Keep, including the incentives and power relationships created between leading/upline participants and those in their downline.

32. Dr. Keep is also expected to offer opinions concerning the foregoing issues as they relate to the evidence in this action, including materials he reviewed and analyzed (which may include deposition testimony, company materials, and public-facing recruiting/marketing content), and to address and respond to opinions offered by other experts on these subjects as appropriate.

## LAWRENCE H. JACOBSON

33. Lawrence H. Jacobson is an attorney admitted to practice in California since January 1968. He received his Juris Doctorate from UCLA School of Law (1967), where he was Senior Editor of the UCLA Law Review and was awarded the Order of the Coif.

34. Mr. Jacobson is admitted to practice before the United States District Court, Central District of California, the Ninth Circuit Court of Appeals, and the United States Supreme Court.

35. Mr. Jacobson has lectured on business, real estate, and ethics matters, including as an instructor for California Continuing Education of the Bar (CEB). He has written on ethics and real estate topics and has authored and contributed to published legal materials, including works addressing expert witnesses and real estate brokerage issues, and he is the recipient of CEB's 2011 Spirit of CEB Award for contributions to legal education in the field of real estate.

36. Mr. Jacobson has served as a volunteer Special Prosecutor for the State Bar of California and has served in professional responsibility and fee arbitration roles, including participation in State Bar and local bar fee arbitration programs.

37. Mr. Jacobson has served as an arbitrator, judge pro tem, and adjunct professor in areas including real estate finance and administrative law.

38. Mr. Jacobson is presently practicing law in Beverly Hills under the firm name Lawrence H. Jacobson, A Professional Corporation, and states that a substantial portion of his practice has been devoted to business, real estate, legal malpractice, and real estate brokerage matters.

39. Mr. Jacobson states he has qualified and testified as an expert witness on numerous occasions on issues of real estate agent and real estate industry custom and practice.

40. Mr. Jacobson's contact information as reflected on his curriculum vitae is: 9777 Wilshire Blvd., Suite 517, Beverly Hills, California 90212, (310) 271-0747;

law.jac@lhjpc.com. Mr. Jacobson's billing rates are $350.00 per hour for all time other than testimony, and $450.00 per hour for deposition or trial testimony.

41. Mr. Jacobson has agreed to testify at trial in this case, and he will be sufficiently familiar with the pending action to submit to a meaningful oral deposition concerning the specific testimony, including any opinion and its basis, that he is expected to give at trial.

42. A copy of Mr. Jacobson's expert report and materials reflecting his qualifications are attached hereto as Exhibit "D". Mr. Jacobson's report includes his full curriculum vitae and a list of matters in which he has testified.

43. Mr. Jacobson has been retained in connection with Anya Roberts v. eXp Realty, LLC, et al., Case No. 2:23-CV-10492-AB-AGR, to provide opinions relating to eXp Realty's supervision of its real estate agents and whether eXp's conduct was consistent with the custom and practice of residential real estate brokerages regarding supervision and security of agents operating under a corporate real estate broker's license.

44. As summarized in his report, Mr. Jacobson's principal opinion is that eXp Realty's conduct was not consistent with the custom and practice of residential real estate brokerages as it relates to supervision and security of agents working under the corporate broker's license.

45. Mr. Jacobson's report explains that his opinions are based on assumed facts and that the validity of the opinions depends on the facts the jury ultimately finds.

46. Mr. Jacobson identifies the materials he relied upon as including, among other items, the Las Vegas Police Department declaration/warrant materials, the Court's ruling denying the motion to dismiss, and selected portions of deposition testimony (including depositions of Bjorkman, Sanford, Haggard, and Penny), as reflected in the exhibit list to his report.

PLAINTIFF'S EXPERT WITNESS DESIGNATION AND RULE 26(a)(2) DISCLOSURES

47. Mr. Jacobson further opines, among other things, that regardless of whether a brokerage is "brick and mortar," "virtual," or hybrid, duties, supervisory responsibilities and employee/agent protection obligations remain the same, and there is no difference in overall managerial responsibility based on office format.

48. Mr. Jacobson may also offer opinions responding to or rebutting the opinions and testimony offered by any expert(s) designated by Defendants in this action to the extent such opinions address matters within his expertise and the subject matter of his disclosed opinions.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 9th day of January, 2026, at Atlanta, Georgia.

                                            Andrea S Hirsch
                                            */s/ Andrea S. Hirsch*

PLAINTIFF'S EXPERT WITNESS DESIGNATION AND RULE 26(a)(2) DISCLOSURES