WILLIAM E. PALLARES, SB# 187740
  Email: William.Pallares@lewisbrisbois.com
MACK H. REED, (*Pro Hac Vice* to be submitted)
  E-Mail: Mack.Reed@lewisbrisbois.com
**LEWIS BRISBOIS BISGAARD & SMITH LLP**
633 West 5th Street, Suite 4000
Los Angeles, California 90071
Telephone: 213.250.1800
Facsimile: 213.250.7900

IVY A. WANG, SB# 224899
  Email: Ivy.Wang@gtlaw.com
**GREENBERG TRAURIG, LLP**
1840 Century Park East, Suite 1900
Los Angeles, California 90067-2121
Telephone: 310.586.7700
Facsimile: 310.586.7800

DANIEL J. WADLEY, (*Admitted Pro Hac Vice*)
  Email: wadleyd@gtlaw.com
**GREENBERG TRAURIG, LLP**
222 South Main Street, Suite 1730
Salt Lake City, Utah 84101
Telephone: 801.478.6900
Facsimile: 801.994.9041

Attorneys for Defendants,
eXp REALTY, LLC, eXp WORLD
HOLDINGS, INC., and GLENN SANFORD

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| ANYA ROBERTS,<br><br>Plaintiff,<br><br>vs.<br><br>eXp REALTY, LLC, eXp WORLD HOLDINGS, INC., MICHAEL L. BJORKMAN, DAVID S. GOLDEN, BRENT GOVE, EMILY KEENAN, GLENN SANFORD, MICHAEL SHERRARD, and DOES 1-10,<br><br>Defendants. | Case No. 2:23-CV-10492-AB-AGR<br><br>**DEFENDANTS eXp REALTY, LLC, eXp WORLD HOLDINGS INC., AND GLENN SANFORD'S STATEMENT OF UNCONTROVERTED FACTS IN SUPPORT OF MOTIONS FOR SUMMARY JUDGMENT**<br><br>Trial Date:  August 31, 2026 |

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

Pursuant to Federal Rule of Civil Procedure Rule 56 and Local Rule 56-1, Defendants eXp REALTY, LLC, eXp WORLD HOLDINGS, INC., and GLENN SANFORD ("Defendants") hereby submit the following Statement of Uncontroverted Facts in support of Defendants' Motions for Summary Judgment.

| UNCONTROVERTED FACT | EVIDENCE |
|---|---|
| 1. Defendant eXp World Holdings, Inc. ("World Holdings") is Defendant eXp Realty, LLC's ("eXp Realty" or the "Company") sole member. | 1. Declaration of James Bramble ("Bramble Dec."), ¶ 2. |
| 2. eXp Realty's business is brokering real estate transactions for buyers and sellers. | 2. Bramble Decl., ¶ 2. |
| 3. World Holdings is a corporation organized under the laws of the State of Delaware and has its principal place of business in the State of Washington. | 3. Bramble Decl., ¶ 2. |
| 4. World Holdings observes all corporate formalities with its subsidiaries, including eXp Realty. | 4. Bramble Decl., ¶ 3. |
| 5. World Holdings and its numerous subsidiaries observe all corporate formalities, have their own management teams, maintain their own books and records, and bank accounts, and have their own personnel to run day-to-day | 5. Bramble Decl., ¶ 3. |

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

| UNCONTROVERTED FACT | EVIDENCE |
|---|---|
| operations. | |
| 6.    World Holdings and its subsidiaries do not co-mingle their funds or their assets. | 6.    Bramble Decl., ¶ 3. |
| 7.    World Holdings and its subsidiaries are all adequately capitalized. | 7.    Bramble Decl., ¶ 3. |
| 8.    World Holdings' shareholders elect its board of directors, which appoints its officers. | 8.    Bramble Decl., ¶ 5. |
| 9.    eXp Realty has its own management team and officers, which are appointed by World Holdings. | 9.    Bramble Decl., ¶ 5. |
| 10.   The management teams for the two entities are generally independent of each other. While World Holdings' general counsel and chief marketing officer have at various times sat on eXp Realty's Compliance Committee, World Holdings' managers to not participate in or exercise control over the day-to-day operations of eXp Realty. | 10.   Bramble Decl., ¶¶ 6-7. |
| 11.   At all relevant times, Defendant Glenn Sanford ("Sanford") was a citizen of the State of Washington. | 11.   Declaration of Glenn Sanford, ¶ 4. |

