Ivy A. Wang (SBN CA 224899)
Daniel J. Wadley (*Admitted Pro Hac Vice*)
GREENBERG TRAURIG, LLP
1840 Century Park East, Suite 1900
Los Angeles, California 90067-2121
Telephone: 310.586.7700
Facsimile: 310.586.7800
Ivy.Wang@gtlaw.com
Wadleyd@gtlaw.com

William E. Pallares (SBN CA 187740)
Mack Reed (*Pro Hac Vice* forthcoming)
LEWIS BRISBOIS BISGAARD & SMITH LLP
633 West 5th Street, Suite 4000
Los Angeles, CA 90071
Telephone: 213.250.1800
Facsimile: 213.250.7900
William.Pallares@lewisbrisbois.com
Mack.Reed@lewisbrisbois.com

Attorneys for Defendants eXp Realty, LLC; eXp
World Holdings, Inc.; and Glenn Sanford

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANYA ROBERTS,<br><br>        Plaintiff,<br>v.<br><br>EXP REALTY, LLC; EXP WORLD HOLDINGS, INC.; MICHAEL L. BJORKMAN; DAVID S. GOLDEN; BRENT GOVE; EMILY KEENAN; GLENN SANFORD; MICHAEL SHERRARD; and DOES 1–10,<br><br>        Defendants. | CASE NO.  2:23-cv-10492-AB-AGR<br><br>[Hon. André Birotte Jr., Ctrm 7B]<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFF'S EX PARTE APPLICATIONS FOR LEAVE TO FILE DOCUMENTS UNDER SEAL** |

**Opposition to Plaintiff's Ex Parte Applications for Leave to File Under Seal**

## I.      Introduction

Defendants eXp Realty, LLC, eXp World Holdings, Inc., and Glenn Sanford (collectively, the "eXp Defendants") submit this opposition to Plaintiff Anya Roberts' ("Plaintiff") 1) Ex Parte Application for Leave to File Under Seal Plaintiff's Opposition to the eXp Defendants' Motion in Limine to Exclude Testimony of Lawrence Jacobson and accompanying exhibits, and 2) Ex Parte Application for Leave to File Under Seal Plaintiff's Opposition to Michael Bjorkman's Motion to Sever and accompanying exhibits (the "Sealing Applications" [Dkts. 213, 216, respectively]), on the grounds that both are procedurally and substantively deficient.  Plaintiff's Sealing Applications seek to seal certain portions of the following documents:

1) Plaintiff's Opposition to eXp Realty, LLC, eXp World Holdings, Inc., and Glenn Sanford's Motion in Limine to Exclude Expert Testimony of Lawrence Jacobson ("Opposition to Motion in Limine") (Dkt. No. 212);

2) Exhibits B-D and Exhibit I to the Declaration of Jennifer A. Lenze in Support of Plaintiff's Opposition to Defendant's Motion in Limine (Dkt. No. 214);
   - Exhibit B (Debbie Penny Depo., Vol. I, 5.29.2025)
   - Exhibit C (Debbie Penny Depo., Vol. II, 7.29.2025)
   - Exhibit D (Exhibit 29 to Debbie Penny Depo., Vol. II, 7.29.2025)
   - Exhibit I (Lori Namazi Depo., 2.24.2026)

3) Plaintiff's Opposition to Defendant Michael L. Bjorkman's Motion to Sever ("Opposition to Motion to Sever") (Dkt. No. 215);

4) Exhibits C-F, Exhibits H-L, Exhibits N-P and Exhibit T to the Declaration of Jennifer A. Lenze in Support of Plaintiff's Opposition to Defendant's Motion to Sever. (Dkts. 213, 216, and 217.)
   - Exhibit C (Holly Madden Depo, Vol. I, 12.12.2025)
   - Exhibit D (Anya Roberts Depo Vol. I, 12.14.2025)
   - Exhibit E (Fabiola Acevedo Depo. Vol. I, 4.9.2025)

- Exhibit F (Dr. Raghavan's Expert Declaration)
- Exhibit H (Megan Farrell-Nelson's Depo., Vol. II, 5.20.2025)
- Exhibit I (Tamar House's Depo, 11.13.2025)
- Exhibit J (Christy Lundy's Depo, Vol. II, 5.16.2025)
- Exhibit K (Ali Romero's Depo, 10.24.2025)
- Exhibit L (Tami Sims' Depo, Vol. I, 3.4.2025)
- Exhibit N (Lecresha Brittiny Howard's Depo, 11.2.2025)
- Exhibit O (Noelle Nielsen's Depo, 11.21.2024)
- Exhibit P (Megan Farrell-Nelson's Depo, Vol. I, 10.21.2025)
- Exhibit T (Michael Bjorkman's Depo, Vol. II, 10.13.2025)

## II.   Plaintiff Failed to Comply with Any Requirement of Local Rule 79.5.2.2(a).

As a preliminary matter, Plaintiff completely ignores the requirements of Local Rule 79-5.2.2(a).   First, Plaintiff did not file a declaration establishing "good cause or demonstrating compelling reasons why the strong presumption of public access in civil cases should be overcome, with citations to the applicable legal standard."   Instead, Plaintiff's declarations submitted in support of her Sealing Applications make no mention of good cause or compelling reasons, and contain no citations to the applicable legal standard.  L.R. 79.5.2.2(a)(i)(1).   Second, Plaintiff did not inform the Court whether any party intended to oppose the Applications, nor could she because Plaintiff failed to inform the eXp Defendants of her intentions prior to filing her Sealing Applications.   L.R. 79.5.2.2(a)(i)(2).   Third, Plaintiff failed to provide a proposed order "narrowly tailored to seal only the sealable material, and listing in table form each document or portion thereof to be filed under seal."   L.R. 79-5.2.2(a)(ii).   Instead, the proposed orders accompanying the Sealing Applications broadly propose granting the Sealing Applications.   Fourth, Plaintiff failed to label the redacted version of any document "REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL," or any unredacted version "UNREDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL." L.R. 79-5.2.2(a)(iii) & (iv).   Fifth, Plaintiff failed to timely serve unredacted

versions of the Sealing Applications, oppositions, declarations, and exhibits. L.R. 79-5.3. Plaintiff did not serve any of the above until eXp Defendant's requested the Plaintiff do so. Plaintiff's failure to comply with any of Local Rule 79-5.2.2(a) is grounds to deny Plaintiff's Sealing Applications.

## III.    Plaintiff Failed to Demonstrate Good Cause.

An application to seal must establish "good cause" or "demonstrate[] compelling reasons why the strong presumption of public access in civil cases should be overcome, with citations to applicable legal authority." L.R. 79-5.2.2(a)(i)(1). The Court further provides "that the information may have been designated confidential pursuant to a protective order is not sufficient justification for filing under seal." L.R. 79-5.2.2(a)(i)(2).

"Unless a particular court record is one 'traditionally kept secret,' a 'strong presumption favor of access' is the starting point." *Kamakana v. City & Cty. Of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006).

> The Ninth Circuit has designated only a few categories of documents that courts 'traditionally ke[ep] secret': (1) grand jury transcripts; (2) the closed portions of contempt proceedings containing discussion of matters occurring before the grand jury; (3) filings and transcripts relating to motions to quash grand jury subpoenas; (4) motions to hold a grand jury witness in contempt; (5) warrant materials during the pre-indictment phase of an investigation; and (6) attorney-client privileged materials.

*Sywula v. Teleport Mobility, Inc.*, 652 F. Supp. 3d 1195, 1211 (S.D. Cal. 2023). Plaintiff is required to demonstrate specific prejudice or harm that would occur if the information were disclosed to the public. *See Phillips ex rel. Ests. of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002). "Broad allegations of harm, unsubstantiated by specific examples of articulated reasoning" are insufficient. *Sywula.*, 652 F. Supp. 3d at 1212 (internal quotation marks and citations omitted).

Here, Plaintiff's Sealing Applications fail to make any effort to even demonstrate broad allegations of harm. Instead, Plaintiff simply asserts that 1) "[g]ood cause exists under Fed. R. Civ. P. 26(c) and Rule 412," without further explanation, (Sealing

Applications, p. 2); and/or 2) that certain testimony "remains confidential pursuant to the Protective Order." (Motion to Sever Sealing Application, p. 2.) Neither Federal Rule of Civil Procedure 26(c) nor Federal Rule of Evidence 412 applies or establishes good cause or compelling reasons, particularly in the absence of any supporting legal argument.

Plaintiff fails to explain her reliance on Fed. R. Civ. P. 26(c) and it is impossible to ascertain what Plaintiff is attempting to assert from her citation to the rule. Fed. R. Civ. P. 26(c) sets forth the procedure by which a party "from whom discovery is sought" may move for a protective order, as well as the forms of relief the court may grant. Neither the underlying motions that Plaintiff seeks to seal, nor the Sealing Applications involve discovery or seek a protective order from discovery. Comparably, in the context of a motion to seal, courts have substituted "the party seeking discovery's interest in production with the *public's* interest in accessing the underlying, potentially dispositive materials in order to comprehend the facts that ultimately inform the court's decision." *Sywula*, 652 F. Supp. 3d at 1212. Even setting aside how Fed. R. Civ. P. 26(c) may apply to motions to seal, Plaintiff's Sealing Applications are devoid of any specific examples demonstrating why her interest in preserving the secrecy of the documents subject to the Sealing Applications outweighs the public's interest in access.

Plaintiff's reliance on Fed. R. Evid. 412 is even more opaque, without any further explanation from Plaintiff. Rule 412 is an evidentiary rule that states, in relevant part, "[t]he following evidence is not admissible in a civil or criminal proceeding involving alleged sexual misconduct: (1) evidence offered to prove that a victim engaged in other sexual behavior; or (2) evidence offered to prove a victim's sexual predisposition." Fed. R. Evid. R. 412(a). Fed. R. Evid. 412 relates to the *admissibility* of evidence in sex-offense cases, which is a wholly distinct issue. Moreover, Plaintiff is offering the evidence here.

Finally, Plaintiff's assertion that certain testimony "remains confidential pursuant to the Protective Order," is false. (Motion to Sever Sealing Application, p. 2.) The following deposition transcripts were not designated confidential in whole, or in part, and Plaintiff's assertion that they are designated confidential is misleading.

DEFENDANTS' OPPOSITION TO PLAINTIFF'S EX PARTE APPLICATION

1) Exhibits B-D and Exhibit I to the Declaration of Jennifer A. Lenze in Support of Plaintiff's Opposition to Defendant's Motion in Limine (Dkt. No. 214)

| Exhibit/Deposition Transcript | Designation |
|---|---|
| Exhibit B (Debbie Penny Depo., Vol. I, 5.29.2025) | No Confidential Designation |
| Exhibit C (Debbie Penny Depo., Vol. II, 7.29.2025) | No Confidential Designation |
| Exhibit D (Exhibit 29 to Debbie Penny Depo., Vol. II, 7.29.2025) | Partial Confidential Designation as follows: 2eXp_004266 – 2eXp_004274, 2eXp_004322 – 2eXp_004333, 2eXp_004336 – 2eXp_004337, 2eXp_004341 – 2eXp_004342, 2eXp_004344 – 2eXp_004355 |
| Exhibit I (Lori Namazi Depo., 2.24.2026) | Not Designated Confidential |

2) Exhibits C-F, Exhibits H-L, Exhibits N-P and Exhibit T to the Declaration of Jennifer A. Lenze in Support of Plaintiff's Opposition to Defendant's Motion to Sever. (Dkts. 213, 216, and 217.)

| Exhibit/Deposition Transcript | Designation |
|---|---|
| Exhibit C (Holly Madden Depo, Vol. I, 12.12.2025) | Not Designated Confidential |
| Exhibit D (Anya Roberts Depo Vol. I, 12.14.2025) | Not Designated Confidential |
| Exhibit E (Fabiola Acevedo Depo. Vol. I, 4.9.2025) | Not Designated Confidential |
| Exhibit H (Megan Farrell-Nelson's Depo., Vol. II, 5.20.2025) | Not Designated Confidential |
| Exhibit I (Tamar House's Depo, 11.13.2025) | No Confidential Designation |

DEFENDANTS' OPPOSITION TO PLAINTIFF'S EX PARTE APPLICATION

| | |
|---|---|
| Exhibit J (Christy Lundy's Depo, Vol. II, 5.16.2025) | No Confidential Designation |
| Exhibit K (Ali Romero's Depo, 10.24.2025) | No Confidential Designation |
| Exhibit L (Tami Sims' Depo, Vol. I, 3.4.2025) | No Confidential Designation |
| Exhibit N (Lecresha Brittiny Howard's Depo, 11.2.2025) | No Confidential Designation |
| Exhibit O (Noelle Nielsen's Depo, 11.21.2024) | No Confidential Designation |
| Exhibit P (Megan Farrell-Nelson's Depo, Vol. I, 10.21.2025) | No Confidential Designation |
| Exhibit T (Michael Bjorkman's Depo, Vol. II, 10.13.2025) | No Confidential Designation |

## IV.   Conclusion

eXp Defendants respectfully request that this Court deny Plaintiff's Sealing Applications for her failure to comply with the Local Rules and/or demonstrate good cause or compelling reasons.

DATED:  April 13, 2026                GREENBERG TRAURIG, LLP


                                     By /s/ Ivy A. Wang
                                     Ivy. A. Wang
                                     Daniel J. Wadley
                                     Attorneys for Defendants
                                     eXp Realty, LLC; eXp World Holdings, Inc.;
                                     and Glenn Sanford