WILLIAM E. PALLARES, SB# 187740
   Email: William.Pallares@lewisbrisbois.com
MACK H. REED, (*Pro Hac Vice* Pending)
   E-Mail: Mack.Reed@lewisbrisbois.com
**LEWIS BRISBOIS BISGAARD & SMITH LLP**
633 West 5th Street, Suite 4000
Los Angeles, California 90071
Telephone: 213.250.1800
Facsimile: 213.250.7900

IVY A. WANG, SB# 224899
   Email: Ivy.Wang@gtlaw.com
**GREENBERG TRAURIG, LLP**
1840 Century Park East, Suite 1900
Los Angeles, California 90067-2121
Telephone: 310.586.7700
Facsimile: 310.586.7800

DANIEL J. WADLEY, (*Admitted Pro Hac Vice*)
   Email: wadleyd@gtlaw.com
**GREENBERG TRAURIG, LLP**
222 South Main Street, Suite 1730
Salt Lake City, Utah 84101
Telephone: 801.478.6900
Facsimile: 801.994.9041

Attorneys for Defendants,
eXp REALTY, LLC, eXp WORLD
HOLDINGS, INC., and GLENN SANFORD

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| ANYA ROBERTS,<br><br>Plaintiff,<br><br>vs.<br><br>eXp REALTY, LLC, eXp WORLD HOLDINGS, INC., MICHAEL L. BJORKMAN, DAVID S. GOLDEN, BRENT GOVE, EMILY KEENAN, GLENN SANFORD, MICHAEL SHERRARD, and DOES 1-10,<br><br>Defendants. | Case No. 2:23-CV-10492-AB-AGR<br><br>**DEFENDANTS eXp REALTY, LLC, eXp WORLD HOLDINGS, INC., AND GLENN SANFORD'S EVIDENTIARY OBJECTIONS TO PLAINTIFF'S EVIDENCE IN SUPPORT OF PLAINTIFF'S OPPOSITION TO MOTION FOR SUMMARY JUDGMENT**<br><br>Trial Date:   August 31, 2026 |

175949537.1

1

Case No. 2:23-CV-10492-AB-AGR

eXp'S AND GLENN SANFORD'S EVIDENTIARY OBJECTIONS

Defendants eXp REALTY, LLC, eXp WORLD HOLDINGS, INC., AND GLENN SANFORD (collectively "eXp Defendants") submit the following objections to the evidence proffered by Plaintiff in opposition to the eXp Defendants' Motions for Summary Judgment.

The eXp Defendants request this Court to sustain the objections as follows:

**<u>OBJECTIONS TO EXPERT REPORT OF DR. CHITRA RAGHAVAN</u>**

**Material Objected To**:

The expert report in its entirety.

**Objections**:

Dr. Raghavan's report is unsworn, or unverified, and is inadmissible evidence which cannot be relied upon in support of Plaintiff's opposition to summary judgment. *See,* Fed. R. Evid. 702; Fed. R. Civ. P. 56; *In re Live Concert Antitrust Litigation,* 863 F.Supp.2d 966, 997 (C.D. Cal. 2012) (citing *Claar v. Burtlington N. R.R.,* 29 F.3d 499 (9th Cir. 1994)). Further, "it is well established that unsworn expert reports are inadmissible and cannot be used to create a triable issue of fact for purposes of summary judgment." *See, e.g., Liebling v. Novartis Pharmaceuticals Corporation,* Case No. CV 11-10263 MMM (MRWx), 2014 WL 12576619, at *1 (C.D. Cal. Mar. 24, 2014) (collecting cases). "The court performs the same role at the summary judgment phase as at trial; an expert's report is not a talisman against summary judgment." *Raskin v. Wyatt Co.,* 125 F.3d 55, 66-67 (2d Cir. 1997) (explaining the admissibility requirements of Rule 702 apply to a motion for summary judgment) (citing (*Viterbo v. Dow Chem. Co.,* 826 F.2d 420, 422 (5th Cir.1987)).

/ / /

/ / /

/ / /


LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

**OBJECTIONS TO EXPERT REPORT OF DR. WILLIAM KEEP[1]**

**Material Objected To**:

The expert report in its entirety.

**Objections:**

The eXp Defendants incorporate their objections to the expert report of Dr. Chitra Raghavan here.

Furtner, Plaintiff's citation to this evidence is nonspecific, incomplete, and illegible. Specifically, Plaintiff cites to "Keep at 3" in her SGD ¶ 60. It is unclear what evidence this is referring to. Plaintiff previously cited to Dr. Keep's deposition, and a rebuttal report Dr. Keep authored (identified as Plaintiff's Exhibit AA to the Lenze Declaration). (*See,* ECF No. 230-28, ¶ 28.)[2] However, the ECF No. 230-28 is not  paginated, and Plaintiff's citation does not include a title or any type of identifying description. (*Id.*). Accordingly, the Moving Parties are left to speculate which evidence this citation may refer to. Plaintiff has violated L.R. 56-2 by failing to provide a pinpoint citation which she alleges supports the fact asserted in ¶ 60. L.R. 56-4 states that in determining a motion for summary judgment, the court "is not obligated to look any further in the record for supporting evidence other than what is actually and specifically referenced" in the SUF and SGD. The fact(s) which Plaintiff attempts to assert in ¶ 60 do not have a proper foundation or support from the record and, therefore, should be excluded from the court's consideration of Plaintiff's opposition.

---

[1] The eXp Defendants are making this objection out of an abundance of caution, as it is unclear from the citation to SGD ¶ 60, which states "Keep at 3", whether Plaintiff is citing to Dr. Keep's expert report.

[2] The Lenze Declaration identifies Exhibit AA as the true and correct copy of Dr. Keep's rebuttal report; however, the docket labels this filing as Exhibit BB.  For purposes of clarity, we shall refer to the rebuttal repot by its ECF designation.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

Respectfully submitted,

DATED:  May 1, 2026          LEWIS BRISBOIS BISGAARD & SMITH LLP

By:      /s/ William E. Pallares
         WILLIAM E. PALLARES
         Attorneys for Defendants, eXp REALTY, LLC, eXp WORLD  HOLDINGS, INC., and GLENN SANFORD

## CERTIFICATE OF SERVICE

I hereby certify that on this 1st day of May, 2026, I electronically filed the foregoing DEFENDANTS eXp REALTY, LLC, eXp WORLD HOLDINGS, INC., AND GLENN SANFORD'S EVIDENTIARY OBJECTIONS TO PLAINTIFF'S EVIDENCE IN SUPPORT OF PLAINTIFF'S OPPOSITION TO MOTION FOR SUMMARY JUDGMENT with the Clerk of the Court using the CM/ECF system.

/s/ *Debbie Wilhelm*
Debbie Wilhelm

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW