Jennifer A. Lenze, Esq., CA Bar No. 246858
**LENZE LAWYERS, PLC**
999 Corporate Drive, Suite 100
Ladera Ranch, CA 91765
T: (310) 322-8800
F: (310) 322-8811
jlenze@lenzelawyers.com

Brooke Cohen, Esq., TX Bar No. 24007019 PHV admitted
Andrea Hirsch, Esq. GA Bar No. 666557 PHV admitted
**COHEN HIRSCH, LP**
5256 Peachtree Road, Suite 195-E
Atlanta, GA 30341
T: (678) 268-4683
brooke@cohenhirsch.com
andrea@cohenhirsch.com
*Attorneys for PLAINTIFF*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANYA ROBERTS, | **CASE NO. 2:23-cv-10492-AB-CTS** |
| Plaintiff, | PLAINTIFF'S NOTICE OF MOTION AND MOTION IN LIMINE NO. 2 TO ADMIT EVIDENCE OF DEFENDANT GOLDEN'S OTHER SEXUAL ASSAULT AND ATTEMPTED SEXUAL ASSAULT. |
| v. | |
| EXP REALTY, LLC, EXP WORLD HOLDINGS, INC., MICHAEL L. BJORKMAN; DAVID S. GOLDEN; BRENT GOVE, GLENN SANFORD, and DOES 1-10, | **TRIAL DATE:** August 31, 2026 **PTC:** August 14, 2026 **TIME:** 11:00 a.m. **Ctrm:** 7B **Judge:** Honorable André Birotte, Jr. |
| Defendants. | |

i

TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that at the Final Pretrial Conference on August 14, 2026, or as soon thereafter as the matter may be heard, Plaintiff Anya Roberts will move in limine to admit evidence that Defendant David Golden committed another sexual assault against Megan Farrell-Nelson and attempted another sexual assault against Noelle Nielsen.

The evidence is admissible under Federal Rule of Evidence 415 because this civil action involves claims based on Defendant Golden's alleged sexual assaults, and the proffered incidents constitute a sexual assault and an attempted sexual assault as defined by Rule 413(d).

Rule 413(d)(1) incorporates conduct prohibited by Chapter 109A of Title 18. Section 2244(a) reaches a defendant who knowingly "engages in or causes sexual contact with or by another person." 18 U.S.C. § 2244(a). Defendant Golden therefore need not personally perform every act of sexual touching. A jury may find qualifying conduct if Defendant Golden knowingly administered incapacitating drugs and thereby caused sexual contact with or by Farrell-Nelson.

Nor must the sexual assault be completed. Rule 413(d)(5) expressly defines sexual assault to include "an attempt or conspiracy to engage in conduct described in subparagraphs (1)-(4)." Fed. R. Evid. 413(d)(5). Thus, Defendant Golden's

PLAINTIFF'S NOTICE OF MOTION AND MOTION IN LIMINE NO. 2 TO ADMIT EVIDENCE OF DEFENDANT GOLDEN'S OTHER SEXUAL ASSAULT AND ATTEMPTED SEXUAL ASSAULT.

alleged participation in drugging Nielsen and subsequent effort to enter her locked bedroom may qualify even though Nielsen prevented completion.

Plaintiff has satisfied Rule 415(b). The witnesses and substance of their testimony were disclosed during discovery, Defendant Golden received the relevant deposition testimony and materials, and this Motion provides additional notice more than fifteen days before trial.

This Motion is based on this Notice, the following Memorandum of Points and Authorities, the concurrently filed declaration and exhibits, all pleadings and papers on file, and any argument the Court may entertain.

Pursuant to Local Rule 7-3, counsel met and conferred regarding this Motion on July 6 and July 17, 2026.

iii

PLAINTIFF'S NOTICE OF MOTION AND MOTION IN LIMINE NO. 2 TO ADMIT EVIDENCE OF
DEFENDANT GOLDEN'S OTHER SEXUAL ASSAULT AND ATTEMPTED SEXUAL ASSAULT.

## I.    INTRODUCTION

Plaintiff Roberts's claims against Defendant Golden arise from three incidents—Puerto Vallarta, Las Vegas, and Flagler—involving alleged drugging, profound impairment or missing memory, and sexual conduct.

Megan Farrell-Nelson ("Farrell-Nelson") and Noelle Nielsen ("Nielsen") describe materially similar conduct by Defendant Golden. Defendant Golden admits that he brought GHB and MDMA to a Las Vegas hotel suite, personally administered both substances to Farrell-Nelson, knew GHB could impair memory, observed that the drugs affected her, and watched sexual activity occur. Farrell-Nelson remembers only fragmentary flashes and does not remember the sexual acts described by the other participants. The Nielsen evidence includes Defendant Golden's contemporaneous statement, "We slipped Noelle a roofie," a 5-Hour Energy bottle placed on Nielsen's bed, and Defendant Golden and Bjorkman's effort to enter the bedroom Nielsen had locked because she was afraid.

Defendant Golden may argue that he did not personally perform every sexual act involving Farrell-Nelson and that the Nielsen incident was never completed. Neither argument is legally valid. Section 2244(a) expressly reaches a person who causes sexual contact with or by another person, and Rule 413(d)(5) expressly includes attempted sexual assaults.

1

A reasonable jury could find by a preponderance that Defendant Golden committed a qualifying sexual assault against Farrell-Nelson and attempted one against Nielsen. The evidence is highly probative and should be admitted.

## II.    PROFERRED EVIDENCE

### A. Plaintiff Roberts's Claims Arise from Alleged Sexual Assaults

This action involves claims based on Defendant Golden's alleged sexual assaults against Plaintiff Roberts in Puerto Vallarta, Las Vegas, and Flagler.

Plaintiff Roberts alleges that Defendant Golden used GHB or another intoxicating substance and that sexual conduct occurred while she was profoundly impaired or experiencing missing memory. Defendant Golden testified that he and Plaintiff Roberts had used GHB together in Las Vegas. Lenze Dec., Exhibit C (Golden Dep. Vol. III 785:5–786:1). He also admitted arranging for four (4) ounces of GHB to be shipped to the Hard Rock Hotel in Daytona Beach, giving Roberts GHB after it arrived, and having sex with her there. *Id*. 783:19–21, 784:18–24, 786:9–12, 788:7–18; Lenze Dec., Exhibit D (Golden Dep. Vol. IV 1085:2–21).

### B. Megan Farrell-Nelson

In August 2020, Farrell-Nelson attended a real-estate event in Las Vegas. Defendants Golden and Bjorkman occupied adjoining hotel suites where social gatherings occurred.

PLAINTIFF'S NOTICE OF MOTION AND MOTION IN LIMINE NO. 2 TO ADMIT EVIDENCE OF DEFENDANT GOLDEN'S OTHER SEXUAL ASSAULT AND ATTEMPTED SEXUAL ASSAULT.

Defendant Golden admits that he brought GHB in a 5-Hour Energy bottle and also brought MDMA or Ecstasy. Lenze Dec., Exhibit A (Golden Dep. Vol. I 52:6–17, 56:20–58:17). He personally gave Farrell-Nelson both substances, including GHB poured into the bottle's cap. Id. 49:3–50:15, 52:6–17. Defendant Golden was familiar with GHB. He had used it for years, used it regularly around the time of the incident, knew it could impair memory, and had personally experienced missing memory after consuming it. *Id*. 59:2–6, 60:5–23, 61:1–18.

Defendant Golden observed the effects of the GHB and MDMA on Farrell-Nelson. According to Golden, after she consumed GHB and MDMA, she removed her clothing and entered the bathtub. *Id*. 72:23–74:24. Golden then watched her perform oral sex on Emily Keenan in the shower. *Id*. 43:6–44:19. He acknowledged that Farrell-Nelson was affected by the drugs he supplied. Id. 79:22–80:8. He also admitted that he may have grabbed her breast. *Id*. 41:18–42:12.

Additional sexual activity involving Farrell-Nelson followed. Farrell-Nelson testified that she had very limited memory and did not know what happened to her body during the Friday-night sexual activity described by the other participants. Lenze Dec., Exhibit E (Farrell-Nelson Dep. Vol. II 420:21–421:10). When Alexandra Tunks ("Tunks"), who was present, told Farrell-Nelson that she had performed oral sex on Defendant Bjorkman, Farrell-Nelson testified that she had

PLAINTIFF'S NOTICE OF MOTION AND MOTION IN LIMINE NO. 2 TO ADMIT EVIDENCE OF DEFENDANT GOLDEN'S OTHER SEXUAL ASSAULT AND ATTEMPTED SEXUAL ASSAULT.

"absolutely no recollection of that whatsoever." *Id*. 408:14–409:5. Farrell-Nelson further testified that, as she learned additional information, she understood that the conduct was not consensual. *Id*. 418:16–419:9; see also Lenze Dec., Exhibit F (Tunks Dep. 220:21–222:6). Plaintiff offers this evidence as evidence that Defendant Golden committed another sexual assault within the meaning of Rule 415.

### C. Noelle Nielsen

During an eXp-related trip to Puerto Rico, Nielsen stayed in private lodging with Defendants Golden and Bjorkman after another expected female traveler withdrew. Lenze Dec., Exhibit G (Nielsen Dep. 214:23–215:15). A 5-Hour Energy bottle was placed on Nielsen's bed, and Golden sent the message, "We slipped Noelle a Roofie." Lenze Dec., Exhibit B (Golden Dep. Vol. I, Ex. 21 at 13). Nielsen became frightened and locked herself inside her bedroom. Defendant Golden and Bjorkman then tried to enter but could not because she had locked the door. Lenze Dec., Exhibit G (Nielsen Dep. 217:6–218:9).

Plaintiff offers this evidence as evidence of an attempted sexual assault within the meaning of Rule 415.

## III.  LEGAL STANDARD

Rule 415 permits evidence that a party accused of sexual assault committed another sexual assault. Fed. R. Evid. 415(a). "Sexual assault" includes: (1) conduct

PLAINTIFF'S NOTICE OF MOTION AND MOTION IN LIMINE NO. 2 TO ADMIT EVIDENCE OF DEFENDANT GOLDEN'S OTHER SEXUAL ASSAULT AND ATTEMPTED SEXUAL ASSAULT.

prohibited by Chapter 109A of Title 18; and (2) "an attempt or conspiracy to engage in" qualifying conduct. Fed. R. Evid. 413(d)(1), (5).

Rule 415 evidence is admissible where the action involves a claim based on sexual assault, the evidence permits a reasonable jury to find that the defendant committed the other qualifying conduct, and the evidence survives Rule 403. *Doe ex rel. Rudy-Glanzer v. Glanzer*, 232 F.3d 1258, 1268–69 (9th Cir. 2000).

Under Rule 104(b), the Court does not decide whether the other assault occurred or resolve competing credibility accounts. It determines only whether sufficient evidence exists for a reasonable jury to find the conduct by a preponderance. *Huddleston v. United States*, 485 U.S. 681, 689–90 (1988); *United States v. Norris*, 428 F.3d 907, 913–14 (9th Cir. 2005); *Carroll v. Trump*, 124 F.4th 140, 155–57 (2d Cir. 2024).

**A. Golden need not personally perform the sexual touching**

Rule 413(d)(1) incorporates Chapter 109A, including § 2244(a). That statute reaches a person who knowingly: "engages in or causes sexual contact with or by another person." 18 U.S.C. § 2244(a) (emphasis added). "Sexual contact" includes intentional touching of the genitalia, anus, groin, breast, inner thigh, or buttocks with the requisite abusive or sexual intent. 18 U.S.C. § 2246(3).

The statute therefore reaches both the person who performs the touching and the person who knowingly causes sexual contact involving someone else.

PLAINTIFF'S NOTICE OF MOTION AND MOTION IN LIMINE NO. 2 TO ADMIT EVIDENCE OF DEFENDANT GOLDEN'S OTHER SEXUAL ASSAULT AND ATTEMPTED SEXUAL ASSAULT.

Defendant Golden cannot avoid Rule 415 merely because another participant performed a particular sexual act.

### B. Rule 415 expressly includes attempts

Rule 413(d)(5) expressly includes "an attempt or conspiracy to engage in conduct described in subparagraphs (1)-(4)." Thus, completed sexual touching is unnecessary. In *Carroll*, the Second Circuit held that attempted sexual assault independently qualifies under Rule 413(d)(5). An attempt requires intent to commit the qualifying offense and conduct constituting a substantial step toward its commission. The acts must be evaluated together and in context, and the substantial step need not be the final act necessary to complete the assault. 124 F.4th at 160–66.

## IV. ARGUMENT

### A. Plaintiff Roberts's Claims Trigger Rule 415

Plaintiff Roberts alleges that Defendant Golden sexually assaulted her in Puerto Vallarta, Las Vegas, and Flagler. Because this civil action is based on alleged sexual assaults, Rule 415 applies.

### B. A Reasonable Jury Could Find that Golden Sexually Assaulted Farrell-Nelson

As discussed above, Defendant Golden admitted bringing GHB and MDMA to the Las Vegas gathering, personally administering both substances to Farrell-

PLAINTIFF'S NOTICE OF MOTION AND MOTION IN LIMINE NO. 2 TO ADMIT EVIDENCE OF DEFENDANT GOLDEN'S OTHER SEXUAL ASSAULT AND ATTEMPTED SEXUAL ASSAULT.

Nelson, knowing GHB could impair memory, observing that she was affected, and witnessing the ensuing sexual activity. He further admitted that he may have grabbed Farrell-Nelson's breast.

A reasonable jury could therefore find that Defendant Golden personally engaged in sexual contact with Farrell-Nelson. Independently, a reasonable jury could conclude that Defendant Golden knowingly caused sexual contact with or by Farrell-Nelson by administering incapacitating drugs and facilitating the sexual conduct that followed. Section 2244(a) reaches both theories.

Defendant Golden may contend that Farrell-Nelson voluntarily consumed the drugs or consented to the sexual activity. Those competing factual assertions present classic Rule 104(b) questions for the jury. At this stage, Plaintiff need only present evidence from which a reasonable jury could find a qualifying sexual assault by a preponderance of the evidence. The Farrell-Nelson evidence readily satisfies that standard.

### C. A Reasonable Jury Could Find that Golden Attempted to Sexually Assault Nielsen

The Nielsen evidence independently satisfies Rule 413(d)(5). A reasonable jury could conclude that Defendant Golden participated in drugging Nielsen, isolated her in private lodging with Defendants Golden and Bjorkman, and took a substantial step toward facilitating sexual contact before Nielsen prevented

PLAINTIFF'S NOTICE OF MOTION AND MOTION IN LIMINE NO. 2 TO ADMIT EVIDENCE OF DEFENDANT GOLDEN'S OTHER SEXUAL ASSAULT AND ATTEMPTED SEXUAL ASSAULT.

completion by locking her bedroom door. Defendant Golden's statement that "we slipped Noelle a roofie," the placement of the 5-Hour Energy bottle on Nielsen's bed, and the attempt to enter the locked bedroom permit a reasonable inference of both intent and a substantial step. Rule 413(d)(5) expressly encompasses attempted sexual assaults. Nielsen's success in preventing completion does not remove the conduct from Rule 415.

### D. Rule 403 favors admission

In applying Rule 403, courts consider similarity, temporal proximity, frequency, intervening circumstances, and necessity. *Glanzer*, 232 F.3d at 1268–69; *Blind-Doan v. Sanders*, 291 F.3d 1079, 1082–83 (9th Cir. 2002). Those factors strongly favor admission.

The incidents share unusually specific features:

- eXp-related professional travel or gatherings;

- temporary lodging such as a hotel suite or an Airbnb;

- Golden and Bjorkman together in the lodging;

- GHB, suspected drugging, or both;

- a 5-Hour Energy bottle associated with GHB or suspected drugging;

- impairment or missing memory; and

- sexual activity or attempted sexual access.

8

The incidents are also temporally close. Nielsen's incident occurred in December 2019, and the Roberts and Farrell-Nelson incidents occurred in 2020.

The evidence is especially probative because the alleged method itself impairs memory. Plaintiff Roberts and Farrell-Nelson experienced missing memory, and Nielsen prevented completion only by locking her door. Defendant Golden should not be permitted to use the very memory loss allegedly caused by the substances as a basis to exclude evidence that explains the recurring pattern.

The evidence is also substantially corroborated. Defendant Golden admits bringing and administering the drugs to Farrell-Nelson, knowing GHB could impair memory, observing that she was affected, and watching sexual activity occur. The Nielsen evidence includes Defendant Golden's own statement that "we" slipped her a roofie. The evidence can be presented efficiently through focused testimony from Farrell-Nelson, Nielsen, and Tunks, together with Defendant Golden's deposition admissions and communications. It will not require an unmanageable trial within a trial.

Finally, the prejudice is not unfair. Evidence is not unfairly prejudicial merely because it damages a party's case. *United States v. LeMay*, 260 F.3d 1018, 1026–27 (9th Cir. 2001). The evidence supports the precise propensity inference Rules 413 and 415 authorize: that Defendant Golden used or attempted to use

PLAINTIFF'S NOTICE OF MOTION AND MOTION IN LIMINE NO. 2 TO ADMIT EVIDENCE OF DEFENDANT GOLDEN'S OTHER SEXUAL ASSAULT AND ATTEMPTED SEXUAL ASSAULT.

incapacitating substances to facilitate sexual contact involving women unable to consent.

## V. CONCLUSION

Plaintiff respectfully requests that the Court admit evidence of Defendant Golden's other sexual assault against Megan Farrell-Nelson and attempted sexual assault against Noelle Nielsen under Rule 415.  Section 2244(a) does not require Defendant Golden personally to perform every sexual act; it reaches a person who causes sexual contact with or by another person. Rule 413(d)(5) does not require completion; it expressly includes attempts.  A reasonable jury could find that Defendant Golden knowingly administered GHB and MDMA to Farrell-Nelson and thereby engaged in or caused sexual contact involving an incapacitated person. A jury could likewise find that Defendant Golden participated in drugging Nielsen and took substantial steps toward causing sexual contact before Nielsen prevented completion.

Submitted this 24th day of July, 2026.

By: /s/ Jennifer A. Lenze

Jennifer A. Lenze (CA No 246858)
LENZE LAWYERS, PLC
999 Corporate Drive, Suite 100
Ladera Ranch, California 92694
Telephone (310) 322-8800
jlenze@lenzelawyers.com

Brooke F. Cohen TX 24007019 PHV Adm

PLAINTIFF'S NOTICE OF MOTION AND MOTION IN LIMINE NO. 2 TO ADMIT EVIDENCE OF DEFENDANT GOLDEN'S OTHER SEXUAL ASSAULT AND ATTEMPTED SEXUAL ASSAULT.

Andrea S. Hirsch, GA 666557 PHV Adm
COHEN HIRSCH, LP
5256 Peachtree Road, Suite 195-E
Atlanta, Georgia 30341
Tel: (678) 268-4683
brooke@cohenhirsch.com
andrea@cohenhirsch.com
Attorneys for Plaintiff

11

PLAINTIFF'S NOTICE OF MOTION AND MOTION IN LIMINE NO. 2 TO ADMIT EVIDENCE OF DEFENDANT GOLDEN'S OTHER SEXUAL ASSAULT AND ATTEMPTED SEXUAL ASSAULT.

# CERTIFICATE OF SERVICE

I hereby certify that on July 24, 2026, I caused the foregoing to be

electronically filed with the Clerk of the Court using the Court's CM/ECF system.

I further certify that all counsel of record are registered CM/ECF users and will be

served through the Court's CM/ECF system.

Dated: July 24, 2026

By: /s/ Jennifer A. Lenze
Jennifer A. Lenze

PLAINTIFF'S NOTICE OF MOTION AND MOTION IN LIMINE NO. 2 TO ADMIT EVIDENCE OF
DEFENDANT GOLDEN'S OTHER SEXUAL ASSAULT AND ATTEMPTED SEXUAL ASSAULT.