WILLIAM E. PALLARES, SB# 187740
   Email: William.Pallares@lewisbrisbois.com
**LEWIS BRISBOIS BISGAARD & SMITH LLP**
633 West 5th Street, Suite 4000
Los Angeles, California 90071
Telephone: 213.250.1800
Facsimile: 213.250.7900

IVY A. WANG, SB# 224899
   Email: Ivy.Wang@gtlaw.com
**GREENBERG TRAURIG, LLP**
1840 Century Park East, Suite 1900
Los Angeles, California 90067-2121
Telephone: 310.586.7700
Facsimile: 310.586.7800

DANIEL J. WADLEY, (*Admitted Pro Hac Vice*)
   Email: wadleyd@gtlaw.com
**GREENBERG TRAURIG, LLP**
222 South Main Street, Suite 1730
Salt Lake City, Utah 84101
Telephone: 801.478.6900
Facsimile: 801.994.9041

Attorneys for Defendants,
eXp REALTY, LLC, eXp WORLD HOLDINGS, INC.,
and GLENN SANFORD

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA,

| | |
|---|---|
| ANYA ROBERTS,<br><br>          Plaintiff,<br><br>     vs.<br><br>eXp REALTY, LLC, eXp WORLD HOLDINGS, INC., MICHAEL L. BJORKMAN, DAVID S. GOLDEN, BRENT GOVE, EMILY KEENAN, GLENN SANFORD, MICHAEL SHERRARD, and DOES 1-10,<br><br>          Defendants. | Case No. 2:23-CV-10492-AB-CTS<br><br>**DEFENDANTS eXp REALTY, LLC; eXp WORLD HOLDINGS, INC., AND GLENN SANFORD'S NOTICE OF MOTION AND MOTION IN LIMINE TO EXCLUDE EVIDENCE OF GLENN SANFORD'S FINANCIAL WEALTH; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>**MOTION IN LIMINE NO. 12**<br><br>Trial Date:   August 31, 2026 |

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on August 14, 2026, at 11:00 a.m., in Courtroom 7B of the above-entitled court, the Honorable André Birotte Jr. presiding, defendants eXp World Holdings, Inc. , eXp Realty, LLC, and Glenn Sanford (collectively, the "eXp Defendants") will, and hereby do, move in limine— pursuant to Fed. R. Evid. 104(a)— to preclude Plaintiff Anya Roberts, her counsel and other witnesses from referring to, or presenting testimony or evidence of Glenn Sanford's financial wealth.

Specifically, eXp Defendants seek to exclude reference to the following:

- Glenn Sanford's personal wealth; and
- Glenn Sanford's compensation.

This motion is based upon this notice, the attached memorandum of points and authorities, and upon such other and further evidence as may be presented to the Court prior to on at the time of hearing.

This motion is made following the conference of counsel pursuant to Local Rule 7-3 that took place on July 17, 2026. (See Declaration of William E. Pallares ("Pallares Decl.") at ¶2.)

Respectfully Submitted,

DATED:  July 24, 2026          LEWIS BRISBOIS BISGAARD & SMITH LLP

By:     /s/ William E. Pallares
          WILLIAM E. PALLARES
          Attorneys for Defendants, eXp REALTY,
          LLC, eXp WORLD  HOLDINGS, INC.,
          and GLENN SANFORD

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

## MEMORANDUM OF POINTS AND AUTHORITIES

### 1.   INTRODUCTION

Defendants eXp World Holdings, Inc.,[1] eXp Realty, LLC, and Glenn Sanford ("Sanford") (collectively, the "eXp Defendants") respectfully request that, pursuant to Fed. R. Evid. 104(a), the Court preclude the plaintiff Anya Roberts ("Plaintiff"), her witnesses, and attorneys from offering any evidence, making any comments or arguments, or asking any questions related to the matters that are the subject of this motion. Specifically, the eXp Defendants move to preclude Plaintiff from referring to, or presenting testimony or evidence from, references to Glenn Sanford's financial wealth and/or compensation, and are requesting that the Court grant this motion in limine to exclude such evidence from trial ("Motion in Limine").

### 2.   STATEMENT OF RELEVANT FACTS

Plaintiff has brought claims against the eXp Defendants for TVPRA beneficiary liability and negligence relating to her alleged drugging and sexual assault by Defendants David Golden and Michael Bjorkman.  The eXp Defendants anticipate that Plaintiff will attempt to introduce evidence as to Sanford's financial wealth under the pretext that such evidence support elements of her TVPRA claim.

However, this evidence is irrelevant.  Even if it were relevant, its probative value is substantially outweighed by its prejudicial impact.

### 3.   THIS COURT HAS THE AUTHORITY TO EXCLUDE EVIDENCE OF A DEFENDANT'S FINANCIAL WEALTH

Motions in limine are a well-recognized judicial practice authorized under case law. See *Ohler v. United States*, 529 U.S. 753, 758, 120 S. Ct. 1851, 146 L. Ed. 2d 826 (2000). The Court's power to rule on motions in limine stems from "the court's inherent power to manage the course of trials." *Luce v. United States*, 469 U.S. 38, 41 n.4, 105 S. Ct. 460, 83 L. Ed. 2d 443 (1984).

---

[1]   Currently known as AGNT, Inc.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

Here, the eXp Defendant seek to preclude evidence of Sandford's financial condition as not relevant and highly prejudicial.

### 4.    EVIDENCE OF GLENN SANFORD'S FINANCIAL WEALTH IS NOT RELEVANT AND, EVEN IF IT WERE, ITS PROBATIVE VALUE IS SUBSTANTIALLY OUTWEIGHED BY ITS PREJUDICIAL IMPACT

Evidence of a defendant's financial condition is inadmissible on its own terms. It is not an element of, and bears no relevance to, any of Roberts's claims, and is therefore irrelevant under Federal Rule of Evidence 402. Negligence requires a duty to prevent harm, breach of that duty, causation, and injury. See *Warren v. PNC Bank Nat'l Ass'n*, 671 F. Supp. 3d 1035, 1049 (N.D. Cal. 2023). The TVPRA requires that a defendant (1) knowingly benefited, (2) from participating in a venture, (3) that violated the TVPRA, and (4) which the defendant knew or should have known violated the Act. See *Doe #1 v. Red Roof Ins., Inc.*, 21 F.4th 714, 726 (11th Cir. 2021). The Sanford's' financial condition bears no relevance to any of these elements. While Roberts may claim that the Sanford's financial condition is relevant to the "knowingly benefit" element, this argument is misplaced. A meaningful distinction exists between evidence of the specific financial benefit received from the venture (relevant to liability) and broader evidence of Sanford's overall net worth, wealth, or financial condition (relevant primarily to punitive damages). Furthermore, evidence of a defendant's wealth, in a TVPRA case, is relevant and admissible for the punitive damages phase, not the initial liability phase. See *Villanueva Echon v. Sackett*, 809 F. App'x 468, 474 (10th Cir. 2020).

Even if it were marginally relevant, it would remain inadmissible under Rule 403 because any probative value is substantially outweighed by the danger of unfair prejudice. See, e.g., *United States v. Mitchell*, 172 F.3d 1104, 1108-10 (9th Cir. 1999) ("Proof of either [wealth or poverty] . . . is likely to amount to a great deal of unfair prejudice with little probative value."); *Adams Labs. Inc. v. Jacobs Eng'g Co.*, 761 F.2d 1218, 1224-26 (7th Cir. 1985) (finding that it was prejudicial error to

LEWIS BRISBOIS BISGAARD & SMITH LLP
ATTORNEYS AT LAW

permit mention of punitive damages during opening statement or otherwise before plaintiff established prima facie case of fraud, since premature reference to punitive damages could have biased the jury's view of the case from the outset); *Draper v. Airco, Inc.*, 580 F.2d 91, 95 (3d Cir. 1978) (granting new trial where counsel repeatedly referred to defendant's wealth); *Sizemore v. Fletcher*, 921 F.2d 667, 670 (6th Cir. 1990) (finding that prosecutor's statements regarding wealth constituted reversible error); see also *Papadopoulos v. Fred Meyer Stores, Inc.*, 2006 WL 3249195 at *2 (W.D. Wash. 2006) (granting motion in limine to exclude evidence of defendant's financial standing).

Further, evidence related to their wealth is prejudicial as it may color the juror's determination with respect to liability, on the basis that these entities have sufficient funds to pay— regardless of whether the elements of Roberts claims are met. Therefore, this type of evidence is more appropriate for the punitive damages phase. See *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 270-71 (1981); *Villanueva Echon*, 809 F. App'x at 474 (collecting cases) (holding that, in the context of a federal TVPRA claim, wealth evidence is admissible when determining the amount of punitive damages to be awarded); *Maharaj v. California Bank & Tr.*, 288 F.R.D. 458, 464-65 (E.D. Cal. 2013)(granting motion to bifurcate trial into liability and punitive damages phases and preclude references or evidence "regarding the financial condition, wealth, and/or financial statements of the Defendant" in the liability phase.)

As such, evidence of defendant Glenn Sanford's wealth should be excluded because it is also unfairly prejudicial and irrelevant to any element of Robert's claims. Courts around the country have recognized the generally inflammatory and prejudicial nature of a party's material abundance, and thus have routinely held "that evidence of a party's wealth should be excluded where it is not relevant to the issues in the case." *Friedman v. Medjet Assistance*, LLC, 2010 WL 9081271, at *11 (C.D. Cal. Nov. 8, 2010) (collecting authority). As the U.S. Supreme Court has observed,

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

"appeals to class prejudice are highly improper," because they "may so poison the minds of jurors . . . that an accused may be deprived of a fair trial." *United States v. Socony Vacuum Oil Co.*, 310 U.S. 150, 239–40 (1940).  The Ninth Circuit has expressly recognized the "great deal of unfair prejudice" that flows from wealth-based evidence. *United States v. Mitchell*, 172 F.3d 1104, 1108–09 (9th Cir. 1999). See *Sizemore v. Fletcher*, 921 F.2d 667, 671 (6th Cir. 1990) ("[R]eferences to the defendant's 'money' . . . were all calculated to generate a class bias in the juror's minds against the defendant.").

## 5.    CONCLUSION

Based on the foregoing reasons, the eXp Defendants respectfully request that the Court grant the Motion in Limine, pursuant to Fed. R. Evid. 104(a), and precludes reference to Sanford's financial wealth.

Respectfully submitted,

DATED:  July 24, 2026        LEWIS BRISBOIS BISGAARD & SMITH LLP

By:        /s/ William E. Pallares
WILLIAM E. PALLARES
Attorneys for Defendants, eXp REALTY, LLC, eXp WORLD  HOLDINGS, INC., and GLENN SANFORD

## <u>DECLARATION OF WILLIAM E. PALLARES</u>

I, William E. Pallares, declare as follows:

1.      I am an attorney duly admitted to practice in all of the courts of the State of California and I am a partner with Lewis Brisbois Bisgaard & Smith LLP, attorneys of record for Defendants, eXp REALTY, LLC, eXp WORLD HOLDINGS, INC., and GLENN SANFORD herein.  The facts set forth herein are of my own personal knowledge, and if sworn I could and would competently testify thereto.

2.      On July 17, 2026, I met and conferred with Plaintiff's counsel regarding the substance of this motion in limine.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration was executed on this 24th day of July, 2026, at Los Angeles, California.

/s/*William E. Pallares*
William E. Pallares


LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

180795213.1                                 7                     Case No. 2:23-CV-10492-AB-CTS
eXp'S MOTION IN LIMINE NO. 12 RE GLENN SANFORD'S FINANCIAL WEALTH

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 24 day of July, 2026, I electronically filed the foregoing DEFENDANTS eXp REALTY, LLC; eXp WORLD HOLDINGS, INC., AND GLENN SANFORD'S NOTICE OF MOTION AND MOTION IN LIMINE TO EXCLUDE EVIDENCE OF GLENN SANFORD'S FINANCIAL WEALTH with the Clerk of the Court using the CM/ECF system.

/s/ *Debbie Wilhelm*
Debbie Wilhelm

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW