WILLIAM E. PALLARES, SB# 187740
  Email: William.Pallares@lewisbrisbois.com
**LEWIS BRISBOIS BISGAARD & SMITH LLP**
633 West 5th Street, Suite 4000
Los Angeles, California 90071
Telephone: 213.250.1800
Facsimile: 213.250.7900

IVY A. WANG, SB# 224899
  Email: Ivy.Wang@gtlaw.com
**GREENBERG TRAURIG, LLP**
1840 Century Park East, Suite 1900
Los Angeles, California 90067-2121
Telephone: 310.586.7700
Facsimile: 310.586.7800

DANIEL J. WADLEY, (*Admitted Pro Hac Vice*)
  Email: wadleyd@gtlaw.com
**GREENBERG TRAURIG, LLP**
222 South Main Street, Suite 1730
Salt Lake City, Utah 84101
Telephone: 801.478.6900
Facsimile: 801.994.9041

Attorneys for Defendants,
eXp REALTY, LLC, AGNT, INC., and GLENN SANFORD

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| ANYA ROBERTS,<br><br>Plaintiff,<br><br>vs.<br><br>eXp REALTY, LLC, eXp WORLD HOLDINGS, INC., MICHAEL L. BJORKMAN, DAVID S. GOLDEN, BRENT GOVE, EMILY KEENAN, GLENN SANFORD, MICHAEL SHERRARD, and DOES 1-10,<br><br>Defendants. | Case No. 2:23-CV-10492-AB-CTS<br><br>**eXp REALTY, LLC, eXp WORLD HOLDINGS, INC., AND GLENN SANFORD'S MOTION IN LIMINE TO EXCLUDE EVIDENCE OF INVESTIGATIONS; MEMORANDUM OF POINTS AUTHORITIES**<br><br>Trial Date:   August 31, 2026<br><br>**MOTION IN LIMINE NO. 5** |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on August 14, 2026, 11:00 am, in Courtroom 7B of the above-entitled court, the Honorable André Birotte Jr. presiding, defendants eXp World Holdings, Inc., eXp Realty, LLC, and Glenn Sanford (collectively, the "eXp Defendants") will, and hereby do, move in limine—pursuant to Fed. R. Evid. 104(a):

1. To preclude all parties, witnesses, and attorneys from referring to or producing evidence of post-March 2020 investigations arising out of any individual's allegation of sexual harassment/assault, any individual's allegation of drugging, or any individual's request for a sponsorship change;

2. To preclude all parties, witnesses, and attorneys from referring to the fact this motion has been filed and/or granted; and

3. To advise and caution each party and each party's witnesses to strictly follow these instructions.

This motion is based upon this notice, the attached memorandum of points and authorities, and upon such other and further evidence as may be presented to the Court prior to on at the time of hearing.

This motion is made following the conference of counsel pursuant to Local Rule 7-3 that took place on July 17, 2026. (See Declaration of William E. Pallares ("Pallares Decl.") at ¶ 3.)

Respectfully Submitted,

DATED: July 24, 2026          LEWIS BRISBOIS BISGAARD & SMITH LLP

By:      /s/ William E. Pallares
         WILLIAM E. PALLARES
         Attorneys for Defendants, eXp REALTY,
         LLC, eXp WORLD  HOLDINGS, INC.,
         and GLENN SANFORD

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

## MEMORANDUM OF POINTS AND AUTHORITIES

### 1.    INTRODUCTION

Defendants eXp World Holdings, Inc., eXp Realty, LLC (eXp Realty), and Glenn Sanford (collectively, the "eXp Defendants") respectfully request that, pursuant to Fed. R. Evid. 104(a), the Court preclude all parties, witnesses, and attorneys from referring to the fact or producing evidence of any post-March 2020 investigations arising out of any individual's allegation of sexual harassment/assault, any individual's allegation of drugging, or any individual's request for a sponsorship change.

### 2.    FACTS RELEVANT TO THIS MOTION

Plaintiff Anya Roberts ("Roberts") has brought claims against the eXp Defendants for TVPRA beneficiary liability and negligence relating to her alleged drugging and sexual assault by Defendants David Golden and Michael Bjorkman. The alleged misconduct occurred in February 2020 and ceased in March 2020. Roberts never reported the alleged misconduct to the eXp Defendants.  In fact, the first time the eXp Defendants learned of any misconduct perpetrated against Roberts occurred when Roberts filed her lawsuit in December 2023.

On September 15, 2020 and unrelated to any alleged conduct involving Roberts, Christiana Lundy ("Lundy") posted on Facebook her belief that, at an August 28, 2020 post-seminar party in a Las Vegas hotel suite shared by Michael Bjorkman ("Bjorkman") and David Golden ("Golden"), someone drugged her. (ECF No. 151-1 SUF #46.) On September 18, 2020, eXp Realty real estate agent Megan Farrell-Nelson contacted her state broker and reported that Michael Bjorkman had raped her. (ECF No. 151-1 SUF #48.) Within three hours of receiving this report, eXp Realty terminated its affiliation with Bjorkman by releasing his real estate license. (ECF No. 151-1 SUF #49.) The eXp Defendants were unaware of any allegations of drugging or sexual assault against Bjorkman prior to September 15, 2020. (ECF No. 151-1 SUF #56.)

180629827.1

Case No. 2:23-CV-10492-AB-CTS

eXp'S MOTION IN LIMINE NO. 5 TO EXCLUDE INVESTIGATIONS

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

Following the release of Bjorkman's license, eXp investigated the situations surrounding the reports it had received and in response to requests for sponsorship changes. These investigations did not reveal specific allegations that Golden had drugged or sexually assaulted anyone. (ECF No. 151-1 SUF #51.)

## 3. **LEGAL ARGUMENT**

The Court may determine before trial that evidence is inadmissible and should be excluded. "Although the Federal Rules of Evidence do not explicitly authorize in limine rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials." *Luce v. U.S.,* 469 U.S. 38, 41 n.4 (1984). To that end, parties may file motions in limine before or during trial "to exclude anticipated prejudicial evidence before the evidence is actually offered." *Id.* at 40 n.2.

### A. **The Post-March 2020 Investigations are Irrelevant**

To resolve these motions, the Court is guided by Fed. R. Evid. 401 and 403. Specifically, the Court considers whether evidence is relevant: if it "has any tendency to make a fact more or less probable than it would be without the evidence" and whether "the fact is of consequence in determining the action." Fed. R. Evid. 401. But the Court may exclude relevant evidence if "its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

The Advisory Committee note to Rule 403 indicates that, "[u]nfair prejudice is that which could lead the jury to make an emotional or irrational decision, or to use the evidence in a manner not permitted by the rules of evidence . . . Unfair prejudice within the context of Rule 403 means an undue tendency to suggest a decision on an improper basis, commonly, though not necessarily, an emotional one." *United States v. LeMay*, 260 F.3d 1018, 1034 (9th Cir. 2001) (*citing* F.R.E. Rule 403, Adv. Comm. Note.) *See also United States v. Layton*, 767 F.2d 549, 556 (9th Cir. 1985) ("The problem that concerned the district judge is the distracting

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

emotional impact on the jury and the effect it would have in confusing the issues. Unlike a case where the evidence is unduly complicated and where confusion may be obviated by a clarifying instruction, it is unlikely that a jury instruction could effectively mitigate the emotional impact and distracting effect of the [evidence]").

Here, the investigations are irrelevant to Roberts' case. These investigations all occurred *after* the events alleged in the First Amended Complaint and pertained to individuals who made the complaints, none of whom were Roberts. None of the investigations concerned Roberts. Notwithstanding, Defendants anticipate that Plaintiff will argue that these post-September 2020 investigations support Plaintiff's contention that the eXp Defendants knew or should have known of conduct that violated the TVPRA as to Roberts for purposes of beneficiary liability. Yet, to establish beneficiary liability under Section 1595 of the TVPRA, Roberts must establish Defendants knew or should have known a venture in which it participated violated the Act as to Roberts. *Mangroe v. Gesteelde-Diamant*, 2025 WL 3437196, at *7 (C.D. Cal. Apr. 21, 2025). *See also* 18 U.S.C. § 1595(a).

Here, it is not disputed that Roberts' alleged sex trafficking at the hands of Bjorkman and Golden ceased in March 2020. The evidence further demonstrates that the eXp Defendants were unaware of: (1) any allegations that Bjorkman or Golden—or any of the Company's real estate agents—had drugged or sexually assaulted anyone until September 15, 2020 at the absolute earliest; (2) Roberts' allegations concerning Bjorkman and Golden until she filed this lawsuit in December 2023.

Even assuming for the sake of argument that the eXp Defendants knew or should have known as of September 15, 2020 that Bjorkman and Golden had engaged in conduct violating the TVPRA, Roberts cannot show eXp Realty knew this conduct violated the Act as to her. In other words, by the time eXp Realty had actual or constructive knowledge of Bjorkman and Golden's alleged conduct, that conduct had ceased as to Roberts. She therefore cannot prevail on her beneficiary

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

liability claim under Section 1595 of the Act. See *J.M. v. Red Roof Inns*, 2024 WL 4534479, at *6  (E.D. Cal. Oct. 21, 2024), *appeal dismissed,* No. 24-7013, 2025 WL 3458624 (9th Cir. Oct. 28, 2025) (granting defendant's summary judgment motion on plaintiff's Section 1595 beneficiary liability claim where there was no evidence in the record showing the alleged beneficiaries were ever informed about the perpetrators' criminal activity during the time the victim was sex trafficked); *J.M. v. Choice Hotels Int'l, Inc.*, 2022 WL 10626493, at *4 (E.D. Cal. Oct. 18, 2022) (allegations regarding defendants' general knowledge of sex trafficking in the hotel industry, or even at defendants' franchisee hotels, insufficient to establish defendants knew or should have known about the plaintiff's trafficking). Thus, evidence of investigations post-September 2020 has no probative value as to Roberts' TVPRA claim because Roberts' Complaint, filed in December 2023, brings claims regarding Golden's and Bjorkman's conduct towards Roberts in February and March 2020. Actual notice in September of 2020 of alleged misconduct that occurred in August 2020 is not sufficient to form the basis of constructive notice of alleged misconduct that occurred in February/March of 2020.

Only investigations that pre-date Plaintiff's alleged assault could possibly be relevant to the eXp Defendants' negligence in hiring or retaining Bjorkman and Golden.  *See Hartsell v. County of San Diego*, 2020 WL 4336167, at *1 (S.D. Cal. July 28, 2020) (similar subsequent events [dog bites by police K-9] would be "both prejudicial and irrelevant" to department's knowledge of dog's "proclivities" at time plaintiff was bitten). Here, eXp did not know Roberts had claims against Bjorkman and Golden until she filed her December 2023 Complaint. Meanwhile, the September 2020 investigations examined specific allegations by individuals who were not Roberts, so these investigations have no bearing on Roberts' causes of action against the eXp Defendants. As such, eXp's post-2020 investigations are wholly irrelevant to Roberts' claims.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

**B.**     <u>The Prejudicial Impact of the Investigations Outweighs Any Probative Value</u>

In addition, if the jury were to consider this evidence, it would improperly assume that eXp Realty's later investigations that reference Bjorkman or Golden with respect to third parties support the veracity of Roberts's independent claims against Bjorkman and Golden. The post-March-2020 reports and the associated investigations, which would bring in unsubstantiated allegations prohibited by FRE 404(b), pose a significant risk of prejudicing the jury against the eXp Defendants, while providing minimal if any actual probative evidentiary value as to Roberts' claims against the same defendants. *See, e.g.*, *Fabric Selection, Inc. v. NNW Imp., Inc.*, 2018 WL 1779334, at \*7-8 (C.D. Cal. Apr. 11, 2018) (evidence of other allegations made by non-parties against defendants was unduly prejudicial). In balancing the prejudicial and probative values, the Court should "consider the similarity of the prior acts to the acts charged; the closeness in time of the prior acts to the acts charged; the frequency of the prior acts; the presence or lack of intervening circumstances; and the necessity of the evidence 'beyond the testimonies already offered at trial.'" *Blind-Doan*, 291 F.3d 1079, 1082 (9th Cir. 2002). *See also J.S. by & through N.S. v. Child. of Am., Inc.*, 696 F. App'x 39, 41 (2d Cir. 2017) (other act evidence "sufficiently different that it had little probative value"); *Doe ex rel. Rudy-Glanzer v. Glanzer*, 232 F.3d 1258, 1269-70 (9th Cir. 2000) (differences between prior and alleged sexual assaults supported district court's exclusion).

Here, permitting Plaintiff to introduce various sensitive investigations conducted by eXp well after the events alleged by Roberts will inevitably prejudice the jury because the jury will assume the number and nature of the reports will evidence their accuracy or credibility.

Further, the extensive details of these investigations, as well as the number of individuals referenced in the investigations, could confuse the jury and cause them

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

to associate events in these reports with Roberts, despite the investigations discovering no allegations of drugging or assault involving her.[1] Admission of these reports will require rebuttal evidence to each of the allegations, resulting in mini-trials to assess the credibility of each report and improperly prolonging the trial of this action. In turn, these mini trials will warrant hundreds of exhibits that have no relevance to the case, causing undue delay, wasting judicial resources, and causing confusion. At the very least, jurors will conflate the allegations of the reports with the allegations in Roberts' First Amended Complaint, resulting in confusion as to which events actually involved Roberts.

### C.    The Documents to be Excluded are Irrelevant and Prejudicial

Below is a non-exhaustive list of documents which the eXp Defendants seek to exclude:

- Documents evidencing Farrell-Nelson's 2020 report and any investigations thereof (1.23.25 Farrell-Nelson Dep. Ex. 17; 5.20.25 Farrell-Nelson Dep. Ex. 27; 8.20.25 Haggard Dep. Exs. 16-29);
- Documents evidencing Sims' 2020 report and any investigations thereof (3.4.25 Sims Dep. Ex. 7);
- Documents evidencing Compliance Committee chats regarding its investigations of any reports (6.3.25 Gesing Dep. Exs. 7, 8, 9; 8.20.25 Haggard Dep. Exs. 16-29);
- Documents evidencing Nielsen's reports and any investigations thereof (11.21.24 Nielsen Dep. Exs. 1, 7);
- Documents evidencing Cory Haggard's investigation and summary of his interviews (8.20.25 Haggard Dep. Exs. 16-29);
- Documents evidencing Compliance Committee Meeting Minutes as to

---

[1] The investigations will also mention acts that should be excluded for reasons stated in our Motions in Limine No. 1 (404(b)) and No. 2 (415).

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

Megan Farrell-Nelson's, Tami Sims', and Noelle Nielsen's requests for a sponsorship change (8.20.25 Haggard Dep. Ex. 16, 16.1, 28, 6.3.25 Gesing Dep. Ex. 15, 10.24.25 Gesing Dep. Ex. 39; 10.31.25 Bramble Dep. Ex. 14, 15);

- Documents evidencing Compliance Committee Meeting Minutes as to Michael Bjorkman's request to be reinstated to eXp Realty, LLC (8.20.25 Haggard Dep. Exs. 22–25; 10.31.25 Bramble Dep. Ex. 14s–19);

- Documents evidencing Compliance Committee Meeting Minutes as to the suspension of David Golden's and/or Michael Bjorkman's Revenue Share (8.20.25 Haggard Dep. Exs. 22, 26, 29, 6.3.25 Gesing Dep. Exs. 12; 10.31.25 Bramble Dep. Exs. 14; 15, 17, 19);

- Documents evidencing Fabiola Acevedo's email communications to eXp personnel regarding her complaint of alleged drugging by Michael Bjorkman (8.20.25 Haggard Dep. Ex. 26, 10.24.25 Gesing Dep. Ex. 35, 36, 37, 6.20.25 Bramble Dep. Ex. 10; 10.18.24 Gentry Dep. Ex. 4, 5);

- Documents evidencing Fabiola Acevedo's email communications with members of eXp World Holdings, Inc.'s Board of Directors regarding her request for sponsorship change and allegations of drugging (8.20.25 Haggard Dep. Ex. 26; 10.24.25 Gesing Dep. Exs. 35, 36, 37; 6.20.25 Bramble Dep. Exs. 10; 10.18.24 Gentry Dep. Exs. 4, 5) and;

- Documents evidencing Felicia Gentry's workplace chats to eXp World Holdings, Inc. calling for an independent investigation (8.20.25 Haggard Dep. Exs. 26; 10.18.24 Gentry Dep. Exs. 4, 5, 12).

This list is a non-exhaustive identification of evidence to be precluded by this motion.

As an example, 8.20.25 Haggard Dep. Ex. 16.2, which evidences multiple conversations Cory Haggard had with Farrell-Nelson. (Haggard Dep. Ex. 16.2.) This document includes notes of Farrell-Nelson reporting that she was raped by

Bjorkman in August 2020, that she was drugged, and that Golden does drugs and has knowledge about Bjorkman. (*Id.*) This document must not be admitted for the reason described above: it involves events and allegations that occurred *after* the events described in Roberts' Complaint and so therefore is not probative of the eXp Defendants' knowledge or notice; it has no relation to Roberts' allegations in this case; it will be prejudicial because it involves additional allegations against the parties to the Roberts lawsuit; and it has the risk of confusing the jury because of the similar facts and individuals involved. For these reasons, this document, and the others described above, must not be admitted.

## 4.   **CONCLUSION**

Based on the foregoing reasons, the eXp Defendants respectfully request that the Court prohibit all parties, all parties' counsel, and witnesses from referring to or producing evidence of post-March 2020 investigations arising out of any individual's allegation of sexual harassment/assault, any individual's allegation of drugging, or any individual's request for a sponsorship change.

Respectfully submitted,

DATED:  July 24, 2026          LEWIS BRISBOIS BISGAARD & SMITH LLP

By:      */s/ William E. Pallares*
WILLIAM E. PALLARES
Attorneys for Defendants
EXP REALTY, LLC, EXP WORLD
HOLDINGS, INC. and GLENN
SANFORD

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

## DECLARATION OF WILLIAM E. PALLARES

I, William E. Pallares, declare:

1.      I am an attorney at law duly licensed to practice before all courts in the State of California. I am a partner with the law firm of Lewis Brisbois Bisgaard & Smith LLP, counsel of record for eXp Realty, LLC, eXp World Holdings, Inc., and Glenn Sanford in the above-captioned lawsuit.  I have personal knowledge of the following facts, and if called to testify as a witness I would do so consistently herewith.

2.      On July 17, 2026, all parties met and conferred to discuss the substance of this motion with Plaintiff's counsel.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration was executed on this 24th day of July, 2026, at Los Angeles, California.

/s/*William E. Pallares*
William E. Pallares



LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

## CERTIFICATE OF SERVICE

I hereby certify that on this 24th day of July, 2026, I electronically filed the foregoing DECLARATION OF WILLIAM E. PALLARES IN SUPPORT OF eXp REALTY, LLC, eXp WORLD HOLDINGS, INC., AND GLENN SANFORD'S REPLY BRIEF IN SUPPORT OF MOTION IN LIMINE TO EXCLUDE EVIDENCE OF INVESTIGATIONS with the Clerk of the Court using the CM/ECF system.

/s/ *Debbie Wilhelm*

Debbie Wilhelm

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW