WILLIAM E. PALLARES, SB# 187740
  Email: William.Pallares@lewisbrisbois.com
**LEWIS BRISBOIS BISGAARD & SMITH LLP**
633 West 5th Street, Suite 4000
Los Angeles, California 90071
Telephone: 213.250.1800
Facsimile: 213.250.7900

IVY A. WANG, SB# 224899
  Email: Ivy.Wang@gtlaw.com
**GREENBERG TRAURIG, LLP**
1840 Century Park East, Suite 1900
Los Angeles, California 90067-2121
Telephone: 310.586.7700
Facsimile: 310.586.7800

DANIEL J. WADLEY, (*Admitted Pro Hac Vice*)
  Email: wadleyd@gtlaw.com
**GREENBERG TRAURIG, LLP**
222 South Main Street, Suite 1730
Salt Lake City, Utah 84101
Telephone: 801.478.6900
Facsimile: 801.994.9041

Attorneys for Defendants,
eXp REALTY, LLC, eXp WORLD HOLDINGS, INC.,
and GLENN SANFORD

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA,

| | |
|---|---|
| ANYA ROBERTS,<br><br>              Plaintiff,<br><br>       vs.<br><br>eXp REALTY, LLC, eXp WORLD HOLDINGS, INC., MICHAEL L. BJORKMAN, DAVID S. GOLDEN, BRENT GOVE, EMILY KEENAN, GLENN SANFORD, MICHAEL SHERRARD, and DOES 1-10,<br><br>              Defendants. | Case No. 2:23-CV-10492-AB-CTS<br><br>**DEFENDANTS eXp REALTY, LLC; eXp WORLD HOLDINGS, INC., AND GLENN SANFORD'S NOTICE OF MOTION AND MOTION IN LIMINE TO EXCLUDE EVIDENCE OF SPOLIATION AND/OR DELETION OF WORKPLACE CHATS; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>**MOTION IN LIMINE NO. 17**<br><br>Trial Date:   August 31, 2026 |

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on August 14, 2026, at 11:00 a.m., in Courtroom 7B of the above-entitled court, the Honorable André Birotte Jr. presiding, defendants eXp World Holdings, Inc. , eXp Realty, LLC, and Glenn Sanford (collectively, the "eXp Defendants") will, and hereby do, move in limine— pursuant to Fed. R. Evid. 104(a)— to preclude Plaintiff Anya Roberts, her counsel and other witnesses from referring to, or presenting testimony or evidence of spoliation and/or deletion of workplace chats.

Specifically, eXp Defendants seek to exclude reference to the following:

- Deletion of Stacey Onnen's workplace chat account;
- Empty bubbles displaying no content in workplace chat strings;
- Questions to witnesses on whether they deleted portions of their workplace chat messages.

This motion is based upon this notice, the attached memorandum of points and authorities, and upon such other and further evidence as may be presented to the Court prior to on at the time of hearing.

This motion is made following the conference of counsel pursuant to Local Rule 7-3 that took place on July 17, 2026. (See Declaration of William E. Pallares ("Pallares Decl.") at ¶19.)

Respectfully Submitted,

DATED:  July 24, 2026          LEWIS BRISBOIS BISGAARD & SMITH LLP

By:      /s/ William E. Pallares

WILLIAM E. PALLARES
Attorneys for Defendants, eXp REALTY, LLC, eXp WORLD  HOLDINGS, INC., and GLENN SANFORD

## MEMORANDUM OF POINTS AND AUTHORITIES

### 1.   INTRODUCTION

Defendants eXp World Holdings, Inc.,[1] eXp Realty, LLC, and Glenn Sanford (collectively, the "eXp Defendants") respectfully request that, pursuant to Fed. R. Evid. 104(a), the Court preclude the plaintiff Anya Roberts ("Plaintiff"), her witnesses, and attorneys from offering any evidence, making any comments or arguments, or asking any questions related to the matters that are the subject of this motion. Specifically, the eXp Defendants move to preclude Plaintiff from referring to, or presenting testimony or evidence from, references to deleted workplace chats or the deletions of workplace chat accounts as to Stacey Onnen, and are requesting that the Court grant this motion in limine to exclude such evidence from trial ("Motion in Limine").

### 2.   STATEMENT OF RELEVANT FACTS

Plaintiff has brought claims against the eXp Defendants for TVPRA beneficiary liability and negligence relating to her alleged drugging and sexual assault by Defendants David Golden and Michael Bjorkman.

During discovery, Plaintiff sought the production of various individual's workplace chat accounts.  (Pallares Decl. at ¶2.)  Workplace chats are a form of communication as part of Meta (formerly Facebook), that eXp uses.  (See Exhibit A, excerpts from the Deposition of the 30(b)(6) designee ("30(b)(6) Depo.")  for the eXp Defendants, taken on April 11, 2025, pp. 37:19-38:8, attached to the Pallares Decl. at ¶3.)  On or around December 2024, counsel for the eXp Defendants notified Plaintiff's counsel that Stacey Onnen's account had been deleted.  (Pallares Decl. at ¶4.)  On January 6, 2025, Plaintiff's counsel took the deposition of Stacey Onnen. (Pallares Decl. at ¶5.)

Further, the eXp Defendants produced volumes of workplace chats for other

---

[1]    Currently known as AGNT, Inc.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

custodians at eXp. (Pallares Decl. at ¶6.) A number of workplace chats contained "an ellipses bubble and/or empty chat bubble (which contained no text)." (See Declaration of Brittany Gloyd ("Gloyd Decl.") at 3.)[2] Throughout the discovery process, Plaintiff's counsel has taken the position that the empty chat bubbles were the result of the eXp Defendants and/or their employees deleting content from the workplace chats. (Pallares Decl. at ¶7.)

On April 11, 2025, Plaintiff's counsel took the deposition of the eXp Defendant's 30(b)(6) designee on topics of data storage and data retention as to workplace chats and deletions. (Pallares Decl. at ¶8.) The 30(b)(6) designee testified that Ms. Onnen's account had been deleted and that the eXp Defendants did not know how or why. (See 30(b)(6) Depo. at pp. 37:19-38:8; 58:1-8; 109:14-110:3, attached to the Pallares Decl. at ¶3.) The 30(b)(6) designee further testified that the deletion occurred between February 2022 to July 19, 2023. (See 30(b)(6) Depo. at pp. 110:13-111:2, attached to the Pallares Decl. at ¶3.)

Plaintiff's counsel have, throughout this litigation, threatened to seek a sanction as to spoliation. (Pallares Decl. at ¶9.) In fact, Plaintiff's counsel brought this issue before the Magistrate to request that her ESI vendor inspect the eXp Defendants' workplace chats with empty bubbles, presumably in preparation for a sanction motion. (Pallares Decl. at ¶10.) At that point, counsel for the eXp Defendants explained that the empty bubbles were the product of data conversion as a result of processing the data for review and then production. (Pallares Decl. at ¶11.) The Magistrate ordered the eXp Defendants to provide a declaration from their ESI vendor to confirm. (Pallares Decl. ¶12.)

---

[2] On June 8, 2026, counsel for the eXp Defendants circulated the Declaration of Brittany Gloyd, pursuant to the Magistrate Order, setting forth that the empty ellipses bubble did not reflect deleted content. (See Exhibit B, June 8, 2026 email correspondence, attaching the Declaration of Britteny Gloyd, attached to Pallares Decl. at ¶18.)


LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

The eXp Defendants retained Harbor Litigation Solutions, LLC ("Harbor") which is a litigation support service provider to assist in this litigation. (Gloyd Decl. at ¶1.) On April 29, 2026, Harbor review certain workplace chats which contained an ellipses bubble and/or empty chat bubble. (Gloyd Decl. at ¶ 3.) On April 30, 2026, Harbor determined that "the empty chat bubbles were the result of a data conversion that happens before Harbor processes documents into the document review database." (Gloyd Decl. at ¶5.) On May 13, 2026, Harbor "determined the empty chat bubbles were related to non-text chat activity." (Gloyd Decl. at ¶7.) Further, there "was no missing text from the empty chat bubbles." (Gloyd Decl. at ¶¶7-10.)

At no time has Plaintiff's counsel sought a discovery motion for sanctions related to spoliation of evidence. (Pallares Decl. at ¶13.) Discovery cut-off for this matter occurred around December 1, 2025. (Pallares Decl. at ¶14.) Discovery cut-off in the *Acevedo* matter occurred on June 8, 2026. (Pallares Decl. at ¶15.)

## 3.    LEGAL STANDARD

Motions in limine are a well-recognized judicial practice authorized under case law. See *Ohler v. United States*, 529 U.S. 753, 758, 120 S. Ct. 1851, 146 L. Ed. 2d 826 (2000). The Court's power to rule on motions in limine stems from "the court's inherent power to manage the course of trials." *Luce v. United States*, 469 U.S. 38, 41 n.4, 105 S. Ct. 460, 83 L. Ed. 2d 443 (1984).

Here, the eXp Defendant seek to preclude evidence of spoliation and any requests for an adverse inference related to spoliation because Plaintiff failed to procure a discovery sanction.

### A.    Plaintiff Failed To Move For A Spoliation Sanction.

A motion seeking Rule 37(e) discovery sanctions based on the alleged spoliation of evidence and other issues concerning document preservation, litigation holds, discovery responses, and resulting prejudice, should have been heard prior to the motion cutoff. See *Mixed Chicks LLC v. Sally Beauty Supply LLC*, 879

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

F.Supp.2d 1093, 1095 (C.D. Cal. 2012) (noting motion in limine is improper "[a]s a substitute for motions to compel discovery or for discovery sanctions that should have been brought earlier").  Plaintiff never moved under Rule 37(e) for a discovery sanction on alleged spoliation of evidence.  As stated above, discovery cut-off for this matter occurred on December 1, 2025 and for *Acevedo* on June 8, 2026.

In the event Plaintiff's counsel argue that they brought the issue before the Magistrate, they were untimely.  Courts hold that the motion must be filed in a reasonable time after the spoliation is discovered." *Emery v. Harris, No*. 1:10-CV-01947-JLT PC, 2014 WL 710957, at *5 (E.D. Cal. Feb. 21, 2014). When evaluating the timeliness of a spoliation motion, courts have considered "when the motion is made in relation to when the spoliation is discovered and to when any dispositive motion was filed and to be cautious of motions made on the eve of trial but to consider the explanation of the moving party as to why the motion was not made earlier." *Id.*  Again, Plaintiff never brought a motion.  Nevertheless, as to the deletion of Stacey Onnen's workplace chat account, Plaintiff knew of this in December of 2024.  Plaintiff then proceeded with her deposition on January 6, 2025. There is no viable explanation for Plaintiff's failure to bring any such motion.

**B.     <u>Plaintiff Cannot Demonstrate Spoliation As To The Empty Bubbles In The Workplace Chats.</u>**

The party requesting spoliation sanctions bears the burden of establishing the elements of a spoliation claim. *Reinsdorf v. Skechers U.S.A., Inc.*, 296 F.R.D. 604, 626 (C.D. Cal. 2013). The threshold question in a spoliation decision is whether evidence was altered or destroyed. See *id.*; *Lemus v. Olaveson*, No. CV 14-01381-JCM-NJK, 2015 U.S. Dist. LEXIS 27227, 2015 WL 995378, at *9 (D. Nev. Mar. 5, 2015).  As evidenced by the Gloyd Declaration, the empty chat bubbles are not reflective of any deletions.  In short, there was no spoliation.

/ / /

/ / /

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

180591388.1                                6                    Case No. 2:23-CV-10492-AB-CTS
eXp'S MOTION IN LIMINE NO. 17 RE SPOLIATION AND/OR DELETION

**C.**   **Plaintiff Is Not Entitled To A Discovery Sanction With Respect To The Deletion Of Stacey Onnen's Workplace Chat Account.**

"The bare  fact that evidence has been altered or destroyed does not necessarily mean that the party has engaged in sanction-worthy spoliation." *Reinsdorf*, 296 F.R.D. at 626. Rather, if a party alters or destroys evidence, the party requesting spoliation sanctions must further demonstrate that: (1) the party having control over the evidence had an obligation to preserve it at the time it was destroyed; (2) the evidence was destroyed with a culpable state of mind; and (3) the evidence was relevant to the party's claim or defense such that a reasonable trier of fact could find that it would support that claim or defense. *Id.*

In this instance, the eXp Defendants' 30(b)(6) designee testified that Ms. Onnen's account had been deleted and stated that eXp did not know why.  Since that April 11, 2025 deposition, Plaintiff has marshaled no evidence to suggest that the deletion was intentional.  In other words, there was no bad faith.  Further, Plaintiff cannot demonstrate that she was prejudiced from the deletion.  Plaintiff has taken deposition of other executives at eXp Realty who would have been included on the workplace chats that involved Ms. Onnen. (Pallares Decl. at ¶16.)  As set forth above, Plaintiff's counsel took the deposition of Ms. Onnen on January 6, 2025 and then proceeded to take forty (40) other depositions. (Pallares Decl. at ¶17.)  In short, Plaintiff cannot demonstrate prejudice.

It is well settled that "[a] party seeking an adverse inference instruction (or other sanctions) based on the spoliation of evidence must" satisfy the three elements for spoliation. *Reinsdorf*, 296 F.R.D. at 626.  Because Plaintiff has failed to do so, Plaintiff should be precluded from referencing spoliation or deletion of workplace chats and Ms. Onnen's account.  Moreover, Plaintiff should not be allowed to seek an adverse inference instructions.

/ / /

/ / /

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

Accordingly, the eXp Defendants respectfully request that this Court grant their motion in limine to preclude any reference to spoliation and/or deletion of workplace chats.

**D.      Reference To Empty Workplace Chat Bubbles Has No Probative Value.**

As this Court knows, it may exclude relevant evidence if "its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." *Fed. R. Evid.* 403. If the value is clearly outweighed by the prejudice, the Court cannot admit the evidence.  See *Blind-Doan v. Sanders*, 291 F.3d 1079, 1083 (9th Cir. 2002); *Steger v. Gen. Elec. Co.*, 318 F.3d 1066, 1079 (11th Cir. 2003); *United States v. Roberson*, 581 F. Supp. 3d 65, 71 (DC 2022); *J.S. v. Children of Am., Inc.*, 696 Fed. Appx. 39, 41 (2d Cir. 2017). In the event there is any shred of relevance as to empty workplace chat bubbles or deleted workplace chat account, the probative value is outweighed by its prejudice.  In short, if this Court were to allow such evidence, it would lead the jury to speculate as to why there are empty bubbles or why Ms. Onnen's account was deleted.  In other words, this Court would allow the jury to conjure an unwarranted nefarious purpose behind the deletions when the evidence cannot support spoliation sanctions. The role of the jury is to weigh the evidence not to speculate. Moreover, admitting this evidence would waste time and cause undue delay, as it would force the eXp Defendants to call witnesses and introduce other evidence to explain the empty workplace chat bubbles and deleted workplace chat account, creating a protracted side show over an issue that has no relevance to the heart of Plaintiff's claims in this case, i.e., whether Plaintiff was in fact drugged, sexually assaulted and/or sex trafficked.

/ / /

/ / /

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

## 4.    CONCLUSION

Based on the foregoing reasons, the eXp Defendants respectfully request that the Court grant the Motion in Limine, pursuant to Fed. R. Evid. 104(a), and precludes reference deletions, empty workplace chat bubbles and the deletion of Stacey Onnen's account.

Respectfully submitted,

DATED:  July 24, 2026        LEWIS BRISBOIS BISGAARD & SMITH LLP


By:         /s/ William E. Pallares
WILLIAM E. PALLARES
Attorneys for Defendants, eXp REALTY, LLC, eXp WORLD  HOLDINGS, INC., and GLENN SANFORD

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

## <u>DECLARATION OF WILLIAM E. PALLARES</u>

I, William E. Pallares, declare as follows:

1.    I am an attorney duly admitted to practice in all of the courts of the State of California and I am a partner with Lewis Brisbois Bisgaard & Smith LLP, attorneys of record for Defendants, eXp REALTY, LLC, eXp WORLD HOLDINGS, INC., and GLENN SANFORD herein.  The facts set forth herein are of my own personal knowledge, and if sworn I could and would competently testify thereto.

2.    During discovery, Plaintiff sought the production of various individual's workplace chat accounts.

3.    Attached as Exhibit A, are true and correct excerpts from the Deposition of the 30(b)(6) designee ("30(b)(6) Depo.") taken on April 11, 2025.

4.    On or around December 2024, counsel for the eXp Defendants notified Plaintiff's counsel that Stacey Onnen's account had been deleted.

5.    On January 6, 2025, Plaintiff's counsel took the deposition of Stacey Onnen.

6.    The eXp Defendants produced volumes of workplace chats for other custodians at eXp.

7.    Throughout the discovery process, Plaintiff's counsel has taken the position that the empty chat bubbles were the result of the eXp Defendants and/or their employees deleting content from the workplace chats.

8.    On April 11, 2025, Plaintiff's counsel took the deposition of the eXp Defendant's 30(b)(6) designee on topics of data storage and data retention as to workplace chats and deletions.

9.    Plaintiff's counsel have, throughout this litigation, threatened to seek a sanction as to spoliation.

10.    Plaintiff's counsel brought this issue before the Magistrate to request that her ESI vendor inspect the eXp Defendants' workplace chats with empty

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

bubbles, presumably in preparation for a sanction motion.

11. I explained that the empty bubbles were the product of data conversion as a result of processing the data for review and then production.

12. The Magistrate ordered the eXp Defendants to provide a declaration from their ESI vendor to confirm.

13. At no time has Plaintiff's counsel sought a discovery motion for sanctions related to spoliation of evidence.

14. Discovery cut-off for this matter occurred around December 1, 2025.

15. Discovery cut-off in the *Acevedo* matter occurred on June 8, 2026.

16. Plaintiff has taken deposition of other executives at eXp Realty who would have been included on the workplace chats that involved Ms. Onnen.

17. Plaintiff's counsel took the deposition of Ms. Onnen on January 6, 2025 and then proceeded to take forty (40) other depositions.

18. On June 8, 2026, counsel for the eXp Defendants circulated the Declaration of Brittany Gloyd, pursuant to the Magistrate Order.

19. On July 17, 2026, I met and conferred with Plaintiff's counsel the substance of this motion in limine.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration was executed on this 24th day of July, 2026, at Los Angeles, California.

/s/*William E. Pallares*
William E. Pallares

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

## CERTIFICATE OF SERVICE

I hereby certify that on this 24 day of July, 2026, I electronically filed the foregoing DEFENDANTS eXp REALTY, LLC; eXp WORLD HOLDINGS, INC., AND GLENN SANFORD'S NOTICE OF MOTION AND MOTION IN LIMINE TO EXCLUDE REFERENCE TO SPOLIATION AND/OR DELETION with the Clerk of the Court using the CM/ECF system.

/s/ *Debbie Wilhelm*
Debbie Wilhelm

