WILLIAM E. PALLARES, SB# 187740
  Email: William.Pallares@lewisbrisbois.com
**LEWIS BRISBOIS BISGAARD & SMITH LLP**
633 West 5th Street, Suite 4000
Los Angeles, California 90071
Telephone: 213.250.1800
Facsimile: 213.250.7900

IVY A. WANG, SB# 224899
  Email: Ivy.Wang@gtlaw.com
**GREENBERG TRAURIG, LLP**
1840 Century Park East, Suite 1900
Los Angeles, California 90067-2121
Telephone: 310.586.7700
Facsimile: 310.586.7800

DANIEL J. WADLEY, (*Admitted Pro Hac Vice*)
  Email: wadleyd@gtlaw.com
**GREENBERG TRAURIG, LLP**
222 South Main Street, Suite 1730
Salt Lake City, Utah 84101
Telephone: 801.478.6900
Facsimile: 801.994.9041

Attorneys for Defendants,
eXp REALTY, LLC, eXp WORLD HOLDINGS, INC.,
and GLENN SANFORD

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA,

| | |
|---|---|
| ANYA ROBERTS,<br><br>        Plaintiff,<br><br>    vs.<br><br>eXp REALTY, LLC, eXp WORLD HOLDINGS, INC., MICHAEL L. BJORKMAN, DAVID S. GOLDEN, BRENT GOVE, EMILY KEENAN, GLENN SANFORD, MICHAEL SHERRARD, and DOES 1-10,<br><br>        Defendants. | Case No. 2:23-CV-10492-AB-CTS<br><br>**DEFENDANTS eXp REALTY, LLC, eXp WORLD HOLDINGS, INC., AND GLENN SANFORD'S DAUBERT MOTION TO EXCLUDE EXPERT TESTIMONY AND EVIDENCE OF LAWRENCE JACOBSON**<br><br>Trial Date:   August 31, 2026 |

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

180803003.1

Case No. 2:23-CV-10492-AB-CTS

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on August 14, 2026 at 11:00 a.m., in Courtroom 7B of the above-entitled court, the Honorable André Birotte Jr. presiding, defendants eXp World Holdings, Inc., eXp Realty, LLC, and Glenn Sanford (collectively, the "eXp Defendants") will, and hereby do, move pursuant to Fed. R. Evid. 104(a) and 702:

1. To exclude Plaintiff Anya Roberts' ("Roberts") witness Lawrence Jacobson ("Jacobson") from providing expert testimony at trial;

2. To preclude the presentation or admission of Jacobson's expert report, and addendums, or testimony in their entirety;

3. Alternatively, in the event Jacobson is permitted to testify as an expert witness, to preclude any and all expert opinion testimony by Jacobson on the basis that his opinion is based on assumptions not supported by facts in the record. In addition, his opinions arise from "common sense," which is not specialized or technical knowledge beyond the scope of knowledge of the average layman;

4. To preclude all parties, witnesses, and attorneys from referring to the fact this motion has been filed and/or granted; and

5. To advise and caution each party and each party's witnesses to strictly follow these instructions.

This motion is based upon this notice, the attached memorandum of points and authorities, and upon such other and further evidence as may be presented to the Court prior to on at the time of hearing.

/ / /

/ / /

/ / /

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

This motion is made following the conference of counsel pursuant to Local Rule 7-3 that took place on July 17, 2026. (See Declaration of William E. Pallares ("Pallares Decl.") at ¶12.)

Respectfully Submitted,

DATED:  July 24, 2026          LEWIS BRISBOIS BISGAARD & SMITH LLP


By:        /s/ William E. Pallares
          WILLIAM E. PALLARES
          Attorneys for Defendants, eXp REALTY,
          LLC, eXp WORLD  HOLDINGS, INC.,
          and GLENN SANFORD

## MEMORANDUM OF POINTS AND AUTHORITIES

### 1.    INTRODUCTION

Defendants eXp World Holdings, Inc., eXp Realty, LLC, and Glenn Sanford (collectively, the "eXp Defendants") respectfully request that, pursuant to Fed. R. Evid. 104(a) and 702, the Court preclude Lawrence Jacobson from testifying as an expert witness and trial, and to preclude all parties, witnesses, and attorneys from presenting or admitting Jacobson's expert report, addendums or notes, and testimony in their entirety. In the event this Court permits Jacobson to testify as an expert witness, eXp Defendants alternatively request this Court preclude any and all expert opinion testimony by Jacobson on the basis that his opinion is based on assumptions not supported by facts in the record. In addition, his opinions arise from "common sense," which is not specialized or technical knowledge beyond the scope of knowledge of the average layman.

### 2.    FACTS RELEVANT TO THIS MOTION

Roberts claims the eXp Defendants knew or should have known Bjorkman was or became unfit, and this unfitness harmed Roberts. (ECF No. 1, ¶¶ 288-90.) Roberts bases this allegation in part on the fact that California managing broker, Debbie Penny, learned of a sexual assault allegation several years prior to joining eXp and prior to the events of this case. Penny did not know that an assault occurred; she only knew of the allegation of an assault.

On March 10-12, 2020, Roberts traveled to Flagler Beach, Florida at Golden's invitation to observe Golden and Bjorkman run a recruiting event for Megan Farrell-Nelson ("Farrell-Nelson"), a real estate agent in Bjorkman and Golden's sales organization. (November 14, 2025 Anya Roberts Deposition ("11/14/25 Roberts Depo.") (attached as Exhibit 2 to Pallares Decl.), 231:4-6; 232:1-13; 234:4-10; 236:1-21; Holly Madden Deposition ("Madden Depo.") (attached as Exhibit 3 to Pallares Decl.), 79:16-19; 98:11-15.) After Roberts and Golden checked into their room, Bjorkman arrived with his luggage and announced

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

he would be staying in the room as well (there were two beds in the hotel room). (11/14/25 Roberts Depo. (Pallares Decl., Ex. 2), 238:16-21; 239:14-24; 240:18-22.) Roberts had not previously met Bjorkman. (ECF No. 153-1, SUF #34.)

On the morning of March 12, 2020, while Roberts was showering in the hotel room's bathroom, Bjorkman entered the bathroom naked. (11/14/25 Roberts Depo. (Pallares Decl., Ex. 2),  260:8-11.) According to Roberts, she asked Bjorkman what he was doing and Bjorkman responded by saying: "Oh, now you're shy." (*Id.*, 261:16-20; November 18, 2025 Anya Roberts Deposition (attached as Exhibit 4 to Pallares Decl.), 205:24-2-6:2.) Based solely on this comment, Roberts assumes Bjorkman sexually assaulted her the previous night. (ECF No. 153-1, SUF #40.)

## 3.    SUMMARY OF RELEVANT EXPERT OPINIONS OF LAWRENCE JACOBSON.

All parties to this case exchanged expert disclosures on January 9, 2026, at which time Plaintiff designated Jacobson as an expert to opine as to "eXp Realty's supervision of its real estate agents and whether eXp's conduct was consistent with the custom and practice of residential real estate brokerages regarding supervision and security of agents operating under a corporate real estate broker's license." (Plaintiff's January 9, 2026 Expert Disclosures (attached as Exhibit 5 to Pallares Decl.), ¶ 43. In Jacobson's opinion, the "conduct of [eXp Realty, LLC] was not consistent with the custom and practice of residential real estate brokerages as it relates to their supervision and security of real estate agents working under their corporate real estate broker's license." (Expert Report of Lawrence H. Jacobson (attached as Exhibit 6 to Pallares Decl.,) ¶ 7.)

Jacobson testified to the following during his deposition on February 4, 2026:

- His opinions are based on an assumption that the person who vetted Bjorkman knew of past allegations of sexual assault against Bjorkman. (Jacobson Depo. (Pallares Decl., Ex. 1), 62:1-9, 65:22-66:5, 162:14-19, 191:9-11, 222:9-20.)

- He assumes the eXp Defendants had knowledge of Bjorkman's alleged sexual misconduct prior to September 15, 2020. (*Id.*, 182:20-23, 212:20-24, 214:8-13.)

- He concludes the eXp Defendants breached their duty to Roberts because they failed to act in accordance with "common sense." (*Id.*, at 77:22-78:7, 100:14-16.)

4.     **LEGAL STANDARD**

    A.     **The *Daubert* Threshold for Expert Opinion Evidence.**

Fed. R. Evid. 702 allows admission of "scientific, technical, or other specialized knowledge" by a qualified expert if it will "assist the trier of fact to understand the evidence or to determine a fact in issue." Fed. R. Evid. 702 also provides that a witness may be qualified as an expert if "the testimony is based on sufficient facts or data." "Where such testimony's factual basis, data, principles, methods, or their application are called sufficiently into question . . ., the trial judge must determine whether the testimony has a 'reliable basis in the knowledge and experience of [the relevant] discipline.'" *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 149 (1999). "Rule 702 requires that expert testimony relate to scientific, technical, or specialized knowledge, which does not include unsupported speculation and subjective beliefs." *Guidroz-Brault v. Missouri Pacific R.R. Co.*, 254 F.3d 825, 829 (9th Cir. 2001). If the testimonial evidence fails in this regard, the expert opinion is inadmissible. *Id.* An expert opinion is not admissible under Rule 702 unless the subject matter at issue is beyond the common knowledge of the average layman. *In re ConAgra Foods, Inc.*, 302 F.R.D. 537, 549 (C.D. Cal. 2014).

In applying Rule 702, the Court functions as a gatekeeper, determining whether proffered expert testimony meets the requirements of Rule 702 by a preponderance of the evidence." *In re Countrywide Fin. Corp. Mortgage-Backed Sec. Litig.*, 984 F.Supp.2d 1021, 1026 (C.D. Cal. 2013) (citing *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 597 (1993)). This "gatekeeping" obligation,

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

requiring an inquiry into both relevance and reliability, applies to not only "scientific" testimony, "but to all expert testimony," including testimony like Jacobson's. *See Kumho Tire Co., Ltd.,* 526 U.S. at 147; Fed. R. Evid. 702. The offering party must prove admissibility. *Lust v. Merrell Dow. Pharms.*, 89 F.3d 594, 598 (9th Cir. 1996). The offering party must also show by a preponderance of the evidence that (1) the expert is qualified to render the opinion; and (2) the opinion offered has adequate factual and scientific support for that opinion. *Daubert*, 509 U.S. at 592-93. The district court's review of proposed expert testimony must be exacting because expert opinion "can be both powerful and quite misleading." *Daubert,* 509 U.S. at 595.

In reviewing proposed testimony, the Court must ensure that the expert's methodology is reliable. The Supreme Court has provided guidance concerning the reliability analysis and identifies the following factors for consideration: (1) whether a theory or technique can be or has been tested; (2) whether the theory has been subjected to peer review and publication; (3) whether the technique has a known or potential error rate; and (4) whether the theory or technique enjoys "general acceptance" within a relevant 'scientific community.'" *Daubert,* 509 U.S. at 593-94; *Kumho Tire Co.,* 526 U.S. at 137.

## 5.   ARGUMENT

### A.   Jacobson Is Not A Qualified Expert Under Rule 702.

Fed. R. Evid. 702 requires expert testimony to be given by a *qualified* expert. A witness may be qualified as an expert by "knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise." (Fed. R. Evid. 702; *Kumho Tire Co.,* 526 U.S. at 147.)

Jacobson is an attorney who has practiced for over 54 years. His cover letter and curriculum vitae suggest that he has significant litigation experience in real estate law and has testified regarding the interpretation of real estate law and general standard of care and legal malpractice involving real estate agents *as it relates to*

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

*errors and omissions in real estate transactions*. However, testifying as to errors and omissions relative to a real estate transaction does not equate to knowledge as to the operations of a brokerage when it comes to onboarding agents or vetting agents respect to past behavior inside and outside of the workplace. Jacobson himself does not appear to have been employed as a broker or worked directly in real estate. Rather, his expertise seems to focus on real estate transactions and litigation of those disputes. His lack of experience within the day to day operations of a brokerage suggests a lack of knowledge about brokerage operations that precludes him from testifying about how a brokerage should operate and, more importantly, as to how a brokerage onboards agents.

**B.      Jacobson's Opinions are Based on "Common Sense" and Will be of No Assistance to the Jury.**

Jacobson also opines that the eXp Defendants breached their duty to Roberts because they failed to act consistently with "common sense." (Jacobson Depo. (Pallares Decl., Ex 1), 77:22-78:7, 100:14-16.) Specifically, he references the #MeToo movement and Harvey Weinstein to explain "what the management of any company should do and what they shouldn't do." (*Id*., 77:22-78:7.) Jacobson also testified that the duty employers have in onboarding and retaining employees "is not simply restricted to real estate brokerages. It's the course of conduct and custom and practice by any company with any number of employees in terms of monitoring and protecting their agents." (*Id*., 95:22-96:1.) According to Jacobson, "a great deal of custom and practice is common sense." (*Id*., 93:20-21.) In other words, Jacobson is not basing his opinion on his purported expertise in the real estate brokerage industry, but rather on "common sense" he contends companies should use.

Expert testimony is not necessary, and is not properly received, to establish matters of common sense. *Summers v. A.L. Gilbert Co.*, 69 Cal. App. 4th 1155, 1169 (1999) (expert opinions will be excluded when they add nothing to the jury's common fund of information, or "when the subject of inquiry is one of such

LEWIS BRISBOIS BISGAARD & SMITH LLP
ATTORNEYS AT LAW

common knowledge that men of ordinary education could reach a conclusion as intelligently as the witness.").  Further, "common sense" is by no means an expert foundation for an industry's standard of care. *See, e.g.*, *U.S. Equal Emp. Opportunity Comm'n v. MJC, Inc.*, 2019 WL 2992013, at *5 (D. Haw. July 9, 2019). Jacobson's reliance on "common sense" shows his opinions are not based on information that is beyond the common knowledge of the average layman. His opinions are inadmissible to this extent and must be excluded.

### C.   Jacobson's Opinions are Based on Assumptions Contrary to Undisputed Facts.

Jacobson's opinions are based on an assumption that eXp Realty did not adequately vet Bjorkman at the time he affiliated with the Company because the person who vetted Bjorkman was aware of a past allegation of sexual assault made against him. (Jacobson Depo. (Pallares Decl., Ex. 1), 62:1-9, 65:22-66:5, 162:14-19, 191:9-11, 222:9-20.) This assumption is contrary to undisputed facts. (ECF No. 153-1, SUF #26-29.) (*See also* May 29, 2025 Debbie Penny Deposition (attached as Exhibit 7 to Pallares Decl.), 53:10-11, 19-24; July 29, 2025 Debbie Penny Deposition (attached as Exhibit 8 to Pallares Decl.), 368:7-11, 15-19; 369:15-18; 371:10-14.)

Furthermore, to the extent Jacobsen bases his opinions on an assumption that an employee's knowledge that was acquired before employment of a past sexual assault allegation can be imputed to eXp Realty, that assumption is a legal conclusion Jacobson cannot properly offer. *In re Northrop Grumman ERISA Litig.*, 2017 WL 11685251, at *3 (C.D. Cal. Mar. 3, 2017). And even if it was proper for Jacobson to opine on the law, any conclusion along these lines is incorrect as a matter of law. An agent's knowledge is imputed to her principal only when she acquires that knowledge in the course of her agency. *Redman v. Walters*, (1979) 88

eXp'S AND SANFORD'S DAUBERT MOTION TO EXCLUDE LAWRENCE JACOBSON

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

Cal. App. 3d 448, 454.[1] It is "an exceedingly well-settled principle of" agency law that knowledge an employee gains before joining her new employer—particularly while working for a competing company—is not imputed to the new employer; in that circumstance, the employee's knowledge is no more to be imputed to the employer "than to an utter stranger." *Jefferson Pilot Life Ins. Co. v. Goold*, No. SACV 03-36 VAP (ANx), 2005 WL 5957832, at *1 (C.D. Cal. Nov. 15, 2005) (quotation marks omitted).

Jacobson also assumes the eXp Defendants generally had knowledge of Bjorkman's alleged misconduct prior to September 15, 2020. (Jacobson Depo. (Pallares Decl., Ex 1), 182:20-23, 212:20-24, 214:8-13.) But the undisputed facts show that prior to September 15, 2020 eXp Realty was unaware of any such allegations. (ECF No. 153-1, SUF #56.) There is no evidence of any report to eXp Realty regarding any alleged improper conduct against Bjorkman or Golden prior to September 15, 2020. Jacobson's opinions about the eXp Defendants' adherence to "the custom and practice of residential real estate brokerages as it relates to their supervision and security of real estate agents working under their corporate real estate broker's license" are therefore inadmissible because they are based on false assumptions regarding when the eXp Defendants learned about Bjorkman's alleged misconduct, and are also inadmissible to the extent Jacobson is offering legal conclusions (particularly incorrect legal conclusions) about an employee's past knowledge being imputed to the eXp Defendants.

## 6.    CONCLUSION

eXp Defendants respectfully request that this Court grant this *Daubert* motion

---

[1]    Traditional principles of agency law apply with equal force in the employment context. *Diaz v. Fed. Express Corp.*, No. CV 03-04765-SVW (AJWx), 2004 WL 5402500, at * 12 (C.D. Cal. Aug. 14, 2004). *See also Kimbro v. Atl. Richfield Co.*, 889 F.2d 869, 876 (9th Cir. 1989) (relying on, *inter alia*, Restatement (2d) Agency, § 238 (1958)).

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

in its entirety and decline to qualify Mr. Lawrence Jacobson as an expert at trial, exclude Mr. Jacobson's testimony and report from evidence at trial, including his rebuttal reports, and exclude any presentation or reference to Mr. Jacobson's opinions or conclusions as detailed above in this motion.

Respectfully submitted,

DATED:  July 24, 2026        LEWIS BRISBOIS BISGAARD & SMITH LLP


By:        /s/ William E. Pallares
WILLIAM E. PALLARES
Attorneys for Defendants, eXp REALTY, LLC, eXp WORLD  HOLDINGS, INC., and GLENN SANFORD

eXp'S AND SANFORD'S DAUBERT MOTION TO EXCLUDE LAWRENCE JACOBSON

## CERTIFICATE OF SERVICE

I hereby certify that on this 24th day of July, 2026, I electronically filed the foregoing DEFENDANTS eXp REALTY, LLC, eXp WORLD HOLDINGS, INC. AND GLENN SANFORD'S DAUBERT MOTION TO EXCLUDE EXPERT TESTIMONY AND EVIDENCE OF LAWRENCE JACOBSON with the Clerk of the Court using the CM/ECF system.

/s/  William E. Pallares
William E. Pallares



LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW