Jennifer A. Lenze, Esq., CA Bar No. 246858
**LENZE LAWYERS, PLC**
999 Corporate Drive, Suite 100
Ladera Ranch, CA 92694
T: (310) 322-8800
F: (310) 322-8811
jlenze@lenzelawyers.com

Brooke Cohen, Esq., TX Bar No. 24007019 PHV admitted
Andrea Hirsch, Esq. GA Bar No. 666557 PHV admitted
**COHEN HIRSCH, LP**
5256 Peachtree Road, Suite 195-E
Atlanta, GA 30341
T: (678) 268-4683
brooke@cohenhirsch.com
andrea@cohenhirsch.com
*Attorneys for PLAINTIFF*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANYA ROBERTS, | **CASE NO. 2:23-cv-10492-AB-CTS** |
| Plaintiff, | PLAINTIFF'S NOTICE OF MOTION AND MOTION IN LIMINE NO. 1 TO ADMIT EVIDENCE OF DEFENDANT BJORKMAN'S OTHER ALLEGED SEXUAL ASSAULTS. |
| v. | |
| EXP REALTY, LLC; EXP WORLD HOLDINGS, INC.; MICHAEL L. BJORKMAN; DAVID S. GOLDEN; GLENN SANFORD; and DOES 1-10, | **TRIAL DATE:** August 31, 2026 **PTC:** August 14, 2026 **TIME:** 11:00 a.m. **Ctrm:** 7B **Judge:** Honorable André Birotte, Jr. |
| Defendants. | |

i

PLAINTIFF'S NOTICE OF MOTION AND MOTION IN LIMINE NO. 1 TO ADMIT EVIDENCE AND TESTIMONY RE DEFENDANT BJORKMAN'S OTHER ALLEGED SEXUAL ASSAULTS.

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that at the Final Pretrial Conference on August 14, 2026, or as soon thereafter as the matter may be heard, Plaintiff Anya Roberts will move in limine to admit evidence that Defendant Michael L. Bjorkman committed other sexual assaults and attempted sexual assaults.

Plaintiff seeks to offer testimony from ███ ███ Tami Sims, Megan Farrell-Nelson, ███ ███ Fabiola Acevedo, and Noelle Nielsen. The evidence is admissible against Defendant Bjorkman under Federal Rule of Evidence 415 because this civil action involves claims based on Defendant Bjorkman's alleged sexual assault and the proffered incidents constitute sexual assaults or attempted sexual assaults as defined by Rule 413(d).

Rule 415 is the operative rule in this civil action. Rule 413(d) supplies the governing definition of "sexual assault," expressly including attempted conduct. Plaintiff does not seek a Rule 404(b) ruling through this Motion and reserves any independently admissible non-propensity use of the evidence for a separate motion or trial proffer.

Plaintiff has satisfied Rule 415(b). The witnesses and substance of their testimony were disclosed during discovery, Defendant Bjorkman received the relevant deposition testimony and materials, and this Motion provides additional notice more than fifteen days before trial.

PLAINTIFF'S NOTICE OF MOTION AND MOTION IN LIMINE NO. 1 TO ADMIT EVIDENCE AND TESTIMONY RE DEFENDANT BJORKMAN'S OTHER ALLEGED SEXUAL ASSAULTS.

This Motion is based on this Notice, the following Memorandum of Points and Authorities, the concurrently filed declaration and exhibits, all pleadings and papers on file, and any argument the Court may entertain.

Pursuant to Local Rule 7-3, counsel met and conferred regarding this Motion on July 6 and July 17, 2026. During the July 17 conference, Plaintiff identified the witnesses whose testimony she would seek to admit under Rule 415.

PLAINTIFF'S NOTICE OF MOTION AND MOTION IN LIMINE NO. 1 TO ADMIT EVIDENCE AND TESTIMONY RE DEFENDANT BJORKMAN'S OTHER ALLEGED SEXUAL ASSAULTS.

## I. INTRODUCTION

Rule 415 reflects Congress's judgment that, in civil sexual assault cases, evidence of a defendant's other sexual assaults is uniquely probative. Six women independently describe sexual assaults or attempted sexual assaults by Defendant Bjorkman involving professional access, sudden impairment or missing memory, and sexual conduct while incapacitated. Plaintiff Anya Roberts alleges the same.

Defendant Bjorkman intends to argue that Plaintiff Roberts's inability to remember the assault defeats her claim. Rule 415 exists for precisely this circumstance. Rather than allowing a defendant to benefit from the very memory loss Plaintiff alleges accompanied the assault, Rule 415 permits the jury to consider whether Defendant Bjorkman's repeated sexual assaults make it more likely that he committed the assault alleged here.

## II. THE PROFFERED EVIDENCE

**A.** █████ █████

█████ █████ ("█████ and Defendant Bjorkman were real estate agents in the same brokerage.  In 2007, Defendant Bjorkman arranged a trip to a hotel so they could study for a real estate exam and made drinks in the hotel room. █████ next memory was awakening while Defendant Bjorkman was engaged in vaginal intercourse with her. She later regained awareness during anal intercourse. She recalls feeling very sick and incoherent. █████ Dep. 20:20–22:25. Exhibit 1 to the

PLAINTIFF'S NOTICE OF MOTION AND MOTION IN LIMINE NO. 1 TO ADMIT EVIDENCE AND TESTIMONY RE DEFENDANT BJORKMAN'S OTHER ALLEGED SEXUAL ASSAULTS.

Declaration of Jennifer Lenze ("Lenze Dec").  At another gathering, he attempted to insert his fingers into her vagina. *Id*. 44:13–45:16.

**B.** ███ ██████

██ ████ ("██████ testified that, during a February 2018 real-estate event, she experienced a blackout, had no memory of entering a hotel room, and next remembered awakening in Defendant Bjorkman's bed. ██████ Dep. 26:9–28:10; 30:18-34:18; 123:13-23. Exhibit 2 to Lenze Dec.  Defendant Bjorkman later told ██████ that she had acted "very crazy, wild," was a "party girl," had masturbated to pornography, and that he had filmed her. Id. 35:1–15; 124:2-7.

**C. Fabiola Acevedo**

Fabiola Acevedo ("Acevedo") attended a July 2018 Pelican Hill event through an eXp recruiting and sponsorship process. When no separate room was available, Golden assured her that Defendant Bjorkman was "family," was safe, and that she could stay in his room. Acevedo Dep. Vol I 84:6-18. Exhibit 3 to Lenze Dec.

That evening at the hotel bar, Acevedo recalled having one drink, seeing Defendant Bjorkman beside her, becoming foggy and unusually impaired, and eventually losing control of her body. *Id*. at 119:7-10; 122:3-5; 123:9-124:4; 126:9-21; 131:20-132:1; 134:25-135:10. She next remembered awakening naked on a bed in Defendant Bjorkman's room, seeing him in bed with another woman and

PLAINTIFF'S NOTICE OF MOTION AND MOTION IN LIMINE NO. 1 TO ADMIT EVIDENCE AND
TESTIMONY RE DEFENDANT BJORKMAN'S OTHER ALLEGED SEXUAL ASSAULTS.

another person on the floor, and finding herself in the shower without remembering how she got there. Id. at 136:3-15; 137:2-10; 137:20-138:1. While Acevedo was naked in the shower, Defendant Bjorkman opened the shutters to the bathroom, stood fully naked, exposed himself, and propositioned her for sex. *Id*. at 138:2-10.

### D. Tami Sims

Tami Sims ("Sims") testified that, at an April 2019 real-estate event, Defendant Bjorkman persuaded her to accept a drink that he left the suite to obtain. As she walked toward her room, everything became blurry, followed by only spotty memories. The next morning, she was shaking, confused, extremely ill, and bleeding. She remembered Defendant Bjorkman on top of her with his tongue down her throat. Sims Dep. Vol. II 299:13-25; 302:4-303:16. Exhibit 4 to Lenze Dec. Approximately two weeks later, Defendant Bjorkman admitted that they had intercourse. He told Sims, "Yes, we fucked," but said she had been "so wasted," was not acting like herself, and would have been embarrassed. He claimed that he had concealed the event to "protect" her. *Id*. 307:10–308:17.

### E. Noelle Nielsen

In December 2019, Noelle Nielsen ("Nielsen"), Rosie Rodriguez, Defendants Bjorkman and Golden planned a trip to Puerto Rico to meet with eXp World Holdings Board Member Gene Frederick.  Nielsen Dep. 214:23-215:4. Exhibit 5 to Lenze Dec. While en route, Rodriguez notified Nielsen that she was

PLAINTIFF'S NOTICE OF MOTION AND MOTION IN LIMINE NO. 1 TO ADMIT EVIDENCE AND TESTIMONY RE DEFENDANT BJORKMAN'S OTHER ALLEGED SEXUAL ASSAULTS.

no longer attending, leaving Nielsen alone in an AirBnB with Defendants Bjorkman and Golden. *Id*. at 215:5-15.

One evening during the trip, Defendants Golden and Bjorkman placed a 5-Hour Energy drink on her bed.  Unbeknownst to Nielsen at the time, that same evening Golden texted Ms. Rodriguez, "We slipped Noelle a roofie." Golden Dep. Vol I., Exhibit 21. Exhibit 6 to Lenze Dec. Nielsen recalls feeling nervous and scared that night because Defendants Bjorkman and Golden tried to gain entry into her room but were unable to enter because she locked the bedroom door.  Nielsen Dep. At 217:6–218:9. A few months prior to that incident, Defendant Bjorkman told Nielsen that she had a face he would like to fuck and tried to kiss her.  *Id*. at 47:4-9; 172:12-22.

F. **Megan Farrell-Nelson**

Megan Farrell-Nelson ("Farrell-Nelson") testified that Defendant Bjorkman sexually assaulted her twice during an August 2020 Las Vegas trip. On Friday night, she experienced a complete period of missing memory. She later learned from Alexandra Tunks ("Tunks") that she had performed oral sex on Defendant Bjorkman in the shower—an act of which she had no recollection and to which she could not consent while incapacitated. Farrell-Nelson Dep. Vol. II 408:14–409:5; 410:16-22; 420:21–421:10. Exhibit 7 to Lenze Dec.

4

PLAINTIFF'S NOTICE OF MOTION AND MOTION IN LIMINE NO. 1 TO ADMIT EVIDENCE AND TESTIMONY RE DEFENDANT BJORKMAN'S OTHER ALLEGED SEXUAL ASSAULTS.

In the early hours of Sunday morning, Farrell-Nelson was in Defendants Bjorkman and Golden's hotel suite.  Defendant Bjorkman and Farrell-Nelson left the suite together to gamble. Farrell-Nelson suddenly lost her memory, regaining awareness in bed with Defendant Bjorkman with his finger inside her vagina. *Id*. at 464:4-23. Farrell-Nelson later recalled Defendant Bjorkman picking her up, moving her into the suite's massage room, removing her pants, penetrating her vagina with his penis, and ejaculating inside her while feeling immobilized. *Id*. at 466:24-467:24.

## III. LEGAL STANDARD

In a civil case involving a claim based on sexual assault, Rule 415 permits evidence that the defendant committed another sexual assault. The evidence may be considered as provided in Rule 413, including for propensity. Fed. R. Evid. 413(a), 415(a). Rule 413(d), which expressly applies to Rule 415, defines sexual assault to include nonconsensual genital contact, penetration, and *attempts* to engage in such conduct. Fed. R. Evid. 413(d)(1)-(5).

Rule 413(d)(1) incorporates conduct prohibited by Chapter 109A. Section 2244(a) reaches a person who knowingly "engages in or causes sexual contact with or by another person" under circumstances that would violate the Chapter's sexual-abuse provisions if the contact were a sexual act. 18 U.S.C. § 2244(a). "Sexual contact" includes intentional touching of specified intimate areas with the intent to

PLAINTIFF'S NOTICE OF MOTION AND MOTION IN LIMINE NO. 1 TO ADMIT EVIDENCE AND TESTIMONY RE DEFENDANT BJORKMAN'S OTHER ALLEGED SEXUAL ASSAULTS.

abuse, humiliate, harass, degrade, or arouse or gratify sexual desire. 18 U.S.C. § 2246(3). Accordingly, a perpetrator need not personally touch the victim: knowingly causing an incapacitated victim to engage in sexual touching, including touching her own genitalia, may constitute qualifying conduct under Rule 413(d)(1).

Rule 415 requires that: (1) the action involve a claim based on sexual assault; (2) the proffered evidence concern another sexual assault by the defendant; and (3) the evidence be relevant. The evidence must then survive Rule 403 balancing. *Doe ex rel. Rudy-Glanzer v. Glanzer*, 232 F.3d 1258, 1268 (9th Cir. 2000). The Court need not find that the other assault occurred; it asks whether, considering all the evidence, a jury could reasonably find its occurrence by a preponderance of the evidence. *Carroll*, 124 F.4th at 155–57; *United States v. Norris*, 428 F.3d 907, 913–14 (9th Cir. 2005).

**IV. ARGUMENT**

This evidence satisfies each element of the Rule 415 standard set forth in Section III above: ███ Sims, ███ and Farrell-Nelson establish completed sexual assaults (Section IV.A); Acevedo and Nielsen establish attempted sexual assaults under Rule 413(d)(5) (Section IV.B); and Rule 403 balancing confirms admissibility (Section IV.C).

**A.    ███ Sims, ███ and Farrell-Nelson Describe Completed**

PLAINTIFF'S NOTICE OF MOTION AND MOTION IN LIMINE NO. 1 TO ADMIT EVIDENCE AND
TESTIMONY RE DEFENDANT BJORKMAN'S OTHER ALLEGED SEXUAL ASSAULTS.

**Sexual Assaults**

████ describes vaginal and anal intercourse while unable to consent, as well as attempted digital penetration. Sims describes sexual conduct following abrupt impairment and Defendant Bjorkman's admission that intercourse occurred while she was "so wasted." ████ describes Defendant Bjorkman's admission that, while she was incapacitated, she masturbated to pornography while he videotaped it. A jury could reasonably find that Defendant Bjorkman knowingly caused an incapacitated woman to engage in sexual contact, conduct prohibited by Chapter 109A and therefore encompassed by Rule 413(d)(1). Farrell-Nelson describes oral sex during complete amnesia, digital penetration, and penile-vaginal penetration. These acts fall within Rule 413(d)'s definition of sexual assault.

**B. Acevedo and Nielsen Describe Attempted Sexual Assaults**

Rule 413(d)(5) includes attempted sexual assault. Rule 413(d)(5) requires only an attempt to engage in the enumerated conduct, not completion. *Carroll v. Trump*, 124 F.4th 140, 160–64 (2d Cir. 2024) (affirming admission under Rule 415 where the evidence permitted a finding of intent and substantial steps toward nonconsensual sexual contact), reh'g en banc denied, 141 F.4th 366 (2d Cir. 2025).

As to Acevedo, a jury could find that Defendant Bjorkman obtained access to an incapacitated woman who awoke naked in his room, opened the bathroom shutters while she was naked, stood before her fully naked, exposed himself, and

asked her to have sex. Viewed in context, those acts constituted substantial steps toward nonconsensual sexual contact. *See Carroll*, 124 F.4th at 161–64.

As to Nielsen, a jury could find that Defendant Bjorkman participated in trying to drug her and then attempted to enter the bedroom where she had locked herself away from him and Golden. Golden's contemporaneous statement, "We slipped Noelle a roofie," describes joint conduct. The inference that Defendant Bjorkman was the other member of "we" rests on independent circumstantial evidence: Defendant Bjorkman and Golden were the only other occupants of the residence; Defendant Bjorkman had previously expressed sexual interest in Nielsen and attempted to kiss her; and both men then tried to enter her locked bedroom. Taken together, the drugging, isolation, prior sexual advance, and attempted entry permit a finding that Defendant Bjorkman took substantial steps toward nonconsensual sexual contact. *See Carroll*, 124 F.4th at 161–64.

## C. Rule 403 Strongly Favors Admission

In evaluating Rule 415 evidence under Rule 403, courts consider similarity, temporal proximity, frequency, intervening circumstances, and necessity. *Glanzer*, 232 F.3d at 1268–69. The Ninth Circuit has reversed the global exclusion of Rule 415 evidence where the record did not show that the court evaluated those factors. *Blind-Doan v. Sanders, 291 F.3d 1079, 1082–83 (9th Cir. 2002)*. Congress considered evidence that defendants committed other sexual assaults "critical in

PLAINTIFF'S NOTICE OF MOTION AND MOTION IN LIMINE NO. 1 TO ADMIT EVIDENCE AND TESTIMONY RE DEFENDANT BJORKMAN'S OTHER ALLEGED SEXUAL ASSAULTS.

assessing the relative plausibility of sexual assault claims and accurately deciding cases that otherwise become unresolvable swearing matches." *Carroll*, 124 F.4th at 154–55. Consistent with that judgment, Rule 415 evidence is highly relevant and probative because Congress authorized its use to show a defendant's pattern or propensity to commit sexual assault.

**Similarity.** The incidents arose from professional relationships and occurred in hotels. The women describe sudden impairment, blackout, missing memory, and sexual conduct or attempted sexual conduct during vulnerability. Several learned what occurred through returning awareness, physical symptoms, or Defendant Bjorkman's own statements.

**Timing and frequency.** ███████ Acevedo, Sims, Nielsen, Roberts, and Farrell-Nelson describe repeated incidents between 2018 and 2020. ███████ earlier experiences further support a recurring pattern. Rules 413–415 contain no temporal limitation, and substantial lapses of time do not eliminate the probative value of otherwise similar sexual-assault evidence. *Carroll*, 124 F.4th at 170–71.

**Necessity.** Plaintiff Roberts cannot narrate the hours during which the assault allegedly occurred because she became profoundly impaired. Defendant Bjorkman intends to characterize that memory loss as an absence of proof. The other incidents permit the jury to evaluate whether Plaintiff Roberts's incapacity was an isolated occurrence or part of recurring conduct. Plaintiff Roberts's

PLAINTIFF'S NOTICE OF MOTION AND MOTION IN LIMINE NO. 1 TO ADMIT EVIDENCE AND TESTIMONY RE DEFENDANT BJORKMAN'S OTHER ALLEGED SEXUAL ASSAULTS.

inability to describe the assault increases—not diminishes—the probative value of the Rule 415 evidence. Prior-act evidence need not be indispensable; it need only be helpful or practically necessary to the jury's evaluation of the disputed assault. *LeMay*, 260 F.3d at 1029.

**Reliability and trial management.** Each witness testified under oath and is available for cross-examination. Several accounts include statements or admissions by Defendant Bjorkman or Golden. The Court can limit the examinations to the qualifying incidents, prevent collateral disputes, and instruct the jury that the evidence may be considered for propensity only against Defendant Bjorkman.

Rule 403 excludes only unfair prejudice, not the ordinary prejudice caused by powerful evidence. *United States v. LeMay*, 260 F.3d 1018, 1026–27 (9th Cir. 2001). The testimony is damaging because it undermines Defendant Bjorkman's denial—not because it invites decision on an improper basis.

## V. CONCLUSION

Plaintiff respectfully requests that the Court admit the testimony of ███ ███ Tami Sims, Megan Farrell-Nelson, ███ ███ Fabiola Acevedo, and Noelle Nielsen against Defendant Bjorkman under Rule 415 because the proffered incidents constitute sexual assaults or attempted sexual assaults as defined by Rule 413(d).

Submitted this 24th day of July, 2026.

PLAINTIFF'S NOTICE OF MOTION AND MOTION IN LIMINE NO. 1 TO ADMIT EVIDENCE AND TESTIMONY RE DEFENDANT BJORKMAN'S OTHER ALLEGED SEXUAL ASSAULTS.

By: /s/ Jennifer A. Lenze

Jennifer A. Lenze (CA No 246858)
LENZE LAWYERS, PLC
999 Corporate Drive, Suite 100
Ladera Ranch, California 92694
Telephone (310) 322-8800
jlenze@lenzelawyers.com

Brooke F. Cohen TX 24007019 PHV Adm
Andrea S. Hirsch, GA 666557 PHV Adm
COHEN HIRSCH, LP
5256 Peachtree Road, Suite 195-E
Atlanta, Georgia 30341
Tel: (678) 268-4683
brooke@cohenhirsch.com
andrea@cohenhirsch.com
Attorneys for Plaintiff

11

PLAINTIFF'S NOTICE OF MOTION AND MOTION IN LIMINE NO. 1 TO ADMIT EVIDENCE AND
TESTIMONY RE DEFENDANT BJORKMAN'S OTHER ALLEGED SEXUAL ASSAULTS.

**CERTIFICATE OF SERVICE**

I hereby certify that on July 24, 2026, I caused the foregoing to be electronically filed with the Clerk of the Court using the Court's CM/ECF system. I further certify that all counsel of record are registered CM/ECF users and will be served through the Court's CM/ECF system.

Dated: July 24, 2026

By: /s/ Jennifer A. Lenze
Jennifer A. Lenze

PLAINTIFF'S NOTICE OF MOTION AND MOTION IN LIMINE NO. 1 TO ADMIT EVIDENCE AND TESTIMONY RE DEFENDANT BJORKMAN'S OTHER ALLEGED SEXUAL ASSAULTS.