Ivy A. Wang (SBN CA 224899)
Daniel J. Wadley (*Admitted Pro Hac Vice*)
GREENBERG TRAURIG, LLP
1840 Century Park East, Suite 1900
Los Angeles, California 90067-2121
Telephone: 310.586.7700
Facsimile: 310.586.7800
Ivy.Wang@gtlaw.com
Wadleyd@gtlaw.com

William E. Pallares (SBN CA 187740)
LEWIS BRISBOIS BISGAARD & SMITH LLP
633 West 5th Street, Suite 4000
Los Angeles, CA 90071
Telephone: 213.250.1800
Facsimile: 213.250.7900
William.Pallares@lewisbrisbois.com

Attorneys for Defendants eXp Realty, LLC; AGNT, Inc. f/k/a eXp World Holdings, Inc.; and Glenn Sanford

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANYA ROBERTS,<br><br>        Plaintiff,<br><br>v.<br><br>eXp REALTY, LLC; eXp WORLD HOLDINGS, INC.; MICHAEL L. BJORKMAN; DAVID S. GOLDEN; BRENT GOVE; EMILY KEENAN; GLENN SANFORD; MICHAEL SHERRARD; and DOES 1–10,<br><br>        Defendants. | CASE NO.  2:23-cv-10492-AB-CTS<br><br>Hon. André Birotte Jr., Ctrm 7B<br><br>**eXp DEFENDANTS' MOTION *IN LIMINE* NO. 14 TO EXCLUDE ANY CREDIBILITY TESTIMONY**<br><br>**Hearing Date: August 14, 2026**<br>**Time: 11:00 AM**<br><br>Action Filed:  December 14, 2023<br>FAC Filed: June 13, 2024<br><br>Trial Date: August 31, 2026 |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on August 14, 2026, at 11:00 a.m., or as soon thereafter as the matter may be heard before the Honorable André Birotte Jr. of the above-entitled Court, in Courtroom 7B of the United States District Court for the Central District of California, located at 350 West First Street, Los Angeles, California 90012, Defendants eXp World Holdings, Inc. ("World Holdings")[1], eXp Realty, LLC ("eXp Realty"), and Glenn Sanford (collectively, the "eXp Defendants") will and hereby do move to exclude any credibility testimony (Motion *in Limine* No. 14) ("Motion").

Pursuant to Civil Local Rule 7-3 and the Court's Order Re: Civil Jury/Court Trial section II(A)(1), counsel for the eXp Defendants have met and conferred over zoom with counsel for the other parties to discuss this Motion.  The parties could not agree to any of the evidentiary requests set forth.  *See* Declaration of Daniel J. Wadley.

Dated: July 24, 2026                    GREENBERG TRAURIG, LLP


                                        By */s/ Ivy A. Wang*
                                        Ivy. A. Wang
                                        Daniel J. Wadley
                                        Attorneys for Defendants eXp Realty, LLC;
                                        AGNT, Inc. f/k/a eXp World Holdings, Inc.; and
                                        Glenn Sanford

---

[1] Currently known as AGNT, Inc.

Hoping to bolster her case, when no objective evidence exists to support Plaintiff Anya Roberts's ("Plaintiff") or any other witness's allegations of drugging and sexual assault by Defendants David Golden and Michael Bjorkman, Plaintiff intends to introduce personal opinion testimony from witnesses regarding the credibility of other alleged victim witnesses. Because federal courts, including the Ninth Circuit, prohibit opinion testimony regarding a witness's credibility, and because such testimony is substantially more prejudicial than probative, Defendants eXp Realty, LLC, eXp World Holdings, Inc.[2], and Glenn Sanford (the "eXp Defendants") move *in limine* to exclude any witness testimony on his or her personal opinion as to whether any other witness was truthful, credible, or believable in making allegations against Defendants Golden or Bjorkman.

## I.   STATEMENT OF RELEVANT FACTS

Plaintiff alleges in the First Amended Complaint that Defendants Golden and Bjorkman drugged and sexually assaulted her under circumstances that constitute human trafficking, and that the eXp Defendants knowingly benefited from the alleged human trafficking venture.  Despite years of discovery and over forty depositions, no objective evidence of the alleged drugging and sexual assault of Plaintiff exist.  Plaintiff never obtained any toxicology screens or rape kits to confirm whether she was indeed drugged or sexually assaulted, and no video recordings of any such alleged drugging or sexual assault exist.  No witness has testified that they witnessed the alleged drugging or sexual assault.

In an attempt to overcome this lack of evidence, Plaintiff seeks to introduce inadmissible character evidence through other witness allegations of drugging and/or sexual assault by Defendants Golden and Bjorkman, including those of the plaintiffs in *Acevedo et al. v. eXp Realty, LLC et al.*, Case No. 2:23-cv-01304-AB-CTS.  These other witness allegations should be excluded for the reasons stated in the eXp Defendants' concurrently filed Motions in Limine Nos.1-4.

In the unlikely event that this Court admits these other witness allegations, which

---

[2] Currently known as AGNT, Inc.

would result in an endless series of mini trials over each other acts allegation within this trial, Plaintiff has stated that she also seeks to introduce testimony of witnesses, particularly those of the eXp Defendants' employees, regarding their personal opinions of the "victims'" credibility.  In particular, during the depositions of various witnesses, including but not limited to those of James Bramble, Cory Haggard, Stacey Onnen, and Jason Gesing, Plaintiff's counsel repeatedly solicited the witnesses' personal opinions[3] as whether the allegations against Defendants Golden and Bjorkman by *Acevedo* plaintiffs Megan Farrell Nelson and Fabiola Acevedo, were believable or credible.  *See, e.g.*, 6/20/25 James Bramble Dep. 147:5–148:3, 304:19–311:6 (Ex. 1 to Wang Decl.); 8/20/25 Cory Haggard Dep. 24:15–26:21, 36:4–37:4, 149:20–23 (Ex. 2 to Wang Decl.); 1/6/25 Stacey Onnen Dep. 222:2–224:3 (Ex. 3 to Wang Decl.); 10/24/25 Jason Gesing Dep. 518:18–519:13, 563:18–564:1, 634:10–24 (Ex. 4 to Wang Decl.)). This Court should exclude such personal opinion testimony regarding witness credibility because its admission constitutes reversible error in the Ninth Circuit.

## II.    **ARGUMENT**

"It is the jurors' responsibility to determine credibility by assessing the witnesses and witness testimony in light of their own experience." *United States v. Sanchez-Lima*, 161 F.3d 545, 548 (9th Cir. 1998) (quoting *United States v. Binder*, 769 F.2d 595, 602 (9th Cir. 1985 (internal quotation marks omitted)).  In *United States v. Sanchez-Lima*, the district court permitted an Agent Loven to testify as to his opinion as to whether an Agent Kermes told him the truth during his post-incident interview.  The Ninth Circuit found this testimony to be reversible error, holding "opinion evidence regarding a witness' credibility is inadmissible." *Sanchez-Lima*, 161 F.3d at 548.  The Ninth Circuit noted that especially in a case where believing the defendant's theory of the case necessarily required the jury to

---

[3] The eXp Defendants are not moving to exclude 30(b)(6) testimony from their employees regarding where the allegations were treated as credible by eXp Realty, LLC, eXp World Holdings, Inc., or any committee thereof, although they reserve their right to object to such testimony on evidentiary grounds at trial. None of the problematic testimony cited as examples in this motion took place in a 30(b)(6) deposition.

reject Agent Kermes' account and believe the opposite, "[t]he jury's verdict necessarily depended on the credibility of the bolstered witness." *Id*. Accordingly, "[t]he receipt of this oath-helping testimony . . . was reversible error." *Id*. at 548-49. *See also United States v. Preston*, 873 F.3d 829 (9th Cir. 2017) (holding district court abused its discretion in allowing to witness to testify that she believed an alleged sexual assault victim's allegations and opine that sex abuse victims generally tell the truth).

Likewise, in the present case where Plaintiff and her intended "victim" witnesses have no objective evidence corroborating their allegations of drugging and sexual assault, their credibility is paramount in convincing the jury to accept their version of events over that of Defendants Golden and Bjorkman. To allow Plaintiff to introduce "oath-helping testimony" in the form of other witnesses' personal opinions of the Plaintiff or any "victim" witness's credibility would also materially affect the verdict and constitute reversible error. Plaintiff should not be permitted to do so.

Nor can Plaintiff introduce such testimony under Federal Rule of Evidence 608, which only permits testimony regarding a witness's "*character* for truthfulness or untruthfulness," Fed. R. Evid. 608(a) (emphasis added), and not "whether 'another witness was truthful or not on a *specific* occasion.'" *United States v. Jones*, 74 F.4th 1065, 1069 (10th Cir. 2023) (quoting *United States v. Schmitz*, 634 F.3d 1247, 1268 (11th Circ. 2011) (emphasis in *Jones*)). *United States v. Rivera*, 780 F.3d 1084, 1096 (11th Cir. 2015) ("…Rule 608(a). . . . does not allow the witness to opine about another witness's truthfulness on a particular occasion, such as while on the witness stand."). *See Houserman v. Comtech Telecomms. Corp.*, 519 F. Supp. 3d 863, 870 (W.D. Wash. 2021). Moreover, testimony regarding the character for truthfulness may only be introduced after the witness's character for truthfulness has been attacked. Fed. R. Evid. 608(a).

Federal courts have found testimony such as the following, which mirror the type of testimony Plaintiff seeks to bring in, to be plain error:

> . . . Crystal testified that she "believed" K.B. and C.B when she was informed of their allegations at the school, thereby implying that the girls were truthful

on this occasion. She also testified that she believed their allegations because they wouldn't "lie about anything like this," further bolstering their truthfulness on that specific occasion. This sort of testimony spoke to K.B. and C.B.'s truthfulness on "specific occasion[s]" specifically relating to Mr. Jones's charged conduct and therefore it violated Rule 608(a)'s requirement that testimony only speak to a "general character for truthfulness."

*Jones*, 74 F.4th at 1069 (internal citations omitted).   This prohibited testimony is no different than the following examples that Plaintiff has elicited in depositions and will likely attempt to introduce at trial:

- 1/6/25 Stacey Onnen Dep. 223:24-224:3 (Ex. 3 to Wang Decl.): "There was nothing that you heard or read regarding these women and their allegations of sexual assault, drugging, that caused you not to believe them; true?" "No. True."

- 8/20/25 Cory Haggard Dep. 24:16-19, 25:4-6 (Ex. 2 to Wang Decl.): "Now, the -- at that time in 2020, you believed the allegations that Ms. Megan Farrell-Nelson had made, and that resulted in the termination of Michael Bjorkman; correct?" "Yes, I did believe Ms. Farrell's account that she was assaulted."

As the eXp Defendants establish in Motions in Limine Nos. 1-4, the other acts allegations have no place in this trial.  Should any of these other allegations be admitted into evidence, the Ninth Circuit is clear that witnesses cannot testify to their personal opinion of the credibility of those allegations.  But even if this Court were to consider admitting such vouching in contravention of Ninth Circuit law, this Court should still exclude the testimony for being substantially more prejudicial than probative.  Under Federal Rule of Evidence 403, even evidence which is relevant may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury.  In this case where no objective evidence supports the Plaintiff's allegations of drugging and sexual assault, and where the jury's determination of whether Plaintiff was indeed drugged or sexually assaulted will depend solely on the credibility of the Plaintiff (and potentially other "victim" witnesses) versus that of Defendants Golden and Bjorkman, any personal opinion testimony regarding witness

credibility would be substantially more prejudicial than the possible probative value of the "personal" opinions of other witnesses who did not observe the alleged events in question.

## III.    CONCLUSION

For the reasons stated above, the eXp Defendants respectfully request that this Court exclude any witness testimony on his or her personal opinion as to whether any other witness was truthful, credible, or believable in making allegations against Defendants Golden or Defendant Bjorkman.

DATED:  July 24, 2026                          GREENBERG TRAURIG, LLP


By */s/ Ivy A. Wang*
Ivy A. Wang
Daniel J. Wadley

Attorneys for Defendants eXp Realty, LLC; eXp World Holdings, Inc.; and Glenn Sanford