CHESNOFF & SCHONFELD
RICHARD A. SCHONFELD, ESQ. (SBN 202182)
Email: rschonfeld@cslawoffice.net
520 S. 4th Street
Las Vegas, NV 89101
Telephone: 702-384-5563
Facsimile: 702-598-1425
Attorney for Defendant Michael Bjorkman

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

ANYA ROBERTS,

     Plaintiff,

v.

eXp REALTY, LLC,
eXp WORLD HOLDINGS, INC.,
DAVID S. GOLDEN, BRENT GOVE,
EMILY KEENAN, GLENN SANFORD,
MICHAEL SHERRARD, and DOES 1-10

     Defendants.
_____

)
)  Case No. 2:23-cv-10492-AB-AGR
)
)  **DEFENDANT MICHAEL**
)  **BJORKMAN'S**
)  **CONSOLIDATED NOTICE OF**
)  **LIMITED JOINDER IN**
)  **CO-DEFENDANT'S MOTIONS**
)  **IN LIMINE AND *DAUBERT***
)  **MOTIONS**
)
)  **Date: August 14, 2026**
)  **Time: 11:00 a.m.**
)  **Ct. Rm: 7B**
)  **Judge: Hon. André Birotte Jr.**
)

**TO: PLAINTIFF AND HER COUNSEL OF RECORD;**
**TO: DEFENDANTS AND THEIR COUNSEL OF RECORD;**
**TO: ANY OTHER INTERESTED PARTY**

Defendant Michael L. Bjorkman ("Mr. Bjorkman"), through his counsel,

submits this Consolidated Notice of Limited Joinder in the motions in limine and

1
DEFENDANT MICHAEL BJORKMAN'S CONSOLIDATED NOTICE OF LIMITED
JOINDER IN CO-DEFENDANT'S MOTIONS IN LIMINE AND *DAUBERT* MOTIONS

Daubert motions filed by Defendant David S. Golden and Defendants eXp Realty, LLC, AGNT, Inc. f/k/a eXp World Holdings, Inc., and Glenn Sanford.

Mr. Bjorkman submits this single Notice to avoid repetitive filings and duplicative briefing. Subject to the qualifications and reservations stated below, Mr. Bjorkman joins the requested relief in each motion identified herein to the extent the relief applies to evidence, testimony, argument, claims, or damages offered against him. Mr. Bjorkman does not, by joining the requested relief, adopt every factual statement, characterization, concession, legal theory, proposed trial sequence, or supporting argument contained in the underlying motions. This Notice does not seek relief beyond that requested in the underlying motions and does not constitute a new motion in limine.

## I.    DEFENDANT DAVID S. GOLDEN'S MOTIONS IN LIMINE

Mr. Bjorkman joins the requested relief in the following motions filed by Defendant David S. Golden:

1. **ECF No. 358 — Motion in Limine No. 1:** To Exclude Other-Acts Evidence of Alleged Drug Use and Sexual Conduct with Persons Other Than Plaintiff.

2. **ECF No. 359 — Motion in Limine No. 2:** To Exclude Evidence of the LVMPD Investigation and Related Criminal Process, Including Mr. Bjorkman's Arrest and Warrant Materials, the Seizure or Search of Mr. Golden's Phone, and the LVMPD File.

3. **ECF No. 360 — Motion in Limine No. 3:** To Preclude Plaintiff from Testifying that She Sought Counseling or Treatment Based on Her Failure to Produce the Treatment Records.

DEFENDANT MICHAEL BJORKMAN'S CONSOLIDATED NOTICE OF LIMITED JOINDER IN CO-DEFENDANT'S MOTIONS IN LIMINE AND *DAUBERT* MOTIONS

4. **ECF No. 362 — Motion in Limine No. 4:** To Exclude Mexico- and Nevada-Based Liability and Damages Under Counts IV, V, and VI.

5. **ECF No. 363 — Motion in Limine No. 5:** To Exclude Evidence of Mr. Golden's Financial Condition, Wealth, Income, and Commissions from the Liability Phase and to Bifurcate the Amount of Punitive Damages.

6. **ECF No. 364 — Motion in Limine No. 6:** To Preclude Golden Rule, Sympathy, and Community-Safety Arguments.

7. **ECF No. 365 — Motion in Limine No. 7:** To Exclude: (1) Evidence of Mr. Golden's Status or Standing with eXp Realty, LLC After March 2020; and (2) Opinion Testimony Vouching for the Accusers.

## II. THE eXp DEFENDANTS' MOTIONS IN LIMINE AND *DAUBERT* MOTIONS

Mr. Bjorkman joins the requested relief in the following motions filed by the eXp Defendants:

1. **ECF No. 376 — Motion in Limine No. 1:** To Exclude Evidence that David Golden or Michael Bjorkman Secretly Drugged Other People.

2. **ECF No. 378 — Motion in Limine No. 2:** To Exclude Evidence that Michael Bjorkman or David Golden Drugged and Sexually Assaulted Christiana Lundy and Megan Farrell-Nelson.

3. **ECF No. 377 — Motion in Limine No. 3:** To Exclude Evidence that Michael Bjorkman or David Golden Drugged and Sexually Assaulted Fabiola Acevedo, Tami Sims, T.H., and A.R.

4. **ECF No. 338 — Motion in Limine No. 4:** To Exclude All Evidence of Michael Bjorkman's Criminal Investigation.

5. **ECF No. 323 — Motion in Limine No. 5:** To Exclude Evidence of Investigations.

3

DEFENDANT MICHAEL BJORKMAN'S CONSOLIDATED NOTICE OF LIMITED JOINDER IN CO-DEFENDANT'S MOTIONS IN LIMINE AND *DAUBERT* MOTIONS

6. **ECF No. 330 — Motion in Limine No. 6:** To Preclude Pyramid-Scheme Terminology.

7. **ECF No. 374 — Motion in Limine No. 7:** To Preclude Certain Opinions and Testimony of Plaintiff's Retained Expert Dr. Chitra Raghavan, Ph.D., and Supporting Documents.

8. **ECF No. 350 — Motion in Limine No. 8:** To Exclude Certain Opinions and Testimony of Plaintiff's Retained Expert Dr. Marc A. LeBeau, Ph.D.

9. **ECF No. 348 — Motion in Limine No. 9:** To Exclude Evidence of Settlement.

10. **ECF No. 345 — Motion in Limine No. 10:** To Exclude Evidence of Separate Lawsuits.

11. **ECF No. 373 — Motion in Limine No. 11:** To Bifurcate Trial into Separate Liability and Damages Phases.

12. **ECF No. 321 — Motion in Limine No. 12:** To Exclude Evidence of Glenn Sanford's Financial Wealth.

13. **ECF No. 346 — Motion in Limine No. 13:** To Exclude "Trafficker" Terminology.

14. **ECF No. 379 — Motion in Limine No. 14:** To Exclude Any Credibility Testimony.

15. **ECF No. 375 — Motion in Limine No. 15:** To Sever the Trial if the eXp Defendants' Motions in Limine Nos. 1, 2, or 3 Are Denied.

16. **ECF No. 372 — Motion in Limine No. 16:** To Exclude the Testimony of Debbie Penny.

17. **ECF No. 324 — Motion in Limine No. 17:** To Exclude Evidence of Spoliation and/or Deletion of Workplace Chats.

18. **ECF No. 349 — Motion in Limine No. 18:** To Exclude Reference to Standard Operating Procedures.

4

DEFENDANT MICHAEL BJORKMAN'S CONSOLIDATED NOTICE OF LIMITED JOINDER IN CO-DEFENDANT'S MOTIONS IN LIMINE AND *DAUBERT* MOTIONS

Mr. Bjorkman also joins the requested relief in the following *Daubert* motions:

19. **ECF No. 325:** Motion to Exclude Expert Lawrence Jacobson.

20. **ECF No. 320:** Motion to Exclude Expert William Keep.

The foregoing docket numbers and titles track the parties' compiled motions-in-limine list.

## III.  QUALIFICATIONS AND RESERVATIONS

### A.  Joinder Is Limited to the Requested Relief

Mr. Bjorkman joins the requested exclusion, limitation, bifurcation, or severance relief in the identified motions only to the extent that relief protects Mr. Bjorkman or applies to evidence, testimony, argument, claims, or damages offered against him. Mr. Bjorkman does not adopt any portion of an underlying motion that is inconsistent with his separately asserted defenses, motions, objections, or proposed jury instructions.

### B.  No Adoption of eXp's Labels or Factual Characterizations

Mr. Bjorkman expressly does not join or adopt:

1. The terms "Perpetrator Claims," "perpetrator liability," or any characterization of Mr. Bjorkman as a perpetrator;

DEFENDANT MICHAEL BJORKMAN'S CONSOLIDATED NOTICE OF LIMITED JOINDER IN CO-DEFENDANT'S MOTIONS IN LIMINE AND *DAUBERT* MOTIONS

2. Any assertion or implication that Mr. Bjorkman secretly drugged Plaintiff or another person;

3. Any assertion or implication that Mr. Bjorkman sexually assaulted, battered, trafficked, exploited, or had nonconsensual sexual contact with Plaintiff or another person;

4. Any assertion or implication that Mr. Bjorkman and Mr. Golden acted pursuant to a common plan, scheme, pattern, conspiracy, venture, agreement, or course of conduct;

5. Any assertion that Mr. Bjorkman was unfit, dangerous, inadequately vetted, or likely to engage in misconduct; or

6. Any factual recitation concerning alleged drug use, sexual conduct, sexual practices, prior accusations, or alleged misconduct.

All such matters remain disputed. The allegations and factual descriptions contained in another Defendant's motion are not admissions by Mr. Bjorkman and may not be cited or used as such.

### C. Separate Consideration of Mr. Bjorkman

Mr. Bjorkman does not adopt any collective reference to "Bjorkman and Golden," the "individual Defendants," or similar terminology to the extent it suggests that the conduct, knowledge, intent, motive, opportunity, preparation, or responsibility of one Defendant may be attributed to the other.

6

DEFENDANT MICHAEL BJORKMAN'S CONSOLIDATED NOTICE OF LIMITED JOINDER IN CO-DEFENDANT'S MOTIONS IN LIMINE AND *DAUBERT* MOTIONS

Conduct, statements, knowledge, intent, motive, alleged propensity, or alleged misconduct attributable to Mr. Golden, an eXp Defendant, or another person may not be attributed to Mr. Bjorkman.

If evidence is admitted solely against another Defendant or solely for a limited purpose, Mr. Bjorkman requests an immediate limiting instruction under Federal Rule of Evidence 105, as well as an appropriate final instruction, stating that the evidence may not be considered in deciding any claim against him.

### D.    No Concession Regarding Rules 404(b), 413, or 415

Mr. Bjorkman does not concede:

1.  That any alleged other act occurred;

2.  That Mr. Bjorkman was the actor;

3.  That any alleged incident constitutes a qualifying sexual assault under Rules 413 or 415;

4.  That Rule 415 would justify admission of any other-act evidence against Mr. Bjorkman; or

5.  That any other-act evidence satisfies Rules 401, 403, 404(b), 413, 415, or any other evidentiary requirement.

Any ruling concerning other-act evidence must be made separately as to Mr. Bjorkman, the particular alleged act, the proffered evidence, the proposed evidentiary purpose, and the required Rule 403 balancing.

7

DEFENDANT MICHAEL BJORKMAN'S CONSOLIDATED NOTICE OF LIMITED JOINDER IN CO-DEFENDANT'S MOTIONS IN LIMINE AND *DAUBERT* MOTIONS

### E.   Severance and Trial Sequence

Mr. Bjorkman joins ECF No. 375 only to the extent it recognizes that severance may also be required if inflammatory other-act evidence is admitted.

Mr. Bjorkman does not join or adopt the eXp Defendants' proposed trial sequence under which the claims against Mr. Bjorkman and Mr. Golden would be tried first or together, followed by a separate trial of the claims against the eXp Defendants.

Mr. Bjorkman preserves the relief requested in his separately filed motion to sever. Any severance must protect Mr. Bjorkman from spillover evidence concerning both Mr. Golden and the eXp Defendants and must permit the claims against Mr. Bjorkman to be decided solely upon evidence properly admissible against him.

Nothing in this joinder constitutes an agreement that Mr. Bjorkman and Mr. Golden should be tried jointly or that the eXp Defendants should be absent from a trial involving evidence relevant to their conduct, supervision, control, knowledge, agency, corporate response, or allocation of responsibility.

### F. Corporate Evidence and Blame-Shifting

Mr. Bjorkman joins ECF Nos. 323, 324, and 349 to the extent they seek to prevent Plaintiff from using eXp's investigations, policies, standard operating

8

DEFENDANT MICHAEL BJORKMAN'S CONSOLIDATED NOTICE OF LIMITED
JOINDER IN CO-DEFENDANT'S MOTIONS IN LIMINE AND *DAUBERT* MOTIONS

procedures, workplace communications, alleged deletion of communications, or corporate response as proof that Mr. Bjorkman committed an alleged act.

Mr. Bjorkman does not adopt any eXp assertion concerning the adequacy, promptness, reasonableness, or good faith of eXp's investigation, supervision, termination decision, remedial response, or conduct.

Mr. Bjorkman preserves the right to use otherwise admissible corporate evidence:

1. To rebut an eXp Defendant's attempt to shift blame or responsibility to him;

2. To establish the nature of the parties' relationship;

3. To address agency, authority, control, supervision, or ratification;

4. To impeach an eXp witness;

5. To establish bias, motive, or interest;

6. To distinguish eXp's conduct from Mr. Bjorkman's conduct; or

7. For another proper defensive purpose.

No spoliation finding, adverse inference, curative instruction, or sanction may be imposed against Mr. Bjorkman based on evidence possessed or controlled by another Defendant absent the findings required specifically as to Mr. Bjorkman under Federal Rule of Civil Procedure 37(e).

DEFENDANT MICHAEL BJORKMAN'S CONSOLIDATED NOTICE OF LIMITED JOINDER IN CO-DEFENDANT'S MOTIONS IN LIMINE AND *DAUBERT* MOTIONS

## G. Financial Evidence and Bifurcation

Mr. Bjorkman joins ECF Nos. 363, 373, and 321 to the extent they seek to exclude evidence of financial condition during the liability and compensatory-damages phase and reserve evidence concerning the amount of punitive damages for a separate phase, if one becomes necessary.

Mr. Bjorkman does not concede that eXp's revenue-share, sponsorship, compensation, or recruiting structure is relevant or admissible against him to prove motive, intent, benefit, participation in an alleged venture, a commercial sex act, trafficking, coercion, or another element of Plaintiff's claims.

## H. Separate Lawsuits and Prior Testimony

Mr. Bjorkman joins ECF No. 345's request to exclude references to the existence, allegations, claims, rulings, status, settlement, or outcome of separate lawsuits or arbitrations.

This joinder does not preclude the appropriately sanitized use of an otherwise admissible prior sworn statement for impeachment or evidence establishing a witness's bias, motive, interest, or inconsistent position. Mr. Bjorkman will seek an advance ruling outside the jury's presence before disclosing the existence or nature of a separate proceeding.

DEFENDANT MICHAEL BJORKMAN'S CONSOLIDATED NOTICE OF LIMITED
JOINDER IN CO-DEFENDANT'S MOTIONS IN LIMINE AND *DAUBERT* MOTIONS

**I. Expert and Credibility Evidence**

Mr. Bjorkman joins ECF Nos. 325, 320, 374, 350, 365, and 379 to the extent the challenged testimony or opinions are offered to establish Mr. Bjorkman's alleged intent, motive, knowledge, dangerousness, unfitness, credibility, receipt of a benefit, participation in a venture, or commission of an alleged act.

Mr. Bjorkman's joinder does not constitute an adoption of the eXp Defendants' positions concerning their own standard of care, supervision, agency, control, corporate knowledge, or independent liability.

No expert, corporate representative, investigator, manager, or other witness may testify that Plaintiff, an Acevedo plaintiff, another accuser, or a particular allegation is credible, truthful, believable, substantiated, corroborated, or proven.

**J. Preservation of Mr. Bjorkman's Independent Positions**

Mr. Bjorkman preserves all arguments and requests for relief stated in his separately filed motions in limine, motion to sever, summary-judgment briefing, and other pretrial filings.

Nothing in this Notice waives Mr. Bjorkman's positions concerning:

1. The legal and evidentiary sufficiency of Plaintiff's claims;

2. Choice of law;

3. Agency, actual authority, apparent authority, scope of authority, or ratification;

11

DEFENDANT MICHAEL BJORKMAN'S CONSOLIDATED NOTICE OF LIMITED JOINDER IN CO-DEFENDANT'S MOTIONS IN LIMINE AND *DAUBERT* MOTIONS

4. The existence or composition of any alleged venture;

5. Completed or attempted TVPRA liability;

6. Causation and damages;

7. The requirement that liability and damages be determined separately as to each Defendant; or

8. The requirement that every claim against Mr. Bjorkman be determined solely from his own conduct toward Plaintiff.

## IV. <u>REQUESTED RELIEF</u>

Mr. Bjorkman respectfully requests that the Court:

1. Grant the requested relief in the motions identified above to the extent that relief applies to evidence, testimony, argument, claims, or damages offered against Mr. Bjorkman, subject to the qualifications and reservations stated herein.

Dated this 29th day of July, 2026

Respectfully Submitted:

CHESNOFF & SCHONFELD

<u>/s/ Richard A. Schonfeld</u>
RICHARD A. SCHONFELD, ESQ.
(SBN 202182)
Attorney for Defendant
Michael Bjorkman

12

DEFENDANT MICHAEL BJORKMAN'S CONSOLIDATED NOTICE OF LIMITED JOINDER IN CO-DEFENDANT'S MOTIONS IN LIMINE AND *DAUBERT* MOTIONS

## **CERTIFICATE OF SERVICE**

I hereby certify that I am an employee of CHESNOFF & SCHONFELD and that on the 29th day of July 2026, I served a true and correct copy of the foregoing, electronically via email to the following:

Andrea Hirsch — Cohen Hirsch
andrea@cohenhirsch.com

Jennifer Lenze — Lenze Lawyers
jlenze@lenzelawyers.com

Brooke Cohen — Cohen Hirsch
brooke@cohenhirsch.com

William Pallares — Lewis Brisbois Bisgaard & Smith LLP
william.pallares@lewisbrisbois.com

Peter Levine — The Law Offices of Peter Levine
peter@peterlawfirm.com

David A. Poull — Cannon & Nelms
dpoull@cannonnelms.com

Daniel J. Wadley — Greenberg Traurig LLP
wadleyd@gtlaw.com

Garrett W. Messerly — Greenberg Traurig LLP
garrett.messerly@gtlaw.com

Ivy A. Wang — Greenberg Traurig LLP
ivy.wang@gtlaw.com

Joseph M. Dietrich — Greenberg Traurig LLP
joe.dietrich@gtlaw.com

13

DEFENDANT MICHAEL BJORKMAN'S CONSOLIDATED NOTICE OF LIMITED
JOINDER IN CO-DEFENDANT'S MOTIONS IN LIMINE AND *DAUBERT* MOTIONS

Shauna E. Imanaka — Greenberg Traurig LLP
imanakas@gtlaw.com

Kyle R. Maland — Lewis Brisbois Bisgaard & Smith LLP
kyle.maland@lewisbrisbois.com


                              /s/ Rosemary Reyes
                              Employee of Chesnoff & Schonfeld

DEFENDANT MICHAEL BJORKMAN'S CONSOLIDATED NOTICE OF LIMITED
JOINDER IN CO-DEFENDANT'S MOTIONS IN LIMINE AND *DAUBERT* MOTIONS