Jennifer A. Lenze, Esq., CA Bar No. 246858
**LENZE LAWYERS, PLC**
999 Corporate Drive, Suite 100
Ladera Ranch, CA 92694
T: (310) 322-8800
F: (310) 322-8811
jlenze@lenzelawyers.com

Brooke Cohen, Esq., TX Bar No. 24007019 PHV admitted
Andrea Hirsch, Esq., GA Bar No. 666557 PHV admitted
**COHEN HIRSCH, LP**
5256 Peachtree Road, Suite 195-E
Atlanta, GA 30341
T: (678) 268-4683
brooke@cohenhirsch.com
andrea@cohenhirsch.com

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANYA ROBERTS, | **CASE NO. 2:23-cv-10492-AB-CTS** |
| Plaintiff, | **PLAINTIFF'S OPPOSITION TO DEFENDANT DAVID S. GOLDEN'S MOTION IN LIMINE NO. 5 TO EXCLUDE EVIDENCE OF HIS FINANCIAL CONDITION AND TO BIFURCATE THE AMOUNT OF PUNITIVE DAMAGES** |
| v. | |
| EXP REALTY, LLC; EXP WORLD HOLDINGS, INC.; MICHAEL L. BJORKMAN; DAVID S. GOLDEN; BRENT GOVE; EMILY KEENAN; GLENN SANFORD; MICHAEL SHERRARD; and DOES 1-10, | **TRIAL DATE:** August 31, 2026 **FPTC:** August 14, 2026 **TIME:** 11:00 a.m. **CTRM**: 7B **JUDGE:** Hon. André Birotte, Jr. |
| Defendants. | |

1

**PLAINTIFF'S OPPOSITION TO DEFENDANT DAVID S. GOLDEN'S MOTION IN LIMINE NO. 5 TO EXCLUDE EVIDENCE OF HIS FINANCIAL CONDITION AND TO BIFURCATE THE AMOUNT OF PUNITIVE DAMAGES**

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

Golden's Motion conflates two categories of evidence that federal law treats very differently. The first is his *net worth* — what he is worth in the aggregate. That evidence bears only on the *amount* of any punitive award, and Plaintiff does not oppose deferring it, together with the amount of punitive damages, to a brief second phase before the same jury; nor will counsel characterize Golden as "rich," "wealthy," or a "millionaire" during the liability phase. Plaintiff has taken the identical position in response to the eXp Defendants' parallel motions.[1]

The second category is the money Golden earned *through eXp* — his commissions and, above all, his revenue-share receipts from the downline of agents he recruited. That is not "wealth" offered as a proxy for culpability. It is the profit motive at the center of Ms. Roberts's trafficking claims: her theory is that Golden drugged and coerced her in connection with recruiting her into his eXp downline precisely because every agent he added — and every agent they added — enlarged a monthly revenue-share stream. Those receipts are, among other proof, part of the

---

[1] Plaintiff's oppositions to ECF 373, ECF 321, and Defendant Bjorkman's parallel Motion in Limine No. 6 (ECF 337) present the same stipulation and the same distinction between net worth and venture/motive/benefit evidence. The four motions should be resolved consistently.

**PLAINTIFF'S OPPOSITION TO DEFENDANT DAVID S. GOLDEN'S MOTION IN LIMINE NO. 5 TO EXCLUDE EVIDENCE OF HIS FINANCIAL CONDITION AND TO BIFURCATE THE AMOUNT OF PUNITIVE DAMAGES**

narrative and direct proof of the venture, of the commercial character of the sex acts under 18 U.S.C. § 1591, of the participation-and-benefit element under § 1595, of why eXp failed to investigate Golden despite complaints, and of motive. The Motion's own Section III.D concedes as much, disclaiming any effort to preclude "the existence or structure of eXp's revenue-share and sponsorship program insofar as she contends it supplies the alleged motive." (Mot. at 5.) Yet the Notice and the proposed order sweep in "any commissions, revenue-share payments, equity awards, or other compensation" without any carve-out at all.

The Court should adopt the phasing Plaintiff proposes below: net worth and aggregate asset values out of Phase 1 and reserved for a punitive-amount phase before the same jury; commissions, revenue-share, and venture evidence admissible in Phase 1, where the elements that evidence proves will be tried.

## II.   BACKGROUND

Under eXp's revenue-share program, an agent who "sponsors" other agents receives a percentage override on the commissions those agents — and the agents beneath them — generate, month after month. Plaintiff's evidence, including the report of her expert Professor William Keep, is that Golden's downline numbered approximately [2,238] agents and was generating revenue-share income to Golden

3

**PLAINTIFF'S OPPOSITION TO DEFENDANT DAVID S. GOLDEN'S MOTION IN LIMINE NO. 5 TO EXCLUDE EVIDENCE OF HIS FINANCIAL CONDITION AND TO BIFURCATE THE AMOUNT OF PUNITIVE DAMAGES**

of approximately [$111,900 per month], and that Defendant Bjorkman sat within Golden's downline. (Keep Report, ECF 320-3.)

Ms. Roberts alleges that in February and March 2020 Golden drugged and sexually assaulted her in the course of recruiting her into that structure. The operative complaint pleads sex trafficking under §§ 1591 and 1595 alongside state-law claims and prays for punitive damages, which are recoverable on the TVPRA claim. *Ditullio v. Boehm*, 662 F.3d 1091, 1098 (9th Cir. 2011).

Two case-management facts frame the bifurcation request. First, the eXp Defendants seek overlapping relief by their MIL No. 11 (bifurcation, ECF 373) and MIL No. 12 (Sanford wealth and compensation, ECF 321), and Plaintiff has responded with the same stipulation offered here. Second, a motion to sever the claims against Bjorkman and Golden remains under submission [ECF 149]; any broader restructuring of the trial should await that ruling.

## III.   LEGAL STANDARD

A motion in limine should resolve only those evidentiary disputes that can fairly be decided before trial; where admissibility turns on purpose and context, the better course is to defer and deny without prejudice. *Ind. Ins. Co. v. Gen. Elec. Co.*, 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004); *Sperberg v. Goodyear Tire & Rubber Co.*, 519 F.2d 708, 712 (6th Cir. 1975) (broad categorical exclusions disfavored).

**PLAINTIFF'S OPPOSITION TO DEFENDANT DAVID S. GOLDEN'S MOTION IN LIMINE NO. 5 TO EXCLUDE EVIDENCE OF HIS FINANCIAL CONDITION AND TO BIFURCATE THE AMOUNT OF PUNITIVE DAMAGES**

Evidence is relevant if it has any tendency to make a fact of consequence more or less probable. Fed. R. Evid. 401. And bifurcation under Rule 42(b) is committed to the district court's discretion — as Golden's own authority holds. *Arthur Young & Co. v. U.S. Dist. Court*, 549 F.2d 686, 697 (9th Cir. 1977); *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1088 (9th Cir. 2002) (Rule 42(b) "confers broad discretion upon the district court to bifurcate a trial"). The movant bears the "burden of proving that the bifurcation will promote judicial economy and avoid inconvenience or prejudice to the parties." *Spectra-Physics Lasers, Inc. v. Uniphase Corp.*, 144 F.R.D. 99, 101 (N.D. Cal. 1992); see Fed. R. Civ. P. 42(b) advisory committee's note to 1966 amendment (separation of issues "is not to be routinely ordered").

## IV.   ARGUMENT

### A.   Golden's Commissions and Revenue-Share Receipts Are Proof of Elements and of Motive, Not "Wealth."

The Motion's premise is that no element of any claim "turns on what Golden is worth, what he earned, or what commissions or revenue-share payments he received." (Mot. at 4.) As to the TVPRA claim, that is wrong twice over. Section 1591 reaches one who "benefits, financially or by receiving anything of value," from participation in a trafficking venture which the person knew or should have known was in violation of the TVPRA, and defines a "commercial sex act" as one "on account of which anything of value is given to or received by any person." 18 U.S.C.

**PLAINTIFF'S OPPOSITION TO DEFENDANT DAVID S. GOLDEN'S MOTION IN LIMINE NO. 5 TO EXCLUDE EVIDENCE OF HIS FINANCIAL CONDITION AND TO BIFURCATE THE AMOUNT OF PUNITIVE DAMAGES**

§ 1591(a)(2), (e)(3). An attempt to violate Section 1591 is punishable "in the same manner as a completed violation," 18 U.S.C. § 1594(a), and Section 1595(a) gives the victim of any violation of the chapter — including an attempt — a civil action against the perpetrator. Section 1595(a) likewise reaches whoever "knowingly benefits" from participation in such a venture in violation of this chapter. These are *elements*, and the jury cannot find an element it is forbidden to hear evidence about. *See Ratha v. Phatthana Seafood Co.*, 35 F.4th 1159, 1175–77 (9th Cir. 2022); *Doe #1 v. Red Roof Inns, Inc.*, 21 F.4th 714, 723–24 (11th Cir. 2021). Indeed, in the companion litigation against these same Defendants, the court held that the coexistence of the sex act and the receipt of a thing of value can satisfy the "commercial sex act" requirement. *Acevedo v. eXp Realty, LLC*, 713 F. Supp. 3d 740, 772 (C.D. Cal. 2024).

The same evidence is classic motive proof. That Golden stood to profit — monthly and indefinitely — from moving Ms. Roberts and her future recruits into his downline explains *why* he pursued, drugged, and coerced her and why eXp decided to keep him on and not investigate. That is a permissible non-propensity purpose under Rule 404(b)(2), and, more fundamentally, it is direct proof of the charged scheme rather than "other act" evidence at all. Rule 404 has nothing to say about it.

**PLAINTIFF'S OPPOSITION TO DEFENDANT DAVID S. GOLDEN'S MOTION IN LIMINE NO. 5 TO EXCLUDE EVIDENCE OF HIS FINANCIAL CONDITION AND TO BIFURCATE THE AMOUNT OF PUNITIVE DAMAGES**

**B.     The Amounts Are Themselves Probative: The Magnitude of the Revenue Stream Is the Measure of the Motive.**

Section III.D retreats to the position that only "amounts and aggregates" are off limits — the jury may hear that a revenue-share program "exists," but not what it paid Golden. That gets the evidence law backwards. The force of an alleged financial incentive is a function of its size. A jury asked to decide whether Golden recruited by coercion for profit is entitled to know that the downline he was building paid him approximately [$111,900] every month — not merely that "a program existed" in the abstract. It also goes to why eXp decided not to act despite having complaints directly related to eXp as of September 2020. A party is entitled to prove its case by evidence of its own choice, with its natural descriptive richness and evidentiary depth. *Old Chief v. United States*, 519 U.S. 172, 186–89 (1997). Any residual concern about misuse is met by a limiting instruction confining the evidence to benefit and motive, Fed. R. Evid. 105, and juries are presumed to follow such instructions. *Richardson v. Marsh*, 481 U.S. 200, 211 (1987).

**C.     Geddes Bars Wealth as a Measure of Compensatory Damages — a Use Plaintiff Will Not Make.**

Golden's lead authority holds that a defendant's financial standing "is inadmissible as evidence in determining the amount of compensatory damages to be awarded." *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977). Plaintiff will not offer Golden's finances for that purpose and will not argue that the jury

7

**PLAINTIFF'S OPPOSITION TO DEFENDANT DAVID S. GOLDEN'S MOTION IN LIMINE NO. 5 TO EXCLUDE EVIDENCE OF HIS FINANCIAL CONDITION AND TO BIFURCATE THE AMOUNT OF PUNITIVE DAMAGES**

should size a compensatory award to his means. The evidence is offered on *liability* — to prove elements and motive. *Geddes* does not speak to that use, and the distinction is dispositive.

**D.     Bifurcation Is Discretionary — Not "Mandatory" — and Plaintiff's Stipulation Gives Golden Everything His Authorities Support.**

Golden asserts that preclusion of financial-condition evidence "is mandatory upon a defendant's application." (Mot. at 3.) He cites nothing for that proposition, and the federal rule is the opposite: Rule 42(b) commits the question to this Court's discretion. *Zivkovic*, 302 F.3d at 1088; *Arthur Young*, 549 F.2d at 697. To the extent the assertion imports the mandatory-deferral procedure of California Civil Code § 3295(d), state procedural rules do not displace Rule 42(b) in federal court.[2]

That discretion is easily exercised here, because Plaintiff stipulates to the only sequencing Golden's cases actually support: the *amount* of punitive damages, and evidence of Golden's net worth and aggregate asset values, deferred to a second phase before the same jury, reached only if the Phase 1 verdict finds liability and makes the findings required for an award of punitive damages. The deferred phase

---

[2] *See, e.g., Oakes v. Halvorsen Marine Ltd.*, 179 F.R.D. 281, 285 (C.D. Cal. 1998) (Section 3295(c)'s restrictions are procedural and do not govern in federal court). The sequencing Section 3295(d) prescribes in state court is available here only through Rule 42(b)'s discretionary standard — and it is the very sequencing Plaintiff's stipulation supplies.

**PLAINTIFF'S OPPOSITION TO DEFENDANT DAVID S. GOLDEN'S MOTION IN LIMINE NO. 5 TO EXCLUDE EVIDENCE OF HIS FINANCIAL CONDITION AND TO BIFURCATE THE AMOUNT OF PUNITIVE DAMAGES**

prejudices no one: it postpones, rather than excludes, the financial-condition evidence relevant to the amount of any award.

What Rule 42(b) does not support is the Motion's real objective: using "bifurcation" as the vehicle to excise element-and-motive proof from the liability trial. Whether Golden acted with the malice or reckless disregard that *warrants* punitive damages — entitlement — is proved by the same conduct evidence the Phase 1 jury will already hear, and should be decided in Phase 1; only the amount, and the net-worth evidence that informs it, belongs in Phase 2. Finally, with the motion to sever Bjorkman and Golden still under submission, any broader restructuring of the trial is premature and should be denied without prejudice.

**E.    The Proposed Order Is Overbroad, Internally Inconsistent, and Unsupported by Rule 403.**

The proposed order (ECF 363-1) would bar "any commissions, revenue-share payments, equity awards, or other compensation received through or in connection with eXp Realty, LLC" from the liability phase — with no trace of the Section III.D carve-out, no limiting-instruction alternative, and no exception for evidence the defense itself elicits. Taken literally, it would preclude proof of the benefit element of the federal claim, gag Professor Keep's revenue-share testimony, and forbid cross-examination of Golden about the very downline into which he allegedly recruited Plaintiff — while leaving Golden free to present himself to the jury as a

**PLAINTIFF'S OPPOSITION TO DEFENDANT DAVID S. GOLDEN'S MOTION IN LIMINE NO. 5 TO EXCLUDE EVIDENCE OF HIS FINANCIAL CONDITION AND TO BIFURCATE THE AMOUNT OF PUNITIVE DAMAGES**

successful mentor and businessman. Courts reject precisely this kind of broad, one-sided categorical exclusion. *Sperberg*, 519 F.2d at 712.

Rule 403 does not fill the gap. The probative value of element-and-motive proof is not "nil"; it is the case. Evidence is not unfairly prejudicial merely because it is damaging, *Old Chief*, 519 U.S. at 180, and the tailored phasing Plaintiff proposes — net worth out of Phase 1, benefit evidence in, with a Rule 105 instruction on request — is the less restrictive alternative that fully answers Golden's "deep pocket" concern.

## V.    CONCLUSION

The Court should deny the Motion except as follows: (1) no party shall offer evidence of Golden's net worth or aggregate asset values in Phase 1, and counsel shall not characterize Golden as "rich," "wealthy," or a "millionaire"; (2) the amount of punitive damages, and the net-worth evidence relevant to it, shall be tried in a second phase before the same jury, only if the Phase 1 verdict finds liability and makes the findings required for an award of punitive damages; (3) evidence of Golden's eXp commissions, revenue-share receipts, downline, and related financial benefit remains admissible in Phase 1 subject to a limiting instruction on request as the Court sees fit; and (4) punitive-damages entitlement shall be decided in Phase 1.

**PLAINTIFF'S OPPOSITION TO DEFENDANT DAVID S. GOLDEN'S MOTION IN LIMINE NO. 5 TO EXCLUDE EVIDENCE OF HIS FINANCIAL CONDITION AND TO BIFURCATE THE AMOUNT OF PUNITIVE DAMAGES**

Respectfully Submitted

Date: July 30, 2026

By: /s/ Jennifer A. Lenze
Jennifer A. Lenze (CA No. 246858)
**LENZE LAWYERS, PLC**
999 Corporate Drive, Suite 100
Ladera Ranch, California 92694
Telephone: (310) 322-8800
jlenze@lenzelawyers.com

Brooke F. Cohen (TX No. 24007019, PHV)
Andrea S. Hirsch (GA No. 666557, PHV)
**COHEN HIRSCH, LP**
5256 Peachtree Road, Suite 195-E
Atlanta, Georgia 30341
Telephone: (678) 268-4683
brooke@cohenhirsch.com
andrea@cohenhirsch.com
Attorneys for Plaintiff

11

**PLAINTIFF'S OPPOSITION TO DEFENDANT DAVID S. GOLDEN'S MOTION IN LIMINE NO. 5 TO EXCLUDE EVIDENCE OF HIS FINANCIAL CONDITION AND TO BIFURCATE THE AMOUNT OF PUNITIVE DAMAGES**

## **LOCAL RULE 11-6.2 CERTIFICATE OF COMPLIANCE**

The undersigned, counsel of record for Plaintiff Anya Roberts, certifies that this brief contains 2,050 words, which complies with the word limit of Local Rule 11-6.1 and with the page limits set by the Court's standing order.

Dated: July 30, 2026

LENZE LAWYERS, PLC

/s/ Jennifer A. Lenze
Jennifer A. Lenze
Attorneys for Plaintiff

**PLAINTIFF'S OPPOSITION TO DEFENDANT DAVID S. GOLDEN'S MOTION IN LIMINE NO. 5 TO EXCLUDE EVIDENCE OF HIS FINANCIAL CONDITION AND TO BIFURCATE THE AMOUNT OF PUNITIVE DAMAGES**

## CERTIFICATE OF SERVICE

I hereby certify that on July 30, 2026, I caused the foregoing to be electronically filed with the Clerk of the Court using the Court's CM/ECF system, which will send notification of such filing to all counsel of record. All counsel of record are registered CM/ECF users and will be served through the Court's CM/ECF system.

Dated: July 30, 2026

By: /s/ Jennifer A. Lenze
Jennifer A. Lenze

13
**PLAINTIFF'S OPPOSITION TO DEFENDANT DAVID S. GOLDEN'S MOTION IN LIMINE NO. 5 TO EXCLUDE EVIDENCE OF HIS FINANCIAL CONDITION AND TO BIFURCATE THE AMOUNT OF PUNITIVE DAMAGES**