Jennifer A. Lenze, Esq., CA Bar No. 246858
**LENZE LAWYERS, PLC**
999 Corporate Drive, Suite 100
Ladera Ranch, CA 92694
T: (310) 322-8800
F: (310) 322-8811
jlenze@lenzelawyers.com

Brooke Cohen, Esq., TX Bar No. 24007019 PHV admitted
Andrea Hirsch, Esq., GA Bar No. 666557 PHV admitted
**COHEN HIRSCH, LP**
5256 Peachtree Road, Suite 195-E
Atlanta, GA 30341
T: (678) 268-4683
brooke@cohenhirsch.com
andrea@cohenhirsch.com

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANYA ROBERTS,<br><br>Plaintiff,<br><br>v.<br><br>EXP REALTY, LLC; EXP WORLD HOLDINGS, INC.; MICHAEL L. BJORKMAN; DAVID S. GOLDEN; BRENT GOVE; EMILY KEENAN; GLENN SANFORD; MICHAEL SHERRARD; and DOES 1-10,<br><br>Defendants. | **CASE NO. 2:23-cv-10492-AB-CTS**<br><br>**PLAINTIFF'S OPPOSITION TO eXp REALTY, LLC, eXp WORLD HOLDINGS, INC., AND GLENN SANFORD'S MOTION IN LIMINE NO. 6 TO EXCLUDE REFERENCE TO eXp AS PYRAMID SCHEME (ECF NO. 330)**<br><br>**TRIAL DATE:** August 31, 2026<br>**FPTC:** August 14, 2026<br>**TIME:** 11:00 a.m.<br>**CTRM**: 7B<br>**JUDGE:** Hon. André Birotte, Jr. |

1

**PLAINTIFF'S OPPOSITION TO eXp REALTY, LLC, eXp WORLD HOLDINGS, INC., AND GLENN SANFORD'S MOTION IN LIMINE NO. 6 TO EXCLUDE REFERENCE TO eXp AS PYRAMID SCHEME (ECF NO. 330)**

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Defendants' Motion in Limine No. 6 (ECF No. 330) asks the Court to exclude an opinion Plaintiff's expert does not hold and an argument Plaintiff does not intend to make. Professor William Keep has not opined that the eXp Entities are a "pyramid scheme" or a "Ponzi scheme" — the Motion itself quotes his disclaimers at length. (Mot. at 4, 6–7.) Plaintiff is prepared to stipulate that neither she, her counsel, nor Professor Keep will assert at trial that the eXp Entities are an illegal pyramid scheme or a Ponzi scheme. If that were all the Motion sought, it would be unnecessary.

But the Motion sweeps far beyond the two epithets in its title. It would bar Plaintiff "from presenting evidence or testimony in an attempt to *compare* the eXp Entities to a 'pyramid scheme'" (Mot. at 1 (emphasis added)), and it asks the Court to bar "such charged terms" — an undefined category — from the courtroom. (Mot. at 7.) Defendants will predictably contend that *any* evidence of eXp's multi-level structure — the recruitment-driven Revenue Share Plan that the operative complaint pleads as the § 1595 "venture," and that Professor Keep analyzes from eXp's own contracts, manuals, income disclosures, and executives' testimony — is a forbidden "comparison." The Motion thus uses two words no one will say to smuggle out of the trial the structural evidence at the heart of the case.

**PLAINTIFF'S OPPOSITION TO eXp REALTY, LLC, eXp WORLD HOLDINGS, INC., AND GLENN SANFORD'S MOTION IN LIMINE NO. 6 TO EXCLUDE REFERENCE TO eXp AS PYRAMID SCHEME (ECF NO. 330)**

The requested relief is also one-sided. It would bind only "Plaintiff, her expert(s), and her witnesses" (Mot. at 1, 7), while Defendants' own responsive experts — Ms. Heisz and Professor Jovanovic — affirmatively opine that eXp does *not* resemble a pyramid scheme. Defendants seek a rule under which their witnesses may deny the comparison and Plaintiff may not test the denial. The Motion should be denied, or granted only on the narrow, two-sided terms proposed in the Conclusion.

## II.    BACKGROUND

The First Amended Complaint alleges that the eXp Defendants participated in and benefited from a venture — "a multi-level marketing pyramid scheme which rewards participants for recruitment of new agents, not for selling real estate." (ECF No. 84, ¶ 231; Mot. at 4.) Recruitment, and the revenue-share rewards it generates, is the alleged venture; the Motion concedes as much. (Mot. at 8 ["Plaintiff asserts that the venture . . . was the recruitment of real estate agents."].)

Professor Keep — a marketing scholar whose work on multi-level marketing has been relied upon by federal regulators and cited in the case law — does not opine that eXp is a pyramid scheme. His report describes how the multi-level marketing model works; identifies characteristics eXp's Revenue Share Plan shares with that model; and traces those characteristics through eXp's own documents and data,

3

**PLAINTIFF'S OPPOSITION TO eXp REALTY, LLC, eXp WORLD HOLDINGS, INC., AND GLENN SANFORD'S MOTION IN LIMINE NO. 6 TO EXCLUDE REFERENCE TO eXp AS PYRAMID SCHEME (ECF NO. 330)**

including its Independent Contractor Agreement, policy manuals, income disclosures, and the compensation of the individual Defendants' own uplines and downlines. (Keep Report, ECF No. 320-3, at 9–23.) He testified that he "ha[s] not drawn any analogy between eXp and illegal pyramid schemes" (Keep Dep. 66:12–19, ECF No. 320-2), that he was never retained to make that determination (*id.* 33:10–17), and that, based on what he reviewed, he considers eXp a legitimate MLM (*id.* 33:18–34:12). The Motion quotes this testimony approvingly. (Mot. at 4, 6–7.)

Defendants retained two experts to respond to Professor Keep. Both engage the pyramid-scheme concept head-on: Ms. Heisz and Professor Jovanovic each opine, affirmatively, that eXp's Revenue Share Plan is funded by real-estate transactions and does not operate like a pyramid scheme. (ECF Nos. 320-6, 320-7.) And Defendants have already asked for the relief sought here: their contemporaneously filed Daubert motion against Professor Keep requests, as alternative relief, an order "banning the term 'pyramid scheme'" by all parties, witnesses, and attorneys. (ECF No. 320.) This Motion is the same request filed twice.

## III.    LEGAL STANDARD

A motion in limine is a vehicle "to exclude anticipated prejudicial evidence before the evidence is actually offered," *Luce v. United States*, 469 U.S. 38, 40 n.2 (1984) — not to resolve the merits, rewrite the pleadings, or pre-clear the parties'

**PLAINTIFF'S OPPOSITION TO eXp REALTY, LLC, eXp WORLD HOLDINGS, INC., AND GLENN SANFORD'S MOTION IN LIMINE NO. 6 TO EXCLUDE REFERENCE TO eXp AS PYRAMID SCHEME (ECF NO. 330)**

vocabulary. "Orders in limine which exclude broad categories of evidence should rarely be employed. A better practice is to deal with questions of admissibility of evidence as they arise." *Sperberg v. Goodyear Tire & Rubber Co.*, 519 F.2d 708, 712 (6th Cir. 1975); *Ind. Ins. Co. v. Gen. Elec. Co.*, 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004). A motion in limine also "should not be used to resolve factual disputes or weigh evidence." *C & E Servs., Inc. v. Ashland Inc.*, 539 F. Supp. 2d 316, 323 (D.D.C. 2008). Evidence is relevant if it has "any tendency" to make a fact of consequence more or less probable. Fed. R. Evid. 401.

## IV.    ARGUMENT

### A.    The Motion Attacks an Opinion Professor Keep Does Not Hold and an Argument Plaintiff Will Not Make.

The Motion's premise is that Plaintiff will try "to persuade the jury that the eXp Entities are in fact operating as a pyramid scheme." (Mot. at 7.) She will not. Professor Keep's report and testimony — quoted throughout the Motion — disclaim any such opinion, and Plaintiff will not argue a legal conclusion her own expert declines to draw. Plaintiff has offered to stipulate, and repeats the offer here: no witness or attorney for Plaintiff will assert at trial that the eXp Entities are an illegal "pyramid scheme" or "Ponzi scheme." To that extent, there is nothing to exclude; a motion in limine exists to exclude "anticipated" evidence, *Luce*, 469 U.S. at 40 n.2, and Defendants' anticipation is contradicted by the very testimony they quote.

**PLAINTIFF'S OPPOSITION TO eXp REALTY, LLC, eXp WORLD HOLDINGS, INC., AND GLENN SANFORD'S MOTION IN LIMINE NO. 6 TO EXCLUDE REFERENCE TO eXp AS PYRAMID SCHEME (ECF NO. 330)**

**B.     Evidence of eXp's Multi-Level Structure Is Not a Forbidden "Comparison" — It Is the Venture Evidence at the Core of Plaintiff's Claims.**

What Defendants actually seek is broader: an order treating any evidence of eXp's multi-level, recruitment-rewarding structure as an implied pyramid-scheme accusation. That relief confuses a lawful business form with an epithet. Defendants' own authority holds that "[n]ot all MLM businesses are illegal pyramid schemes." *FTC v. BurnLounge, Inc.*, 753 F.3d 878, 883 (9th Cir. 2014) (Mot. at 6). And it instructs that "[t]o determine whether a MLM business is a pyramid, a court must look at how the MLM business operates in practice" — the very operational evidence the Motion would suppress. Id. "Multi-level marketing" is a descriptive term for a compensation structure — one Professor Keep testified eXp legitimately operates. Describing that structure accurately is not an accusation of illegality, and Defendants cannot convert neutral structural evidence into "charged" evidence by association.

That structural evidence goes to the center of Plaintiff's claims. To prevail under 18 U.S.C. § 1595, Plaintiff must prove that each eXp Defendant participated in and knowingly benefited from a venture — which the complaint identifies as the recruitment-driven revenue-share enterprise. (ECF No. 84, ¶ 231.) *See Ratha v. Phatthana Seafood Co.*, 35 F.4th 1159, 1175–77 (9th Cir. 2022); *Doe #1 v. Red Roof Inns, Inc.*, 21 F.4th 714, 723–24 (11th Cir. 2021). How the Revenue Share Plan works — who recruits, who profits from whose recruitment, how much, and how the

6

**PLAINTIFF'S OPPOSITION TO eXp REALTY, LLC, eXp WORLD HOLDINGS, INC., AND GLENN SANFORD'S MOTION IN LIMINE NO. 6 TO EXCLUDE REFERENCE TO eXp AS PYRAMID SCHEME (ECF NO. 330)**

incentive to protect top recruiters operated — is how the jury will decide whether the venture existed, who participated, and who benefited. The same evidence supplies the financial motive at the heart of the negligent hiring, retention, and supervision claim: eXp's revenue-share economics explain why complaints against high-producing recruiters were not investigated. (Keep Report, ECF No. 320-3, at 22–23.) The Motion insists that it "is irrelevant to Plaintiff's TVPRA claim whether the eXp Entities' Revenue Share Plan operates as a pyramid scheme" (Mot. at 8) — but the relief it seeks would suppress the Revenue Share evidence itself, and the same page concedes that the alleged venture "was the recruitment of real estate agents."[1]

**C.      The Motion Is a Disguised Motion to Strike and an Untimely Merits Brief.**

The Motion devotes a page of "facts" — drawn exclusively from Defendants' own summary-judgment separate statement — to arguing that eXp "only generates revenue through the closing of real estate transactions" and that the eXp Entities "are neither a pyramid scheme nor a Ponzi scheme." (Mot. at 3, 6.) Whether eXp's revenue-share structure operates as Plaintiff alleges or as Defendants describe is a

---

[1]As filed, the Motion's own facts section states that Revenue Share Plan payments "are dependent upon the number of individuals participating in the Revenue Share Plan, or the number of agents any given agent may attract to eXp Realty." (Mot. at 3, citing ECF No. 153-1, SUF ## 67, 69.)

**PLAINTIFF'S OPPOSITION TO eXp REALTY, LLC, eXp WORLD HOLDINGS, INC., AND GLENN SANFORD'S MOTION IN LIMINE NO. 6 TO EXCLUDE REFERENCE TO eXp AS PYRAMID SCHEME (ECF NO. 330)**

disputed merits question for the jury — not a question resolved by declaring Plaintiff's evidence unspeakable in limine. *C & E Servs.*, 539 F. Supp. 2d at 323; *Ind. Ins.*, 326 F. Supp. 2d at 846. And the phrase Defendants seek to ban appears in the operative complaint itself. (ECF No. 84, ¶ 231.) A motion in limine is not a Rule 12(f) motion to strike filed two years late; it cannot rewrite the pleading that frames the claims the jury will decide.

**D.      The Proposed Order Is Vague, Overbroad, One-Sided, and Duplicative.**
First, the Motion asks the Court to bar "such charged terms" without defining them. (Mot. at 7.) Neither counsel preparing witnesses nor witnesses answering questions could know what is forbidden — "downline"? "recruitment rewards"? "multi-level marketing" itself? A structure that by its very nature is in the shape of a pyramid? A ban whose boundaries can only be discovered through sidebar-by-sidebar litigation is precisely the "broad categor[y]" exclusion the case law disfavors. *Sperberg*, 519 F.2d at 712.

Second, the requested order is one-sided. It would bind only "Plaintiff, her expert(s), and her witnesses." (Mot. at 1, 7.) Defendants' experts Ms. Heisz and Professor Jovanovic would remain free to testify — as their reports opine — that eXp's plan is transaction-funded and does not resemble a pyramid scheme, while Plaintiff would be forbidden from cross-examining them on the very comparison they volunteer. Defendants may not use the concept as a sword through their own

**PLAINTIFF'S OPPOSITION TO eXp REALTY, LLC, eXp WORLD HOLDINGS, INC., AND GLENN SANFORD'S MOTION IN LIMINE NO. 6 TO EXCLUDE REFERENCE TO eXp AS PYRAMID SCHEME (ECF NO. 330)**

witnesses while wielding this order as a shield against cross-examination. If Defendants elicit "not a pyramid scheme" testimony, Plaintiff must be permitted to test it. Fed. R. Evid. 611(b).

Third, the Motion is redundant. Defendants' Daubert motion against Professor Keep, filed the same day, already seeks an order banning the term "pyramid scheme" as alternative relief. (ECF No. 320.) The same request should not be granted — or briefed — twice; it should be resolved once, in the context of the expert-testimony record where it belongs.

**E.      Rule 403 Does Not Support a Pretrial Word Ban.**

The Motion's Rule 403 argument assumes the conclusion: it weighs the prejudice of a pyramid-scheme "accusation" Plaintiff will not make against the probative value of evidence mislabeled as that accusation. Properly framed, the balance runs the other way. Structural evidence that proves the statutory elements of Plaintiff's claims carries the full probative weight the law affords a party proving its case. *Old Chief v. United States*, 519 U.S. 172, 179–80 (1997). If a stray word at trial crosses a line, the remedy is a contemporaneous objection and, if warranted, a limiting instruction — the tool the law presumes juries follow — not a pretrial gag on undefined "charged terms." Fed. R. Evid. 105; *Richardson v. Marsh*, 481 U.S. 200, 211 (1987).

**PLAINTIFF'S OPPOSITION TO eXp REALTY, LLC, eXp WORLD HOLDINGS, INC., AND GLENN SANFORD'S MOTION IN LIMINE NO. 6 TO EXCLUDE REFERENCE TO eXp AS PYRAMID SCHEME (ECF NO. 330)**

## V.    CONCLUSION

The Court should deny Motion in Limine No. 6. Alternatively, Plaintiff respectfully proposes a narrow, two-sided order: (1) no party, witness, or attorney shall assert at trial that the eXp Entities are an illegal "pyramid scheme" or "Ponzi scheme" or otherwise operate an unlawful financial scheme; and (2) the order shall not restrict (a) evidence or argument concerning eXp's multi-level structure, Revenue Share Plan, recruiting practices, compensation, or income distribution; (b) Professor Keep's testimony within the scope of his report; (c) cross-examination of any defense witness who testifies that eXp is not, or does not resemble, a pyramid scheme; or (d) use of terms as they appear in admitted exhibits or a witness's own prior statements.

Respectfully Submitted

Date: July 31, 2026

By: /s/ Jennifer A. Lenze
Jennifer A. Lenze (CA No. 246858)
**LENZE LAWYERS, PLC**
999 Corporate Drive, Suite 100
Ladera Ranch, California 92694
Telephone: (310) 322-8800
jlenze@lenzelawyers.com

Brooke F. Cohen (TX No. 24007019, PHV)
Andrea S. Hirsch (GA No. 666557, PHV)
**COHEN HIRSCH, LP**
5256 Peachtree Road, Suite 195-E
Atlanta, Georgia 30341

10

**PLAINTIFF'S OPPOSITION TO eXp REALTY, LLC, eXp WORLD HOLDINGS, INC., AND GLENN SANFORD'S MOTION IN LIMINE NO. 6 TO EXCLUDE REFERENCE TO eXp AS PYRAMID SCHEME (ECF NO. 330)**

Telephone: (678) 268-4683
brooke@cohenhirsch.com
andrea@cohenhirsch.com
Attorneys for Plaintiff

**PLAINTIFF'S OPPOSITION TO eXp REALTY, LLC, eXp WORLD HOLDINGS, INC.,
AND GLENN SANFORD'S MOTION IN LIMINE NO. 6 TO EXCLUDE REFERENCE
TO eXp AS PYRAMID SCHEME (ECF NO. 330)**

## LOCAL RULE 11-6.2 CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Plaintiff Anya Roberts, certifies that this brief contains 2,023 words, which complies with the word limit of Local Rule 11-6.1 and with the page limits set by the Court's standing order.

Dated: July 31, 2026

                              LENZE LAWYERS, PLC

                              /s/ Jennifer A. Lenze
                              Jennifer A. Lenze
                              Attorneys for Plaintiff

**PLAINTIFF'S OPPOSITION TO eXp REALTY, LLC, eXp WORLD HOLDINGS, INC., AND GLENN SANFORD'S MOTION IN LIMINE NO. 6 TO EXCLUDE REFERENCE TO eXp AS PYRAMID SCHEME (ECF NO. 330)**

## CERTIFICATE OF SERVICE

I hereby certify that on July 31, 2026, I caused the foregoing to be electronically filed with the Clerk of the Court using the Court's CM/ECF system, which will send notification of such filing to all counsel of record. All counsel of record are registered CM/ECF users and will be served through the Court's CM/ECF system.

Dated: July 31, 2026

By: /s/ Jennifer A. Lenze
Jennifer A. Lenze

**PLAINTIFF'S OPPOSITION TO eXp REALTY, LLC, eXp WORLD HOLDINGS, INC., AND GLENN SANFORD'S MOTION IN LIMINE NO. 6 TO EXCLUDE REFERENCE TO eXp AS PYRAMID SCHEME (ECF NO. 330)**