Ivy A. Wang (SBN CA 224899)
Daniel J. Wadley (*Admitted Pro Hac Vice*)
GREENBERG TRAURIG, LLP
1840 Century Park East, Suite 1900
Los Angeles, California 90067-2121
Telephone: 310.586.7700
Facsimile: 310.586.7800
Ivy.Wang@gtlaw.com
wadleyd@gtlaw.com

William E. Pallares (SBN CA 187740)
LEWIS BRISBOIS BISGAARD & SMITH LLP
633 West 5th Street, Suite 4000
Los Angeles, CA 90071
Telephone: 213.250.1800
Facsimile: 213.250.7900
William.Pallares@lewisbrisbois.com

Attorneys for Defendants eXp Realty, LLC; AGNT, Inc. f/k/a eXp World Holdings, Inc.; and Glenn Sanford

**UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

ANYA ROBERTS,

Plaintiff,

v.

eXp REALTY, LLC; eXp WORLD HOLDINGS, INC.; MICHAEL L. BJORKMAN; DAVID S. GOLDEN; BRENT GOVE; GLENN SANFORD; and DOES 1–10,

Defendants.

CASE NO. 2:23-cv-10492-AB-CTS

[Hon. André Birotte Jr., Ctrm 7B]

**eXp DEFENDANTS' OPPOSITION TO PLAINTIFF ANYA ROBERTS' MOTION *IN LIMINE* NO. 7 TO EXCLUDE EVIDENCE OF PLAINTIFF'S CHILD CUSTODY ARRANGEMENT**

**Hearing Date: August 14, 2026**
**Time: 11:00 AM**

Action Filed: December 14, 2023
FAC Filed: June 13, 2024

Trial Date: August 31, 2026

**I. INTRODUCTION**

Plaintiff Anya Roberts's ("Plaintiff") Motion in Limine No. 7 ("MIL 7") seeks an impermissibly broad order excluding evidence relating to her child-custody arrangements, custody proceedings, custody orders, parenting schedule, and allocation of custodial time ("Custody Evidence"). Defendants eXp Realty, LLC; AGNT, Inc. f/k/a eXp World Holdings, Inc.; and Glenn Sanford (collectively, the "eXp Defendants") respectfully request that the Court deny this motion because Custody Evidence is relevant to several issues, including (i) the nature, extent and causes of her alleged emotional-distress injuries, as well as (ii) Plaintiff's credibility.

**II. CUSTODY EVIDENCE IS RELEVANT**

Plaintiff's blanket request to exclude all Custody Evidence should be denied on the ground that it would prevent Defendants from presenting relevant evidence that bear directly on causation and damages.

*First*, regarding causation, Plaintiff will likely seek recovery for emotional injuries allegedly caused by Defendants. First Amended Compl. ("FAC"), Request For Relief ¶ 1 ("For past, present, and future general damages in an amount to be determined at trial"); FAC ¶ 291. *In re Hawaii Fed. Asbestos Cases*, 734 F. Supp. 1563, 1567 (D. Haw. 1990) ("[g]eneral damages provide compensation for . . . emotional distress."). Having placed her emotional condition in controversy, Plaintiff cannot exclude evidence of alternative sources of emotional distress. *See York v. Am. Tel. & Tel. Co.*, 95 F.3d 948, 957 (10th Cir. 1996) (holding that because plaintiff "chose to raise a claim of emotional distress, it was entirely appropriate for the court to allow the defendants to introduce evidence of alternate or multiple causes of such distress"); *Doe v. Bridges to Recovery, LLC*, No. 2:20-CV-348-SVW, 2021 WL 4690830, at *1–2 (C.D. Cal. May 19, 2021) (denying plaintiff's motion *in limine* and holding that "evidence of alternative sources of distress [are] relevant" because plaintiff alleges that "she suffered emotional distress . . . . due to the defendants' conduct"); *Louden v. City of Whittier*, No. CV 03-7816-GAF, 2005 WL 6000502, at *3 (C.D. Cal. Oct. 27, 2005) (denying plaintiff's motion *in limine* precluding evidence which may demonstrate

an alternative cause of emotional distress). Custody Evidence may explain, in whole or in part, emotional injuries Plaintiff contends were caused exclusively by Defendants. Defendants are entitled to present Custody Evidence as an alternative cause of emotional distress, especially given the timing of the custody proceedings—which were close to the time of the alleged incidents. 12/12/2025 Anya Roberts Dep. 82:12-83:2 (Ex. 2 to Wang Decl.) (testimony noting that divorce proceedings commenced in September 2020, approximately six months after the alleged events).

*Second*, regarding damages, if Plaintiff contends that the alleged incidents caused emotional distress by impairing her relationship with her child, Custody Evidence is relevant to the existence and extent of those alleged damages. Plaintiff herself has already linked the alleged incidents to her relationship with her child. For example, Plaintiff previously testified about the alleged impact of the Flagler Beach incident on her ability to mother her child and how it drove her to create distance between herself and her son. 11/18/2025 Anya Roberts Dep. 33:24–34:25 (Ex. 1 to Wang Decl.). Should Plaintiff testify similarly at trial about this supposed injury from the alleged events in this case, Defendants are entitled to inquire into Plaintiff's preexisting relationship with her child, including the nature of the relationship, her custodial status of the child, and the reasons for her custodial status.

## III. CUSTODY EVIDENCE IS ADMISSIBLE FOR IMPEACHMENT PURPOSES

Furthermore, MIL 7 improperly seeks to foreclose potential impeachment evidence before trial. Federal Rules of Evidence 607 and 611(b) permit impeachment and cross-examination concerning matters affecting credibility and issues opened by a witness's testimony. To the extent Plaintiff may testify that the alleged drugging, sexual assault, or subsequent emotional distress affected her ability to parent, impaired her relationship with her child, or otherwise impacted her role as a mother, Defendants are entitled to challenge those assertions with relevant evidence.

Custody Evidence may be highly probative in evaluating such testimony. The jury

is entitled to assess whether Plaintiff's alleged parenting limitations are supported by the facts. For instance, if Plaintiff contends that the alleged incidents impaired her parental functioning, Defendants should be permitted to introduce evidence concerning Plaintiff's child-custody arrangement, especially allocation of custodial time or any loss of custody, as well as the reasons behind the arrangement.

## IV. RULE 403 DOES NOT WARRANT EXCLUSION

Plaintiff's Rule 403 argument largely rests on potential privacy concerns and the possibility that the jury may react negatively to Custody Evidence. But Rule 403 requires more. Relevant evidence is not excluded simply because it may be uncomfortable, embarrassing, or involve sensitive personal matters. The probative value of Custody Evidence is very substantial, especially regarding emotional distress causation—Plaintiff has not satisfied the demanding standard required for exclusion under Rule 403. *Sidibe v. Sutter Health*, 103 F.4th 675, 699 (9th Cir. 2024) (holding that when evidence is highly relevant "any risk of prejudice or other dangers must be very high to justify exclusion").

Notwithstanding the foregoing, any legitimate privacy concerns can be addressed through less restrictive means, such as avoiding use of the child's name and unnecessary inflammatory details.

## V. REQUEST FOR A SPECIAL PRECLEARANCE REQUIREMENT SHOULD BE DENIED

Lastly, in MIL 7, Plaintiff requests an order requiring Defendants to obtain advance permission outside the presence of the jury before introducing Custody Evidence. Imposing such a requirement would unfairly burden Defendants' presentation of their case as well as compromise Defendants' ability to impeach Plaintiff, and should be denied.

/ / /

/ / /

/ / /

/ / /

/ / /

## VI. CONCLUSION

For the foregoing reasons, the eXp Defendants respectfully request that the Court deny MIL 7.

Dated: July 31, 2026 GREENBERG TRAURIG, LLP

By: */s/ Ivy A. Wang*
Ivy A. Wang
Daniel J. Wadley
Attorneys for Defendants eXp REALTY, LLC; AGNT, Inc. f/k/a eXp WORLD HOLDINGS, INC.; and GLENN SANFORD