Jennifer A. Lenze, Esq., CA Bar No. 246858
**LENZE LAWYERS, PLC**
999 Corporate Drive, Suite 100
Ladera Ranch, CA 92694
T: (310) 322-8800
F: (310) 322-8811
jlenze@lenzelawyers.com

Brooke Cohen, Esq., TX Bar No. 24007019 PHV admitted
Andrea Hirsch, Esq., GA Bar No. 666557 PHV admitted
**COHEN HIRSCH, LP**
5256 Peachtree Road, Suite 195-E
Atlanta, GA 30341
T: (678) 268-4683
brooke@cohenhirsch.com
andrea@cohenhirsch.com

Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANYA ROBERTS,<br><br>              Plaintiff,<br><br>    v.<br><br>EXP REALTY, LLC; EXP WORLD HOLDINGS, INC.; MICHAEL L. BJORKMAN; DAVID S. GOLDEN; and GLENN SANFORD,<br><br>              Defendants. | **CASE NO. 2:23-cv-10492-AB-CTS**<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT DAVID S. GOLDEN'S MOTION IN LIMINE NO. 4 TO EXCLUDE MEXICO- AND NEVADA-BASED LIABILITY AND DAMAGES UNDER COUNTS IV, V, AND VI**<br><br>**TRIAL DATE:** August 31, 2026<br>**FPTC:** August 14, 2026<br>**TIME:** 11:00 a.m.<br>**CTRM**: 7B<br>**JUDGE:** Hon. André Birotte, Jr. |

PLAINTIFF'S OPPOSITION TO DEFENDANT DAVID S. GOLDEN'S MOTION IN LIMINE NO. 4 TO EXCLUDE MEXICO- AND NEVADA-BASED LIABILITY AND DAMAGES UNDER COUNTS IV, V, AND VI

## I.    INTRODUCTION

Defendant Golden asks the Court to hold, for the first time, that Plaintiff's claims under Counts IV-VI — arising from the February 2020 events in Puerto Vallarta and Las Vegas — are time-barred, and then to build an evidentiary and jury-management regime on that premise. No such ruling exists. The May 2, 2025 Order (Dkt. 86) resolved former Defendant Keenan's Rule 12 motion; *Acevedo v. eXp Realty, LLC,* 713 F. Supp. 3d 740 (C.D. Cal. 2024), involved different plaintiffs in a different action. This Court has never decided whether these counts are timely as to Golden.

Golden pleaded limitations as an affirmative defense (Dkts. 68, 88), but pleading is not proving, and the burden is his. He did not move to dismiss on that ground, and his pending summary judgment motion does not raise it (Dkt. 166) — though that is the vehicle the Rules provide. The motion in limine he filed instead supplies none of Rule 56's notice, record, or standard, and it sweeps wider than any limitations ruling could justify: it would bar Plaintiff and her witnesses from "relying on, suggesting, offering, or using" the Mexico and Nevada events, require an advance ruling before any such evidence is offered for any purpose, and fix the instructions and verdict form now. Mot. 1–2; [Proposed] Order ¶¶ 2, 4. Yet the Motion concedes that this same evidence "may bear on Plaintiff's federal claim, the

parties' relationship, or another purpose the Court approves." Mot. 5. The Motion should be denied.

## II.     BACKGROUND

The operative complaint alleges a single escalating course of conduct across roughly six weeks: grooming and drugging in Puerto Vallarta in early February 2020; enticement and deepening control through two Las Vegas trips later that month, including the sponsorship-change inducement; and culmination in Daytona Beach, Florida, in March 2020, where Golden supplied GHB and Ms. Roberts was incapacitated and assaulted.

Much of the Mexico and Nevada proof is Golden's own sworn testimony: that he and Ms. Roberts used GHB together in Las Vegas weeks before Daytona; that Keenan gave her a pill on the boat in Puerto Vallarta; that he had used GHB for years and understood it can impair memory; and that he discarded the GHB bottle leaving Daytona. (Golden Dep. Vol. I at 58:2–20, 60:16–23; Vol. III at 785:7–786:1, 796:20–797:13, 879:21–880:11.)

The May 2, 2025 Order on which the Motion rests (Dkt. 86) dismissed the Mexico-based state counts as untimely as to former Defendant Keenan only.

## III.    LEGAL STANDARD

This Court's Order Re: Civil Jury/Court Trial provides that motions in limine "should address specific evidentiary issues" and "should not be disguised motions

PLAINTIFF'S OPPOSITION TO DEFENDANT DAVID S. GOLDEN'S MOTION IN LIMINE NO. 4 TO EXCLUDE
MEXICO- AND NEVADA-BASED LIABILITY AND DAMAGES UNDER COUNTS IV, V, AND VI

for summary adjudication of issues." Standing Order § II.A.1, at 8. The Ninth Circuit has explained that "[a] motion in limine is not the proper vehicle for seeking a dispositive ruling on a claim, particularly after the deadline for filing such motions has passed." *Hana Fin., Inc. v. Hana Bank*, 735 F.3d 1158, 1162 n.4 (9th Cir. 2013), *aff'd*, 574 U.S. 418 (2015).

## IV.    ARGUMENT

### A.    The Court Has Never Held Counts IV–VI Time-Barred as to Golden, and a Motion in Limine Cannot Supply That Ruling.

The Motion's foundation is a ruling that was never made. Whether Ms. Roberts's Mexico- and Nevada-based claims against Golden are timely has never been litigated between these parties. Golden's answer is that "[t]he relevant limitations facts do not change" and that "[t]he Court's prior resolution of the identical choice-of-law and tolling questions governs." Mot. 5. He cites nothing for that proposition — not law of the case, not issue preclusion, not stare decisis. A ruling on a former co-defendant's Rule 12 motion, entered before Golden was deposed, did not adjudicate Golden's affirmative defense, consider the later-developed record of his conduct and admissions, or enter judgment limiting Counts IV–VI against him.

Nor could the Court resolve the question on this record. Applying California's borrowing statute requires resolving where each cause of action arose, when it

3

accrued, and — if the statute does not resolve the matter — the governmental-interest analysis. Cal. Civ. Proc. Code § 361; *McCann v. Foster Wheeler LLC*, 48 Cal. 4th 68, 85, 87–88 (2010). Golden has addressed none of them. This Court has already said what such a motion is: motions in limine "should not be disguised motions for summary adjudication of issues." Standing Order at 8; *see Hana Fin.*, 735 F.3d at 1162 n.4.

### B.    Golden Has Not Carried His Burden on Limitations, and the Record Presents Factual Disputes That Cannot Be Resolved In Limine.

Plaintiff does not press Mexico-based conduct as an independent basis for state-law recovery against Golden; that narrowing goes to the theory of recovery only and does not bear on admissibility. Accordingly, Golden's request to preclude Mexico-based state-law recovery is moot; that narrowing provides no basis to exclude the Mexico evidence or require advance approval before it is presented for an admissible purpose.

What remains is Nevada, and as to Nevada Golden has given the Court nothing it could act on. Limitations is his affirmative defense to plead and prove. Fed. R. Civ. P. 8(c). He pleaded it (Dkts. 68, 88); his pending summary judgment motion does not raise it (Dkt. 166); and he now asks the Court to sustain it in an evidentiary motion filed months after the dispositive-motion deadline — his only submission on the defense, since there will be no replies. Standing Order at 8.

PLAINTIFF'S OPPOSITION TO DEFENDANT DAVID S. GOLDEN'S MOTION IN LIMINE NO. 4 TO EXCLUDE MEXICO- AND NEVADA-BASED LIABILITY AND DAMAGES UNDER COUNTS IV, V, AND VI

**1. Section 361 borrows nothing absent a showing that the source jurisdiction's law bars the claim.**

Section 361 operates only where a cause of action "has arisen in another State" and, "by the laws thereof," an action "cannot there be maintained . . . by reason of the lapse of time." Cal. Civ. Proc. Code § 361; *McCann*, 48 Cal. 4th at 85. Both predicates are Golden's to establish; he has established neither. His entire Nevada argument occupies two paragraphs. Mot. 4–5. It cites NRS 11.190 once, in a parenthetical, without identifying which subsection governs which count. It says nothing about accrual. It says nothing about tolling. It asserts untimeliness and stops. What it offers in place of analysis is *Acevedo* — a different action, different plaintiffs, decided on a Rule 12 record — which is not preclusive as to Ms. Roberts, who was not a party to it.

Nor is the threshold self-executing: *McCann* recognized that where a defendant's conduct and a plaintiff's discovery of her injury are separated in time, whether a cause of action "arose" elsewhere and where it "accrued" may be reasonably debatable. *McCann*, 48 Cal. 4th at 86 & n.5.

**2. Golden Has Not Established the Nevada Limitations Provision or an Undisputed Accrual Date.**

Golden has not identified the limitations provision governing each claim, and he has not established an accrual date for any of them. Nevada recognizes delayed accrual where a plaintiff did not and could not reasonably have discovered the facts

5

supporting the claim. *Adkins v. Union Pac. R.R. Co.*, 140 Nev. Adv. Op. 48, 554 P.3d 212, 216, 220–21 (2024). *Adkins* construed NRS 11.190(4)(e); the Motion identifies no subsection at all.

The discovery rule may toll NRS 11.190(4)(e) where a plaintiff is unaware of a cause of action because of the defendant's concealment of the facts constituting her claims, and inquiry notice requires facts that would lead an ordinarily prudent person to investigate further. *Adkins*, 554 P.3d at 220. The provision is independently subject to equitable tolling, and application of the discovery rule is "ordinarily a question of fact," resolvable as a matter of law only where **uncontroverted** evidence establishes the date of discovery. *Id.* at 221.

The record does not establish an undisputed accrual date. Plaintiff's memories of Las Vegas are fragmentary; what she testified she was given was Adderall, and she had never heard of GHB before Golden introduced it in Florida the following month. SGD ¶¶ 35–38, 70. It was Golden's own testimony that placed GHB in Las Vegas. Golden Dep. Vol. III at 785:7–786:1. Her understanding of what had been done to her formed later still. SGD ¶¶ 92–95. Golden's motion identifies no accrual date; it assumes one, describing "her Las Vegas claims, filed December 14, 2023 on February 2020 conduct." Mot. 4. Golden has not established that the date of the conduct is the controlling accrual date for any of these claims. On this record he has

PLAINTIFF'S OPPOSITION TO DEFENDANT DAVID S. GOLDEN'S MOTION IN LIMINE NO. 4 TO EXCLUDE MEXICO- AND NEVADA-BASED LIABILITY AND DAMAGES UNDER COUNTS IV, V, AND VI

not established an undisputed date of discovery, much less entitlement to a dispositive ruling in limine.

## C. The Mexico and Nevada Events Are Core, Timely Proof of the TVPRA Claim.

Section 1595(c) gives Ms. Roberts ten years to sue on the February and March 2020 events; her December 2023 complaint is timely, and the Motion does not contend otherwise. Count I reaches Golden's recruitment and enticement of Ms. Roberts, knowing that force, fraud, or coercion would be used to cause her to engage in a commercial sex act. 18 U.S.C. § 1591(a)(1), (e)(3). That recruitment began in Puerto Vallarta and ran through both Las Vegas trips. SGD ¶¶ 21–23, 32–34, 48. Those events are elements of the federal claim, not background, and an order barring Plaintiff from "relying on" or "using" them cannot be entered as drafted without amputating the federal case — as Golden concedes. Mot. 5.

## D. The Events Are Also Admissible Evidence on the Florida State Counts.

Even if state-law recovery were confined to Florida, the Mexico and Nevada events remain admissible on those counts, because intrinsic evidence is not subject to Rule 404(b) at all. Evidence is inextricably intertwined where it constitutes part of the transaction giving rise to the claim, or where it is necessary to offer a coherent and comprehensible account of the events at issue. *United States v. Vizcarra-Martinez*, 66 F.3d 1006, 1012–13 (9th Cir. 1995). Applying the latter, the Ninth

PLAINTIFF'S OPPOSITION TO DEFENDANT DAVID S. GOLDEN'S MOTION IN LIMINE NO. 4 TO EXCLUDE MEXICO- AND NEVADA-BASED LIABILITY AND DAMAGES UNDER COUNTS IV, V, AND VI

Circuit upheld admission of a defendant's prior loss history as intrinsic where his concealment of it was part of the charged scheme, because the jury "would not have understood the relevance of the transactions and concealment" without it. *United States v. DeGeorge*, 380 F.3d 1203, 1220 (9th Cir. 2004). Without the February events, the jury could not coherently evaluate how Golden obtained access to Ms. Roberts, his knowledge of GHB, or the context of the March conduct.

The same evidence is independently admissible under Rule 404(b)(2) to prove intent, knowledge, plan, opportunity, and absence of mistake. Golden testified that he had used GHB for years, that by August 2020 he was using it once or twice weekly, and that he understood it can impair memory; that he and Ms. Roberts used GHB together in Las Vegas weeks before Daytona; that he arranged to have GHB shipped ahead to the Hard Rock Hotel; and that in Florida he described it to her as something commonly used in the fitness world. (Golden Dep. Vol. I at 58:2–20, 60:16–23; Vol. III at 785:7–786:1; SGD ¶¶ 62–64, 69-70.) That is knowledge, preparation, and plan, and it forecloses accident or mistake — all on his own sworn admissions. The Motion advances no Rule 404(b) argument at all.

### E.      The Advance-Ruling and Jury-Charge Relief Is Overbroad and Premature.

The Motion's second request — that Plaintiff obtain a ruling outside the jury's presence before offering any Mexico or Nevada evidence — would bring the trial to

PLAINTIFF'S OPPOSITION TO DEFENDANT DAVID S. GOLDEN'S MOTION IN LIMINE NO. 4 TO EXCLUDE MEXICO- AND NEVADA-BASED LIABILITY AND DAMAGES UNDER COUNTS IV, V, AND VI

a standstill. These events pervade the case: Ms. Roberts's narrative, Golden's admissions, the parties' communications, and both expert reports. Opening statement and every examination would trigger a sidebar over evidence Golden concedes is admissible on the federal claim. That is not the "specific evidentiary issue[]" this Court's Order contemplates; it is an order excluding two entire geographic categories of proof. Standing Order at 8; *accord Sperberg v. Goodyear Tire & Rubber Co.*, 519 F.2d 708, 712 (6th Cir. 1975). The regime is one-sided besides: Golden's consent defense narrates the Puerto Vallarta and Las Vegas relationship in detail, and his proposed order would not stop him from telling that story while Plaintiff seeks leave to respond.

The third request is premature. Event-specific instructions and verdict questions confining Counts IV–VI to Florida presuppose the merits ruling Golden never obtained; instructions are settled at the charge conference, on the actual record. If the Court were ever to find some portion of the state-law claims barred, Rule 105 supplies the answer: the evidence is admitted, the jury is instructed on permissible purposes, and the verdict form channels the award. *Richardson v. Marsh*, 481 U.S. 200, 211 (1987).

### F.     Rule 403 Does Not Warrant Exclusion.

Rule 403 guards against *unfair* prejudice — evidence carrying "an undue tendency to suggest decision on an improper basis." *Old Chief v. United States*, 519

PLAINTIFF'S OPPOSITION TO DEFENDANT DAVID S. GOLDEN'S MOTION IN LIMINE NO. 4 TO EXCLUDE MEXICO- AND NEVADA-BASED LIABILITY AND DAMAGES UNDER COUNTS IV, V, AND VI

U.S. 172, 180 (1997). The prejudice Golden asserts consists largely of facts he admitted under oath, and proof of a party's own sworn admissions invites a verdict on the facts. Golden supplies the answer himself: "evidence admissible for one purpose is not admissible for all. Fed. R. Evid. 105." Mot. 5. That is an argument for a limiting instruction, not exclusion — as the Ninth Circuit held of other-acts evidence carrying an acknowledged propensity risk, affirming admission under Rule 403 where the district court confined the evidence "to correspond with the issue to which it was relevant." *DeGeorge*, 380 F.3d at 1220.

## V.      CONCLUSION

The Motion should be denied. Golden may not use a motion in limine to obtain a limitations ruling he never litigated, and no such ruling would bar evidence central to Count I and independently admissible on the Florida counts. Any relief should be without prejudice to a properly noticed motion on a full record.

Date: July 31, 2026

Respectfully Submitted
By: /s/ Jennifer A. Lenze
Jennifer A. Lenze (CA No. 246858)
**LENZE LAWYERS, PLC**
999 Corporate Drive, Suite 100
Ladera Ranch, California 92694
Telephone: (310) 322-8800
jlenze@lenzelawyers.com

Brooke F. Cohen (TX No. 24007019, PHV)
Andrea S. Hirsch (GA No. 666557, PHV)
**COHEN HIRSCH, LP**

PLAINTIFF'S OPPOSITION TO DEFENDANT DAVID S. GOLDEN'S MOTION IN LIMINE NO. 4 TO EXCLUDE MEXICO- AND NEVADA-BASED LIABILITY AND DAMAGES UNDER COUNTS IV, V, AND VI

5256 Peachtree Road, Suite 195-E
Atlanta, Georgia 30341
Telephone: (678) 268-4683
brooke@cohenhirsch.com
andrea@cohenhirsch.com
Attorneys for Plaintiff

11

PLAINTIFF'S OPPOSITION TO DEFENDANT DAVID S. GOLDEN'S MOTION IN LIMINE NO. 4 TO EXCLUDE
MEXICO- AND NEVADA-BASED LIABILITY AND DAMAGES UNDER COUNTS IV, V, AND VI

# CERTIFICATE OF SERVICE

I hereby certify that on July 31, 2026, I caused the foregoing to be electronically filed with the Clerk of the Court using the Court's CM/ECF system, which will send notification of such filing to all counsel of record. All counsel of record are registered CM/ECF users and will be served through the Court's CM/ECF system.

Dated: July 31, 2026

By: /s/ Jennifer A. Lenze
Jennifer A. Lenze

PLAINTIFF'S OPPOSITION TO DEFENDANT DAVID S. GOLDEN'S MOTION IN LIMINE NO. 4 TO EXCLUDE MEXICO- AND NEVADA-BASED LIABILITY AND DAMAGES UNDER COUNTS IV, V, AND VI