WILLIAM E. PALLARES, SB# 187740
  Email: William.Pallares@lewisbrisbois.com
**LEWIS BRISBOIS BISGAARD & SMITH LLP**
633 West 5th Street, Suite 4000
Los Angeles, California 90071
Telephone: 213.250.1800
Facsimile: 213.250.7900

IVY A. WANG, SB# 224899
  Email: Ivy.Wang@gtlaw.com
**GREENBERG TRAURIG, LLP**
1840 Century Park East, Suite 1700
Los Angeles, California 90067-2121
Telephone: 310.586.7700
Facsimile: 310.586.7800

DANIEL J. WADLEY, (*Admitted Pro Hac Vice*)
  Email: wadleyd@gtlaw.com
**GREENBERG TRAURIG, LLP**
222 South Main Street, Suite 1730
Salt Lake City, Utah 84101
Telephone: 801.478.6900
Facsimile: 801.994.9041

Attorneys for Defendants,
eXp REALTY, LLC, eXp WORLD
HOLDINGS, INC., and GLENN SANFORD

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| ANYA ROBERTS,<br><br>          Plaintiff,<br><br>     vs.<br><br>eXp REALTY, LLC, eXp WORLD HOLDINGS, INC., MICHAEL L. BJORKMAN, DAVID S. GOLDEN, BRENT GOVE, EMILY KEENAN, GLENN SANFORD, MICHAEL SHERRARD, and DOES 1-10,<br><br>          Defendants. | Case No. 2:23-CV-10492-AB-CTSx<br><br>**DEFENDANTS eXp REALTY, LLC, eXp WORLD HOLDINGS, INC., and GLENN SANFORD OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE #9 TO EXCLUDE TESTIMONY OF KIMBERLY MEHLMAN-OROZCO**<br><br>**PLAINTIFF'S MIL NO. 9**<br><br>Trial Date:  August 31, 2026 |

181178072.1

Case No. 2:23-CV-10492-AB-CTSx

eXp'S OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE NO. 9

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

## 1.   INTRODUCTION

Plaintiff's Motion *in Limine* No. 9 ("Motion") to Exclude the Expert Testimony of Dr. Kimberly Mehlman-Orozco ("Dr. Mehlman-Orozco") in this matter is ill-conceived and unsupported by federal law, and should be denied in its entirety. Plaintiff's Motion argues that Dr. Mehlman-Orozco: has an unreliable methodology; is unsupported by sufficient facts; draws legal conclusions; is unhelpful to jury; invades the province of the jury; exceeds the scope of her expertise; and is otherwise irrelevant. Plaintiff's Motion largely lacks specific opinions or testimony to which they seek to exclude and instead point to broad topics.

Dr. Mehlman-Orozco is a well-respected and qualified expert in her field of criminology and sex trafficking. With decades of experience and work with sex trafficking victims, academic and clinical research, law enforcement training, Dr. Mehlman-Orozco is uniquely situated to provide helpful and relevant information about human sex trafficking. Her methodologies and research have been widely accepted in courts across the country. Further, Dr. Melman-Orozco's opinions are outside the purview of a common juror, and should not be excluded.

## 2.   LEGAL STANDARD

Expert testimony is admissible pursuant to Rule 702 if it is both relevant and reliable. *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 589 (1993). When considering expert testimony offered pursuant to Federal Rule of Evidence 702, the trial court acts as a "gatekeeper" by "making a preliminary determination that the expert's testimony is reliable." *Elsayed Mukhtar v. Cal. State Univ., Hayward*, 299 F.3d 1053, 1063 (9th Cir. 2002); *see also Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 147-48 (1999);  *see also, Hangarter v. Provident Life & Accident Ins. Co.,* 373 F.3d 998, 1017 (9th Cir. 2004) (explaining that "the reliability of non-scientific testimony . . . depends heavily on the knowledge and experience of the expert, rather than the methodology or theory behind it" (quoted source omitted)).

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

An expert witness may provide opinion testimony if: (1) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue, (2) the testimony is based upon sufficient facts or data, (3) the testimony is the product of reliable principles and methods, and (4) the expert has reliably applied the principles and methods to the facts of the case. Fed. R. Evid. 702; *see also Sundance, Inc. v. DeMonte Fabricating Ltd.*, 550 F.3d 1356, 1360 (Fed. Cir. 2008). In *Daubert* the Supreme Court set forth a nonexclusive list of factors to determine whether scientific testimony is sufficiently reliable: (1) whether a theory or technique can be (and has been) tested; (2) whether the theory or technique has been subjected to peer review and publication; (3) the known or potential rate of error; and (4) whether it is generally accepted in the scientific community. *Wagner v. Cnty. of Maricopa*, 673 F.3d 977, 989 (9th Cir. 2012) (quoting *Daubert*, 509 U.S. at 593-94). Further, Experts need not have personal knowledge of the facts that serve as the basis of their opinions. Rather, "[a]n expert may base an opinion on facts or data in the case that the expert has *been made aware of* or personally observed." Fed. R. of Evid. 703 (emphasis added); *Jensen v. EXC, Inc.,* 82 F.4th 835, 847-48 (9th Cir. 2023). The key question is whether "experts in the particular field would reasonably rely on those kinds of facts or data in forming an opinion on the subject." *Id.*

"[T]he test under Daubert is not the correctness of the exper's conclusions but the soundness of his methodology." *Primiano v. Cook*, 598 F.3d 558, 564 (9th Cir. 2010) (citing *Daubert*, 509 U.S. at 594.). The inquiry into admissibility of expert opinion is a "flexible one," where "[s]haky but admissible evidence is to be attacked by cross examination, contrary evidence, and attention to the burden of proof, not exclusion." *Id.* Therefore, trial courts can and should consider other factors not specifically mentioned by the United States Supreme Court in *Daubert. Daubert*, 509 U.S. at 594. "Under *Daubert*, the district judge is 'a gatekeeper, not a fact finder.' When an expert meets the threshold established by Rule 702 as explained

in *Daubert*, the expert may testify and the jury decides how much weight to give that testimony." *Id.* (quoting *United States v. Sandoval-Mendoza*, 472 F.3d 645, 654 (9th Cir. 2006)).

## 3.    ARGUMENT

### A.    Dr. Mehlman Orozco Applies Reliable Methodologies.

Dr. Mehlman-Orozco uses reliable methodologies consistent with the *Daubert* standard and Rule 702. Plaintiff requests that this court exclude Dr. Mehlman-Orozco's opinions regarding the "atypicality" of Plaintiff's sex-trafficking allegations for lack of a reliable methodology and insufficient facts. However, Plaintiff ignores the numerous methods which Dr. Mehlman-Orozco relies upon to reach her conclusions and to demonstrate the Plaintiff's sex trafficking allegations do not match the typical indicia of sex-trafficking.

To determine whether an expert witness has applied a reliable methodology, a court may consider numerous factors including: testing, peer review or publication, known or potential error rate, existence of standards controlling the technique's operation, and general acceptance within the community. Rule 702 does not require that an expert satisfy *all* factors which demonstrate "reliability."  Indeed, *Daubert* held that there is no definitive checklist or test when making a preliminary assessment of whether a methodology underlying expert testimony is scientifically valid and can be properly applied to the facts in issue. 509 U.S. 579, 592-93. Rather, "many factors will bear on the inquiry" and the "inquiry envisioned by Rule 702 is, we emphasize, a flexible one." *Id.* at 593-594.

Dr. Mehlman-Orozco is trained in both quantitative and qualitative research methodologies, and she keeps up to date on research methods. In addition, she emphasizes quantitative over qualitative data, and she explained in detail the difference between the two. (ECF No. 316-1, Ex. B. at 5-7.) She has published a book on sex and labor trafficking that is used by police departments, and she served as a peer reviewer for an institute that pursues grant funding and research for human

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

trafficking. (ECF No. 316-1, Ex. B. at 5-6, 9.) Her original research has resulted in the publication of peer-reviewed scholarly papers and her research matters are accepted in her academic community. (ECF No. 316-1, Ex. B. at 5-7.) Plaintiff fails to acknowledge any of these methodologies in her Motion, or dispute their validity. *See, e.g., United States v. Bhula,*  F.Supp.3d 1228, 1237-38 (D. NM 2022) (qualifying Dr. Mehlman-Orozco as an expert, and holding her methodologies were reliable under Rule 702.).

Regarding the factual bases for her expert opinions, Dr. Mehlman-Orozco reviewed numerous evidence in this case including: pleadings; all parties' Rule 26 initial disclosures; Cory Haggard deposition transcripts (Vol. 1-3); Plaintiff's deposition transcripts (Vol. 1-4); Defendant Golden's deposition transcripts (Vol. 1-4); Defendant Bjorkman's deposition transcripts (Vol. 1-3); Plaintiff's written discovery responses; hundreds of documents, photos, videos, and communications produced in discovery; and Plaintiff's Rule 35 examination video and audio recording. (ECF No. 316-1, Ex. B, Appendix B at 62-79.) While independent investigations or interviews may be helpful in certain cases, Rule 702 does not require them to satisfy the "sufficient fact" requirement. *See* Fed. R. Civ. P. 702(b); Fed. R. of Evid. 703 (emphasis added); *Jensen v. EXC, Inc.,* 82 F.4th 835, 847-48 (9th Cir. 2023) (holding an expert may base an opinion on facts or data in the case that the expert has *been made aware of* or personally observed.)

Dr. Mehlman-Orozco was retained to opine on known characteristics or indicia of human sex trafficking, information which is necessary for the jury to assess the evidence in this case against the indicia and make a determination on Plaintiff's claims. Dr. Mehlman-Orozco does not use "assumed" facts, as Plaintiff argues, to conclude whether Plaintiff's allegations about sex trafficking did, or did not, occur, but, rather, Dr. Mehlman-Orozco conducts a comparative analysis to determine whether Plaintiff's allegations (if true) would be typical of known sex trafficking indicia. These assumptions and analyses do not run afoul of Rule 702,

eXp'S OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE NO. 9

and are probative of the factual disputes in this case.

Based on the accepted methodologies described above, and Dr. Mehlman-Orozco's extensive education and experience, Dr. Mehlman-Orozco is able to identify "typical" indicia of sex trafficking. Further, based on her extensive record review, Dr. Mehlman-Orozco has analyzed Plaintiff's allegations of sex trafficking and compared them against the known indicia of sex trafficking, thus determining whether what Plaintiff claims happened here bore typical hallmarks of sex trafficking that the eXp Defendants should have recognized. (*See,* ECF No. 316-1, Ex. B at 32-34.)

Plaintiff attempts to analogize this case with that of an unpublished opinion from the Middle District of Tennessee, the holding of which she grossly mischaracterizes.  (ECF No. 316 at 5-6 (citing *Ramsbottom v. Ashton,* U.S. Dist. LEXIS 13817, *25 (M.D. Tenn. Jan. 27, 2025).) In *Ramsbottom v. Ashton,* the court addressed three *Daubert* motions, including one motion to exclude Dr. Mehlman-Orozco. The court preliminarily qualified Dr. Mehlman-Orozco as an expert noting "[s]he [Orozco] imminently [sic] qualifies as an expert in the field of sex trafficking, and the plaintiffs do not question her qualifications." *Id.* The court went on to identify six opinions asserted by Dr. Mehlman-Orozco, noting three of the opinions and her rebuttal to another expert were rendered moot after a summary judgment ruling was issued in favor of the defense. *Id.* at *27. The remaining three opinions that were excluded are different and distinct from the opinions rendered in this case. While Plaintiff fails to specify which opinion she seeks to exclude here, other than the general category of "atypicality," it seems Plaintiff is trying to analogize this category of opinion to the Opinion No. I which was excluded in the *Ramsbottom* matter, which reads: "Even if [the plaintiff's] allegations were all accepted as true, the actions describe here are *not consistent with human trafficking indicia or legal precedent that falls within the scope of human trafficking.*" *Ramsbottom,* U.S. Dist. LEXIS 13817 at *26 (emphasis added). Here, Dr. Mehlman-Orozco employed a

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

181178072.1                                6                    Case No. 2:23-CV-104I92-AB-CTSx

eXp'S OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE NO. 9

comparative analysis of known, established sex trafficking indicia, and compared this data to Plaintiff's own factual claims. (ECF No. 316-1, Ex. B at 32-34.) Dr. Mehlman-Orozco did not conclude that Plaintiff's allegations are inconsistent with sex trafficking or the legal precedent that falls within the scope of human trafficking. Rather, Dr. Mehlman-Orozco merely provides an expert opinion that the allegations in this case are *atypical* of *known indicia* of sex trafficking, which is relevant because one of the primary elements of beneficiary liability that Plaintiff has to prove under the TVPRA against the eXp Defendants is that the eXp Defendants knew or *should have known* a venture it was part of participated in human trafficking. The terms "inconsistent" and "atypical" are not synonymous and should not be read as such.[1] To the extent Plaintiff intends to rely on *Ramsbottom,* this precedent is not binding nor is it helpful to this Court considering the procedural posture and opinions at issue were different than those in this case.

Many of Dr. Mehlman-Orozco's methods directly implicate many of the *Daubert* reliability factors, such as testing, peer review, the use of standards, and general acceptance of the expert's theory in the community, and therefore her opinions are the product of reliable principles and methods. Accordingly, Dr. Mehlman-Orozco's opinions as to "atypicality" should be admissible at trial.

## B.    Dr. Mehlman-Orozco's Opinions Would Be Helpful To The Jury.

Plaintiff's argument in sub-heading (E) is unclear and does not identify specific opinions she seeks to exclude. (ECF No. 316 at 9-10.) However, to the extent Plaintiff requests Dr. Mehlman-Orozco be prohibited from discussing facts

---

[1] Black's Law Dictionary defines "inconsistent" as "Lacking agreement among parts; not compatible with another fact or claim ." (*Inconsistent,* Black's Law Dictionary, 12th Ed. 2024.) Black's Law Dictionary defines "atypical" as "Not conforming to a usual type, standard, form, model, etc.; not exhibiting the essential characteristics of a particular kind of thing; irregular." (*Atypical,* Black's Law Dictionary, 12th Ed. 2024.)



LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

181178072.1                              7                Case No. 2:23-CV-104I92-AB-CTSx
                                  eXp'S OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE NO. 9

that demonstrate "Plaintiff kept working, traveled, and communicated, and therefore was not 'isolated' or 'trafficked,'" Dr. Mehlman-Orozco's factual discussion of Plaintiff's behavior is not properly excluded under Rule 702 or 403. (ECF No. 316 at 10.) Plaintiff's conduct following the alleged sex trafficking provide relevant facts which Dr. Mehlman-Orozco, and many other experts, rely upon as a basis for their opinions. Specifically, such facts necessary for Dr. Mehlman-Orozco to explain why Plaintiff's allegations are *atypical* of sex-trafficking. Further, Dr. Mehlman-Orozco has not concluded, and would not testify, that Plaintiff "was not trafficked." (*Id.*) This is a misstatement of her expert report and expected testimony. However, it is important for the jury to understand how the facts of this case compare to known indicia of sex trafficking—which is the substance and purpose of Dr. Mehlman-Orozco's report and testimony—so they can make a determination of what the eXp Defendants knew or should have known. Such testimony and evidence is admissible under Rule 702 and 403.

### C.    <u>Dr. Mehlman-Orozco's Opinions Are Not Legal Conclusions</u>

Plaintiff incorrectly argues that "Opinion VIII" of Dr. Mehlman-Orozco's report should be excluded as an improper legal conclusion. However, Dr. Mehlman-Orozco does not recite the statutory definitions under the TVPRA, nor does she provide a determination of whether eXp's conduct in this case satisfies certain elements of the TVPRA. Rather, Dr. Mehlman-Orozco's conclusions identify the lack of the type of evidence that *could* lend support to Plaintiff's TVPRA claims. This conclusion was based on, and cited, to several facts in the record. (ECF No. 316-1, Ex. B at  32-37.)

Dr. Mehlman-Orozco does not opine whether eXp Defendants indeed knew, or should have known, that Plaintiff was being sex trafficked or whether the venture it participated in was in turn participating in sex trafficking. Rather, Dr. Mehlman-Orozco identifies factors that a jury can weigh in determining the eXp Defendants' knowledge.  As the *E.M.B* court explained, general information about sex

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

trafficking, including features of human trafficking schemes, are admissible and helpful for a jury. *Doe E.M.B. v. G6 Hosp., LLC,* Case No. 9:23-cv-00173-MJT-CLS, 2025 U.S. Dist. LEXIS 175050, *12 (E.D. Tex. Apr. 23, 2025) (cited by Plaintiff at ECF No. 316 at 7.)

**D.      Dr. Mehlman-Orozco's Opinions Do Not Invade The Province Of The Jury.**

Plaintiff argues that, to the extent Dr. Mehlman-Orozco's opinions are offered to "suggest that no trafficking or coercion occurred" or to discredit Plaintiff, such evidence invades the province of the jury.  Plaintiff fails to cite any specific opinion or testimony to that effect or which they believe should be excluded on this basis. Nonetheless, Dr. Mehlman-Orozco provides no conclusion about whether Plaintiff was sex trafficked.  Again, Dr. Mehlman-Orozco's opinions consist of general information about sex trafficking, a recitation of record facts, and how such facts compare to known indicia of sex trafficking. This provides a helpful foundation for the jury to understand what, if anything, should have alerted the eXp Defendants to the alleged sex trafficking. Accordingly, Plaintiff's Motion should be denied.

**E.      Dr. Mehlman-Orozco's Opinions Fall Within The Scope Of Her Reported Expertise.**

Plaintiff attempts to exclude nonspecific opinions "to the extent her [Dr. Mehlman-Orozco's] traverse clinical or psychological terrain. (ECF No. 316 at 9.) Plaintiff does not identify any opinions or testimony in which she contends Dr. Mehlman-Orozco impermissibly provides clinical or psychological opinions.  Nor could Plaintiff point to such information, because Dr. Mehlman-Orozco does not provide any clinical, medical, or psychological conclusions regarding Plaintiff's allegations.

Plaintiff directs this Court back to the *Ramsbottom* case in which Dr. Mehlman-Orozco's rebuttal opinions as to a clinical psychologist's report and medical findings were excluded. Plaintiff has not identified any similarities here

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

with Dr. Mehlman-Orozco's report, or any anticipated testimony she believes Dr. Mehlman-Orozco may provide at trial. Unlike her prior rebuttal in *Ramsbottom,* here, Dr. Mehlman-Orozco provides no opinions as to clinical or medical diagnoses. To the extent Dr. Mehlman-Orozco rebuts certain opinions of Plaintiff's expert, Chitra Raghavan, Dr. Mehlman-Orozco is qualified to do so. Specifically, Dr. Mehlman-Orozco's rebuttal opinions as to Dr. Raghavan's report are confined to topics of criminology, sex trafficking, social sciences, and other non-diagnostic opinions relating to misinformation, coercion, and sex trafficking indicia. Indeed, Dr. Mehlman-Orozco explicitly testified that she does not "offer any clinical or diagnostic opinions at any point." (ECF No. 316-1, Ex. A, Mehlman-Orozco Dep. 42:16-18.) Further, the opinions to which Dr. Mehlman-Orozco rebuts in Dr. Raghavan's report reference criminology research and other research and data that intersect multiple fields, including sex trafficking and criminology. (ECF No. 316-1, Ex. C.) To that end, Dr. Mehlman-Orozco offers no clinical or psychological opinions, and Plaintiff's Motion should therefore be denied.

### F.    Dr. Mehlman-Orozco's Reliance on "Cases," "Secondary Exploitation: And "Pro Bono" Is Relevant.

Plaintiff seeks to broadly exclude evidence or testimony regarding Dr. Mehlman-Orozco's reliance or references to "cases" and "case review." First, this request is incredibly vague and overbroad. Dr. Mehlman-Orozco's prior work on sex trafficking cases, and with other victims, directly relates to her experience, knowledge, and training. *See* Fed. R. Evid. 702.

In support of this argument, Plaintiff again cites to the *Ramsbottom* opinion, but provides an incomplete explanation about the information that was excluded. (ECF No. 316 at 10.) In *Ramsbottom,* the fact that Dr. Mehlman-Orozco served on pro bono cases was not excluded. Rather, letters of reference and recommendation from prior clients or sex trafficking survivors were excluded on the basis of relevance and helpfulness. Here, Dr. Mehlman-Orozco has not provided these letters

LEWIS BRISBOIS BISGAARD & SMITH LLP
ATTORNEYS AT LAW

as part of her report, nor did she rely upon this information for her opinions or testimony.

Even still, Dr. Mehlman-Orozco's prior experience and work with sex trafficking victims is directly relevant and speaks to her qualifications, knowledge, and expertise—all of which lends credibility to her report and testimony. Evidence regarding Dr. Mehlman-Orozco's background including her work with other cases, case review, or pro bono services are relevant to her opinions here, as well as her background, knowledge, and expertise. Accordingly, Plaintiff's Motion should be denied.

## 4.    **CONCLUSION**

For the reasons stated above, this Court should deny Plaintiff's MIL No. 9.

Respectfully submitted,

DATED: July 31, 2026          LEWIS BRISBOIS BISGAARD & SMITH LLP


By: */s/ William E. Pallares*
WILLIAM E. PALLARES
Attorneys for Defendants, eXp REALTY, LLC, eXp WORLD  HOLDINGS, INC., and GLENN SANFORD

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

## CERTIFICATE OF SERVICE

I hereby certify that on this 31st day of July, 2026, I electronically filed the foregoing eXp Defendants' Opposition Plaintiff's Motion in Limine No. 9 with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

/s/ William E. Pallares
William E. Pallares

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW