Jennifer A. Lenze, Esq., CA Bar No. 246858
**LENZE LAWYERS, PLC**
999 Corporate Drive, Suite 100
Ladera Ranch, CA 92694
T: (310) 322-8800
F: (310) 322-8811
jlenze@lenzelawyers.com

Brooke Cohen, Esq., TX Bar No. 24007019 PHV admitted
Andrea Hirsch, Esq., GA Bar No. 666557 PHV admitted
**COHEN HIRSCH, LP**
5256 Peachtree Road, Suite 195-E
Atlanta, GA 30341
T: (678) 268-4683
brooke@cohenhirsch.com
andrea@cohenhirsch.com

Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANYA ROBERTS,<br><br>    Plaintiff,<br><br>  v.<br><br>EXP REALTY, LLC; EXP WORLD HOLDINGS, INC.; MICHAEL L. BJORKMAN; DAVID S. GOLDEN; BRENT GOVE; EMILY KEENAN; GLENN SANFORD; MICHAEL SHERRARD; and DOES 1-10,<br><br>    Defendants.<br>_____ | **CASE NO. 2:23-cv-10492-AB-CTS**<br><br>**COMPETING PROPOSED JURY VERDICT FORMS**<br><br>**TRIAL DATE:** August 31, 2026<br>**FPTC:** August 14, 2026<br>**TIME:** 11:00 a.m.<br>**CTRM**: 7B<br>**JUDGE:** Hon. André Birotte, Jr. |

**COMPETING PROPOSED JURY VERDICT FORMS**

**TO THE HONORABLE COURT:**

The parties submit the following competing verdict forms for your consideration. **Exhibit A**, attached hereto is the Plaintiff's initial proposed. **Exhibit B**, attached hereto are the eXp Defendant's redlines and **Exhibit C** contains Defendants Golden and Bjorkman's redlines.

The factual and legal basis for each party's respective positions are as follows:

**PLAINTIFF'S POSITION**

Plaintiff has sufficiently alleged and the evidence support, instructions on attempted violation of the TVPRA and vicarious liability/agency and ratification. The parties remain in dispute about choice of law and bifurcation issues impacting the ability to submit a joint verdict form.

**EXP DEFENDANT'S POSITION**

The eXp Defendants object to Plaintiff's inclusion of liability for attempted violations of the TVPRA, which Plaintiff did not plead and for which there is no evidentiary support, as well as Plaintiff's inclusion of unpled vicarious liability and agency/ratification theories in her draft Proposed Special Verdict Form.  Additionally, the eXp Defendants propose revisions that better enable the jury to determine liability for the respective claims and which remove jury determination of claims where predicate liability has not been found.  Finally, the

2

**COMPETING PROPOSED JURY VERDICT FORMS**

eXp Defendants propose revisions that enable a proper calculation of compensatory damages by defendant and claim.

## DEFENDANT BJORKMAN'S POSITION

Bjorkman submits this proposed verdict form without waiving any objection to the submission of any claim, theory, issue, or evidence to the jury. His inclusion of any question or response option does not constitute an admission that it is legally or factually supported. Bjorkman preserves all objections and arguments raised in his dispositive motions, motions in limine, proposed jury instructions, and other pretrial filings, including his position that Florida substantive law governs the state-law claims arising from the alleged Daytona Beach incident and that the verdict form and instructions must reflect Florida's elements, definitions, causation standards, defenses, and burdens of proof. Bjorkman reserves the right to revise the verdict form based on the Court's rulings and the evidence admitted at trial.

DATED: July 31, 2026    Respectfully Submitted,

        By: /s/ Jennifer A. Lenze
        Jennifer A. Lenze (CA No 246858)
        LENZE LAWYERS, PLC
        999 Corporate Drive, Suite 100
        Ladera Ranch, California 92694
        Telephone (310) 322-8800
        jlenze@lenzelawyers.com

**COMPETING PROPOSED JURY VERDICT FORMS**

Brooke F. Cohen TX 24007019 PHV Adm
Andrea S. Hirsch, GA 666557 PHV Adm
COHEN HIRSCH, LP
5256 Peachtree Road, Suite 195-E
Atlanta, Georgia 30341
Tel: (678) 268-4683
brooke@cohenhirsch.com
andrea@cohenhirsch.com
Attorneys for Plaintiff

By: /s/ Ivy Wang

Ivy Wang, Esq.
Daniel Wadley ,Esq.
**GREENBERG TRAURIG, LLP**
1840 Century Park East, Suite 1900
Los Angeles, California 90067
Telephone (310)586-7740
Facsimile (310)586-7800
Ivy.wang@gtlaw.com
wadleyd@gtlaw.com

William Pallares, Esq.
**LEWIS BRISBOIS**
633 W. 5th Street, Suite 4000
Los Angeles, California 90071
Telephone (213)580-6339
Facsimile (213)250-7900
William.pallares@lewisbrisbois.com

**Attorneys for Defendants eXp World Holdings, Inc., eXp Realty, LLC and Glenn Sanford**

By: /s/ ____Peter Levine_____
Peter Levine, Esq.
**PETER K. LEVINE, APLC**
5455 Wilshire Blvd., Suite 1250
Los Angeles, California 90036

4

**COMPETING PROPOSED JURY VERDICT FORMS**

Telephone (323)934-1234
Facsimile (323)934-1230
peter@peterlawfirm.com

**Attorney for Defendant David Golden**

By: /s/_____Robert Demarco_____

Richard Schonfeld, Esq.
Robert Demarco, Esq.
**CHESNOFF & SCHONFELD**
520 South Fourth St.
Las Vegas, Nevada 89101
Telephone (702)384-5563
Facsimile (702)598-1425
rdemarco@cslawoffice.net
rschonfeld@cslawoffice.net

**Attorneys for Defendant Michael Bjorkman**

5

**COMPETING PROPOSED JURY VERDICT FORMS**

# <u>EXHIBIT A</u>

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| ANYA ROBERTS,<br><br>        Plaintiff,<br><br>v.<br><br>eXp REALTY, LLC; eXp WORLD HOLDINGS, INC.; MICHAEL L. BJORKMAN; DAVID S. GOLDEN; GLENN SANFORD; and DOES 1–10,<br><br>        Defendants. | Case No. 2:23-cv-10492-AB-CTS<br><br>**SPECIAL VERDICT FORM**<br><br>Judge: Hon. André Birotte, Jr.<br>Courtroom: 7B<br>Trial Date: August 31, 2026 |

## SPECIAL VERDICT FORM — PHASE ONE
### (Liability, Compensatory Damages, and Entitlement to Punitive Damages)

We, the jury in the above-entitled action, unanimously find as follows on the questions submitted to us. We answer the questions in the order presented and follow the directions that appear after each answer. Where a direction tells us to skip ahead, we leave the intervening questions blank.

Unless a question states otherwise, Plaintiff must prove each answer marked "YES" by a preponderance of the evidence.

## SECTION I. CLAIM 1 — TRAFFICKING VICTIMS PROTECTION REAUTHORIZATION ACT AGAINST DEFENDANT DAVID GOLDEN

*(18 U.S.C. §§ 1591(a)(1), 1594(a), 1595(a))*

### A. Completed Violation

**QUESTION 1:** Did Defendant David Golden knowingly recruit, entice, harbor, transport, provide, obtain, maintain, patronize, or solicit Plaintiff Anya Roberts, in or affecting interstate or foreign commerce?

YES _____     NO _____

*Go to Question 2.*

**QUESTION 2:** Did Defendant Golden know, or recklessly disregard the fact, that force, fraud, coercion, or a combination of those means would be used to cause Plaintiff to engage in a commercial sex act (defined as any sex act on account of which anything of value was given to or received by any person)?

YES _____     NO _____

*If you answered YES to both Question 1 and Question 2, skip Questions 3 and 4 and go to Section II (Question 5). If you answered NO to either Question 1 or Question 2, answer Questions 3 and 4.*

### B. Attempted Violation

**QUESTION 3:** Did Defendant David Golden attempt to recruit, entice, harbor, transport, provide, obtain, maintain, patronize, or solicit Plaintiff Anya Roberts, in or affecting interstate or foreign commerce?

YES _____     NO _____

*Go to Question 4.*

**QUESTION 4:** Did Defendant Golden attempt to use force, fraud, coercion, or a combination of those means to cause Plaintiff to engage in a commercial sex act (defined as any sex act on account of which anything of value was given to or received by any person)?

YES _____     NO _____

*Go to Section II (Question 5).*

## SECTION II. CLAIM 2 — TRAFFICKING VICTIMS PROTECTION REAUTHORIZATION ACT AGAINST DEFENDANT MICHAEL BJORKMAN

*(18 U.S.C. §§ 1591(a)(1), 1594(a), 1595(a))*

### A. Completed Violation

**QUESTION 5:** Did Defendant Michael Bjorkman knowingly recruit, entice, harbor, transport, provide, obtain, maintain, patronize, or solicit Plaintiff Anya Roberts, in or affecting interstate or foreign commerce?

YES _____        NO _____

*Go to Question 6.*

**QUESTION 6:** Did Defendant Bjorkman know, or recklessly disregard the fact, that force, fraud, coercion, or a combination of those means would be used to cause Plaintiff to engage in a commercial sex act (defined as any sex act on account of which anything of value was given to or received by any person)?

YES _____        NO _____

*If you answered YES to both Question 5 and Question 6, skip Questions 7 and 8 and go to Section III (Question 9). If you answered NO to either Question 5 or Question 6, answer Questions 7 and 8.*

### B. Attempted Violation

**QUESTION 7:** Did Defendant Bjorkman attempt to recruit, entice, harbor, transport, provide, obtain, maintain, patronize, or solicit Plaintiff Anya Roberts, in or affecting interstate or foreign commerce?

YES _____        NO _____

*Go to Question 8.*

**QUESTION 8:** Did Defendant Bjorkman attempt to use force, fraud, coercion, or a combination of those means to cause Plaintiff to engage in a commercial sex act (defined as any sex act on account of which anything of value was given to or received by any person)?

YES _____        NO _____

*Go to Section III (Question 9).*

## SECTION III. CLAIM 3 — TVPRA BENEFICIARY LIABILITY

*(18 U.S.C. § 1595(a))*

*As used in Questions 9 through 17, "the Venture" means [INSERT THE
DEFINITION OF THE VENTURE GIVEN IN THE COURT'S INSTRUCTIONS].*

### A. As to Defendant eXp Realty, LLC

**QUESTION 9:** Did Defendant eXp Realty, LLC knowingly benefit, financially or
by receiving anything of value, from participation in the Venture?

YES _____        NO _____

*If you answered YES, skip Question 10 and go to Question 11. If you answered
NO, go to Question 10.*

**QUESTION 10:** Did Defendant eXp Realty, LLC attempt to benefit, financially or
by receiving anything of value, from participation in the Venture?

YES _____        NO _____

*Go to Question 11.*

**QUESTION 11:** Did Defendant eXp Realty, LLC know, or should it have known,
that the Venture had engaged in an act in violation of the TVPRA?

YES _____        NO _____

*Go to the questions for Defendant eXp World Holdings, Inc. (Question 12).*

### B. As to Defendant eXp World Holdings, Inc.

**QUESTION 12:** Did Defendant eXp World Holdings, Inc. knowingly benefit,
financially or by receiving anything of value, from participation in the Venture?

YES _____        NO _____

*If you answered YES, skip Question 13 and go to Question 14. If you answered
NO, go to Question 13.*

**QUESTION 13:** Did Defendant eXp World Holdings, Inc. attempt to benefit,
financially or by receiving anything of value, from participation in the Venture?

YES _____        NO _____

*Go to Question 14.*

**QUESTION 14:** Did Defendant eXp World Holdings, Inc. know, or should it have known, that the Venture had engaged in an act in violation of the TVPRA?

YES _____       NO _____

*Go to the questions for Defendant Glenn Sanford (Question 15).*

**C. As to Defendant Glenn Sanford**

**QUESTION 15:** Did Defendant Glenn Sanford knowingly benefit, financially or by receiving anything of value, from participation in the Venture?

YES _____       NO _____

*If you answered YES, skip Question 16 and go to Question 17. If you answered NO, go to Question 16.*

**QUESTION 16:** Did Defendant Glenn Sanford attempt to benefit, financially or by receiving anything of value, from participation in the Venture?

YES _____       NO _____

*Go to Question 17.*

**QUESTION 17:** Did Defendant Glenn Sanford know, or should he have known, that the Venture had engaged in an act in violation of the TVPRA?

YES _____       NO _____

*Go to Section IV (Question 18).*

## SECTION IV. VICARIOUS LIABILITY — ACTUAL AUTHORITY, APPARENT AUTHORITY, AND RATIFICATION

*As used in Question 18, "the recruiting undertaking" means [INSERT THE DEFINITION GIVEN IN THE COURT'S INSTRUCTIONS].*

Answer every box in each table below.

**QUESTION 18:** Actual Authority. For each Defendant named at the top of the table, did Defendant Golden or Defendant Bjorkman act with actual authority from that Defendant in carrying out the recruiting undertaking?

| Acting with actual authority from → | eXp Realty, LLC | eXp World Holdings, Inc. | Glenn Sanford |
|---|---|---|---|
| Defendant David Golden | YES ___  NO ___ | YES ___  NO ___ | YES ___  NO ___ |
| Defendant Michael Bjorkman | YES ___  NO ___ | YES ___  NO ___ | YES ___  NO ___ |

*Go to Question 19.*

**QUESTION 19:** Apparent Authority. For each Defendant named at the top of the table, did conduct attributable to that Defendant cause Plaintiff reasonably to believe that Defendant Golden or Defendant Bjorkman was authorized to act on that Defendant's behalf?

| Apparent authority from → | eXp Realty, LLC | eXp World Holdings, Inc. | Glenn Sanford |
|---|---|---|---|
| Defendant David Golden | YES ___  NO ___ | YES ___  NO ___ | YES ___  NO ___ |
| Defendant Michael Bjorkman | YES ___  NO ___ | YES ___  NO ___ | YES ___  NO ___ |

*If you answered YES in any box in Question 19, go to Question 20. If you answered NO in every box in Question 19, skip Questions 20 and 21 and go to Question 22.*

**QUESTION 20:** Did Plaintiff rely on this apparent authority to her detriment?

YES _____        NO _____

*If you answered YES to Question 20, go to Question 21. If you answered NO to Question 20, skip Question 21 and go to Question 22.*

**QUESTION 21:** Was Plaintiff's reliance reasonably justified?

YES _____        NO _____

*Go to Question 22.*

**QUESTION 22:** Ratification. For each Defendant named at the top of the table, did that Defendant, after receiving notice of material facts or of facts requiring further investigation, fail to investigate the conduct of Defendant Golden or Defendant Bjorkman, or otherwise affirm or adopt that conduct, including by retaining benefits arising from the relationship or protecting his economic interests, and thereby ratify that conduct?

| Ratified the conduct of → | eXp Realty, LLC | eXp World Holdings, Inc. | Glenn Sanford |
|---|---|---|---|
| Defendant David Golden | YES ___   NO ___ | YES ___   NO ___ | YES ___   NO ___ |
| Defendant Michael Bjorkman | YES ___   NO ___ | YES ___   NO ___ | YES ___   NO ___ |

*Go to Section V (Question 23).*

## SECTION V. CLAIM 4 — NEGLIGENT HIRING, SUPERVISION, AND RETENTION AGAINST DEFENDANT eXp REALTY, LLC

### A. Negligent Hiring, Supervision, and Retention of Defendant Bjorkman

**QUESTION 23:** Did Defendant eXp Realty hire Defendant Bjorkman?

YES  _____          NO  _____

*If you answered YES, go to Question 24. If you answered NO, skip Questions 24 through 29 and go to Question 30.*

**QUESTION 24:** Was Defendant Bjorkman unfit to perform the work for which eXp Realty hired him, including recruiting agents into its revenue-share program, in that he posed a risk of sexually assaulting or sexually exploiting agents and prospective recruits he encountered through that work?

YES  _____          NO  _____

*If you answered YES, go to Question 25. If you answered NO, skip Questions 25 through 29 and go to Question 30.*

**QUESTION 25:** Did Defendant eXp Realty know or should it have known that Defendant Bjorkman posed a risk of sexually assaulting or sexually exploiting agents and prospective recruits he encountered through that work when he was hired?

YES  _____          NO  _____

*If you answered YES, go to Question 26. If you answered NO, skip Questions 26 through 29 and go to Question 30.*

**QUESTION 26:** Did Defendant Bjorkman's risk of sexually assaulting or sexually exploiting agents and prospective recruits he encountered through that work harm Plaintiff?

YES  _____          NO  _____

*If you answered YES, go to Question 27. If you answered NO, skip Questions 27, 28, and 29 and go to Question 30.*

**QUESTION 27:** Was eXp Realty's negligence in hiring Defendant Bjorkman a substantial factor in causing Plaintiff harm?

YES  _____          NO  _____

*Go to Question 28.*

**QUESTION 28:** Was eXp Realty's negligence in supervising Defendant Bjorkman a substantial factor in causing Plaintiff harm?

YES  _____          NO  _____

*Go to Question 29.*

**QUESTION 29:** Was eXp Realty's negligence in retaining Defendant Bjorkman a substantial factor in causing Plaintiff harm?

YES  _____          NO  _____

*Go to Question 30.*

**B. Negligent Supervision and Retention of Defendant Golden**

**QUESTION 30:** Did Defendant eXp Realty hire Defendant Golden?

YES  _____          NO  _____

*If you answered YES, go to Question 31. If you answered NO, skip Questions 31 through 35 and go to Section VI (Question 36).*

**QUESTION 31:** Did Defendant Golden become unfit to perform the work for which eXp Realty hired him, including recruiting agents into its revenue-share program, in that he posed a risk of sexually assaulting or sexually exploiting agents and prospective recruits he encountered through that work?

YES _____        NO _____

*If you answered YES, go to Question 32. If you answered NO, skip Questions 32 through 35 and go to Section VI (Question 36).*

**QUESTION 32:** Did Defendant eXp Realty know or should it have known that Defendant Golden became unfit because he posed a risk of sexually assaulting or sexually exploiting agents and prospective recruits he encountered through that work?

YES _____        NO _____

*If you answered YES, go to Question 33. If you answered NO, skip Questions 33 through 35 and go to Section VI (Question 36).*

**QUESTION 33:** Did Defendant Golden's risk of sexually assaulting or sexually exploiting agents and prospective recruits he encountered through that work harm Plaintiff?

YES _____        NO _____

*If you answered YES, go to Question 34. If you answered NO, skip Questions 34 and 35 and go to Section VI (Question 36).*

**QUESTION 34:** Was eXp Realty's negligence in supervising Defendant Golden a substantial factor in causing Plaintiff harm?

YES _____        NO _____

*Go to Question 35.*

**QUESTION 35:** Was eXp Realty's negligence in retaining Defendant Golden a substantial factor in causing Plaintiff harm?

YES _____        NO _____

*Go to Section VI (Question 36).*

## SECTION VI. CLAIM 5 — BATTERY

### A. As to Defendant David Golden

**QUESTION 36:** Did Defendant David Golden intentionally cause harmful or offensive contact with Plaintiff?

    YES _____        NO _____

*If you answered YES, answer Question 37. If you answered NO, skip Questions 37 and 38 and go to Question 39.*

**QUESTION 37:** Was that contact without Plaintiff's valid consent?

    YES _____        NO _____

*If you answered YES, answer Question 38. If you answered NO, skip Question 38 and go to Question 39.*

**QUESTION 38:** Was Defendant David Golden's conduct a substantial factor in causing harm to Plaintiff?

    YES _____        NO _____

*Go to Question 39.*

### B. As to Defendant Michael Bjorkman

**QUESTION 39:** Did Defendant Michael Bjorkman intentionally cause harmful or offensive contact with Plaintiff?

    YES _____        NO _____

*If you answered YES, answer Question 40. If you answered NO, skip Questions 40 and 41 and go to Section VII (Question 42).*

**QUESTION 40:** Was that contact without Plaintiff's valid consent?

    YES _____        NO _____

*If you answered YES, answer Question 41. If you answered NO, skip Question 41 and go to Section VII (Question 42).*

**QUESTION 41:** Was Defendant Michael Bjorkman's conduct a substantial factor in causing harm to Plaintiff?

    YES _____        NO _____

*Go to Section VII (Question 42).*

## SECTION VII. CLAIM 6 — SEXUAL BATTERY

### A. As to Defendant David Golden

**QUESTION 42:** Did Defendant David Golden intentionally cause sexually offensive contact with Plaintiff?

    YES  _____        NO  _____

*If you answered YES, answer Question 43. If you answered NO, skip Questions 43 and 44 and go to Question 45.*

**QUESTION 43:** Was that contact without Plaintiff's valid consent?

    YES  _____        NO  _____

*If you answered YES, answer Question 44. If you answered NO, skip Question 44 and go to Question 45.*

**QUESTION 44:** Was Defendant David Golden's conduct a substantial factor in causing harm to Plaintiff?

    YES  _____        NO  _____

*Go to Question 45.*

### B. As to Defendant Michael Bjorkman

**QUESTION 45:** Did Defendant Michael Bjorkman intentionally cause sexually offensive contact with Plaintiff?

    YES  _____        NO  _____

*If you answered YES, answer Question 46. If you answered NO, skip Questions 46 and 47 and go to Section VIII (Question 48).*

**QUESTION 46:** Was that contact without Plaintiff's valid consent?

    YES  _____        NO  _____

*If you answered YES, answer Question 47. If you answered NO, skip Question 47 and go to Section VIII (Question 48).*

**QUESTION 47:** Was Defendant Michael Bjorkman's conduct a substantial factor in causing harm to Plaintiff?

YES  _____          NO  _____

*Go to Section VIII (Question 48).*

## SECTION VIII. CLAIM 7 — INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

### A. As to Defendant David Golden

**QUESTION 48:** Did Defendant David Golden engage in extreme and outrageous conduct?

YES  _____          NO  _____

*If you answered YES, answer Question 49. If you answered NO, skip Questions 49 through 51 and go to Question 52.*

**QUESTION 49:** Did Defendant David Golden intend to cause Plaintiff emotional distress, or act with reckless disregard of the probability that Plaintiff would suffer emotional distress?

YES  _____          NO  _____

*If you answered YES, answer Question 50. If you answered NO, skip Questions 50 and 51 and go to Question 52.*

**QUESTION 50:** Did Plaintiff suffer severe emotional distress?

YES  _____          NO  _____

*If you answered YES, answer Question 51. If you answered NO, skip Question 51 and go to Question 52.*

**QUESTION 51:** Was Defendant David Golden's conduct a substantial factor in causing Plaintiff's severe emotional distress?

YES  _____          NO  _____

*Go to Question 52.*

### B. As to Defendant Michael Bjorkman

**QUESTION 52:** Did Defendant Michael Bjorkman engage in extreme and outrageous conduct?

YES  _____          NO  _____

*If you answered YES, answer Question 53. If you answered NO, skip Questions
53 through 55 and go to Section IX (Question 56).*

**QUESTION 53:** Did Defendant Michael Bjorkman intend to cause Plaintiff
emotional distress, or act with reckless disregard of the probability that Plaintiff
would suffer emotional distress?

    YES  _____          NO  _____

*If you answered YES, answer Question 54. If you answered NO, skip Questions
54 and 55 and go to Section IX (Question 56).*

**QUESTION 54:** Did Plaintiff suffer severe emotional distress?

    YES  _____          NO  _____

*If you answered YES, answer Question 55. If you answered NO, skip Question
55 and go to Section IX (Question 56).*

**QUESTION 55:** Was Defendant Michael Bjorkman's conduct a substantial factor
in causing Plaintiff's severe emotional distress?

    YES  _____          NO  _____

*Go to Section IX (Question 56).*

## SECTION IX. COMPENSATORY DAMAGES

Answer Questions 56 and 57 only if you have found at least one Defendant liable
on at least one claim. If you have not, do not answer Questions 56 and 57; skip to
the signature line at the end of Section X.

**QUESTION 56:** What is the total amount of damages that will reasonably
compensate Plaintiff for past emotional distress, mental suffering, humiliation, loss
of enjoyment of life, and other psychological harm, from the date of the conduct to
today?

    Past noneconomic damages:  $ _____

*Go to Question 57.*

**QUESTION 57:** What is the total amount of damages that will reasonably
compensate Plaintiff for future emotional distress, mental suffering, humiliation,
loss of enjoyment of life, and other psychological harm that she is reasonably
certain to suffer?

Future noneconomic damages:  $ _____

*Go to Section X (Question 58).*

## SECTION X. ENTITLEMENT TO PUNITIVE DAMAGES

Different standards govern punitive damages on Plaintiff's federal claims and on Plaintiff's California claims. Part A concerns the TVPRA claims (Claims 1, 2, and 3). Part B concerns the California claims (Claims 4, 5, 6, and 7). Answer the questions in each Part only as to a Defendant you have found liable on a claim covered by that Part. Leave the boxes and lines for every other Defendant blank.

You are not deciding the amount of any punitive damages at this time.

### A. TVPRA Claims (Claims 1, 2, and 3) — Federal Standard

*Plaintiff must prove her answers to Question 58 by a preponderance of the evidence.*

**QUESTION 58:** As to each Defendant you have found liable on Claim 1, Claim 2, or Claim 3, was that Defendant's conduct that harmed Plaintiff malicious or oppressive, or in reckless or callous disregard of Plaintiff's federally protected rights?

| Defendant | Malicious, oppressive, or in reckless or callous disregard of Plaintiff's rights? |
|---|---|
| Defendant David Golden | YES ___   NO ___ |
| Defendant Michael Bjorkman | YES ___   NO ___ |
| Defendant Glenn Sanford | YES ___   NO ___ |
| Defendant eXp Realty, LLC | YES ___   NO ___ |
| Defendant eXp World Holdings, Inc. | YES ___   NO ___ |

*Go to Question 59.*

**B. California Claims (Claims 4, 5, 6, and 7) — Cal. Civ. Code § 3294**

*Plaintiff must prove her answers to Questions 59, 60, and 61 by clear and convincing evidence. That is a higher standard of proof than the preponderance of the evidence standard that applies to Question 58 and to the other questions on this form.*

**B.1. Individual Defendants — Cal. Civ. Code § 3294(a)**

**QUESTION 59:** As to each Defendant you have found liable on Claim 5, Claim 6, or Claim 7, has Plaintiff proven by clear and convincing evidence that the Defendant engaged in conduct constituting malice, oppression, or fraud?

| Defendant | Malice, oppression, or fraud? |
|---|---|
| Defendant David Golden | YES ___   NO ___ |
| Defendant Michael Bjorkman | YES ___   NO ___ |

*Go to Question 60.*

**B.2. Entity Defendants — Cal. Civ. Code § 3294(b)**

*Answer each subpart of Questions 60 and 61. A YES answer to any one subpart is sufficient as to that Defendant, but you must still answer every subpart.*

**QUESTION 60:** As to Defendant eXp Realty, LLC, has Plaintiff proven by clear and convincing evidence any of the following?

(a) That an officer, director, or managing agent of eXp Realty had advance knowledge of the unfitness of Defendant Golden or Defendant Bjorkman and employed or retained him with a conscious disregard of the rights or safety of others.

YES _____     NO _____

(b) That an officer, director, or managing agent of eXp Realty authorized or ratified the conduct you found in Question 59 to constitute malice, oppression, or fraud.

YES _____     NO _____

(c) That the conduct constituting malice, oppression, or fraud was conduct of one or more officers, directors, or managing agents of eXp Realty who were acting on behalf of eXp Realty.

YES _____          NO _____

*Go to Question 61.*

**QUESTION 61:** As to Defendant eXp World Holdings, Inc., has Plaintiff proven by clear and convincing evidence any of the following?

(a) That an officer, director, or managing agent of eXp World Holdings had advance knowledge of the unfitness of Defendant Golden or Defendant Bjorkman and employed or retained him with a conscious disregard of the rights or safety of others.

YES _____          NO _____

(b) That an officer, director, or managing agent of eXp World Holdings authorized or ratified the conduct you found in Question 59 to constitute malice, oppression, or fraud.

YES _____          NO _____

(c) That the conduct constituting malice, oppression, or fraud was conduct of one or more officers, directors, or managing agents of eXp World Holdings who were acting on behalf of eXp World Holdings.

YES _____          NO _____

*You have now answered all of the questions on the Phase One verdict form. Go to the signature line below.*

Sign and date this form and inform the Court Security Officer that you have reached a verdict.

Dated: _____

_____
PRESIDING JUROR

## SPECIAL VERDICT FORM — PHASE TWO
### (Amount of Punitive Damages)

Answer Question 62 only as to a Defendant for whom, on the Phase One verdict form, you answered YES in Question 58, YES in Question 59, or YES to at least one subpart of Question 60 or Question 61. Leave the line for every other Defendant blank.

**QUESTION 62:** What amount of punitive damages, if any, do you award against each of the following Defendants? Determine the amount separately as to each Defendant. You may award punitive damages against one or more Defendants and not others, and you may award different amounts as to different Defendants. Even as to a Defendant identified above, you may decline to award punitive damages; if you decline, write "none" on that Defendant's line.

Defendant David Golden:  $ _____

Defendant Michael Bjorkman:  $ _____

Defendant Glenn Sanford:  $ _____

Defendant eXp Realty, LLC:  $ _____

Defendant eXp World Holdings, Inc.:  $ _____

*You have now answered all of the questions on the Phase Two verdict form. Go to the signature line below.*

Sign and date this form and inform the Court Security Officer that you have reached a verdict.

Dated: _____

_____

PRESIDING JUROR

# EXHIBIT B

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

ANYA ROBERTS,

      Plaintiff,

v.

eXp REALTY, LLC; eXp WORLD HOLDINGS, INC.; MICHAEL L. BJORKMAN; DAVID S. GOLDEN; **BRENT GOVE;** GLENN SANFORD; and DOES 1–10,

      Defendants.

Case No**CASE NO**.  2:23-cv-10492-AB-CTS

**SPECIAL VERDICT FORM**

**Judge:** Hon. André Birotte, Jr.**, Ctrm 7B**
**Courtroom: 7B**
**SPECIAL VERDICT FORM**

**Action Filed:  December 14, 2023**
**FAC Filed: June 13, 2024**

Trial Date: August 31, 2026

## SPECIAL VERDICT FORM — PHASE ONE

### (Liability, Compensatory Damages, and Entitlement to Punitive Damages)

We, the jury in the above-entitled action, unanimously find as follows on the questions submitted to us. We answer the questions in the order presented and follow the directions that appear after each answer. Where a direction tells us to skip ahead, we leave the intervening questions blank.

Unless a question states otherwise, Plaintiff must prove each answer marked "YES" by a preponderance of the evidence.

## SECTION I. CLAIM 1 — TRAFFICKING VICTIMS PROTECTION REAUTHORIZATION ACT AGAINST DEFENDANT DAVID GOLDEN

*(18 U.S.C. §§ 1591(a)(1), 1594(a), 1595(a))*

A. Completed Violation

**QUESTION 1:** Did Defendant David Golden knowingly recruit, entice, harbor, transport, provide, obtain, maintain, patronize, or solicit Plaintiff Anya Roberts, in or affecting interstate or foreign commerce?

YES _____        NO _____

*Go to Question 2.*

**QUESTION 2:** Did Defendant Golden know, or recklessly disregard the fact, that force, fraud, coercion, or a combination of those means would be used to cause Plaintiff to engage in a commercial sex act (defined as any sex act on account of which anything of value was given to or received by any person)?

YES _____        NO _____

**QUESTION 3: Did you answer YES to both QUESTION 1 and QUESTION 2?**

*If you answered YES to both Question 1 and Question 2, skip Questions 3 and 4 and go to Section II (Question 5). If you answered NO to either Question 1 or Question 2, answer Questions 3 and 4.*

B. Attempted Violation

QUESTION 3: Did Defendant David Golden attempt to recruit, entice, harbor, transport, provide, obtain, maintain, patronize, or solicit Plaintiff Anya Roberts, in or affecting interstate or foreign commerce?

YES _____        NO _____

*Go to Question 4.*

QUESTION 4: Did Defendant Golden attempt to use force, fraud, coercion, or a combination of those means to cause Plaintiff to engage in a commercial sex act (defined as any sex act on account of which anything of value was given to or received by any person)?

YES _____        NO _____

*Go to Section II (Question 5).*

## SECTION II. CLAIM 2 — TRAFFICKING VICTIMS PROTECTION REAUTHORIZATION ACT AGAINST DEFENDANT MICHAEL BJORKMAN

*(18 U.S.C. §§ 1591(a)(1), 1594(a), 1595(a))*

**A. Completed Violation**

**QUESTION ~~5~~4:** Did Defendant Michael Bjorkman knowingly recruit, entice, harbor, transport, provide, obtain, maintain, patronize, or solicit Plaintiff Anya Roberts, in or affecting interstate or foreign commerce?

YES _____          NO _____

*Go to Question 6.*

**QUESTION ~~6~~5:** Did Defendant Bjorkman know, or recklessly disregard the fact, that force, fraud, coercion, or a combination of those means would be used to cause Plaintiff to engage in a commercial sex act (defined as any sex act on account of which anything of value was given to or received by any person)?

YES _____          NO _____

**QUESTION 6: Did you answer YES to both QUESTION 4 and QUESTION 5?**

*If you answered YES to both Question 5 and Question 6, skip Questions 7 and 8 and go to Section III (Question 9). If you answered NO to either Question 5 or Question 6, answer Questions 7 and 8.*

**B. Attempted Violation**

**QUESTION 7: Did Defendant Bjorkman attempt to recruit, entice, harbor, transport, provide, obtain, maintain, patronize, or solicit Plaintiff Anya Roberts, in or affecting interstate or foreign commerce?**

YES _____          NO _____

**If you answered NO to both QUESTION 3 and QUESTION 6, then skip SECTION III for CLAIM 3 and go to SECTION IV, QUESTION 19.**

*Go to Question 8.*

**QUESTION 8: Did Defendant Bjorkman attempt to use force, fraud, coercion, or a combination of those means to cause Plaintiff to engage in a commercial sex act (defined as any sex act on account of which anything of value was given to or received by any person)?**

**YES _____          NO _____**

*Go to Section III (Question 9).*

**SECTION III. CLAIM 3 — ~~TVPRA~~TRAFFICKING VICTIMS PROTECTION REAUTHORIZATION ACT BENEFICIARY LIABILITY AGAINST DEFENDANT eXp REALTY, LLC; DEFENDANT eXp WORLD HOLDINGS, INC; AND GLENN SANFORD**

*(18 U.S.C. § 1595(a))*

*As used in Questions ~~9~~7 through ~~17~~15, "~~the~~ Venture" means [INSERT THE DEFINITION OF THE VENTURE GIVEN IN THE COURT'S INSTRUCTIONS]; and "Participate in a Venture" means [INSERT THE DEFINITION OF "PARTICIPATION IN A VENTURE" FROM THE COURT'S INSTRUCTIONS.*

**A. As to Defendant eXp Realty, LLC**

**QUESTION ~~9~~7:** Did Defendant eXp Realty, LLC ~~knowingly benefit, financially or by receiving anything of value, from participation in the Venture?~~Participate in a Venture, as those terms are defined in the Court's instructions, which Venture engaged in an act in violation of this chapter?

YES _____          NO _____

*If you answered YES, ~~skip Question 10 and~~ go to Question ~~11~~8. If you answered NO, go to Question 10.*

**QUESTION ~~10~~8:** Did Defendant eXp Realty, LLC ~~attempt to~~knowingly benefit, financially or by receiving anything of value, from ~~p~~Participation in the Venture?

YES _____          NO _____

*~~Go to Question 11.~~*

*If you answered YES, go to Question 9. If you answered NO, go to Question 10.*

**QUESTION ~~11~~9:** Did Defendant eXp Realty, LLC know, or should it have known, that the Venture had engaged in an act in violation of the TVPRA?

YES _____    NO _____

*~~Go to the questions for Defendant eXp World Holdings, Inc. (Question 12).~~*

**QUESTION 10: Did you answer YES to QUESTIONS 7, 8, and 9?**

**YES _____    NO _____**

**B. As to Defendant eXp World Holdings, Inc.**

**QUESTION ~~12~~11:** Did Defendant eXp World Holdings, Inc. ~~knowingly benefit, financially or by receiving anything of value, from participation in the Venture?~~**Participate in a Venture, as those terms are defined in the Court's instructions, which Venture engaged in an act in violation of this chapter?**

YES _____    NO _____

*If you answered YES, ~~skip Question 13 and~~ go to Question ~~14~~12. If you answered NO, go to Question ~~13~~15.*

**QUESTION ~~13~~12:** Did Defendant eXp World Holdings, Inc. ~~attempt to~~**knowingly** benefit, financially or by receiving anything of value, from ~~p~~**P**articipation in the Venture?

YES _____    NO _____

*~~Go to Question 14.~~*

*If you answered YES, go to Question 13. If you answered NO, go to Question 15.*

**QUESTION ~~14~~13:** Did Defendant eXp World Holdings, Inc. know, or should it have known, that the Venture had engaged in an act in violation of the TVPRA?

YES _____    NO _____

*~~Go to the questions for Defendant Glenn Sanford (Question 15).~~*

**QUESTION 14: Did you answer YES to QUESTIONS 11, 12, and 13?**

**YES _____    NO _____**

**C. As to Defendant Glenn Sanford**

**QUESTION 15:** Did Defendant Glenn Sanford ~~knowingly benefit, financially or by receiving anything of value, from participation in the Venture?~~**Participate in a Venture, as those terms are defined in the Court's instructions, which Venture engaged in an act in violation of this chapter?**

YES _____    NO _____

*If you answered YES, ~~skip~~answer Question 16 ~~and go to Question 17~~. If you answered NO, go to **Section IV (**Question ~~16~~18).*

**QUESTION 16:** Did Defendant Glenn Sanford ~~attempt to~~**knowingly** benefit, financially or by receiving anything of value, from ~~p~~**P**articipation in the Venture?

YES _____    NO _____

*~~Go~~If you answered YES, go to Question 17. **If you answered NO, go to Question Section IV (Question 18).***

**QUESTION 17:** Did Defendant Glenn Sanford know, or should he have known, that the Venture had engaged in an act in violation of the TVPRA?

YES _____    NO _____

*~~Go to Section IV (Question 18).~~*

~~**SECTION IV. VICARIOUS LIABILITY — ACTUAL AUTHORITY, APPARENT AUTHORITY, AND RATIFICATION**~~

*~~As used in Question 18, "the recruiting undertaking" means [INSERT THE DEFINITION GIVEN IN THE COURT'S INSTRUCTIONS].~~*

~~**Answer every box in each table below.**~~

~~**QUESTION 18: Actual Authority.** For each Defendant named at the top of the table, did Defendant Golden or Defendant Bjorkman act with actual authority from that Defendant in carrying out the recruiting undertaking?~~

| ~~Acting with actual authority from →~~ | ~~eXp Realty, LLC~~ | ~~eXp World Holdings, Inc.~~ | ~~Glenn Sanford~~ |
|---|---|---|---|
| ~~Defendant David Golden~~ | ~~YES ___ NO ___~~ | ~~YES ___ NO ___~~ | ~~YES ___ NO ___~~ |
| ~~Defendant Michael Bjorkman~~ | ~~YES ___ NO ___~~ | ~~YES ___ NO ___~~ | ~~YES ___ NO ___~~ |

~~*Go to Question 19.*~~

~~**QUESTION 19: Apparent Authority. For each Defendant named at the top of the table, did conduct attributable to that Defendant cause Plaintiff reasonably to believe that Defendant Golden or Defendant Bjorkman was authorized to act on that Defendant's behalf?**~~

| ~~Apparent authority from →~~ | ~~eXp Realty, LLC~~ | ~~eXp World Holdings, Inc.~~ | ~~Glenn Sanford~~ |
|---|---|---|---|
| ~~Defendant David Golden~~ | ~~YES ___ NO ___~~ | ~~YES ___ NO ___~~ | ~~YES ___ NO ___~~ |
| ~~Defendant Michael Bjorkman~~ | ~~YES ___ NO ___~~ | ~~YES ___ NO ___~~ | ~~YES ___ NO ___~~ |

~~*If you answered YES in any box in Question 19, go to Question 20. If you answered NO in every box in Question 19, skip Questions 20 and 21 and go to Question 22.*~~

**QUESTION ~~20~~18:** Did ~~Plaintiff rely on this apparent authority to her detriment~~you answer YES to QUESTIONS 15, 16, and 17?

~~YES _____     NO _____~~

~~*If you answered YES to Question 20, go to Question 21. If you answered NO to Question 20, skip Question 21 and go to Question 22.*~~

~~**QUESTION 21: Was Plaintiff's reliance reasonably justified?**~~

YES _____     NO _____

~~*Go to Question 22.*~~

~~**QUESTION 22: Ratification. For each Defendant named at the top of the table, did that Defendant, after receiving notice of material facts or of facts requiring further investigation, fail to investigate the conduct of Defendant Golden or Defendant Bjorkman, or otherwise affirm or adopt that conduct, including by retaining benefits arising from the relationship or protecting his economic interests, and thereby ratify that conduct?**~~

| ~~Ratified the conduct of →~~ | ~~eXp Realty, LLC~~ | ~~eXp World Holdings, Inc.~~ | ~~Glenn Sanford~~ |
|---|---|---|---|
| ~~Defendant David Golden~~ | ~~YES ___ NO ___~~ | ~~YES ___ NO ___~~ | ~~YES ___ NO ___~~ |
| ~~Defendant Michael Bjorkman~~ | ~~YES ___ NO ___~~ | ~~YES ___ NO ___~~ | ~~YES ___ NO ___~~ |

*Go to Section V (Question 23).*

**SECTION V. CLAIM 4 — NEGLIGENT HIRING, SUPERVISION, AND RETENTION AGAINST DEFENDANT eXp REALTY, LLC**

**A. Negligent Hiring, Supervision, and Retention of Defendant Bjorkman**

**QUESTION 23: Did Defendant eXp Realty hire Defendant Bjorkman?**

YES _____        NO _____

*If you answered YES, go to Question 24. If you answered NO, skip Questions 24 through 29 and go to Question 30.*

**QUESTION 24: Was Defendant Bjorkman unfit to perform the work for which eXp Realty hired him, including recruiting agents into its revenue-share program, in that he posed a risk of sexually assaulting or sexually exploiting agents and prospective recruits he encountered through that work?**

YES _____        NO _____

*If you answered YES, go to Question 25. If you answered NO, skip Questions 25 through 29 and go to Question 30.*

**QUESTION 25: Did Defendant eXp Realty know or should it have known that Defendant Bjorkman posed a risk of sexually assaulting or sexually exploiting agents and prospective recruits he encountered through that work when he was hired?**

YES _____        NO _____

*If you answered YES, go to Question 26. If you answered NO, skip Questions 26 through 29 and go to Question 30.*

**QUESTION 26: Did Defendant Bjorkman's risk of sexually assaulting or sexually exploiting agents and prospective recruits he encountered through that work harm Plaintiff?**

YES _____        NO _____

*If you answered YES, go to Question 27. If you answered NO, skip Questions 27, 28, and 29 and go to Question 30.*

**QUESTION 27: Was eXp Realty's negligence in hiring Defendant Bjorkman a substantial factor in causing Plaintiff harm?**

YES _____          NO _____

*Go to Question 28.*

**QUESTION 28: Was eXp Realty's negligence in supervising Defendant Bjorkman a substantial factor in causing Plaintiff harm?**

YES _____          NO _____

*Go to Question 29.*

**QUESTION 29: Was eXp Realty's negligence in retaining Defendant Bjorkman a substantial factor in causing Plaintiff harm?**

YES _____          NO _____

*Go to Question 30.*

**B. Negligent Supervision and Retention of Defendant Golden**

**QUESTION 30: Did Defendant eXp Realty hire Defendant Golden?**

YES _____          NO _____

*If you answered YES, go to Question 31. If you answered NO, skip Questions 31 through 35 and go to Section VI (Question 36).*

**QUESTION 31: Did Defendant Golden become unfit to perform the work for which eXp Realty hired him, including recruiting agents into its revenue-share program, in that he posed a risk of sexually assaulting or sexually exploiting agents and prospective recruits he encountered through that work?**

YES _____          NO _____

*If you answered YES, go to Question 32. If you answered NO, skip Questions 32 through 35 and go to Section VI (Question 36).*

**QUESTION 32: Did Defendant eXp Realty know or should it have known that Defendant Golden became unfit because he posed a risk of sexually assaulting or sexually exploiting agents and prospective recruits he encountered through that work?**

YES _____          NO _____

*If you answered YES, go to Question 33. If you answered NO, skip Questions 33 through 35 and go to Section VI (Question 36).*

QUESTION 33: Did Defendant Golden's risk of sexually assaulting or sexually exploiting agents and prospective recruits he encountered through that work harm Plaintiff?

YES _____          NO _____

*If you answered YES, go to Question 34. If you answered NO, skip Questions 34 and 35 and go to Section VI (Question 36).*

QUESTION 34: Was eXp Realty's negligence in supervising Defendant Golden a substantial factor in causing Plaintiff harm?

YES _____          NO _____

*Go to Question 35.*

QUESTION 35: Was eXp Realty's negligence in retaining Defendant Golden a substantial factor in causing Plaintiff harm?

YES _____          NO _____

*Go to Section VI (Question 36).*

**SECTION ~~VI~~V. CLAIM ~~5~~4 — BATTERY**

**A. As to Defendant David Golden**

**QUESTION ~~36~~19:** Did Defendant David Golden intentionally cause harmful or offensive contact with Plaintiff?

YES _____          NO _____

*If you answered YES, answer Question ~~37~~20. If you answered NO, ~~skip Questions 37 and 38 and~~ go to Question ~~39~~2.*

**QUESTION ~~37~~20:** Was that contact without Plaintiff's valid consent?

YES _____          NO _____

*If you answered YES, answer Question ~~38~~21. If you answered NO, ~~skip Question 38 and~~ go to Question ~~39~~23.*

**QUESTION ~~38~~21:** Was Defendant David Golden's conduct a substantial factor in causing harm to Plaintiff?

YES _____          NO _____

*Go to Question 39.*

**QUESTION 22: Did you answer YES to QUESTIONS 19, 20, and 21?**

YES _____ NO _____

**B. As to Defendant Michael Bjorkman**

**QUESTION 3923:** Did Defendant Michael Bjorkman intentionally cause harmful or offensive contact with Plaintiff?

YES _____ NO _____

*If you answered YES, answer Question 4024. If you answered NO, ~~skip Questions 40 and 41 and~~ go to Section VIIV (Question 4227).*

**QUESTION 4024:** Was that contact without Plaintiff's valid consent?

YES _____ NO _____

*If you answered YES, answer Question 4125. If you answered NO, ~~skip Question 41 and~~ go to Section VIIV (Question 4227).*

**QUESTION 4125:** Was Defendant Michael Bjorkman's conduct a substantial factor in causing harm to Plaintiff?

YES _____ NO _____

*~~Go to Section VII (Question 42).~~*

**QUESTION 26: Did you answer YES to QUESTIONS 23, 24, and 25?**

YES _____ NO _____

**SECTION VIIV. CLAIM 65 — SEXUAL BATTERY**

**A. As to Defendant David Golden**

**QUESTION 4227:** Did Defendant David Golden intentionally cause sexually offensive contact with Plaintiff?

YES _____ NO _____

*If you answered YES, answer Question 4328. If you answered NO, ~~skip Questions 43 and 44 and~~ go to Question 4531.*

**QUESTION ~~43~~28:** Was that contact without Plaintiff's valid consent?

    YES _____        NO _____

*If you answered YES, answer Question ~~44~~29. If you answered NO, ~~skip Question 44 and~~ go to Question ~~45~~31.*

**QUESTION ~~44~~29:** Was Defendant David Golden's conduct a substantial factor in causing harm to Plaintiff?

    YES _____        NO _____

*~~Go to Question 45.~~*

**QUESTION 30: Did you answer YES to QUESTIONS 27, 28, and 29?**

    **YES _____    NO _____**

**B. As to Defendant Michael Bjorkman**

**QUESTION ~~45~~31:** Did Defendant Michael Bjorkman intentionally cause sexually offensive contact with Plaintiff?

    YES _____        NO _____

*If you answered YES, answer Question ~~46~~32. If you answered NO, ~~skip Questions 46 and 47 and~~ go to Section ~~VIII~~VI (Question ~~48~~35).*

**QUESTION ~~46~~32:** Was that contact without Plaintiff's valid consent?

    YES _____        NO _____

*If you answered YES, answer Question ~~47~~33. If you answered NO, ~~skip Question 47 and~~ go to Section ~~VIII~~VI (Question ~~48~~35).*

**QUESTION ~~47~~33:** Was Defendant Michael Bjorkman's conduct a substantial factor in causing harm to Plaintiff?

    YES _____        NO _____

*~~Go to Section VIII (Question 48).~~*

**QUESTION 34: Did you answer YES to QUESTIONS 31, 32, and 33?**

    **YES _____    NO _____**

**SECTION ~~VIII~~VI. CLAIM ~~7~~6 — INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

**A. As to Defendant David Golden**

**QUESTION ~~48~~35:** Did Defendant David Golden engage in extreme and outrageous conduct?

> YES _____     NO _____

*If you answered YES, answer Question ~~49~~36. If you answered NO, ~~skip Questions 49 through 51 and~~ go to Question ~~52~~40.*

**QUESTION ~~49~~36:** Did Defendant David Golden intend to cause Plaintiff emotional distress, or act with reckless disregard of the probability that Plaintiff would suffer emotional distress?

> YES _____     NO _____

*If you answered YES, answer Question ~~50~~37. If you answered NO, ~~skip Questions 50 and 51 and~~ go to Question ~~52~~40.*

**QUESTION ~~50~~37:** Did Plaintiff suffer severe emotional distress?

> YES _____     NO _____

*If you answered YES, answer Question ~~51~~38. If you answered NO, ~~skip Question 51 and~~ go to Question ~~52~~40.*

**QUESTION ~~51~~38:** Was Defendant David Golden's conduct a substantial factor in causing Plaintiff's severe emotional distress?

> YES _____     NO _____

*~~Go to Question 52.~~*

**QUESTION 39: Did you answer YES to QUESTIONS 35, 36, 37, and 38?**

> **YES _____     NO _____**

**B. As to Defendant Michael Bjorkman**

**QUESTION ~~52~~40:** Did Defendant Michael Bjorkman engage in extreme and outrageous conduct?

YES _____     NO _____

*If you answered YES, answer Question ~~53~~41. If you answered NO, ~~skip Questions 53 through 55 and~~ go to Section ~~IX~~VII (Question ~~56~~45).*

**QUESTION ~~53~~41:** Did Defendant Michael Bjorkman intend to cause Plaintiff emotional distress, or act with reckless disregard of the probability that Plaintiff would suffer emotional distress?

YES _____     NO _____

*If you answered YES, answer Question ~~54~~42. If you answered NO, ~~skip Questions 54 and 55 and~~ go to Section ~~IX~~VII (Question ~~56~~45).*

**QUESTION ~~54~~42:** Did Plaintiff suffer severe emotional distress?

YES _____     NO _____

*If you answered YES, answer Question ~~55~~43. If you answered NO, ~~skip Question 55 and~~ go to Section ~~IX~~VII (Question ~~56~~45).*

**QUESTION ~~55~~43:** Was Defendant Michael Bjorkman's conduct a substantial factor in causing Plaintiff's severe emotional distress?

YES _____     NO _____

**QUESTION 44: Did you answer YES to QUESTIONS 40, 41, 43, and 43?**

YES _____     NO _____

**Answer Questions in Section VII only if you answered YES to QUESTION 22 or 26 (Claim 4, Battery), QUESTION 30 or 34 (Claim 5, Sexual Battery), or QUESTION 39 or 44 (Claim 6, Intentional Infliction of Emotional Distress).**

**If you have not answered YES to any of those questions, skip SECTION VII and go to SECTION VIII, QUESTION 60.**

**SECTION VII. CLAIM 7 — NEGLIGENT HIRING, SUPERVISION, AND RETENTION AGAINST DEFENDANT eXp REALTY, LLC**

**A. Negligent Hiring, Supervision, and Retention of Defendant Bjorkman**

**QUESTION 45: Did Defendant eXp Realty hire Defendant Bjorkman?**

YES _____       NO _____

*If you answered YES, go to Question 37. If you answered NO, go to Question 43.*

**QUESTION 46: Was Defendant Bjorkman unfit to perform the work for which eXp Realty hired him?**

YES _____       NO _____

*If you answered YES, go to Question 38. If you answered NO, go to Question 43.*

**QUESTION 47: Did Defendant eXp Realty know, or should it have known, that Defendant Bjorkman was unfit to perform the work for which he was hired, and that this unfitness created a particular risk to others?**

YES _____       NO _____

*If you answered YES, go to Question 39. If you answered NO, go to Question 43.*

**QUESTION 48: Did Defendant Bjorkman harm Plaintiff?**

YES _____       NO _____

*If you answered YES, go to Question 40. If you answered NO, go to Question 43.*

**QUESTION 49: Was eXp Realty's negligence in hiring Defendant Bjorkman a substantial factor in causing Plaintiff harm?**

YES _____       NO _____

*If you answered YES, go to Question 41. If you answered NO, go to Question 43.*

**QUESTION 50: Was eXp Realty's negligence in supervising Defendant Bjorkman a substantial factor in causing Plaintiff harm?**

YES _____       NO _____

*If you answered YES, go to Question 42. If you answered NO, go to Question 43.*

**QUESTION 51: Was eXp Realty's negligence in retaining Defendant Bjorkman a substantial factor in causing Plaintiff harm?**

YES _____       NO _____

**QUESTION 52: Did you answer YES to QUESTIONS 45, 46, 47, 48, 49, 50, and 51?**

YES _____    NO _____

**B. Negligent Hiring, Supervision and Retention of Defendant Golden**

**QUESTION 53: Did Defendant eXp Realty hire Defendant Golden?**

YES _____    NO _____

~~*Go*~~*If you answered YES, go to Question 44. If you answered NO, go* to Section ~~IX~~*VIII* (Question ~~56~~*49*).

**QUESTION 54: Was Defendant Golden unfit to perform the work for which eXp Realty hired him?**

YES _____    NO _____

*If you answered YES, go to Question 45. If you answered NO, go to Section VIII (Question 49).*

**QUESTION 55: Did Defendant eXp Realty know, or should it have known, that Defendant Golden was unfit to perform the work for which he was hired, and that this unfitness created a particular risk to others?**

YES _____    NO _____

*If you answered YES, go to Question 46. If you answered NO, go to Section VIII (Question 49).*

**QUESTION 56: Did Defendant Golden harm Plaintiff?**

YES _____    NO _____

*If you answered YES, go to Question 47. If you answered NO,go to Section VIII (Question 49).*

**QUESTION 57: Was eXp Realty's negligence in supervising Defendant Golden a substantial factor in causing Plaintiff harm?**

YES _____    NO _____

*If you answered YES, go to Question 48. If you answered NO, go to Section VIII (Question 49).*

**QUESTION 58: Was eXp Realty's negligence in retaining Defendant Golden a substantial factor in causing Plaintiff harm?**

**YES _____          NO _____**

**QUESTION 59: Did you answer YES to QUESTIONS 53, 54, 55, 56, 57, and 58?**

**YES _____          NO _____**

**Answer Questions in Section VIII only if you answered YES to QUESTIONS 3, 6, 10, 14, or 18 (Claims 1, 2, and 3, TVPRA); QUESTION 22 or 26 (Claim 4, Battery); QUESTION 30 or 34 (Claim 5, Sexual Battery); QUESTION 39 or 44 (Claim 6, Intentional Infliction of Emotional Distress), or QUESTION 52 or 59 (Claim 7, Negligent Hiring, Supervision, and Retention).**

**If you have not answered YES to any of those questions, skip to the signature line at the end of Section X.**

**SECTION ~~IX~~VIII. COMPENSATORY DAMAGES**

~~Answer Questions 56 and 57 only if you have found at least one Defendant liable on at least one claim. If you have not, do not answer Questions 56 and 57; skip to the signature line at the end of Section X.~~

**A. TVPRA Claims (Claims 1, 2, and 3) — Federal Standard**

*Plaintiff must prove her answer to Question 60 by a preponderance of the evidence.*

**QUESTION 60: As to the Defendants you have found liable on Claim 1 (Answering YES to QUESTION 3 as to Defendant Golden), Claim 2 (Answering YES to QUESTION 6 as to Defendant Bjorkman), or Claim 3 (Answering YES to any of QUESTION 10 (as to Defendant eXp Realty, LLC), QUESTION 14 (as to Defendant eXp World Holdings, Inc.), or QUESTION 18 (as to Defendant Glenn Sanford)), please complete the tables below with your answer to the following:**

~~QUESTION 56:~~ What is the total amount of damages that will reasonably compensate Plaintiff for past **mental and** emotional ~~distress, mental~~**pain and** suffering~~, humiliation, loss of enjoyment of life, and other psychological harm,~~ **she has experienced** from the date of the conduct to today?

~~Past noneconomic damages:  $_____~~

*~~Go to Question 57.~~*

~~QUESTION 57:~~ What is the total amount of damages that will reasonably compensate Plaintiff for ~~future emotional distress, mental suffering, humiliation, loss of enjoyment of life, and other psychological harm that she is reasonably certain to suffer?~~**mental and emotional pain and suffering that with reasonable probability she will experience in the future?**

### Claim 1 (18 U.S.C. §1591)

| Defendant | Past Compensatory Damage Award | Future Compensatory Damage Award |
|---|---|---|
| Defendant David Golden | $_____ | $_____ |

~~Future noneconomic damages:  $ _____~~

### Claim 2 (18 U.S.C. §1591)

| Defendant | Past Compensatory Damage Award | Future Compensatory Damage Award |
|---|---|---|
| Defendant Michael Bjorkman | $_____ | $_____ |

~~*Go to Section X (Question 58).*~~

### Claim 3 (18 U.S.C. §1595)

| Defendant | Past Compensatory Damage Award | Future Compensatory Damage Award |
|---|---|---|
| Defendant eXp Realty, LLC | $_____ | $_____ |
| Defendant eXp World Holdings, Inc. | $_____ | $_____ |
| Defendant Glenn Sanford | $_____ | $_____ |

**B. State Law Claims (Claim 4 (Battery), Claim 5 (Sexual Battery), Claim 6 (Intentional Infliction of Emotional Distress), and Claim 7 (Negligent Hiring, Retention and Supervision))**

*Plaintiff must prove her answers to Question 61 by a preponderance of the evidence.*

**QUESTION 61: As to each Defendant you have found liable on Claim 4 (Answering YES to QUESTION 22 as to Defendant Golden or QUESTION 26 as to Defendant Bjorkman); Claim 5 (Answering YES to QUESTION 30 as to Defendant Golden or**

**Question 34 as to Defendant Bjorkman); Claim 6 (Answering YES to QUESTION 39 as to Defendant Golden or QUESTION 44 as to Defendant Bjorkman); or Claim 7 (Answering YES to QUESTION 52 as to Defendant Bjorkman or QUESTION 59 as to Defendant Golden), please complete the table below with your answer to the following:**

**What is the total amount of damages that will reasonably compensate Plaintiff for past mental and emotional pain and suffering she has experienced from the date of the conduct to today?**

**What is the total amount of damages that will reasonably compensate Plaintiff for mental and emotional pain and suffering that with reasonable probability she will experience in the future?**

**Claim 4 (Battery)**

| **Defendant** | **Past Compensatory Damage Award** | **Future Compensatory Damage Award** |
|---|---|---|
| **Defendant David Golden** | $_____ | $_____ |
| **Defendant Michael Bjorkman** | $_____ | $_____ |

**Claim 5 (Sexual Battery)**

| **Defendant** | **Past Compensatory Damage Award** | **Future Compensatory Damage Award** |
|---|---|---|
| **Defendant David Golden** | $_____ | $_____ |
| **Defendant Michael Bjorkman** | $_____ | $_____ |

**Claim 6 (Intentional Infliction of Emotional Distress)**

| **Defendant** | **Past Compensatory Damage Award** | **Future Compensatory Damage Award** |
|---|---|---|
| **Defendant David Golden** | $_____ | $_____ |
| **Defendant Michael Bjorkman** | $_____ | $_____ |

**Claim 7 (Negligent Hiring, Supervision, or Retention of Employee)**

| Defendant | Past Compensatory Damage Award | Future Compensatory Damage Award |
|---|---|---|
| Defendant eXp Realty, LLC | $_____ | $_____ |

## SECTION ~~X~~IX. ENTITLEMENT TO PUNITIVE DAMAGES

*Different standards govern punitive damages on Plaintiff's federal claims and on Plaintiff's California claims. Part A concerns the TVPRA claims (Claims 1, 2, and 3). Part B concerns the ~~California~~State Law ~~c~~Claims (Claims 4, 5, 6, and 7). Answer the questions in each Part only as to a Defendant you have found liable on a claim covered by that Part. Leave the boxes and lines for every other Defendant blank.*

You are not deciding the amount of any punitive damages at this time.

**A. TVPRA Claims (Claims 1, 2, and 3) — Federal Standard**

*Plaintiff must prove her answers to Question ~~58~~52 by a preponderance of the evidence.*

**QUESTION ~~58~~62:** As to each Defendant you have found liable on Claim 1, Claim 2, or Claim 3, was that Defendant's conduct that harmed Plaintiff malicious or oppressive, or in reckless or callous disregard of Plaintiff's federally protected rights?

| Defendant | Malicious, oppressive, or in reckless or callous disregard of Plaintiff's rights? |
|---|---|
| Defendant David Golden | YES ___   NO ___ |
| Defendant Michael Bjorkman | YES ___   NO ___ |
| Defendant Glenn Sanford | YES ___   NO ___ |
| Defendant eXp Realty, LLC | YES ___   NO ___ |
| Defendant eXp World Holdings, Inc. | YES ___   NO ___ |

*Go to Question 59.*

**B. ~~California~~State Law Claims (Claims 4, 5, 6, and 7) — Cal. Civ. Code § 3294**

*Plaintiff must prove her answers to Questions ~~59, 60,~~63 and ~~61~~64 by clear and convincing evidence. That is a higher standard of proof than the preponderance of the evidence standard that applies to Question ~~58~~62 and to the other questions on this form.*

**B.1. Individual Defendants — Cal. Civ. Code § 3294(a)**

**QUESTION ~~59~~63:** As to each Defendant you have found liable on Claim ~~5~~4, Claim ~~6~~5, or Claim ~~7~~6, has Plaintiff proven by clear and convincing evidence that the Defendant engaged in conduct constituting malice, oppression, or fraud?

| Defendant | Malice, oppression, or fraud? |
|---|---|
| Defendant David Golden | YES ___   NO ___ |
| Defendant Michael Bjorkman | YES ___   NO ___ |

*~~Go to Question 60.~~*

**B.2. Entity Defendant~~s~~ — Cal. Civ. Code § 3294(b)**

*Answer each subpart of Question~~s 60 and 61. A YES answer to any one subpart is sufficient as to that Defendant, but you must still answer every subpart.~~64.*

**QUESTION ~~60~~64:** As to Defendant eXp Realty, LLC, has Plaintiff proven by clear and convincing evidence any of the following?

(a) That an officer, director, or managing agent of eXp Realty had advance knowledge of the unfitness of Defendant Golden or Defendant Bjorkman and employed or retained him with a conscious disregard of the rights or safety of others.

YES _____       NO _____

(b) That an officer, director, or managing agent of eXp Realty authorized ~~or ratified~~ the conduct you found in Question ~~59~~63 to constitute malice, oppression, or fraud.

YES _____       NO _____

(c) That the conduct constituting malice, oppression, or fraud was conduct of one or more officers, directors, or managing agents of eXp Realty who were acting on behalf of eXp Realty.

YES _____          NO _____

*Go to Question 61.*

**QUESTION 61: As to Defendant eXp World Holdings, Inc., has Plaintiff proven by clear and convincing evidence any of the following?**

**(a) That an officer, director, or managing agent of eXp World Holdings had advance knowledge of the unfitness of Defendant Golden or Defendant Bjorkman and employed or retained him with a conscious disregard of the rights or safety of others.**

**YES _____          NO _____**

**(b) That an officer, director, or managing agent of eXp World Holdings authorized or ratified the conduct you found in Question 59 to constitute malice, oppression, or fraud.**

**YES _____          NO _____**

**(c) That the conduct constituting malice, oppression, or fraud was conduct of one or more officers, directors, or managing agents of eXp World Holdings who were acting on behalf of eXp World Holdings.**

**YES _____          NO _____**

*You have now answered all of the questions on the Phase One verdict form. Go to the signature line below.*

Sign and date this form and inform the Court Security Officer that you have reached a verdict.


Dated: _____          _____

PRESIDING JUROR

**SPECIAL VERDICT FORM — PHASE TWO**

**(Amount of Punitive Damages)**

Answer Question ~~62~~55 only as to a Defendant for whom, on the Phase One verdict form, you answered YES in Question ~~58~~52, YES in Question ~~59~~53, or YES ~~to at least one subpart of~~in Question ~~60 or Question 61~~54. Leave the line for every other Defendant blank.

**QUESTION ~~62~~55:** What amount of punitive damages, if any, do you award against each of the following Defendants? Determine the amount separately as to each Defendant. You may award punitive damages against one or more Defendants and not others, and you may award different amounts as to different Defendants. Even as to a Defendant identified above, you may decline to award punitive damages; if you decline, write "none" on that Defendant's line.

    Defendant David Golden:  $ _____

    Defendant Michael Bjorkman:  $ _____

    Defendant Glenn Sanford:  $ _____

    Defendant eXp Realty, LLC:  $ _____

    Defendant eXp World Holdings, Inc.:  $ _____

*You have now answered all of the questions on the Phase Two verdict form. Go to the signature line below.*

Sign and date this form and inform the Court Security Officer that you have reached a verdict.

Dated: _____        _____

PRESIDING JUROR

| Summary report: Litera Compare for Word 11.16.0.74 Document comparison done on 7/31/2026 9:24:12 PM | |
|---|---|
| **Style name:** GT-1 - No headers and footers, no moves, no comments | |
| **Intelligent Table Comparison:** Active | |
| **Original filename:** Plaintiff's proposed Special_Verdict_Form 7.29.2026.docx | |
| **Modified filename:** eXp Defendants' Proposed Special Verdict Form 7.31.26.docx | |
| **Changes:** | |
| **Add** | 214 |
| **Delete** | 250 |
| Move From | 0 |
| Move To | 0 |
| **Table Insert** | 7 |
| **Table Delete** | 3 |
| Table moves to | 0 |
| Table moves from | 0 |
| Embedded Graphics (Visio, ChemDraw, Images etc.) | 0 |
| Embedded Excel | 0 |
| Format changes | 0 |
| **Total Changes:** | 474 |

# **EXHIBIT C**

**UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ANYA ROBERTS, | CASE NO.  2:23-cv-10492-AB-CTS |
| Plaintiff, | Hon. André Birotte Jr., Ctrm 7B |
| v. | |
| eXp REALTY, LLC; eXp WORLD HOLDINGS, INC.; MICHAEL L. BJORKMAN; DAVID S. GOLDEN; BRENT GOVE; GLENN SANFORD; and DOES 1–10, | **SPECIAL VERDICT FORM**[1] |
| | Action Filed:  December 14, 2023 |
| | FAC Filed: June 13, 2024 |
| Defendants. | Trial Date: August 31, 2026 |

**SPECIAL VERDICT FORM — PHASE ONE**

**(Liability, Compensatory Damages, and Entitlement to Punitive Damages)**

We, the jury in the above-entitled action, unanimously find as follows on the questions submitted to us. We answer the questions in the order presented and follow the directions that appear after each answer. Where a direction tells us to skip ahead, we leave the intervening questions blank.

Unless a question states otherwise, Plaintiff must prove each answer marked "YES" by a preponderance of the evidence.

**SECTION I. CLAIM 1 — TRAFFICKING VICTIMS PROTECTION REAUTHORIZATION ACT AGAINST DEFENDANT DAVID GOLDEN**

*(18 U.S.C. §§ 1591(a)(1), 1594(a), 1595(a))*

---

[1] Mr. Bjorkman submits this form subject to his right to amend or supplement it, and reserves all objections to the submission of any claim or question to the jury. The claims, parties, and questions included here reflect the pleadings and the record as of the date of filing and may require conforming amendment in light of the Court's rulings on the pending motions in limine, the Court's rulings on the parties' proposed jury instructions, the evidence actually admitted at trial, and any dispositive or partial dispositive ruling. Inclusion of a question is not a concession that the claim it concerns is properly submitted to the jury.  Mr. Golden joins.

**QUESTION 1:** Did Defendant David Golden knowingly recruit, entice, harbor, transport, provide, obtain, maintain, patronize, or solicit Plaintiff Anya Roberts, in or affecting interstate or foreign commerce?

  YES _____   NO _____

**QUESTION 2:** Did Defendant Golden know fraud would be used to cause Plaintiff to engage in a commercial sex act (defined as any sex act on account of which anything of value was given to or received by any person)?

  YES _____   NO _____

**QUESTION 3:** Did you answer YES to both QUESTION 1 and QUESTION 2?

  YES _____   NO _____

**SECTION II. CLAIM 2 — TRAFFICKING VICTIMS PROTECTION REAUTHORIZATION ACT AGAINST DEFENDANT MICHAEL BJORKMAN**

*(18 U.S.C. §§ 1591(a)(1), 1594(a), 1595(a))*

**QUESTION 4:** Did Defendant Michael Bjorkman knowingly recruit, entice, harbor, transport, provide, obtain, maintain, patronize, or solicit Plaintiff Anya Roberts, in or affecting interstate or foreign commerce?

  YES _____   NO _____

**QUESTION 5:** Did Defendant Bjorkman know, or recklessly disregard the fact, that force, fraud, coercion, or a combination of those means would be used to cause Plaintiff to engage in a commercial sex act (defined as any sex act on account of which anything of value was given to or received by any person)?

  YES _____   NO _____

**QUESTION 6:** Did you answer YES to both QUESTION 4 and QUESTION 5?

  YES _____   NO _____

**If you answered NO to both QUESTION 3 and QUESTION 6, then skip SECTION III for CLAIM 3 and go to SECTION IV, QUESTION 19.**

**SECTION III. CLAIM 3 — TRAFFICKING VICTIMS PROTECTION REAUTHORIZATION ACT BENEFICIARY LIABILITY AGAINST**

Deleted: , or recklessly disregard the fact, that force,

Deleted: , coercion, or a combination of those means

**DEFENDANT eXp REALTY, LLC; DEFENDANT eXp WORLD HOLDINGS, INC; AND GLENN SANFORD**

*(18 U.S.C. § 1595(a))*

*As used in Questions 7 through 15, "Venture" means [INSERT THE DEFINITION OF THE VENTURE GIVEN IN THE COURT'S INSTRUCTIONS]; and "Participate in a Venture" means [INSERT THE DEFINITION OF "PARTICIPATION IN A VENTURE" FROM THE COURT'S INSTRUCTIONS.*

**A. As to Defendant eXp Realty, LLC**

**QUESTION 7:** Did Defendant eXp Realty, LLC Participate in a Venture, as those terms are defined in the Court's instructions, which Venture engaged in an act in violation of this chapter?

YES _____     NO _____

*If you answered YES, go to Question 8. If you answered NO, go to Question 10.*

**QUESTION 8:** Did Defendant eXp Realty, LLC knowingly benefit, financially or by receiving anything of value, from Participation in the Venture?

YES _____     NO _____

*If you answered YES, go to Question 9. If you answered NO, go to Question 10.*

**QUESTION 9:** Did Defendant eXp Realty, LLC know, or should it have known, that the Venture had engaged in an act in violation of the TVPRA?

YES _____     NO _____

**QUESTION 10:** Did you answer YES to QUESTIONS 7, 8, and 9?

YES _____     NO _____

**B. As to Defendant eXp World Holdings, Inc.**

**QUESTION 11:** Did Defendant eXp World Holdings, Inc. Participate in a Venture, as those terms are defined in the Court's instructions, which Venture engaged in an act in violation of this chapter?

YES _____     NO _____

*If you answered YES, go to Question 12. If you answered NO, go to Question 15.*

**QUESTION 12:** Did Defendant eXp World Holdings, Inc. knowingly benefit, financially or by receiving anything of value, from Participation in the Venture?

YES _____          NO _____

*If you answered YES, go to Question 13. If you answered NO, go to Question 15.*

**QUESTION 13:** Did Defendant eXp World Holdings, Inc. know, or should it have known, that the Venture had engaged in an act in violation of the TVPRA?

YES _____          NO _____

**QUESTION 14:** Did you answer YES to QUESTIONS 11, 12, and 13?

YES _____          NO _____

**C. As to Defendant Glenn Sanford**

**QUESTION 15:** Did Defendant Glenn Sanford Participate in a Venture, as those terms are defined in the Court's instructions, which Venture engaged in an act in violation of this chapter?

YES _____          NO _____

*If you answered YES, answer Question 16. If you answered NO, go to Section IV (Question 18).*

**QUESTION 16:** Did Defendant Glenn Sanford knowingly benefit, financially or by receiving anything of value, from Participation in the Venture?

YES _____          NO _____

*If you answered YES, go to Question 17. If you answered NO, go to Question Section IV (Question 18).*

**QUESTION 17:** Did Defendant Glenn Sanford know, or should he have known, that the Venture had engaged in an act in violation of the TVPRA?

YES _____          NO _____

**QUESTION 18:** Did you answer YES to QUESTIONS 15, 16, and 17?

YES _____          NO _____

**SECTION IV. CLAIM 4 — BATTERY**

**A. As to Defendant David Golden**

**QUESTION 19**: For each location listed below that you are permitted to consider, did Defendant David Golden intentionally cause a harmful or offensive contact with Plaintiff?

| Location | YES | NO |
| --- | --- | --- |
| Daytona Beach, Florida | ___ | ___ |
| Las Vegas, Nevada | ___ | ___ |
| Puerto Vallarta, Mexico | ___ | ___ |

*If you answered YES, answer Question 20. If you answered NO, go to Question 2.*

**QUESTION 20: : For each location to which you answer YES to Question 19, was that ,**contact without Plaintiff's consent?

| Location | YES | NO |
| --- | --- | --- |
| Daytona Beach, Florida | ___ | ___ |
| Las Vegas, Nevada | ___ | ___ |
| Puerto Vallarta, Mexico | ___ | ___ |

*If you answered YES, answer Question 21. If you answered NO, go to Question 23.*

**QUESTION 21:** For each location as to which you answered YES to Question 20, was Defendant David Golden's conduct a substantial factor in causing harm to Plaintiff?

| Location | YES | NO |
| --- | --- | --- |
| Daytona Beach, Florida | ___ | ___ |

| Deleted: Did |
| Deleted: YES _____   NO _____¶ |
| Deleted: Was that |
| Deleted: valid |
| Deleted: YES _____   NO _____¶ |
| Deleted: W |

**Location**                    **YES**   **NO**

Las Vegas, Nevada          ___    ___

Puerto Vallarta, Mexico   ___    ___

**QUESTION 22:** Did you answer YES to QUESTIONS 19, 20, and 21?

> Deleted: YES _____      NO _____¶

    YES _____      NO _____

**B. As to Defendant Michael Bjorkman**

    Answer the questions in this section only as to Defendant Michael L. Bjorkman, and only as to the conduct alleged to have occurred in Daytona Beach, Florida, in or about March 2020. Do not consider conduct alleged against any other Defendant, or conduct alleged to have occurred elsewhere, in answering these questions.

**QUESTION 23:** Did Defendant Michael L. Bjorkman act with the intent to cause a harmful or offensive contact with Plaintiff, or with the intent to cause Plaintiff apprehension that such contact was imminent

> Deleted: Did Defendant Michael Bjorkman intentionally cause harmful or offensive contact with Plaintiff?

    YES _____      NO _____

*If you answered YES, answer Question 24. If you answered NO, go to Section V (Question 27).*

**QUESTION 24:** Was that contact without Plaintiff's valid consent?

    YES _____      NO _____

*If you answered YES, answer Question 25. If you answered NO, go to Section V (Question 27).*

**QUESTION __:** Was Plaintiff harmed or offended by that conduct?

*If you answered YES, answer Question ___. If you answered NO, go to Section __ (Question ___).*

**QUESTION __:** Would a reasonable person in Plaintiff's situation have been offended by the touching?

*If you answered YES, answer Question ____. If you answered NO, go to Section ___ (Question ___).*

**QUESTION 25:** Was Defendant Michael Bjorkman's conduct a legal cause of injury or damage to Plaintiff?

Deleted: substantial factor in causing harm to Plaintiff

YES _____        NO _____

**QUESTION 26:** Did you answer YES to QUESTIONS 23, 24, and 25?

YES _____        NO _____

**SECTION V. CLAIM 5 — SEXUAL BATTERY**

**A. As to Defendant David Golden**

**QUESTION 27:** : For each location listed below that you are permitted to consider, did Defendant David  Golden act with the intent to cause a contact with Plaintiff consisting of oral, anal, or female genital penetration by, or union with, his sexual organ, or the anal or female genital penetration of Plaintiff by any other object, and did such contact result?

| Location | YES | NO |
| --- | --- | --- |
| Daytona Beach, Florida | ___ | ___ |
| Las Vegas, Nevada | ___ | ___ |
| Puerto Vallarta, Mexico | ___ | ___ |

*If you answered YES, answer Question 28. If you answered NO, go to Question 31.*

Deleted: Did Defendant David Golden intentionally cause sexually offensive contact with Plaintiff?¶
YES _____        NO _____¶

Question ____    For each location as to which you answered YES to Question 27, was Plaintiff harmed or offended by that conduct?

| Location | YES | NO |
|----------|-----|-----|
| Daytona Beach, Florida | ___ | ___ |
| Las Vegas, Nevada | ___ | ___ |
| Puerto Vallarta, Mexico | ___ | ___ |

**QUESTION** ___ For each location as to which you answered YES to Question ___ Would a reasonable person in Plaintiff's situation have been offended by the contact?

| Location | YES | NO |
|----------|-----|-----|
| Daytona Beach, Florida | ___ | ___ |
| Las Vegas, Nevada | ___ | ___ |
| Puerto Vallarta, Mexico | ___ | ___ |

Would a reasonable person in Plaintiff's situation have been offended by the contact?

**QUESTION 28:** For each location as to which you answered YES to Question ___ Was that contact without Plaintiff's valid consent?

| Location | YES | NO |
|----------|-----|-----|
| Daytona Beach, Florida | ___ | ___ |
| Las Vegas, Nevada | ___ | ___ |
| Puerto Vallarta, Mexico | ___ | ___ |

**Deleted:** W

*If you answered YES, answer Question 29. If you answered NO, go to Question 31.*

**QUESTION 29:** : For each location as to which you answered YES to Question ____ Was Defendant David Golden's conduct a substantial factor in causing harm to Plaintiff?

| Location | YES | NO |
|----------|-----|-----|
| Daytona Beach, Florida | ___ | ___ |
| Las Vegas, Nevada | ___ | ___ |
| Puerto Vallarta, Mexico | ___ | ___ |

YES _____        NO _____

**QUESTION 30:** Did you answer YES to QUESTIONS 27, 28, and 29?

YES _____        NO _____

**B. As to Defendant Michael Bjorkman**

**QUESTION 31:** Did Defendant Michael L. Bjorkman act with the intent to cause a contact with Plaintiff consisting of oral, anal, or female genital penetration by, or union with, his sexual organ, or the anal or female genital penetration of Plaintiff by any other object, and did such contact result?

YES _____        NO _____

**QUESTION** ___ : Was Plaintiff harmed or offended by that conduct?

*If you answered YES, answer Question ___ . If you answered NO, go to Section ___ (Question ___).*

---

Deleted: YES _____        NO _____ ¶

Deleted: Did Defendant Michael Bjorkman intentionally cause sexually offensive contact with Plaintiff?

Deleted: *If you answered YES, answer Question 32. If you answered NO, go to Section VI (Question 35).*

**QUESTION ___:** Would a reasonable person in Plaintiff's situation have been offended by the contact?

*If you answered YES, answer Question ___. If you answered NO, go to Section ___ (Question ___).*

[BJORKMAN BASIS FOR EDITS: Florida law applies. See also Bjorkman's proposed jury instructions]

**QUESTION 32:** Was that contact without Plaintiff's valid consent?

YES _____       NO _____

*If you answered YES, answer Question 33. If you answered NO, go to Section VI (Question 35).*

**QUESTION 33:** Was Defendant Michael Bjorkman's conduct a legal cause of injury or damage to Plaintiff?

YES _____       NO _____

**QUESTION 34:** Did you answer YES to QUESTIONS 31, 32, and 33?

YES _____       NO _____

**SECTION VI. CLAIM 6 — INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

**A. As to Defendant David Golden**

**QUESTION 35:** For each location listed below that you are permitted to consider, did Defendant David Golden engage in outrageous conduct that is so extreme in degree as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community?

| Location | YES | NO |
|---|---|---|
| Daytona Beach, Florida | ___ | ___ |

**Deleted:** a substantial factor in causing harm to Plaintiff

**Deleted:** D

**Deleted:** engage

**Deleted:** in extreme and outrageous conduct?

| Location | YES | NO |
| --- | --- | --- |
| Las Vegas, Nevada | ___ | ___ |
| Puerto Vallarta, Mexico | ___ | ___ |

*If you answered YES, answer Question 36. If you answered NO, go to Question 40.*

**QUESTION 36:** For each location listed below that you are permitted to consider, did Defendant David Golden intend to cause Plaintiff severe emotional distress, or act with reckless disregard of the high probability that Plaintiff would suffer severe emotional distress?

YES _____      NO _____

*If you answered YES, answer Question 37. If you answered NO, go to Question 40.*

**QUESTION 37: :** For each location listed below that you are permitted to consider, Did Plaintiff suffer severe emotional distress so severe that no reasonable person could be expected to endure it?

| Location | YES | NO |
| --- | --- | --- |
| Daytona Beach, Florida | ___ | ___ |
| Las Vegas, Nevada | ___ | ___ |
| Puerto Vallarta, Mexico | ___ | ___ |

*If you answered YES, answer Question 38. If you answered NO, go to Question 40.*

**QUESTION 38:** Was Defendant David Golden's conduct a substantial factor in causing Plaintiff's severe emotional distress?

YES _____      NO _____

Deleted: YES _____      NO _____ ¶

Deleted: D

Deleted: ?

Deleted: YES _____      NO _____ ¶

**QUESTION 39:** Did you answer YES to QUESTIONS 35, 36, 37, and 38?

    YES _____    NO _____

**B. As to Defendant Michael Bjorkman**

**QUESTION 40:** Did Defendant Michael Bjorkman engage in outrageous conduct that is so extreme in degree as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community?

    YES _____    NO _____

*If you answered YES, answer Question 41. If you answered NO, go to Section VII (Question 45).*

**QUESTION 41:** Did Defendant Michael Bjorkman act with the intent to inflict severe emotional distress on Plaintiff, or with reckless disregard of the high probability that severe emotional distress would result?

    YES _____    NO _____

*If you answered YES, answer Question 42. If you answered NO, go to Section VII (Question 45).*

**QUESTION 42:** Did Plaintiff suffer severe emotional distress so severe that no reasonable person could be expected to endure it?

    YES _____    NO _____

*If you answered YES, answer Question 43. If you answered NO, go to Section VII (Question 45).*

**QUESTION 43:** Was Defendant Michael Bjorkman's conduct a legal cause of Plaintiff's severe emotional distress?

    YES _____    NO _____

[BJORKMAN BASIS FOR EDITS: Florida law applies. See also Bjorkman's proposed jury instructions]

**QUESTION 44:** Did you answer YES to QUESTIONS 40, 41, 43, and 43?

**Deleted:** extreme and

**Deleted:** intend to cause Plaintiff emotional distress, or act with reckless disregard of the probability that Plaintiff would suffer emotional distress

**Deleted:** Was Defendant Michael Bjorkman's conduct a substantial factor in causing Plaintiff's severe emotional distress

YES  _____         NO  _____

**Answer Questions in Section VII only if you answered YES to QUESTION 22 or 26 (Claim 4, Battery), QUESTION 30 or 34 (Claim 5, Sexual Battery), or QUESTION 39 or 44 (Claim 6, Intentional Infliction of Emotional Distress).**

**If you have not answered YES to any of those questions, skip SECTION VII and go to SECTION VIII, QUESTION 60.**

**SECTION VII. CLAIM 7 — NEGLIGENT HIRING, SUPERVISION, AND RETENTION AGAINST DEFENDANT eXp REALTY, LLC**

**A. Negligent Hiring, Supervision, and Retention of Defendant Bjorkman**

**QUESTION 45:** Did Defendant eXp Realty hire Defendant Bjorkman?

YES  _____         NO  _____

*If you answered YES, go to Question 37. If you answered NO, go to Question 43.*

**QUESTION 46:** Was Defendant Bjorkman unfit to perform the work for which eXp Realty hired him?

YES  _____         NO  _____

*If you answered YES, go to Question 38. If you answered NO, go to Question 43.*

**QUESTION 47:** Did Defendant eXp Realty know, or should it have known, that Defendant Bjorkman was unfit to perform the work for which he was hired, and that this unfitness created a particular risk to others?

YES  _____         NO  _____

*If you answered YES, go to Question 39. If you answered NO, go to Question 43.*

**QUESTION 48:** Did Defendant Bjorkman harm Plaintiff?

YES  _____         NO  _____

*If you answered YES, go to Question 40. If you answered NO, go to Question 43.*

**QUESTION 49:** Was eXp Realty's negligence in hiring Defendant Bjorkman a substantial factor in causing Plaintiff harm?

YES _____       NO _____

*If you answered YES, go to Question 41. If you answered NO, go to Question 43.*

**QUESTION 50:** Was eXp Realty's negligence in supervising Defendant Bjorkman a substantial factor in causing Plaintiff harm?

YES _____       NO _____

*If you answered YES, go to Question 42. If you answered NO, go to Question 43.*

**QUESTION 51:** Was eXp Realty's negligence in retaining Defendant Bjorkman a substantial factor in causing Plaintiff harm?

YES _____       NO _____

**QUESTION 52:** Did you answer YES to QUESTIONS 45, 46, 47, 48, 49, 50, and 51?

YES _____       NO _____

**B. Negligent Hiring, Supervision and Retention of Defendant Golden**

**QUESTION 53:** Did Defendant eXp Realty hire Defendant Golden?

YES _____       NO _____

*If you answered YES, go to Question 44. If you answered NO, go to Section VIII (Question 49).*

**QUESTION 54:** Was Defendant Golden unfit to perform the work for which eXp Realty hired him?

YES _____       NO _____

*If you answered YES, go to Question 45. If you answered NO, go to Section VIII (Question 49).*

**QUESTION 55:** Did Defendant eXp Realty know, or should it have known, that Defendant Golden was unfit to perform the work for which he was hired, and that this unfitness created a particular risk to others?

YES _____       NO _____

*If you answered YES, go to Question 46. If you answered NO, go to Section VIII (Question 49).*

**QUESTION 56:** Did Defendant Golden harm Plaintiff?

YES _____          NO _____

*If you answered YES, go to Question 47. If you answered NO, go to Section VIII (Question 49).*

**QUESTION 57:** Was eXp Realty's negligence in supervising Defendant Golden a substantial factor in causing Plaintiff harm?

YES _____          NO _____

*If you answered YES, go to Question 48. If you answered NO, go to Section VIII (Question 49).*

**QUESTION 58:** Was eXp Realty's negligence in retaining Defendant Golden a substantial factor in causing Plaintiff harm?

YES _____          NO _____

**QUESTION 59:** Did you answer YES to QUESTIONS 53, 54, 55, 56, 57, and 58?

YES _____          NO _____

**Answer Questions in Section VIII only if you answered YES to QUESTIONS 3, 6, 10, 14, or 18 (Claims 1, 2, and 3, TVPRA); QUESTION 22 or 26 (Claim 4, Battery); QUESTION 30 or 34 (Claim 5, Sexual Battery); QUESTION 39 or 44 (Claim 6, Intentional Infliction of Emotional Distress), or QUESTION 52 or 59 (Claim 7, Negligent Hiring, Supervision, and Retention).**

**If you have not answered YES to any of those questions, skip to the signature line at the end of Section X.**

**SECTION VIII. COMPENSATORY DAMAGES**

**A. TVPRA Claims (Claims 1, 2, and 3) — Federal Standard**

*Plaintiff must prove her answer to Question 60 by a preponderance of the evidence.* Several of Plaintiff's claims arise from the same alleged conduct and seek compensation for the same injury. You must not award the same damages twice. If you enter an amount on one line below, do not enter that same amount again on any other line.

**QUESTION 60:** As to the Defendants you have found liable on Claim 1 (Answering YES to QUESTION 3 as to Defendant Golden), Claim 2 (Answering YES to QUESTION 6 as to Defendant Bjorkman), or Claim 3 (Answering YES to any of QUESTION 10 (as to Defendant eXp Realty, LLC), QUESTION 14 (as to Defendant eXp World Holdings, Inc.), or QUESTION 18 (as to Defendant Glenn Sanford)), please complete the tables below with your answer to the following:

What is the total amount of damages, if any, that will fairly and reasonably compensate Plaintiff for past mental and emotional pain and suffering she has experienced from the date of the conduct to today?

What is the total amount of damages, if any, that will fairly and reasonably compensate Plaintiff for mental and emotional pain and suffering that with reasonable probability she will experience in the future?

**Claim 1 (18 U.S.C. §1591)**

| Defendant | Past Compensatory Damage Award | Future Compensatory Damage Award |
|---|---|---|
| Defendant David Golden | $_____ | $_____ |

**Claim 2 (18 U.S.C. §1591)**

| Defendant | Past Compensatory Damage Award | Future Compensatory Damage Award |
|---|---|---|
| Defendant Michael Bjorkman | $_____ | $_____ |

**Claim 3 (18 U.S.C. §1595)**

| Defendant | Past Compensatory Damage Award | Future Compensatory Damage Award |
|---|---|---|
| Defendant eXp Realty, LLC | $_____ | $_____ |
| Defendant eXp World Holdings, Inc. | $_____ | $_____ |
| Defendant Glenn Sanford | $_____ | $_____ |

**Deleted:**

**Deleted:**

**B. State Law Claims (Claim 4 (Battery), Claim 5 (Sexual Battery), Claim 6 (Intentional Infliction of Emotional Distress), and Claim 7 (Negligent Hiring, Retention and Supervision))**

*Plaintiff must prove her answers to Question 61 by a preponderance of the evidence.*

**QUESTION 61:** As to each Defendant you have found liable on Claim 4 (Answering YES to QUESTION 22 as to Defendant Golden or QUESTION 26 as to Defendant Bjorkman); Claim 5 (Answering YES to QUESTION 30 as to Defendant Golden or Question 34 as to Defendant Bjorkman); Claim 6 (Answering YES to QUESTION 39 as to Defendant Golden or QUESTION 44 as to Defendant Bjorkman); or Claim 7 (Answering YES to QUESTION 52 as to Defendant Bjorkman or QUESTION 59 as to Defendant Golden), please complete the table below with your answer to the following:

What is the total amount of damages that will reasonably compensate Plaintiff for past mental and emotional pain and suffering she has experienced from the date of the conduct to today?

What is the total amount of damages that will reasonably compensate Plaintiff for mental and emotional pain and suffering that with reasonable probability she will experience in the future?

**Claim 4 (Battery)**

| Defendant | Past Compensatory Damage Award | Future Compensatory Damage Award |
|---|---|---|
| Defendant David Golden | $_____ | $_____ |
| Defendant Michael Bjorkman | $_____ | $_____ |

| **Location** | **YES** | **NO** |
|---|---|---|
| **Daytona Beach, Florida** | ___ | ___ |
| **Las Vegas, Nevada** | ___ | ___ |
| **Puerto Vallarta, Mexico** | ___ | ___ |

**Claim 5 (Sexual Battery)**

| Defendant | Past Compensatory Damage Award | Future Compensatory Damage Award |
|---|---|---|
| Defendant David Golden | $_____ | $_____ |
| Defendant Michael Bjorkman | $_____ | $_____ |

| Location | YES | NO |
|---|---|---|
| Daytona Beach, Florida | ___ | ___ |
| Las Vegas, Nevada | ___ | ___ |
| Puerto Vallarta, Mexico | ___ | ___ |

**Claim 6 (Intentional Infliction of Emotional Distress)**

| Defendant | Past Compensatory Damage Award | Future Compensatory Damage Award |
|---|---|---|
| Defendant David Golden | $_____ | $_____ |
| Defendant Michael Bjorkman | $_____ | $_____ |

**Claim 7 (Negligent Hiring, Supervision, or Retention of Employee)**

| Defendant | Past Compensatory Damage Award | Future Compensatory Damage Award |
|---|---|---|
| Defendant eXp Realty, LLC | $_____ | $_____ |

**SECTION IX. ENTITLEMENT TO PUNITIVE DAMAGES**

*Different standards govern punitive damages on Plaintiff's federal claims and on Plaintiff's California claims. Part A concerns the TVPRA claims (Claims 1, 2, and 3). Part B concerns the State Law Claims (Claims 4, 5, 6, and 7). Answer the questions in each Part only as to a Defendant you have found liable on a claim covered by that Part. Leave the boxes and lines for every other Defendant blank.*

You are not deciding the amount of any punitive damages at this time.

**A. TVPRA Claims (Claims 1, 2, and 3) — Federal Standard**

*Plaintiff must prove her answers to Question 52 by a preponderance of the evidence.*

**QUESTION 62:** As to each Defendant you have found liable on Claim 1, Claim 2, or Claim 3, was that Defendant's conduct that harmed Plaintiff malicious or oppressive, or in reckless or callous disregard of Plaintiff's federally protected rights?

| Defendant | Malicious, oppressive, or in reckless or callous disregard of Plaintiff's rights? |
|---|---|
| Defendant David Golden | YES ___  NO ___ |
| Defendant Michael Bjorkman | YES ___  NO ___ |
| Defendant Glenn Sanford | YES ___  NO ___ |
| Defendant eXp Realty, LLC | YES ___  NO ___ |
| Defendant eXp World Holdings, Inc. | YES ___  NO ___ |

**B. State Law Claims (Claims 4, 5, 6, and 7) — Cal. Civ. Code § 3294**

*Location*            *YES*   *NO*

*Daytona Beach, Florida*   ___   ___

*Las Vegas, Nevada*      ___   ___

*Puerto Vallarta, Mexico*   ___   ___

*Plaintiff must prove her answers to Questions 63 and 64 by clear and convincing evidence. That is a higher standard of proof than the preponderance of the evidence standard that applies to Question 62 and to the other questions on this form.*

**B.1. Individual Defendants — Cal. Civ. Code § 3294(a)**

**QUESTION 63:** As to each Defendant you have found liable on Claim 4, Claim 5, or Claim 6, has Plaintiff proven by clear and convincing evidence that the Defendant was personally guilty of intentional misconduct — meaning that the Defendant had actual knowledge of the wrongfulness of his conduct and of the high probability that injury or damage to Plaintiff would result and, despite that knowledge, intentionally pursued that course of conduct, resulting in injury or damage?

**Deleted:** engaged in conduct constituting malice, oppression, or fraud

| Defendant | Malice, oppression, or fraud? |
|---|---|
| Defendant David Golden | YES ___   NO ___ |
| Defendant Michael Bjorkman | YES ___   NO ___ |

**B.2. Entity Defendant — Cal. Civ. Code § 3294(b)**

*Answer each subpart of Question 64.*

**QUESTION 64:** As to Defendant eXp Realty, LLC, has Plaintiff proven by clear and convincing evidence any of the following?

(a) That an officer, director, or managing agent of eXp Realty had advance knowledge of the unfitness of Defendant Golden or Defendant Bjorkman and employed or retained him with a conscious disregard of the rights or safety of others.

YES _____        NO _____

(b) That an officer, director, or managing agent of eXp Realty authorized the conduct you found in Question 63 to constitute malice, oppression, or fraud.

YES _____        NO _____

(c) That the conduct constituting malice, oppression, or fraud was conduct of one or more officers, directors, or managing agents of eXp Realty who were acting on behalf of eXp Realty.

YES _____        NO _____

*You have now answered all of the questions on the Phase One verdict form. Go to the signature line below.*

Sign and date this form and inform the Court Security Officer that you have reached a verdict.


Dated: _____        _____

PRESIDING JUROR

**SPECIAL VERDICT FORM — PHASE TWO**

**(Amount of Punitive Damages)**

Answer Question 55 only as to a Defendant for whom, on the Phase One verdict form, you answered YES in Question 52, YES in Question 53, or YES in Question 54. Leave the line for every other Defendant blank.

**QUESTION 55:** What amount of punitive damages, if any, do you award against each of the following Defendants? Determine the amount separately as to each Defendant. You may award punitive damages against one or more Defendants and not others, and you may award different amounts as to different Defendants. Even as to a Defendant identified above, you may decline to award punitive damages; if you decline, write "none" on that Defendant's line.

Defendant David Golden:  $ _____

Defendant Michael Bjorkman:  $ _____

Defendant Glenn Sanford:  $ _____

Defendant eXp Realty, LLC:  $ _____

Defendant eXp World Holdings, Inc.:  $ _____

*You have now answered all of the questions on the Phase Two verdict form. Go to the signature line below.*

Sign and date this form and inform the Court Security Officer that you have reached a verdict.

Dated: _____    _____

PRESIDING JUROR