WILLIAM E. PALLARES, SB# 187740
E-Mail: William.Pallares@lewisbrisbois.com
**LEWIS BRISBOIS BISGAARD & SMITH LLP**
633 West 5th Street, Suite 4000
Los Angeles, California 90071
Telephone: 213.250.1800
Facsimile: 213.250.7900

IVY WANG, SB# 224899
Email: ivy.wang@gtlaw.com
**GREENBERG TRAURIG, LLP**
1840 Century Park E, Ste 1900
Los Angeles, CA 90067-2121
Phone: 310-586-7700
Fax: 310-586-7800

DANIEL WADLEY, (*Admitted Pro Hac Vice*)
Email: wadleyd@gtlaw.com
**GREENBERG TRAURIG, LLP**
222 S Main St.
Salt Lake City, UT 84101
Phone: 801-478-6900
Fax: 801-994-9041

Attorneys for Defendants,
eXp REALTY, LLC, eXp WORLD HOLDINGS, INC., and GLENN SANFORD

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| ANYA ROBERTS,<br><br>Plaintiff,<br><br>vs.<br><br>eXp REALTY, LLC, eXp WORLD HOLDINGS, INC., MICHAEL L. BJORKMAN, DAVID S. GOLDEN, BRENT GOVE, EMILY KEENAN, GLENN SANFORD, MICHAEL SHERRARD, and DOES 1-10,<br><br>Defendants. | Case No. 2:23-CV-10492-AB-AGR<br><br>**DECLARATION OF WILLIAM E. PALLARES IN SUPPORT OF CONFIDENTIALITY DESIGNATION OF FEE GENTRY DEPOSITION EXCERPTS PURSUANT TO L.R. 79-5.2.2(b)(i)**<br><br>Trial Date: October 19, 2026 |

# DECLARATION OF WILLIAM E. PALLARES

I, William E. Pallares, declare and states as follows:

1. I am an attorney at law duly licensed to practice before all courts in the State of California. I am a partner with the law firm of Lewis Brisbois Bisgaard & Smith LLP, counsel of record for eXp Realty, LLC, eXp World Holdings, Inc., and Glenn Sanford (collectively "eXp Defendants") in the above-captioned lawsuit. I have personal knowledge of the following facts, and if called to testify as a witness I would do so consistently herewith.

2. I submit this Declaration in support of Defendants eXp Realty, LLC, eXp World Holdings, Inc., and Glenn Sanford's Confidentiality Designation of Deposition Excerpts as to Felicia Gentry, filed under seal as Exhibit L. (See Dkt. No. 230.) Plaintiff Anya Roberts ("Plaintiff") applied to have Exhibit L filed under seal on August 3, 2026. (See Dkt. No. 452.)

3. Pursuant to L.R. 79-5.2.2(b)(i), I make this designation in support of the Confidentiality designation of Fee Gentry's Deposition.

4. On October 18, 2024, the parties in the *Acevedo, et al. v. eXp Realty, LLC, et al.* Case No. 23:-cv-01304-AB-CTS, took the deposition of Felicia Johnette Gentry, who was a former board member for eXp World Holdings, Inc. As such, I designated the deposition of Ms. Gentry as Confidential, pursuant to the parties' Stipulated Protective Order (Dkt. 110).

5. eXp World Holdings, Inc. is a Delaware corporation. As a Delaware corporation, eXp World Holdings, Inc.'s board of directors has the power, authority, and responsibility to manage the corporation. *Del. Code Ann. tit.* 8, § 141.

6. The excerpts from Ms. Gentry's deposition which Plaintiff submitted as unredacted to the court, filed under seal as Exhibit L, reference Ms. Gentry's discussions and communications with eXp World Holdings, Inc.'s board of directors involving the management and operations of eXp World Holdings, Inc.'s subsidiary eXp Realty, LLC.

7. The excerpts also include Ms. Gentry's testimony as to her review of board meeting minutes and discussions with the General Counsel for eXp World Holdings, Inc.

9. Ms. Gentry further testifies as to matters she brought to the board of directors' attention and eXp World Holdings, Inc.'s general counsel's response. She also testifies as to other members response to the matters she presented to the board of directors.

10. The excerpts include testimony of Ms. Gentry regarding her reaching out to outside counsel without any requisite authority to do so. Under Delaware law, "[i]n most situations, the board of directors has sole authority to initiate or to refrain from initiating legal actions asserting rights held by the corporation." *White v. Panic,* 783 A.2d 543, 550 (Del. 2001).

11. eXp World Holdings, Inc.'s board of directors include independent members. These members make their opinions known as they exercise their role as board members. As such, there is generally understood an expectation of confidentiality to encourage open and frank discussion. The meetings of a corporation's board of directors often include discussions on the management and operations of the corporation and its subsidiaries. Opening these discussions to the public record would, in effect, chill the candid discussion amongst board members as to there decisions impacting the corporate management of the company.

12. It should be noted that Plaintiff's submitted Exhibit L in support of her opposition to eXp World Holdings, Inc. motion for summary judgment. (See Dkt. 230.) Notwithstanding, on August 21, 2026, this Court granted eXp World Holdings, Inc.'s motion for summary judgment, extracting eXp World Holdings, Inc. (See Dkt. No. 472.) The court's ruling effectively rendered Plaintiff's application, pursuant to Dkt. No. 452, moot. Accordingly, Ms. Gentry's testimony in Exhibit L has no relation to the merits of this case. eXp World Holdings, Inc. has prevailed on summary judgment.

13. Records attached to motions that are "not related, or only tangentially related, to the merits of a case" therefore are not subject to the strong presumption of public access. *Ctr. for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1099 (2016); see also *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) ("[T]he public has less of a need for access to court records attached only to non-dispositive motions because those documents are often unrelated, or only tangentially related, to the underlying cause of action."). Parties moving to seal the documents attached to such motions must meet the lower "good cause" standard of Rule 26(c). *Ibid.* This standard requires a "particularized showing" that "specific prejudice or harm will result" if the information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002).

14. Good cause exists to keep the excepts from Ms. Gentry's deposition, as set forth in Exhibit L, confidential. Ms. Gentry clearly testified that access to eXp World Holdings, Inc.'s board of director meetings was private and for directors only. Disclosing the conduct of the board of directors would open up the operations of the corporation and the thought process of independent members, potentially impacting open and candid discussions. Furthermore, Ms. Gentry's testimony centers on statements made to her as to events prior to her being a board member. She further testifies that she took action for which she had no authority. Nevertheless, is she believed she had authority discussions as to why she reached out to counsel are privileged.

15. In this particular instance and in regards to the excerpts contained in Exhibit L, the harm and prejudice to eXp World Holdings, Inc. outweigh the public's interest in understanding the judicial process. Again, Ms. Gentry's testimony has no relationship to the merits of this case. Further, it appears that the excerpts carried no weight as to Plaintiff's opposition to eXp World Holdings, Inc.'s motion for summary judgment. Accordingly, the eXp Defendants respectfully request that this Court maintain the confidential designation of Ms. Gentry's

deposition as it related to Exhibit L and seal the contents thereof.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration was executed on this 21st day of August, 2026, at Los Angeles, California.

/s/ *William E. Pallares*

William E. Pallares

# CERTIFICATE OF SERVICE

I hereby certify that on this 21st day of August, 2026, I electronically filed the foregoing DECLARATION OF WILLIAM E. PALLARES IN SUPPORT OF CONFIDENTIALITY DESIGNATION OF FEE GENTRY DEPOSITION EXCERPTS PURSUANT TO L.R. 79-5.2.2(b)(i) with the Clerk of the Court using the CM/ECF system.

/s/ *Debbie Wilhelm*

Debbie Wilhelm