Jennifer A. Lenze, Esq., CA Bar No. 246858
**LENZE LAWYERS, PLC**
999 Corporate Drive, Suite 100
Ladera Ranch, California 92694
Tel: (310) 322-8800 F: (310) 322-8811
jlenze@lenzelawyers.com
Attorney for Plaintiff

Brooke F. Cohen, Esq., TX Bar No. 24007019
Andrea S. Hirsch, Esq., GA Bar No. 666557
**COHEN HIRSCH, LP**
5256 Peachtree Road, Suite 195-E
Atlanta, Georgia 30341
Tel: (678) 268-4683
brooke@cohenhirsch.com
andrea@cohenhirsch.com
Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ANYA ROBERTS,<br><br>Plaintiff,<br><br>v.<br><br>eXp REALTY, LLC; eXp WORLD HOLDINGS, INC.; MICHAEL L. BJORKMAN; DAVID S. GOLDEN; BRENT GOVE; GLENN SANFORD; and DOES 1-10,<br><br>Defendants. | **Case No. 2:23-cv-10492-AB-CTSx**<br><br>**PLAINTIFF'S STATEMENT REGARDING SEPTEMBER 23, 2026 STATUS CONFERENCE AND REQUEST FOR CLARIFICATION OF SEVERANCE ORDER (DKT. 472)**<br><br>Judge: Hon. André Birotte Jr.<br>Courtroom: 7B<br>Status Conference: September 23, 2026 |

Plaintiff Anya Roberts submits this statement in advance of the September 23, 2026 status conference to identify matters requiring clarification in the Court's August 20, 2026 Order granting in part Defendant Michael Bjorkman's Motion to Sever. (Dkt. 472.) The Order does not specify (1) whether severance was granted under Federal Rule of Civil Procedure 21 or Rule 42(b); (2) whether the claims will remain within one action; (3) whether one jury will hear successive phases; (4) the sequence of trial; or (5) how factual issues common to both proceedings will be treated. Plaintiff respectfully requests clarification because trial is set for October 19, 2026, and the parties are currently revising and exchanging pretrial materials in response to the severance ruling.

During a September 8, 2026 meet-and-confer, the parties discussed submitting a joint request for clarification, but Defendants declined to join. Plaintiff therefore submits this statement and request to place the implementation questions before the Court ahead of the status conference. Plaintiff does not seek reconsideration of the Court's decision to sever the claims against Bjorkman and Golden from the claims against eXp Realty and Sanford; Plaintiff seeks only clarification of how that ruling will be implemented and to give the Court advance notice of the questions Plaintiff anticipates raising.

## I. THE ORDER REQUIRES CLARIFICATION BEFORE TRIAL

The Order recognizes that Bjorkman's motion did not clearly identify the rule under which he sought severance and that his reply invoked Rule 21 and/or Rule 42(b).

(Dkt. 472 at 37-38.) The distinction materially affects trial preparation. Rule 21 severance ordinarily creates a discrete and independent action, with its own judgment. *Herklotz v. Parkinson*, 848 F.3d 894, 898 (9th Cir. 2017). Rule 42(b), by contrast, authorizes separate trials within a single action to promote convenience, avoid prejudice, or expedite and economize. Fed. R. Civ. P. 42(b).

The Order states that Bjorkman's "trial should be severed" from the eXp corporate defendants and bases that determination on the risk that evidence admissible against the corporate defendants would unfairly prejudice Bjorkman and Golden. (Dkt. 472 at 38.) The Order does not direct the Clerk to open a new action, allocate claims between independent cases, provide for separate judgments, identify which matter will proceed first, or address whether the same jury will hear successive phases. Its language and evidentiary-prejudice rationale therefore point toward severance under Rule 42(b), but express clarification is needed.

## II. PLAINTIFF PROPOSES SEQUENTIAL PHASES BEFORE ONE JURY

Plaintiff proposes that the action proceed in sequential phases before one jury. Phase One would try the surviving claims against Bjorkman and Golden. The corporate evidence identified in the Order as prejudicial would be excluded from that phase. eXp Realty and Sanford would be permitted to participate only with respect to factual issues common to the later phase, subject to limitations imposed by the Court to prevent duplication and prejudice. The jury would return a Rule 49(a) special verdict containing

specific findings on the elements of the Section 1591 claims and the underlying torts.

If the Phase One verdict permits consideration of punitive damages against Bjorkman or Golden, that punitive-damages phase should immediately follow the Phase One liability verdict and precede the introduction of Phase Two corporate evidence. This sequence preserves the evidentiary protection underlying the severance order.

Phase Two would try the Section 1595 beneficiary-liability claims against eXp Realty and Sanford, together with the surviving vicarious-liability theories and negligent-hiring, supervision, and retention claim against eXp Realty. The Phase One findings would determine whether Bjorkman and Golden committed the Chapter 77 conduct alleged as the predicate for the Section 1595 claims. Phase Two would address eXp Realty's and Sanford's alleged participation in the venture, receipt of a benefit, and actual or constructive knowledge, as well as eXp Realty's alleged agency, ratification, and negligent hiring, supervision and retention without relitigating factual issues resolved by the Phase One special verdict. Any punitive damages determination arising from the Phase Two verdict could then proceed before the same jury.

## III. ONE JURY AVOIDS REEXAMINATION OF COMMON FACTUAL ISSUES

Both phases share a material factual predicate: whether Bjorkman and Golden committed the alleged Section 1591 violations and underlying torts. Separate juries could reach inconsistent findings and reexamine issues decided in the first trial. The

Seventh Amendment permits division between juries only when the issues are distinct and separable enough to be tried independently without injustice. *Gasoline Prods. Co. v. Champlin Refining Co.*, 283 U.S. 494, 500 (1931). Applying that standard, the Ninth Circuit reversed an order assigning interwoven issues to separate juries because the later issue could not be tried independently "without confusion and uncertainty, which would amount to a denial of a fair trial." *United Air Lines, Inc. v. Wiener*, 286 F.2d 302, 305-06 (9th Cir. 1961); see also *Marroquin v. City of Los Angeles*, 112 F.4th 1204, 1211-12 (9th Cir. 2024) (reaffirming *Wiener*). Because the Section 1591 predicate must be resolved in both phases, one jury avoids that reexamination risk.

The Ninth Circuit likewise recognizes that, although there is no absolute right to have every issue tried before one jury, the Seventh Amendment may require one jury when the issues assigned to successive juries are interwoven. *Arthur Young & Co. v. U.S. District Court*, 549 F.2d 686, 692–93 (9th Cir. 1977). Applying that principle, a court in this District rejected successive-jury trials where both juries would have been required to answer overlapping questions central to the plaintiff's claims. *United States v. McGraw-Hill Cos., Inc.*, No. CV 13-779-DOC (JCGx), 2014 U.S. Dist. LEXIS 59408, at *8–15 (C.D. Cal. Apr. 15, 2014). The court concluded that reliance on law-of-the-case principles, collateral estoppel, or a detailed special-verdict form did not eliminate the danger that the second jury would reexamine factual issues decided by the first. *Id.* at *14–15.

The same concern arises here if separate juries are used. The alleged conduct of

Bjorkman and Golden is both the subject of the Phase One claims and a factual predicate of the Phase Two claims. Plaintiff's proposed structure avoids reexamination by presenting the common predicate issues—after affording all affected defendants a full and fair opportunity to litigate them—to one jury, while reserving the corporate evidence identified in the Court's Order for a later phase before that same jury.

*Quintanilla v. City of Downey*, 84 F.3d 353, 355-56 (9th Cir. 1996), illustrates a workable Rule 42(b) structure. There, the district court separated the individual officers' liability from the institutional claims, excluded institutional evidence from the first phase, and used a special verdict to resolve the predicate constitutional question before the institutional-liability phase. *Id.* at 355-57. The relationship between the claims here is analogous for case-management purposes: the Section 1595 claims require proof of an underlying Chapter 77 violation, while imposing additional requirements concerning each Phase Two defendant's own conduct and knowledge.

Same jury phasing would give eXp Realty and Sanford an opportunity to litigate the common predicate issues, preserve the evidentiary protection afforded to Bjorkman and Golden, and prevent a later jury from redetermining the same conduct. It also uses a procedure the parties and Court already contemplate for punitive damages: successive evidentiary phases before the same jury.

## IV. REQUESTED CLARIFICATION

Plaintiff respectfully requests that the Court clarify the following matters at or before the September 23, 2026 status conference:

1. Whether the severance was ordered under Rule 21 or Rule 42(b);

2. Whether the proceedings will remain within one action or proceed as independent actions with separate judgments;

3. Whether the proceedings will be tried in sequential phases before one jury or in independent trials before separate juries;

4. The order of the phases or trials, the extent to which eXp Realty and Sanford may participate in the first phase, and whether a Rule 49(a) special verdict will govern common factual issues in the later phase;

5. The placement of any punitive-damages phases so that evidence admitted only against eXp Realty or Sanford is not considered in determining punitive damages against Bjorkman or Golden; and

6. Which pretrial documents must be revised or separately filed, and the deadlines for those submissions.

Plaintiff respectfully requests that the Court adopt the phased, single-jury structure described above or, at minimum, clarify how the common Section 1591 predicate and other overlapping factual issues will be treated. Clarification will permit the parties to prepare the appropriate pretrial materials for the October 19, 2026 trial.

DATED: September 16, 2026, By: /s/ Jennifer A. Lenze

Jennifer A. Lenze (CA No 246858)
LENZE LAWYERS, PLC
999 Corporate Drive, Suite 100
Ladera Ranch, California 92694
Telephone (310) 322-8800

jlenze@lenzelawyers.com

Brooke F. Cohen TX 24007019
Andrea S. Hirsch, GA 666557
COHEN HIRSCH, LP
5256 Peachtree Road, Suite 195-E
Atlanta, Georgia 30341
Tel: (678) 268-4683
brooke@cohenhirsch.com
andrea@cohenhirsch.com

Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing was filed and served on all counsel of record by way of the Court's CM/ECF filing system this 16th day of September 2026.

/s/ Andrea S. Hirsch
Andrea S. Hirsch