WILLIAM E. PALLARES, SB# 187740
Email: William.Pallares@lewisbrisbois.com
**LEWIS BRISBOIS BISGAARD & SMITH LLP**
633 West 5th Street, Suite 4000
Los Angeles, California 90071
Telephone: 213.250.1800
Facsimile: 213.250.7900

IVY A. WANG, SB# 224899
Email: Ivy.Wang@gtlaw.com
**GREENBERG TRAURIG, LLP**
1840 Century Park East, Suite 1900
Los Angeles, California 90067-2121
Telephone: 310.586.7700
Facsimile: 310.586.7800

DANIEL J. WADLEY, (*Admitted Pro Hac Vice*)
Email: wadleyd@gtlaw.com
**GREENBERG TRAURIG, LLP**
222 South Main Street, Suite 1730
Salt Lake City, Utah 84101
Telephone: 801.478.6900
Facsimile: 801.994.9041

Attorneys for Defendants,
eXp REALTY, LLC, eXp WORLD
HOLDINGS, INC., and GLENN SANFORD

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| ANYA ROBERTS,<br><br>Plaintiff,<br><br>vs.<br><br>eXp REALTY, LLC, eXp WORLD HOLDINGS, INC., MICHAEL L. BJORKMAN, DAVID S. GOLDEN, BRENT GOVE, EMILY KEENAN, GLENN SANFORD, MICHAEL SHERRARD, and DOES 1-10,<br><br>Defendants. | Case No. 2:23-CV-10492-AB-AGR<br><br>**DEFENDANTS eXp REALTY, LLC'S, AND GLENN SANFORD'S RESPONSE TO PLAINTIFF'S LODGMENT OF INVESTIGATION DOCUMENTS**<br><br>Trial Date: October 19, 2026 |

Defendants eXp Realty, LLC and Glenn Sanford (collectively "eXp")[1] submit this response ("Response") to Plaintiff Anya Roberts' ("Plaintiff") lodgment of investigation documents via e-mail on August 28, 2026 ("Lodgment").

eXp submits this Response to Plaintiff's Lodgment noting several deficiencies with Plaintiff's submission, and to request this Court either (1) exclude exhibits from trial which Plaintiff failed to include in her Lodgment; or, (2) review the exhibits which comply with this Court's August 14, 2026 order but which Plaintiff failed to include in her Lodgment.

On July 24, 2026, all parties filed a Joint Exhibit List identifying the documents to be used at trial. (ECF No. 351.) Exhibit Nos. 1 through 573 are Plaintiff's trial exhibits (copies of which were provided to eXp by Plaintiff). (ECF No. 351, Ex. Nos. 1-573.)

On August 14, 2026, the parties attended the final pretrial conference. During that conference, eXp moved *in limine* to exclude certain investigation documents which Plaintiff may attempt to introduce at trial. (*See,* ECF No. 323, eXp's MIL No. 5.) Specifically, eXp sought to exclude documents or evidence relating to post-March 2020 investigations arising out of any individual's allegation of sexual harassment/assault, drugging against David Golden or Michael Bjorkman. During the pretrial conference, this Court tentatively denied eXp's MIL No. 5 but directed Plaintiff to submit copies of all documents she intended to use at trial which fall under this category of investigation documents for the Court's review (the "Order"). (ECF No. 471.)

On August 28, 2026, pursuant to the Court's Order, Plaintiff submitted an email to this Court with a link containing forty-six (46) documents.[2] Plaintiff's

[1] The Court granted AGNT, Inc., f/k/a eXp World Holdings, Inc.'s motion for summary judgment in its entirety and it is no longer a party to this action.

[2] The documents included in Plaintiff's Lodgment were not identified by trial (footnote continued)

Lodgment is largely incomplete and fails to identify numerous investigation documents that contain details of sexual assault and drugging allegations from other (non-Plaintiff) accusers that Plaintiff previously included in the Joint Exhibit List. Additionally, Plaintiff's Lodgment includes documents which were never identified as trial exhibits or listed on the Joint Exhibit List.

For this reason, eXp separately reviewed Plaintiff's trial exhibits and has identified the following investigation documents from the Joint Exhibit List that also detail "other" sexual assault and drugging allegations against Mr. Golden or Mr. Bjorkman and which eXp believes should have been lodged by Plaintiff under the Court's Order (Table A):

**TABLE A**

| Trial Ex. No. | Exhibit Name | Bates |
|---|---|---|
| 62 | eXp Realty Compliance Committee Meeting Minutes (4-13-23) | 2eXp_000001-6 |
| 63 | eXp Realty Compliance Committee Meeting Minutes (5-3-22) | 2eXp_000007-10 |
| 64 | eXp Realty Compliance Committee Meeting Minutes (6-29-21) | 2eXp_000011-12 |
| 65 | eXp Realty Compliance Committee Meeting Minutes (7-13-21) | 2eXp_000013-15 |
| 66 | eXp Realty Compliance Committee Meeting Minutes (7-23-21) | 2eXp_000016-17 |
| 102 | eXp Realty Compliance Committee Meeting Minutes (7-2-21) | 2eXp_005006-5008 |

exhibit number, and several documents do not have Bates numbering.

| | | |
|---|---|---|
| 103 | Nuth Dep. Ex. G - US Compliance Committee (10-19-20) | 2eXp_005144-5145 |
| 104 | eXp Realty Compliance Committee Meeting Minutes (10-8-22) | eXp_KEA_000262-264 |
| 105 | eXp WH Audit Committee Meeting Minutes (5-1-20) | 2eXp_LACERS_000690-691 |
| 106 | eXp WH Audit Committee Meeting Minutes (11-2-20) | 2eXp_LACERS_00692-694 |
| 107 | eXp WH Audit Committee Meeting Minutes (3-8-21) | 2eXp_LACERS_000695-696 |
| 108 | eXp WH Audit Committee Meeting Minutes (8-2-21) | 2eXp_LACERS_000699-700 |
| 109 | eXp WH Audit Committee Meeting Minutes (11-1-21) | 2eXp_LACERS_000701-702 |
| 110 | eXp WH Audit Committee Meeting Minutes (2-22-22) | 2eXp_LACERS_000703-704 |
| 111 | eXp WH Audit Committee Meeting Minutes (5-2-22) | 2eXp_LACERS_000705-706 |
| 112 | eXp WH Audit Committee Meeting Minutes (8-1-22) | 2eXp_LACERS_000707-708 |
| 113 | eXp WH Audit Committee Meeting Minutes (10-31-22) | 2eXp_LACERS_000709-710 |
| 114 | eXp WH Audit Committee Meeting Minutes (10-31-22) | 2eXp_LACERS_000711-712 |
| 115 | eXp WH Corp. Gov. Committee Meeting Minutes (3-13-24) | 2eXp_LACERS_001394-1396 |

| | | |
|---|---|---|
| 116 | eXp WH Audit Committee Meeting Minutes (5-4-22) | 2eXp_LACERS_00697-698 |
| 136 | Bjorkman Settlement Agreement (9-30-21) | eXp_000630-633 |
| 139 | Enterprise Notes re Bjorkman (2018-2025) | 2eXp_005548-5558 |
| 155 | WPC - Haggard to Bramble (9-17-20) (Bramble Dep. Ex. 1) | None |
| 156 | Email from Acevedo to Bramble (5-13-22) | PLAINTIFFS - 000153-161 |
| 157 | Call Summary - Haggard to Bramble (2-23-23) (re Golden) | 2eXp_004363-4364 |
| 158 | WPC - Wharton to Haggard, Nuth, Bramble (9-16-20) | eXp_HAG_000723-735 |
| 159 | WPC - Bramble to Haggard (9-28-20) | eXp_HAG_000791-796 |
| 160 | WPC - Haggard to Bramble, Gesing (10-15-20) | eXp_CON_003618-3623 |
| 161 | WPC - Haggard to Bramble, Gesing (12-4-20) | eXp_CON_003667 |
| 162 | Email - Bjorkman to Bramble (12-18-20) | 2eXp_000300 |
| 163 | WPC - Bramble to Haggard (1-26-21) | eXp_HAG_001195-1201 |
| 164 | Compilation of Documents post-2020 (1-12-21) | |
| 165 | WPC - Haggard, Conord, Bramble (5-14-21) | eXp_KEA_00516 |
| 166 | eXp Compliance Committee Meeting Minute (6-29-21) | 2eXp_000011-12 |
| 167 | WPC - Haggard, Conord, Bramble (7-1-21) | eXp_HAG_001812 |
| 168 | eXp Compliance Committee Meeting Minute (4-13-23) + Call Summary | 2eXp_004357-4383 |

| | | |
|---|---|---|
| 179 | WPC - Conord, Bramble (9-21-20) | eXp_CON_003881 |
| 182 | WPC - Noelle Nielsen to Gesing (10-1-20) | eXp_CON_003752 |
| 183 | WPC - Gesing to Haggard, Conord (10-1-20) | eXp_CON_003187-3189 |
| 185 | WPC - Haggard (10-8-20) | eXp_CON_003379 |
| 186 | WPC - Julie O'Dell to Conord (10-13-20) | eXp_CON_003755-3757 |
| 187 | WPC - Haggard to Bramble, Nuth, Conord, Gesing (10-19-20) | eXp_CON_001733-1740 |
| 189 | WPC - Haggard, Nuth, Bramble (10-20-20) | eXp_CON_003242-3250 |
| 190 | WPC - Haggard, Gesing, Bramble (10-21-20) | eXp_CON_003624-3631 |
| 191 | WPC - Conord, Haggard, Bramble, Tobison (11-11-20) | eXp_CON_002978-2988 |
| 193 | WPC - Tobison, Haggard, Nuth (7-6-21) | eXp_CON_003879 |
| 202 | WPC - Haggard, Conord (10-18-20) | eXp_CON_003882-3883 |
| 203 | WPC - Haggard, Gesing, Conord (9-21-20) | eXp_CON_003797-3799 |
| 204 | WPC and US Compliance Committee Meeting Agenda (1-12-21) | eXp_CON_003503-3507 |
| 212 | eXp Realty Compliance Committee Meeting Minute (4-13-23) | 2eXp_000001-6 |
| 214 | WPC - Conord, Gesing (9-21-20) | eXp_GES_000319-321 |

| | | |
|---|---|---|
| 215 | WPC - Noelle Nielsen to Gesing (10-1-20) | eXp_GES_000298-300 |
| 221 | WPC - Haggard, Gesing, Conord (10-1-20) | eXp_GES_000293-297 |
| 222 | WPC - Haggard, Gesing Nuth (10-2-20) | eXp_GES_000282-284 |
| 223 | WPC - Sanford, Gesing (10-13-20) plus Messages from MFN | eXp_GES_000212 |
| 224 | WPC - Gesing, Haggard (10-13-20) | eXp_GES_000333-334 |
| 226 | WPC - Haggard, Gesing (10-19-20) | eXp_GES_000325-326 |
| 231 | WPC - Haggard (11-10-20) | eXp_GES_000322 |
| 232 | WPC - Gove, Gesing (12-23-20) | eXp_GES_000327-328 |
| 233 | WPC - Haggard, Gesing (1-26-21) | eXp_GES_000316-318 |
| 234 | WPC - Gesing, Haggard (7-14-21) | eXp_GES_00337 |
| 239 | WPC - Acevedo, Gesing (7-12-22) | eXp_GES_000001-3 |
| 240 | WPC - Bramble, Merchant, Keating (8-3-22) | eXp_GES_000241-244 |
| 241 | WPC - Bramble, Miles (8-15-22) | eXp_GES_000338 |
| 242 | WPC - Bramble, Gesing | eXp_GES_000331-332 |
| 243 | WPC - Bramble, Miles, Sanford (9-13-22) | eXp_GES_000309-311 |

| | | |
|---|---|---|
| 260 | Email and Statement from Alexandra Tunks (9-24-20) | GOLDEN 0013-15 |
| 326 | WPC - Nuth, Haggard, Kasper, Bramble (9-18-20) | eXp_HAG_000819-842 |
| 329 | WPC - Dunahay, Haggard, Rodriguez (4-1-20) | eXp_HAG_001853-1854 |
| 334 | WPC - Haggard, Gesing (10-19-20) | eXp_HAG_001716-1717 |
| 336 | WPC - Haggard, Conord (9-18-20) | eXp_HAG_001819 |
| 338 | Call Summary re MFN | 2eXp_005530-5532 |
| 339 | WPC - Haggard, Gesing (10-1-20) | eXp_HAG_001501-1505 |
| 340 | WPC - Haggard, Bramble, Conord (10-5-20) | eXp_HAG_001148-1156 |
| 341 | WPC - Haggard, Bramble, Conord, Nuth (10-20-20) | eXp-HAG_001157-1164 |
| 343 | WPC - Haggard (11-10-20) | eXp_HAG_001692 |
| 344 | WPC - Haggard, Bramble, Gesing, Conord (1-13-21) | eXp_HAG_001627-1629 |
| 353 | WPC - Haggard, Bramble, Nuth, Gesing, Conord (10-15-20) | eXp_HAG_001202-1207 |
| 360 | eXp Realty Compliance Committee Meeting Minutes (7-23-21) | 2eXp_000016-17 |
| 362 | WPC - Haggard, Conord, Gesing, Nuth (10-29-20) | eXp_KEA_000150-164 |
| 363 | eXp Realty Compliance Committee Meeting Minutes (7-2-21) | 2eXp_005006-5008 |

| | | |
|---|---|---|
| 364 | Journal Entry (10-12-21) | 2eXp_004310 |
| 365 | WPC and Nielsen Statement (11-2-20) | eXp_KEA_000197-198 |
| 367 | WPC - Gesing, Bramble, Nuth, Conord (11-18-20) | eXp_KEA_000165-174 |
| 368 | Journal Entry (11-19-20) re Tami Edwards Call Summary | 2eXp_00432 |
| 371 | WPC - Haggard, Keating (3-10-21) | eXp_KEA_000217-220 |
| 372 | WPC - Haggard, Tobinson, Nuth (7-6-21) | eXp_KEA_000226 |
| 373 | WPC - Sanford, Keating (4-23-22) | eXp_KEA_000221-223 |
| 374 | eXp Realty Compliance Committee Meeting Minutes (5-3-22) | 2eXp_000007-10 |
| 375 | WPC - Keating, Bramble (6-12-22) | eXp_KEA_000213-216 |
| 376 | WPC - Keating, Rouseau (6-14-22) | eXp_KEA_000224-225 |
| 377 | WPC - Acevedo, Keating (6-28-22) | eXp_KEA_000140-141 |
| 378 | WPC - Acevedo, Adams (6-30-22) | eXp_KEA_000143-145 |
| 410 | Email from Haggard to Bramble (10-15-24) Nielsen Statement | 2eXp_003112-3113 |
| 424 | eXp Realty Compliance Committee Meeting Minutes (7-23-21) | 2eXp_004247-4248 |
| 426 | Journal Entry (9-18-20 re MFN Call | 2eXp_004341 |

| | | |
|---|---|---|
| 427 | Journal Entry (9-21-20) re Onnen Call | 2eXp_004342 |
| 447 | WPC - Haggard, Penny (3-11-21) | eXp_PEN_000029 |
| 479 | Journal Entry (10-6-21) re Call with Tami Edwards | 2eXp_005140 |
| 480 | Email and Attachment - Nielsen req for Sponsor Change (9-21-20) | NIELSEN - 000001-7, and 42 |
| 481 | Call Summary with Tami Edwards (10-6-20) | 2eXp_005141-5143 |
| 489 | WPC - Haggard, Nuth, Bramble (10-20-20) | 2eXp_005054-5061 |
| 490 | WPC - Bjorkman (11-8-20) | eXp_SAN_000391 |
| 493 | WPC - Haggard, Gesing, Conord (1-13-21) | 2eXp_005062-5064 |
| 497 | WPC - Keating, Bramble (6-13-22) | 2eXp_005022-5025 |
| 498 | WPC - Bramble, Merchant, Keating (8-3-22) | 2eXp_005078-5081 |
| 499 | WPC - Gesing, Bramble (9-7-22) | 2eXp_005098-5099 |
| 500 | WPC - Keating, Merchant, Bramble (3-24-23) | 2eXp_005088-5089 |
| 506 | WPC - Gesing, Haggard, Bramble, Conord (11-18-20) | 2ExP_005066-5070 |
| 552 | eXp Board Discussion re Acevedo | FG-00001-9 |
| 553 | Messages re Board Discuss and F. Gentry allegations | 2eXp_003126-3138 |
| 567 | eXp Realty Compliance Committee Meeting Minutes (2-9-24) | 2eXp_003536-3533 |
| 568 | Discussion Notes/Summary (12-20-23), Emails, Acevedo Complaint incl. | 2eXp_003611-3681 |

As demonstrated above, Plaintiff's Lodgment fails to include the full list of investigation documents identified on the Joint Exhibit List that detail sexual assault and/or drugging allegations by other (non-Roberts) accusers, which eXp believes was required by the Court's Order. Further, it appears that Plaintiff's Lodgment includes documents that were not previously identified on the Joint Exhibit List.

If Plaintiff contends that her Lodgment represents the full universe of investigation documents detailing other sexual assault and/or drugging allegations that she intends to use at trial, then eXp respectfully requests that this Court exclude all other investigation documents that were identified in the Joint Exhibit List but excluded from Plaintiff's Lodgment (Table A).

Alternatively, if this Court is not inclined to exclude the exhibits listed in Table A, then eXp requests that this Court order Plaintiff to submit the remaining investigation documents which she failed to include in her Lodgment, for the Court's review and consideration of eXp's MIL No. 5. (ECF No. 323.)

Notwithstanding the above, it remains eXp's position that the post-March-2020 investigation of alleged drugging and assaulting of women, separate and apart from Plaintiff, is not relevant in this matter for purposes of notice. Plaintiff claimed at the August 14, 2026 final pretrial conference that, under *Ratha v. Phatthana Seafood Co.* ("*Ratha I*"), 35 F.4th 1159, 1180 (9th Cir. 2022), *superseded in part by statute as recognized in Fleites v. MindGeek S.A.R.L.*, No. 2:21-cv-04920-WLH-ADS, 2025 WL 2902292, (C.D. Cal. Sept. 26, 2025), and *Ratha v. Rubicon Res., LLC* ("*Ratha II*"), 168 F.4th 541, 547-48 (9th Cir. 2026), a jury may find beneficiary liability under 18 U.S.C. § 1595 if it finds that eXp benefited from the revenue share program (the alleged venture) after eXp learned of sexual assault allegations against Mr. Bjorkman in September 2020. Under Plaintiff's theory, such benefit would be evidenced by post-September 2020 revenue share payments to Mr. Bjorkman. The investigation documents, which all date from September 2020 on, are purportedly relevant for demonstrating eXp's knowledge of the revenue share program's

participation in sex trafficking while eXp Realty LLC was making revenue share payments to Mr. Bjorkman.

Plaintiff's representation regarding *Ratha I* and Ratha *II* is wrong. Both *Ratha I* and *Ratha II* require that a beneficiary defendant's knowing benefit, or attempt to benefit, occur while the venture *is still engaged in human trafficking*. The Ninth Circuit first held in *Ratha I* that the plaintiffs needed to raise a triable issue that a defendant "knew or should have known that Phatthana *was engaged in conduct violating the TVPRA when* [defendant] received a benefit from the alleged venture." *Ratha I*, 35 F.4th 1159 at 1176 (emphasis added). The Ninth Circuit proceeded to hold in *Ratha II* that:

> . . . Rubicon had knowledge of Phatthana's alleged human trafficking at least by February 2012. *See Ratha I*, 35 F.4th at 1177 (stating that "Rubicon was undisputedly aware of Ratha's whistleblower report" beginning on February 23, 2012). Because Rubicon attempted to sell shrimp to Walmart after that date, it attempted to benefit with the requisite knowledge.

*Ratha II*, 168 F.4th 541 at 561. Because the alleged human trafficking at the heart of *Ratha I* and *Ratha II* spanned 2010 to October 2012, *Ratha I*, 35 F.4th 1159 at 1165, Rubicon's attempt to benefit between February 2012 and October 2012 could properly show that Rubicon "knew or should have known that Phatthana *was engaged in conduct violating the TVPRA when* [Rubicon] received a benefit from the alleged venture." *See Ratha I*, 35 F.4th 1159 at 1176 (emphasis added).

In contrast, here it is undisputed that no alleged sex trafficking occurred after eXp Realty LLC terminated Mr. Bjorkman within hours of learning of sexual assault allegations against him in September 2020. (ECF No. 151-1 at SUF No. 49.) eXp Realty's LLC's revenue share payments to Mr. Bjorkman after his termination, and eXp Realty's subsequent investigation (and knowledge) of alleged prior *but no longer pending* sex trafficking by Mr. Bjorkman and David Golden are therefore irrelevant to the TVPRA beneficiary liability claims against eXp. The investigation documents that Plaintiff lodged (or failed to lodge) therefore have no place in the

trial against eXp.

Respectfully submitted,

DATED: September 21, 2026 LEWIS BRISBOIS BISGAARD & SMITH LLP

By: /s/ William E. Pallares
WILLIAM E. PALLARES
Attorneys for Defendants, eXp REALTY, LLC, eXp WORLD HOLDINGS, INC., and GLENN SANFORD

# CERTIFICATE OF SERVICE

I hereby certify that on this 21st day of September, 2026, I electronically filed the foregoing eXp's RESPONSE TO PLAINTIFF'S LODGMENT OF INVESTIGATION DOCUMENTS with the Clerk of the Court using the CM/ECF system.

/s/ Debbie Wilhelm
Debbie Wilhelm