PETER K. LEVINE, ESQ. SBN: 113672
**PETER K. LEVINE, A PROFESSIONAL LAW CORP.**
5455 WILSHIRE BLVD., SUITE 1250
LOS ANGELES, CA 90036
TELEPHONE: (323) 934-1234
FACSIMILE: (323) 934-1230

Attorney for Defendant David S. Golden

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ANYA ROBERTS,<br><br>Plaintiffs,<br><br>vs.<br><br>EXP REALTY, LLC., EXP WORLD HOLDINGS, INC., MICHAEL L. BJORKMAN; DAVID S. GOLDEN; et. al., GLENN SANFORD; BRENT GOVE; And DOES 10,<br><br>Defendants. | **CASE NO. 2:23-CV-10492-AB (CTSx)**<br><br>**DEFENDANT DAVID S. GOLDEN'S OPPOSITION TO PLAINTIFF'S EX PARTE APPLICATION FOR LEAVE TO WITHDRAW SPECIFIED CLAIMS OR TO SHORTEN TIME (DKT. 506); DECLARATION OF PETER K. LEVINE**<br><br>**Hearing:** NONE SET<br>**TRIAL:** OCTOBER 19, 2026 (TRIAL 1)<br>**Ctrm.:** 7B<br>**Judge:** HON. ANDRÉ BIROTTE, JR. |

## MEMORANDUM OF POINTS AND AUTHORITIES

### 1. INTRODUCTION [1]

The Plaintiff's application is a transparent attempt to gain the tactical advantage of a dismissal while retaining the prejudicial evidence of a claim she is no longer willing to prove. She seeks to abandon the TVPRA claim while keeping the "poison" of the evidence that

[1] Defendant Golden respectfully joins in the Opposition of Defendant Michael Bjorkman. (Dkt. 508.)

supported it. She plans to use that evidence to show intent, plan, preparation, absence of mistake, and the consent defense. She's wrongfully attempting to reserve her §1591 claim.

This is a "head I win, tails you lose" scenario that threatens the integrity of the upcoming trial. Plaintiff should not be allowed the "reservation" of a §1591 case against Mr. Golden at Trial 2. He is not a party to Trial 2. He cannot defend himself. He cannot cross-examine witnesses. It was not expected when the court severed cases that Golden would not be party to the §1591 case against him. It's unfair and a denial of due process to allow a federal jury in a public trial in Trial 2 to find that he is a sex-trafficker when Plaintiff has abandoned that claim and he can't defend himself. This is a last-minute tactical maneuver.

## 2. <u>PLAINTIFF IS VERDICT SHOPPING</u>

Plaintiff's counsel's declaration explains Plaintiff did not want to "present the complete §1591 predicate to two juries." Dkt. 506-1 ¶ 11. Put plainly, she does not want the Trial 1 jury to decide whether Golden trafficked her, because a defense verdict would hurt her in the November trial against the eXp defendants. So she proposes to take the question away from the jury that would hear Golden's defense, and give it to a jury that will hear only her side, in a trial where Golden is not a party. Dkt. 506-4 ¶¶ 3–4. That is not narrowing. It is verdict shopping. And a denial of due process.

Nor should Plaintiff be allowed to keep the "other acts" evidence while walking away from the claim it was offered to prove. Plaintiff wants to withdraw the TVPRA claims while preserving the right to use the evidence that supported them. Two weeks before trial, she wants to drop the main claim and keep all of its benefits. She wants her cake and to eat it too.

## 3. <u>THERE IS NO EMERGENCY JUSTIFYING *EX PARTE* RELIEF</u>

The Court's time is being wasted by an emergency of the Plaintiff's own making. She has known about the severance since August 20, 2026. (Dkt. 472 at 37–39.) She concedes it. Dkt. 506 at 5:6–7. She had ample time to bring a noticed motion. She chose not to. She cannot now

use the guise of an *ex parte* application to force the defense to litigate these complex evidentiary issues on the eve of trial. This Application is a ruse, and it should be denied.

## 4. PLAINTIFF IS NOT NARROWING THE CASE

Plaintiff forced Golden to defend the sex-trafficking claims for almost three years. Depositions. Discovery disputes. Motions in Limine. Summary Judgment. Motions to dismiss. Court conferences. She made him seek severance. Now, on the eve of trial, she wants to abandon the claims and keep the evidence. That is not narrowing the case. It is wanting it both ways.

If Plaintiff wants out of the TVPRA claims, the proper procedure is simple: dismiss them, with prejudice, and live with the result. No reservations. No "preservation" of the same allegations. No back door for the same evidence. The preservation provisions do not simplify this case. They complicate it. Plaintiff is using the wrong procedure, in the wrong posture, for the wrong reason.

Moreover, Plaintiff should not be allowed to offer evidence in Trial Phase 1 regarding eXp sponsorship, revenue share, or career advancement, for example, until she first identifies exactly which element of a Florida battery or IIED claim that evidence supports. She cannot be permitted to use an emergency *ex parte* application to preserve this evidence that has no place in a trial about a specific, isolated incident in Florida.

Lastly, the "other acts" evidence Plaintiff now seeks to preserve belongs in a motion in limine, where Golden can timely challenge it. There is no necessity for that evidence in a trial about one weekend in Florida. The reservation is a ruse.

## 5. REQUEST FOR PROCEDURAL INTEGRITY

Golden cannot fairly respond, and the parties cannot prepare the pretrial submissions due October 12, 2026, without first actually knowing the status of the pleadings, exhibits, witnesses and evidence for Trial 1.

///

///

## 6. PLAINTIFF MUST FILE A SECOND AMENDED COMPLAINT

The public and Mr. Golden are entitled to a conformed second amended complaint, so the public knows what claims have been dismissed, and which claims are proceeding to trial. Mr. Golden is entitled to have his name cleared on the record. Plaintiff should be dismissing her TVPRA claims, with prejudice, and Defendants the prevailing parties on that claim as a condition of dismissal. It is a merits determination. It should be claim-preclusive and issue-preclusive as to Mr. Golden.

Plaintiff not only asks for an order declaring in advance that walking away from Count I has no preclusive effect ( Dkt. 506-4 ¶4.), but she also **asks to avoid any exposure to fees or costs for abandoning the TVPRA claim on the eve of trial.** Id. ¶8. The Court should see the Application for what it is: a ruse.

## 7. GOLDEN IS ENTITLED TO ATTORNEYS FEES AND COSTS AS A CONDITION OF DISIMSSAL

It is respectfully submitted that Mr. Golden is also entitled to recover attorney fees attributable to defending the TVPRA claim. This is entirely separate from whether §1595 itself authorizes defendant-side fee shifting. Federal Rule of Civil Procedure 41(a)(2) provides that when a plaintiff seeks voluntary dismissal by court order, the action may be dismissed" on terms that the court considers proper. Courts routinely condition voluntary dismissal on payment of a defendant's legal fees, especially in late-stage dismissals on the eve of trial. *Yoffe v. Keller Industries, Inc*. 580 F.2d 126 (5th Cir. 1978).

## 8. REQUEST TO STRIKE THE EX PARTE APPLICATION

The *ex parte* application is improper and should be stricken.

///

///

///

## 9. CONCLUSION

Golden joins in the Opposition of Michael Bjoirkman.

The Application uses the wrong procedure, at the wrong time, to obtain relief Plaintiff has not justified. It should be denied, or stricken as procedurally improper.

Plaintiff should be required to proceed by regularly noticed motion, or at most on shortened time with a briefing schedule set by the Court.

Alternatively, if the Court is inclined to permit the withdrawal now, Golden requests that the Court (1) require Plaintiff to state plainly what she is withdrawing and what she is not; (2) that Plaintiff file a second amended complaint; (3) that the TVPRA claims are dismissed with prejudice and Golden declared the prevailing party on the merits; (4) that dismissal is conditioned on payment of Golden's attorney fees and costs; (5) a schedule set for Golden's fees and costs on the withdrawn claims; (6) an opportunity to file limine motions; and (7) such other relief as the court may consider appropriate.

Dated: October 7, 2026

PETER K. LEVINE,
A PROFESSIONAL LAW CORP.

By: /s/ Peter K. Levine
Peter K. Levine, Esq.
Attorney for Defendant David S. Golden

new\2007-golden-roberts\ex parte\2026 oct 5\final\final 101.docx

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing was served on all counsel of record via electronic mail on October 7, 2026.

s/Roberto Segovia
Roberto Segovia