CHESNOFF & SCHONFELD
RICHARD A. SCHONFELD, ESQ.
SBN 202182
Email: rschonfeld@cslawoffice.net
520 S. 4th Street
Las Vegas, NV 89101
Telephone: 702-384-5563
Facsimile: 702-598-1425
Attorney for Defendant
Michael Bjorkman

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

ANYA ROBERTS,

Plaintiff,

v.

EXP REALTY, LLC, EXP WORLD HOLDINGS, INC., MICHAEL L. BJORKMAN, DAVID S. GOLDEN, BRENT GOVE; EMILY KEENAN, GLENN SANFORD; MICHAEL SHERRARD, and DOES 1-10,

Defendants.

Case No. 2:23-cv-10492-AB-AGR

**DEFENDANT MICHAEL BJORKMAN'S WITNESS LIST FOR SEVERED TRIAL**

**(FIRST AMENDED FROM INITIAL LIST)**

| **Witness's Name*, Phone Number, Address** | **Summary of Testimony / Why Testimony Unique** | **Time for Direct Exam (hours)[1]** | **Time for Cross Exam (hours)** | **Dates of Testimony** |
|---|---|---|---|---|
| Michael Bjorkman c/o Richard A. Schonfeld, Esq. Chesnoff & Schonfeld 520 South Fourth Street | Defendant. Will testify regarding the facts and circumstances alleged in the First Amended Complaint, including his interactions, communications, and travel with Plaintiff, the | 3.0 | 3.0 | [To be filled in during trial] |

[1] These time estimates are just for Defendant Bjorkman's examinations and Plaintiff's cross. Defendant Golden may have additional time.

| Witness's Name*, Phone Number, Address | Summary of Testimony / Why Testimony Unique | Time for Direct Exam (hours)[1] | Time for Cross Exam (hours) | Dates of Testimony |
|---|---|---|---|---|
| Las Vegas, NV 89101<br>(702) 384-5563 | events alleged to have occurred, his relationship with the remaining Defendants, and his defenses.<br>Unique in that he is the only witness with personal knowledge of his own conduct and of the entirety of his communications with Plaintiff. | | | |
| Anya Roberts<br>c/o Jennifer A. Lenze, Esq.<br>999 Corporate Drive, Suite 100<br>Ladera Ranch, CA 92694<br>(310) 322-8800 | Plaintiff. Will testify regarding the facts and circumstances alleged in the First Amended Complaint, her communications with Defendant Bjorkman and the other Defendants, her voluntary conduct, and her claimed damages.<br>Unique as the claimant. May be called adversely to the extent she is not fully examined on these subjects in Plaintiff's case-in-chief. | 2.0 | 1.5 | [To be filled in during trial] |
| David S. Golden<br>c/o Peter K. Levine, Esq.<br>5455 Wilshire Blvd., Suite 1250<br>Los Angeles, CA 90036<br>(323) 934-1234 | Co-Defendant. Will testify regarding the facts and circumstances alleged in the First Amended Complaint, including his own interactions and communications with Plaintiff.<br>Unique in that he has personal knowledge of the conduct alleged against him, which is separate and distinct from the conduct alleged | 1.0 | 1.0 | [To be filled in during trial] |

| Witness's Name*, Phone Number, Address | Summary of Testimony / Why Testimony Unique | Time for Direct Exam (hours)[1] | Time for Cross Exam (hours) | Dates of Testimony |
|---|---|---|---|---|
| | against Defendant Bjorkman. | | | |
| Brent Gove*<br>c/o Sean P.J. Coyle, Esq.<br>One Montgomery Street, Suite 3000<br>San Francisco, CA 94104<br>(415) 391-4800 | Will testify regarding the facts and circumstances alleged in the First Amended Complaint. Unique in that he has personal knowledge of his own conduct and of the events and communications in which he participated. | 0.5 | 0.5 | [To be filled in during trial] |
| eXp Realty, LLC*, eXp World Holdings, Inc.*, and Glenn Sanford* (corporate representative / person most knowledgeable)<br>c/o William E. Pallares, Esq.<br>633 West 5th Street, Suite 4000<br>Los Angeles, CA 90071 | Will testify regarding the facts and circumstances alleged in the First Amended Complaint, including the corporate structure of the eXp entities, the independent-contractor status of agents, and the absence of any agency, employment, or venture relationship with Defendant Bjorkman.<br>Unique in that these witnesses have personal and corporate knowledge of the eXp entities' policies, records, and relationships. | 0.5 | 0.5 | [To be filled in during trial] |
| Daryl Wizinsky*<br>Contact information provided to all parties by Rule 26 disclosure | Percipient witness. Will testify regarding his observations of and interactions with Megan Farrell-Nelson and Defendant Bjorkman in Las Vegas during the relevant time frame of the allegations set forth in the | 0.5 | 0.5 | [To be filled in during trial] |

| Witness's Name*, Phone Number, Address | Summary of Testimony / Why Testimony Unique | Time for Direct Exam (hours)[1] | Time for Cross Exam (hours) | Dates of Testimony |
|---|---|---|---|---|
| | First Amended Complaint. Unique in that he was present for and personally observed the interactions at issue. | | | |
| Scott Marlow* Contact information provided to all parties by Rule 26 disclosure | Percipient witness. Will testify regarding his observations of and interactions with Megan Farrell-Nelson and Defendant Bjorkman in Las Vegas during the relevant time frame of the allegations set forth in the First Amended Complaint. Unique in that he personally observed interactions that no other listed witness observed. | 0.5 | 0.5 | [To be filled in during trial] |
| Alexandra C. Tunks* Contact information provided to all parties by Rule 26 disclosure | Percipient witness. Will testify regarding her observations of and interactions with Megan Farrell-Nelson and Defendant Bjorkman in Las Vegas during the relevant time frame of the allegations set forth in the First Amended Complaint, and regarding the video recordings produced in this matter. Unique in that she was present for and personally observed the interactions depicted and described. | 1.0 | 0.5 | [To be filled in during trial] |
| Mark Green* Contact information provided to all | Percipient witness. Will testify regarding his observations of Tami Sims on or about April | 0.5 | 0.5 | [To be filled in during trial] |

| Witness's Name*, Phone Number, Address | Summary of Testimony / Why Testimony Unique | Time for Direct Exam (hours)[1] | Time for Cross Exam (hours) | Dates of Testimony |
|---|---|---|---|---|
| parties by Rule 26 disclosure | 11, 2019 through April 13, 2019, as related to the allegations in the First Amended Complaint. Unique in that he personally observed Tami Sims' appearance, demeanor, and conduct during the relevant period. | | | |
| Christina Green (aka Christina Gray)* Contact information provided to all parties by Rule 26 disclosure | Percipient witness. Will testify regarding her observations of Tami Sims on or about April 11, 2019 through April 13, 2019, as related to the allegations in the First Amended Complaint. Unique in that she personally observed Tami Sims' appearance, demeanor, and conduct during the relevant period. | 0.5 | 0.5 | [To be filled in during trial] |
| Jason Holdinski* Contact information provided to all parties by Rule 26 disclosure | Percipient witness. Will testify regarding his observations of Fabiola Acevedo and Michael Bjorkman during the period of July 20 through July 22, 2018, as related to the allegations in the First Amended Complaint. Unique in that he personally observed the interactions during that period. | 0.5 | 0.5 | [To be filled in during trial] |
| Custodian of Records* Joya Communications, | Records custodian. Will testify regarding the authenticity, creation, storage, and retrieval of | 0.5 | 0.25 | [To be filled in during trial] |

| Witness's Name*, Phone Number, Address | Summary of Testimony / Why Testimony Unique | Time for Direct Exam (hours)[1] | Time for Cross Exam (hours) | Dates of Testimony |
|---|---|---|---|---|
| Inc.<br>2443 Fillmore St<br>San Francisco, CA 94115 | messages sent and received through the Marco Polo application and the records produced in response to subpoena. Unique in that no other witness can lay the business-records foundation for these materials. Will be called only if authenticity and foundation are not stipulated. | | | |
| Daniel E. Buffington, PharmD, MBA<br>Clinical Pharmacology Services, Inc.<br>6285 E. Fowler Avenue<br>Tampa, FL 33617<br>(813) 983-1500 | Retained expert in clinical pharmacology and toxicology, offered in two capacities. As Defendant's affirmative expert, will testify consistent with his report dated January 9, 2026, and his disclosure under Fed. R. Civ. P. 26(a)(2)(B), including but not limited to that Plaintiff's account of being drugged is pharmacologically and toxicologically unreliable, including that a "blackout" is inconsistent with the stimulant effects of amphetamine salts (Adderall) and is instead consistent with the alcohol Plaintiff admits consuming (Puerto Vallarta incident); that GHB's rapid onset, short half-life, and clearance within approximately 12–24 hours are inconsistent | 2.5 | 2.0 | [To be filled in during trial] |

| **Witness's Name*, Phone Number, Address** | **Summary of Testimony / Why Testimony Unique** | **Time for Direct Exam (hours)[1]** | **Time for Cross Exam (hours)** | **Dates of Testimony** |
|---|---|---|---|---|
| | with Plaintiff's claimed "weeks" of directional disorientation and inability to drive following a single alleged dose (Daytona Beach incident); that the contents of the "5-Hour Energy bottle" were never tested; that Plaintiff's contemporaneous text messages reflect intact memory and recall; and that Plaintiff's admitted history of recreational polysubstance use, together with the complete absence of any toxicological testing, makes it scientifically unreliable to attribute her symptoms to any substance allegedly provided by a defendant. As Defendant's rebuttal expert, will testify consistent with his rebuttal report dated January 24, 2026, regarding the methodological deficiencies in the opinions of Plaintiff's expert Marc A. LeBeau, including the absence of objective toxicological evidence, the misapplication of drug-facilitated sexual assault literature, and the unreliability of the Widmark calculations. | | | |

| Witness's Name*, Phone Number, Address | Summary of Testimony / Why Testimony Unique | Time for Direct Exam (hours)[1] | Time for Cross Exam (hours) | Dates of Testimony |
|---|---|---|---|---|
| | Unique as the only expert offered by Defendant Bjorkman on clinical pharmacology and toxicology. | | | |
| Marc A. Cohen, M.D.<br>Forensic Consultant in Psychiatry and Behavioral Sciences<br>333 S. Beverly Drive, Suite 200<br>Beverly Hills, CA 90212<br>(310) 724-5500 | Retained forensic psychiatry expert. Will testify consistent with his report dated January 9, 2026, and his disclosure under Fed. R. Civ. P. 26(a)(2)(B), based on his Rule 35 psychiatric examination of Plaintiff (a videorecorded, approximately 7.33-hour evaluation conducted November 21, 2025 in Orlando, Florida) and his review of the case record, regarding whether Plaintiff suffered any mental or emotional harm as a result of the alleged encounters; the results of psychological testing administered during the examination, including an elevated Malingering Index on the Personality Assessment Inventory; the inconsistencies between Plaintiff's claimed impairment and her documented day-to-day functioning; and the absence of psychiatric support for Plaintiff's claimed damages and causation.<br>Unique as the only expert who conducted a Rule 35 | 2.0 | 2.0 | [To be filled in during trial] |

| Witness's Name*, Phone Number, Address | Summary of Testimony / Why Testimony Unique | Time for Direct Exam (hours)[1] | Time for Cross Exam (hours) | Dates of Testimony |
|---|---|---|---|---|
| | examination of Plaintiff and the only witness who will address her psychiatric presentation and claimed emotional-distress damages from that examination. | | | |
| Elizabeth F. Loftus, Ph.D.<br>University of California, Irvine<br>2393 Social Ecology II<br>Irvine, CA 92697<br>(949) 824-3285 | Retained expert in human memory. Will testify consistent with her report dated January 9, 2026, and her disclosure under Fed. R. Civ. P. 26(a)(2)(B), applying the scientific research on human memory to the facts of this case, regarding the constructive and reconstructive nature of memory; how post-event information, suggestion, the passage of time, media coverage, and repeated retelling can contaminate, alter, or distort a person's memory of an event; the phenomenon of false memory; and the implications of these principles for the reliability of Plaintiff's recollections of the events alleged in the First Amended Complaint. Unique as the only expert offered on the science of memory and the reliability of Plaintiff's recollections. | 1.5 | 1.5 | [To be filled in during trial] |
| Matthew W. Norman, M.D.* | Retained forensic psychiatry expert. Will | 2.0 | 2.0 | [To be filled in |

| Witness's Name*, Phone Number, Address | Summary of Testimony / Why Testimony Unique | Time for Direct Exam (hours)[1] | Time for Cross Exam (hours) | Dates of Testimony |
|---|---|---|---|---|
| (and to the extent not excluded)<br>4401 Northside Parkway, NW, Suite 245<br>Atlanta, GA 30327<br>(404) 495-5900 | testify consistent with his report dated January 9, 2026, and his disclosure under Fed. R. Civ. P. 26(a)(2)(B), regarding the scientific literature on drug-facilitated sexual assault (DFSA), including its prevalence, the substances most commonly involved, and the typical circumstances of DFSA incidents; the pharmacology and toxicology of gamma-hydroxybutyrate (GHB), including its effects on memory and consciousness, its detection window, and the difficulty of distinguishing endogenous from exogenous GHB; and his opinion, to a reasonable degree of medical probability, regarding the likelihood of covert GHB administration to Plaintiff and the unreliability of conclusions drawn from subjective reports rather than objective toxicological data. Unique as the only expert offered on the DFSA literature and the forensic psychiatric assessment of the alleged covert administration of GHB. | | | during trial] |

*Indicates that witness will be called only if the need arises.

Defendant Michael Bjorkman further reserves the right to call any witness identified by any other party to this action, including any expert witness disclosed or designated by any other party, and to call any witness necessary for purposes of impeachment or rebuttal.

Without limiting the foregoing, and to the extent not already identified or designated above, Defendant Michael Bjorkman further reserves the right to call the following witnesses, including in rebuttal, as previously disclosed by the other parties to this action: Deborah K. Heisz; Branko Jovanovic, Ph.D.; Dr. Kimberly B. Mehlman-Orozco, Ph.D.; and Lori Namazi.

Defendant's reservation of the right to call witnesses identified by other parties is not a stipulation to the admissibility, relevance, or non-cumulative nature of any such testimony. Defendant reserves all objections to any witness identified herein or by any other party, including objections under the Federal Rules of Evidence and any challenge under Rule 702 and *Daubert*, and reserves the right to move to exclude or limit such testimony.

By this Amended Witness List, Defendant Michael Bjorkman also does not waive, and expressly preserves, all objections to the Court's rulings on the parties' motions in limine concerning evidence offered, including under Federal Rules of Evidence 415 and 404(b). To the extent the Court has ruled that Plaintiff may offer certain testimony concerning an alleged sexual act under Rule 415, and the testimony of an alleged incident limited to alleged drugging, Defendant preserves and does not

waive his objections to that testimony under Federal Rules of Evidence 403, 404, 412, and 415, and preserves those objections for all purposes at trial and on appeal. The identification of witnesses on any party's witness list, and any examination of, response to, or evidence offered concerning such witnesses by Defendant, is compelled by and taken in reliance upon the Court's ruling and shall not be construed as a waiver of, acquiescence in, or consent to that ruling or to the admissibility of such testimony.

Defendant reserves the right to renew his objections before and during trial, to request limiting instructions under Federal Rule of Evidence 105, and to move to exclude or limit such testimony. Defendant further relies upon and preserves all rights under the Court's ruling excluding all other evidence offered under Rules 415 and 404(b), and reserves all objections to any attempt by any party to offer, elicit, or reference such excluded evidence in any form.

Defendant Michael Bjorkman reserves the right to file an amended witness list, and reserves the right to supplement or amend this list in light of any other order of the Court affecting the parties, claims, or evidence to be presented at trial (and as trial proceeds).

DATED this 9th day of October, 2026.

Respectfully Submitted:

CHESNOFF & SCHONFELD

/s/ Richard A. Schonfeld
RICHARD A. SCHONFELD
520 S. 4th Street
Las Vegas, Nevada 89101
Attorney for Defendant
Michael Bjorkman

# CERTIFICATE OF SERVICE

I hereby certify that on the 9th day of October 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notice of the filing to all counsel of record registered for electronic service.

/s/ Richard A. Schonfeld
RICHARD A. SCHONFELD, ESQ.