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

| UNCONTROVERTED FACT | EVIDENCE |
| --- | --- |
| 12.   Real estate agents affiliate with eXp Realty as independent contractors ("Real Estate Agents"). The independent contractor agreements ("ICA") Real Estate Agents sign with the Company provide they are independent contractors as defined under Section 3508 of the Internal Revenue Code. | 12.   *See* Declaration of William E. Pallares ("Pallares Decl."), Exhibit 1 at GOLDEN 0031. |
| 13.   Real Estate Agents are not eXp Realty employees, but instead are independent businesspeople who represent buyers and sellers of property. | 13.   *See* August 22, 2024 Holly Mabery Deposition ("Mabery Depo.") (attached as Exhibit 2 to Pallares Decl.), 89:24-90:1; *see also* December 15, 2025 James Bramble Deposition ("12/15/25 Bramble Depo.") (attached as Exhibit 3 to Pallares Decl.), 30:21-24. |
| 14.   A Real Estate Agent is free to devote whatever amount of her time, energy, effort, and skill to her real estate business as she sees fit. | 14.   *See* Pallares Decl., Ex. 1 at GOLDEN 0031-32; *see also* Pallares Decl., Exhibit 4 at 2eXp_005638. |
| 15.   eXp Realty does not require Real Estate Agents to keep definite office hours, attend sales meetings, or adhere to sale quotas. | 15.   *See* Pallares Decl., Ex. 1 at GOLDEN 0031-32; *see also* Pallares Decl., Exhibit 4 at 2eXp_005638. |
| 16.   eXp Realty does not mandate | 16.   *See* January 6, 2025 Stacey |

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

| UNCONTROVERTED FACT | EVIDENCE |
|---|---|
| that Real Estate Agents undergo specific training or utilize specific means of communication. | Onnen Deposition ("Onnen Depo.") (attached as Exhibit 5 to Pallares Decl.), 131:3-16; *see also* May 29, 2025 Debbie Penny Deposition ("5/29/25 Penny Depo.") (attached as Exhibit 6 to Pallares Decl.), 118:17-23. |
| 17.  eXp Realty does not oversee Real Estate Agents' recruiting efforts. | 17.  *See* Mabery Depo. (Pallares Decl., Ex. 2), 123:23-124:1-6; 125:24-126:2; *see also* June 3, 2025 Jason Gesing Deposition ("6/3/25 Gesing Depo.") (attached as Exhibit 7 to Pallares Decl.), 136:3-24. |
| 18.  If a Real Estate Agent chooses to hold a recruiting event to attract potential new Real Estate Agents without eXp Realty's knowledge or financial support, it is not a Company-sponsored event. | 18.  *See* 6/3/25 Gesing Depo. (Pallares Decl., Ex. 7), 303:25-304:12. |
| 19.  In addition to engaging brokers as independent contractors, eXp Realty employs one or more brokers in each state to field agent questions, concerns and complaints, and to ensure that agents comply with law and the terms of their contracts and | 19.  Bramble Decl., ¶ 8. |

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

| UNCONTROVERTED FACT | EVIDENCE |
|---|---|
| employs regional brokers to assist and oversee the designated state brokers. | |
| 20.   World Holdings does not participate in eXp Realty's employment decisions with respect to state or regional brokers. | 20.   Bramble Decl., ¶ 8. |
| 21.   World Holdings does not supervise eXp Realty's independent contractors or employees. | 21.   Bramble Decl., ¶ 8. |
| 22.   World Holdings does not determine what training, seminars or similar events eXp Realty provides for its agents.  Nor does it pay for any such training, seminars and events. | 22.   Bramble Decl., ¶ 9. |
| 23.   World Holdings has no involvement in or control over the day-to-day operations of eXp Realty or its Real Estate Agents. | 23.   Bramble Decl., ¶ 7. |
| 24.   Golden affiliated with eXp Realty as a Real Estate Agent on January 15, 2018. | 24.   *See* June 30, 2025 David Golden Deposition ("6/30/25 Golden Depo.") (attached as Exhibit 8 to Pallares Decl.), 574:6-11; *see also* Pallares Decl., Ex. 1 at GOLDEN 0039. |
| 25.   Bjorkman affiliated with eXp Realty as a Real Estate Agent on | 25.   *See* October 13, 2025 Michael Bjorkman Deposition (attached as |

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

| UNCONTROVERTED FACT | EVIDENCE |
|---|---|
| September 4, 2018. | Exhibit 9 to Pallares Decl.), 594:1-7; *see also* Pallares Decl., Ex. 4 at 2eXp_005648. |
| 26.   eXp Realty vetted Bjorkman and Golden prior to their affiliation with the Company; this process included a background check by the state departments of real estate; and this process is the same as that used by other real estate brokerages when vetting potential real estate agents. | 26.  *See* 5/29/25 Penny Depo. (Pallares Decl., Ex. 6), 98:22-100:7, 14-24; *see also* Mabery Depo. (Pallares Decl., Ex. 2), 105:7-10; *see also* March 21, 2025 Glenn Sanford Deposition ("Sanford Depo.") (attached as Exhibit 10 to Pallares Decl.), 20:19-22; 21:3-6;  *see also* February 24, 2026 Lori Namazi Deposition ("Namazi Depo.") (attached as Exhibit 11 to Pallares Decl.), 138:10-141:22; 147:3-9. |
| 27.   A brokerage's obligation to supervise a real estate agent is triggered by a criminal conviction and/or a restriction on the real estate agents' license by his or her state department of real estate. | 27.  *See* Namazi Depo. (Pallares Decl., Ex. 11), 118:10-17, 141:11-22. |
| 28.   At the time eXp Realty onboarded Bjorkman and Golden, neither of them had any criminal convictions or restrictions associated with their real estate licenses. | 28.  *See* Namazi Depo. (Pallares Decl., Ex. 11), 77:5-19; 118:10-17. |

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

| UNCONTROVERTED FACT | EVIDENCE |
|---|---|
| 29. With respect to Golden and Bjorkman, eXp Realty vetted and onboarded Bjorkman and Golden in compliance with the custom and practice of the real estate industry. | 29. *See* Namazi Depo. (Pallares Decl., Ex. 11), 75:24-76:23; 77:5-19. |
| 30. Anya Roberts ("Roberts") affiliated with eXp Realty as a Real Estate Agent on November 8, 2018. Sanford is not a party to Roberts' ICA. | 30. *See* Pallares Decl., Exhibit 12 at 2eXp_005377, 2eXp_005387. |
| 31. Roberts' ICA incorporated eXp Realty's policies and procedures. At the time Roberts signed her ICA, the Company's policies and procedures required a Real Estate Agent who felt she had been harassed in any way to notify either her state broker or a member of eXp Realty's corporate team. | 31. *See* Pallares Decl., Exhibit 13 at 2eXp_000207. |
| 32. Roberts met Defendant David Golden ("Golden") for the first time in Puerto Vallarta, Mexico in February 2020. | 32. *See* November 14, 2025 Anya Roberts Deposition ("11/14/25 Roberts Depo.") (attached as Exhibit 14 to Pallares Decl.), 83:14-18; 107:15-17; 155:9-10; 236:10-21; *see also* December 12, 2025 Holly Madden Deposition ("Madden |

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

| UNCONTROVERTED FACT | EVIDENCE |
|---|---|
| | Depo.") (attached as Exhibit 15 to Pallares Decl.), 82:7-19, 22-23. |
| 33.   After Roberts returned home from Puerto Vallarta, she sent Golden multiple graphic text messages between February 24, 2020 and February 28, 2020 reflecting her desire to have an intimate relationship with him. | 33.   Pallares Decl., Exhibit 35. |
| 34.   Roberts met Bjorkman for the first time in March 2020. | 34.   *See* 11/14/25 Roberts Depo. (Pallares Decl., Ex 14), 83:19-22; 84:8-11; 232:20-233:9; 242:5-7; *see also* Madden Depo. (Pallares Decl., Ex. 15), 79:16-19; *see also* Bjorkman Depo. (Pallares Decl., Ex. 9), 404:6-11. |
| 35.   Roberts admits she was not motivated by career advancement when she pursued a sexual relationship with Golden. | 35.   *See* December 11, 2025 Anya Roberts Deposition ("12/11/25 Roberts Depo.") (attached as Exhibit 16 to Pallares Decl.), 183:14-184:4. |
| 36.   Roberts developed genuine feelings for Golden, and she did not make decisions about her relationship with Golden based on what she thought would advance her career. | 36.   *See* 12/11/25 Roberts Depo. (Pallares Decl., Ex. 16), 185:9-18. |
| 37.   Roberts had sex with Golden | 37.   *See* 11/14/25 Roberts Depo. |

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

| UNCONTROVERTED FACT | EVIDENCE |
|---|---|
| because she "liked" him. | (Pallares Decl., Ex . 14), 203:16-24; *see also* Madden Depo. (Pallares Decl., Ex. 15), 93:18-94:19. |
| 38.   Roberts wanted a personal relationship with Golden, and wanted to please him, because she "liked" him. | 38.   *See* November 18, 2025 Anya Roberts Deposition ("11/18/25 Roberts Depo.") (attached as Exhibit 17 to Pallares Decl.), 115:17-19; *see also* 12/11/25 Roberts Depo. (Pallares Decl., Ex. 16), 184:18-19. |
| 39.   Roberts wanted a monogamous relationship with Golden and wanted Golden to break up with his then-current girlfriend. | 39.   *See* 11/14/25 Roberts Depo. (Pallares Decl., Ex. 14), 201:11-14; 299:10-12; *see also* Madden Depo. (Pallares Decl., Ex. 15); 120:2-6. |
| 40.    Roberts assumes Bjorkman sexually assaulted her in March 2020 but has no memory of him having done so. | 40.   *See* 11/14/25 Roberts Depo. (Pallares Decl., Ex. 14),  264:5-25; 265:19-22 265:23-266:1; 267:11-13, 15-24; 268:1-5; *see also* 11/18/25 Roberts Depo. (Pallares Decl., Ex. 17), 209:10-19; *see also* 12/11/25 Roberts Depo. (Pallares Decl., Ex. 16), 28:18-29:5, 10-12, 22-25; 30:17; 32:2-16. |
| 41.   Roberts' alleged sex trafficking at the hands of Bjorkman and Golden ceased in March 2020. | 41.   *See* 11/14/25 Roberts Depo. (Pallares Decl., Ex. 14), 281:20-24; 282:19-283:7. |
| 42.   Roberts' allegations are atypical | 42.   *See* February 20, 2026 Kimberly |

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

| UNCONTROVERTED FACT | EVIDENCE |
|---|---|
| of sex trafficking, even if they are accepted as true. | Mehlman-Orozco Deposition ("Mehlman-Orozco Depo.") (attached as Exhibit 18 to Pallares Decl.), 71:15-17; 88:21-89:23; 91:10-15; 121:8-122:5; 132:19-133:15; 135:21-136:9; 138:14-24; 140:15-21; 141:12-143:19; 163:18-164:11; 180:3-181:7; 183:3-15; 184:18-25; 189:3-19; 202:24-203:19; 204:20-22; 205:9-207:9; 232:6-19; 316:17-21. |
| 43.   Roberts' interactions with Golden do not have the indicia of sex trafficking. | 43.   *See* Mehlman-Orozco Depo. (Pallares Decl., Ex. 18), 126:1-13; 159:5-20; 185:7-21; 189:3-19; 268:18-269:7. |
| 44.   The real estate events at which Roberts alleges she was sex trafficked were not organized by eXp Realty. | 44.   See April 4, 2025 Brent Gove Deposition ("4/4/25 Gove Depo.") (attached as Exhibit 19 to Pallares Decl.), 267:12-16; *see also* 11/14/25 Roberts Depo. (Pallares Decl., Ex. 14), 192:16-22; 208:6-10; 218:10-21; 219:15-17; 222:25-223:2; 236:10-21; 283:12-18; *see also* Madden Depo. (Pallares Decl., Ex. 15), 79:16-19; 80:5-11; 82:18-20; 311:1-16. |
| 45.   Roberts was a citizen of Florida in March 2020. | 45.   *See* 11/14/25 Roberts Depo. (Pallares Decl., Ex. 14), 20:20-21:17; |

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

| UNCONTROVERTED FACT | EVIDENCE |
|---|---|
| | 129:23-25. |
| 46.  On September 15, 2020, prospective Real Estate Agent Christiana Lundy posted on Facebook that she had been drugged by unnamed perpetrators at a real estate industry event in Las Vegas, Nevada approximately three weeks earlier (the "Wynn Encore Event"). | 46.  *See* Pallares Decl. Exhibit 20 at PLAINTIFFS – 000001. |
| 47.  The Wynn Encore Event was not sponsored by eXp Realty. | 47.  *See* Bjorkman Depo. (Pallares Decl., Ex. 9), 415:14-19; *see also* June 23, 2025 David Golden Deposition ("6/23/25 Golden Depo.") (attached as Exhibit 21 to Pallares Decl.), 178:14-16; *see also* October 27, 2025 David Golden Deposition ("10/27/25 Golden Depo.") (attached as Exhibit 22 to Pallares Decl.), 806:3-7. |
| 48.  On September 18, 2020, eXp Realty received a report from Megan Farrell-Nelson ("Farrell-Nelson") that Bjorkman had raped her at a real estate industry event in Las Vegas, Nevada roughly three weeks earlier. | 48.  See Pallares Decl., Exhibit 23; *see also* June 20, 2025 James Bramble Deposition ("6/20/25 Bramble Depo.") (attached as Exhibit 24 to Pallares Decl.), 120:10-16. |
| 49.  Within three hours of receiving | 49.  *See* August 20, 2025 Cory |

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

| UNCONTROVERTED FACT | EVIDENCE |
|---|---|
| Farrell-Nelson's report, eXp Realty terminated its affiliation with Bjorkman by releasing his real estate license. | Haggard Deposition ("8/20/25 Haggard Depo.") (attached as Exhibit 25 to Pallares Decl.), 12:14-20; 13:5-16; 43:21-44:3; see also 6/3/25 Gesing Depo. (Pallares Decl., Ex. 7), 267:17-22; 284:22-285:1; 363:4-6; *see also* October 3, 2025 Jim Nuth Deposition ("Nuth Depo.") (attached as Exhibit 26 to Pallares Decl.), 157:22-158:4; *see also* Pallares Decl., Exhibit 27 at eXp_KEA_000388. |
| 50.    eXp Realty continued investigating the Reporting Real Estate Agent's allegations in September and October 2020. | 50.  *See* 6/20/25 Bramble Depo. (Pallares Decl., Ex. 24), 152:6-9, 12-13; *see also* 8/20/25 Haggard Depo. (Pallares Decl., Ex. 25), 18:1-9; 140:3-12; 147:21-148:13. |
| 51.   eXp Realty's investigation did not reveal specific allegations that Golden had drugged or sexually assaulted anyone. | 51.  *See* 6/20/25 Bramble Depo. (Pallares Decl., Ex. 24), 114:19-22. |
| 52.    eXp Realty's investigation only showed Golden allegedly drank to excess, took recreational drugs himself, and had some level of knowledge of Bjorkman's alleged misconduct. | 52.  *See* 8/20/25 Haggard Depo. (Pallares Decl., Ex. 25), 140:3-12; 147:21-148:13. |

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

| UNCONTROVERTED FACT | EVIDENCE |
|---|---|
| 53.   A Real Estate Agent who has been affiliated with the Company for three years can, under certain conditions, elect to continue receiving Revenue Share bonuses even after departing the Company; a departing Real Estate Agent who is eligible to receive these continued bonuses is considered to have a "vested" status in the Revenue Share Plan. | 53.  *See* Pallares Decl., Exhibit 36 at 2eXp_000149. |
| 54.    Since 2012, eXp Realty has accelerated Real Estate Agents' "vested" status in the Revenue Share Plan when the Company involuntarily ended its affiliation with the Real Estate Agents. eXp Realty had done so at least six times between 2012 and 2021. The Company has accelerated the "vested" status in such situations primarily to assuage Real Estate Agents' concerns that eXp Realty would terminate their affiliation with the Company before their three-year anniversary in order to prevent them from vesting in the Revenue Share Plan. | 54.  *See* Sanford Depo. (Pallares Decl., Ex. 10), 93:3-94:2; 96:23-97:2; 237:21-238:4; *see also* October 31, 2025 James Bramble Deposition ("10/31/25 Bramble Depo.") (attached as Exhibit 28 to Pallares Decl.), 489:11-16. |

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

| UNCONTROVERTED FACT | EVIDENCE |
|---|---|
| 55.   The month after eXp Realty terminated its affiliation with Bjorkman, it accelerated his "vested" status in the Revenue Share Plan consistent with the Company's treatment of other involuntarily terminated Real Estate Agents. | 55.   *See* 10/31/25 Bramble Depo. (Pallares Decl., Ex. 28), 491:4-14; 492:8-16; 495:19-496:2. |
| 56.     eXp Realty and Sanford were unaware that any of the Company's Real Estate Agents—including Bjorkman and Golden—had sexually assaulted anyone prior to September 15, 2020. | 56.   *See* 6/20/25 Bramble Depo. (Pallares Decl., Ex. 24), 53:23-54:2; 79:22-80:1; *see also* 6/3/25 Gesing Depo. (Pallares Decl., Ex. 7), 167:18-168:8; 322:2-6; *see also* June 18, 2025 Dave Conord Deposition ("Conord Depo.") (attached as Exhibit 29 to Pallares Decl.), 320:10-15; *see also* 8/20/25 Haggard Depo. (Pallares Decl., Ex. 25), 52:3-7; 253:9-25; *see also* Nuth Depo. (Pallares Decl., Ex. 26), 43:22-44:12; 271:9-20; *see also* Pallares Decl., Exhibit 30 at eXp_HAG_000729; *see also* December 16, 2024 Cory Haggard Deposition ("12/16/24 Haggard Depo.") (attached as Exhibit 31 to Pallares Decl.), 182:8-17; 184:8-23; 198:10-19; 200:18-25; 28:6-16; *see* |

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

| UNCONTROVERTED FACT | EVIDENCE |
|---|---|
|  | *also* Onnen Depo. (Pallares Decl., Ex. 5), 24:19-25; 33:21-22; 147:2-7; 334:22-335:1; 337:24-338:5; *see also* Sanford Depo. (Pallares Decl., Ex. 10), 183:6-8; 255:21-23; 331:7-11. |
| 57.   World Holdings was unaware of any allegations that Bjorkman had drugged or sexually assaulted anyone prior to September 2020. | 57.   Bramble Decl., ¶ 13. |
| 58.   The Company and Sanford were not aware of allegations that Golden had drugged or sexually assaulted anyone until February 2023. | 58.   *See* 6/20/25 Bramble Depo. (Pallares Decl., Ex. 24), 229:8-19; 273:8-18; 274:8-10, 24-25; 275:1-4; *see also* 8/20/25 Haggard Depo. (Pallares Decl., Ex. 25), 143:21-144:4; 223:25-224:1-7; *see also* Sanford Depo. (Pallares Decl., Ex. 10), 183:6-8; 238:14-17; 255:21-23; 276:7-21; 277:6-10; 331:7-11. |
| 59.   World Holdings was unaware of allegations that Golden had drugged or sexually assaulted anyone prior to February 2023. | 59.   Bramble Decl., ¶ 14. |
| 60.   On February 23, 2023, eXp Realty suspended Golden's ICA, ceasing his ability to conduct business as an eXp Real Estate | 60.   *See* 8/20/25 Haggard Depo. (Pallares Decl., Ex. 25); 167:13-18; *see also* 6/20/25 Bramble Depo. (Pallares Decl., Ex. 24), 206:14-25. |

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

| UNCONTROVERTED FACT | EVIDENCE |
|---|---|
| Agent, pending an investigation of the allegations against him in a lawsuit filed the same day in the U.S. District Court for the Central District of California, styled *Acevedo, et al. v. eXp Realty, LLC, et al.*, Case No. 2:23-cv-01304-AB-AGR (the "Acevedo Lawsuit"). | |
| 61.   The Acevedo Lawsuit contained allegations Golden had drugged and/or assaulted at least one of the plaintiffs in that case, and that Golden had made videos of his or Bjorkman's sexual assaults of at least one of those plaintiffs. | 61.   *See* Acevedo Lawsuit, ECF No. 1, ¶¶ 42-43, 116, 161, 172-73, 175, 180. |
| 62.   The Company suspended Golden based on new allegations against him in the Acevedo Lawsuit. | 62.   *See* 8/20/25 Haggard Depo. (Pallares Decl., Ex. 25), 143:21-144:4; 223:25-224:1-7; *see also* 6/20/25 Bramble Depo. (Pallares Decl., Ex. 24), 229:8-19; 273:8-18; 274:8-10, 24-25; 275:1-4; *see also* Sanford Depo. (Pallares Decl., Ex. 10), 238:14-17; 239:6-10; 276:7-21. |
| 63.   eXp Realty and Sanford were not aware of Roberts' allegations against Bjorkman and Golden until | 63.   *See* 11/14/25 Roberts Depo. (Pallares Decl., Ex. 14), 280:19-22-281:11; *see also* 11/18/25 Roberts |

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

| UNCONTROVERTED FACT | EVIDENCE |
|---|---|
| she filed this lawsuit in December 2023. | Depo. (Pallares Decl., Ex. 17), 50:14-51:13; *see also* Declaration of Christian Bear, ¶¶ 3-6. |
| 64.    eXp Realty is not in the recruiting or "agent attraction" business; the Company is in the real estate brokerage business, and it only generates revenue through the closing of real estate transactions. | 64.  *See* Onnen Depo. (Pallares Decl., Ex. 5), 27:2-10, 16-21; 83:10-25; *see also* Conord Depo. (Pallares Decl.. Ex. 30), 32:11-18; *see also* 4/4/25 Gove Depo. (Pallares Decl., Ex. 19), 83:15-19; 84:10-85:15; *see also* June 13, 2025 Brent Gove Deposition ("6/13/25 Gove Depo.") (attached as Exhibit 32 to Pallares Decl.), 99:7-10. |
| 65.    eXp Realty's Revenue Share Plan is worth nothing without the sale of real estate. | 65.     *See* 6/3/25 Gesing Depo. (Pallares Decl., Ex. 7), 31:17-18; 54:5-9; 106:17-25; 344:22-25; 345:9-13; s*ee also* 6/13/25 Gove Depo. (Pallares Decl., Ex. 32), 100:8-12; 101:11-19; *see also* Conord Depo. (Pallares Decl., Ex. 29), 33:8-10; *see also* 12/15/25 Bramble Depo. (Pallares Decl., Ex. 3), 38:14-39:12; 41:16-22; 42:4-6, 19-23; 91:11-13 *see also* Sanford Depo. (Pallares Decl., Ex. 10), 80:9-12; 333:10-25. |
| 66.   eXp's Revenue Share Plan is funded solely through real estate | 66.  *See* Onnen Depo. (Pallares Decl., Ex. 5), 28:6-10; *see also* 12/15/25 |

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

| UNCONTROVERTED FACT | EVIDENCE |
|---|---|
| transactions, not by any of the fees eXp Realty collects from Real Estate Agents affiliated with the Company. | Bramble Depo. (Pallares Decl., Ex. 3), 33:25-34:3, 5-8, 18-20; 35:19-24; 229:13-19; *see also* Sanford Depo. (Pallares Decl., Ex. 10), 76:13-76:7. |
| 67.   Payments made to Real Estate Agents under the Revenue Share Plan are based on revenue generated by real estate transactions, not the number of people participating in the Revenue Share Plan. | 67.   *See* February 18, 2026 Deborah Heisz Deposition ("Heisz Depo.") (attached as Exhibit 33 to Pallares Decl.), 38:4-23; *see also* February 23, 2026 Deposition of Branko Jovanovic ("Jovanovic Depo.") (attached as Exhibit 34 to Pallares Decl.), 61:11-19. |
| 68.    eXp Realty's Revenue Share Plan provides Real Estate Agents affiliated with the Company with an opportunity to receive a bonus. | 68.   *See* 12/15/25 Bramble Depo. (Pallares Decl., Ex. 3), 37:24-38:13. |
| 69.   Real Estate Agents do not receive payments under the Revenue Share Plan based on the number of other Real Estate Agents they attract to eXp Realty but, rather, they receive payments reflecting the economic contributions the Real Estate Agents are making to eXp Realty. | 69.   *See* Jovanovic Depo. (Pallares Decl., Ex. 34), 97:13-22. |
| 70.   Roughly 90% of Real Estate | 70.   *See* 12/15/25 Bramble Depo. |

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

| UNCONTROVERTED FACT | EVIDENCE |
|---|---|
| Agents affiliated with eXp Realty at any given time do not receive any payments under the Company's Revenue Share Plan. | (Pallares Decl., Ex. 3), 72:6-13; 73:12-17; 74:3-10; 76:1-9. |
| 71.  eXp Realty's Revenue Share Plan is an element of compensation for Real Estate Agents rather than a separate business model for eXp Realty. | 71.  *See* Heisz Depo. (attached as Exhibit 33 to Pallares Decl.), 12:8-20. |
| 72.  World Holdings is not involved in the day-to-day operations of the Revenue Share Plan, nor does World Holdings have any economic interest in the Revenue Share Plan. | 72.  Bramble Decl., ¶ 10. |
| 73.  World Holdings does not distribute Revenue Share Plan payments to Real Estate Agents or determine how those payments are made. | 73.  Bramble Decl., ¶ 10. |
| 74.  To ensure that agents remain focused on growing eXp Realty's business by recruiting *new* agents rather than trying to "poach" other agents' downstream agents, eXp Realty has at all times had and enforced a written policy prohibiting | 74.  Bramble Decl., ¶ 11. |

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

| UNCONTROVERTED FACT | EVIDENCE |
|---|---|
| changes in designated sponsors. | |
| 75.   Prior to February 2020, when Roberts alleges that she and Golden discussed whether she and her partner would ask eXp Realty management for permission to change their sponsors from Chris Bear to Golden, no eXp Realty agent had changed his or her designated sponsor to Golden or Bjorkman. | 75.   Bramble Decl., ¶ 11. |
| 76.   Roberts cannot identify any way in which Sanford caused her any injury. | 76.   See 11/18/25 Roberts Depo. (Pallares Decl., Ex. 17), 48:10-21; 49:15-50:7. |
| 77.   The revenue Roberts generated for eXp Realty from 2018 through 2023 accounts for only 0.0046% of the gross profit eXp World Holdings, Inc. reported during the same time period. By almost any definition of materiality, this amount would be considered immaterial. | 77.   See Declaration of Gary D. Olsen ("Olsen Decl."), ¶ 7. |
| 78.   Sanford's compensation is not correlated to eXp Realty's revenue. | 78.   Olsen Decl., ¶ 11. |
| 79.   Roberts never changed her sponsor after joining eXp Realty. | 79.   See 12/11/25 Roberts Depo. (Pallares Decl., Ex. 16), 155:7-12. |
| 80.   World Holdings has not | 80.   Bramble Decl., ¶ 12. |

Case No. 2:23-CV-10492-AB-AGR
eXp'S AND SANFORD'S STATEMENT OF UNCONTROVERTED FACTS

| UNCONTROVERTED FACT | EVIDENCE |
|---|---|
| authorized eXp Realty to act as its agent with respect to any business or other activities. | |
| 81.  World Holdings has not authorized eXp Realty to hold itself out to Real Estate Agents, the Company's employees, or the public as having the authority to act on World Holdings' behalf with respect to any business or other activities. | 81.  Bramble Decl., ¶ 12. |
| 82.  To World Holdings' knowledge, eXp Realty does not hold itself out to Real Estate Agents, the Company's employees, or the public as having authority to act on behalf of World Holdings with respect to any business or other activities. | 82.  Bramble Decl., ¶ 12. |
| 83.  Roberts did not suffer any harm as a result of her interactions with Bjorkman, Golden, or Keenan. | 83.  Declaration of Marc A. Cohen, M.D., M.S., ¶¶ 17-19, 22, 25, 27-28. |
| 84.  Roberts never reported Bjorkman or Golden's alleged misconduct to her state broker or a member of eXp Realty's corporate team. | 84.  See 11/14/25 Roberts Depo. (Pallares Decl., Ex. 52), 188:14-16; 280:19-21; 280:22-281:7; see also Declaration of Christian Bear, ¶¶ 3-6. |

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1

2 DATED: March 13, 2026

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Respectfully submitted,

LEWIS BRISBOIS BISGAARD & SMITH LLP

By: _____/s/ William E. Pallares_____
WILLIAM E. PALLARES
Attorneys for Defendants, eXp REALTY,
LLC, eXp WORLD HOLDINGS, INC.,
and GLENN SANFORD

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1

## <u>CERTIFICATE OF SERVICE</u>

  I hereby certify that on this 13th day of March, 2026, I electronically filed the foregoing STATEMENT OF UNCONTROVERTED FACTS IN SUPPORT OF MOTIONS FOR SUMMARY JUDGMENT with the Clerk of the Court using the CM/ECF system.

                /s/ *Shauna Imanaka*

                 Shauna Imanaka

Case No. 2:23-CV-10492-AB-AGR
eXp'S AND SANFORD'S STATEMENT OF UNCONTROVERTED FACTS

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW