Ivy A. Wang (SBN CA 224899)
Daniel J. Wadley (*Admitted Pro Hac Vice*)
GREENBERG TRAURIG, LLP
1840 Century Park East, Suite 1900
Los Angeles, California 90067-2121
Telephone: 310.586.7700
Facsimile: 310.586.7800
Ivy.Wang@gtlaw.com
wadleyd@gtlaw.com

William E. Pallares (SBN CA 187740)
LEWIS BRISBOIS BISGAARD & SMITH LLP
633 West 5th Street, Suite 4000
Los Angeles, CA 90071
Telephone: 213.250.1800
Facsimile: 213.250.7900
William.Pallares@lewisbrisbois.com

Attorneys for Defendants eXp Realty, LLC; AGNT, Inc. f/k/a eXp World Holdings, Inc.; and Glenn Sanford

**UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

ANYA ROBERTS,

Plaintiffs,

v.

eXp REALTY, LLC; eXp WORLD HOLDINGS, INC.; MICHAEL L. BJORKMAN; DAVID S. GOLDEN; GLENN SANFORD; BRENT GOVE; and DOES 1–10,

Defendants.

CASE NO. 2:23-cv-10492-AB-CTS

Hon. André Birotte Jr., Ctrm 7B
Magistrate Judge Christina T. Shay

**eXp DEFENDANTS' AMENDED WITNESS LIST**

Final Pre-Trial Conference: August 14, 2026
Trial: November 16, 2026

Action Filed: December 14, 2023
FAC Filed: June 13, 2024

Defendants eXp Realty, LLC, and Glenn Sanford ("eXp Defendants") reserve the right to amend and supplement this witness list.

| Witness's Name*, Phone Number, Address | Summary of Testimony / Why Testimony Unique | Time for Direct Exam (hours) | Time for Cross Exam (hours) | Dates of Testimony |
|---|---|---|---|---|
| Anya Roberts, may be contacted through her counsel | eXp anticipates that Plaintiff will testify that Defendants Golden and Bjorkman drugged and sexually assaulted her in Puerta Vallarta, Mexico; Las Vegas, Nevada; and Daytona Beach, Florida. Further, Plaintiff will testify that she is a citizen of the State of Florida. | | 3.5 | |
| Michael Bjorkman, may be contacted through his counsel | eXp anticipates that Mr. Bjorkman will testify that he did not drug or sexually assault Plaintiff. Further, he will testify that he first met Plaintiff in March of 2020 and had no further interaction with her after he met her at Daytona Beach, Florida. | 1 | .5 | |
| David Golden, may be contacted through his counsel | eXp anticipates that Mr. Golden will testify that he met Plaintiff through his girlfriend Emily Keenan and that Plaintiff and Ms. Keenan engaged in consensual sex. He will further testify that Plaintiff solicited his assistance to her change sponsorship at eXp and that he advised her eXp's policies and procedures prohibited | 1 | .5 | |

| Witness's Name*, Phone Number, Address | Summary of Testimony / Why Testimony Unique | Time for Direct Exam (hours) | Time for Cross Exam (hours) | Dates of Testimony |
|---|---|---|---|---|
| | sponsorship changes. Moreover, he will testify that he and Plaintiff then entered into a consensual relationship wherein the two were intimate. Mr. Golden will further testify that Plaintiff voluntarily ingested drugs with him and consensually participated in a sexual relationship with him. This included Plaintiff voluntarily traveling to Las Vegas, Nevada, with her business partner Holly Madden, in February 2020 so that she could be with him. He will also testify that he abruptly ended the relationship with Plaintiff in March 2020 at Daytona Beach, Florida. | | | |
| Holly Madden, may be contacted through Plaintiff's counsel | eXp anticipates that Ms. Madden will testify that she traveled with Plaintiff to Puerta Vallarta, Mexico, Las Vegas, Nevada; and Daytona Beach, Florida. She will also testify to Plaintiff's statements and her observations of the events at issue. | 1 | 1 | |

| Witness's Name*, Phone Number, Address | Summary of Testimony / Why Testimony Unique | Time for Direct Exam (hours) | Time for Cross Exam (hours) | Dates of Testimony |
|---|---|---|---|---|
| Chris Bear | Mr. Bear will testify that he is a real estate agent at eXp. Further, he is Plaintiff's sponsor. He will further testify that, at the time Plaintiff spoke to him about her relationship with Mr. Golden, he was not an officer for eXp. | .5 | 1 | |
| Emily Keenan, may be contacted through attorney Sandy Passman | eXp anticipates that Ms. Keenan will testify that she met Plaintiff at Puerta Vallarta, Mexico and that she introduced Plaintiff to Golden. eXp further anticipates that Ms. Keenan will testify that she and Plaintiff engaged in a consensual sexual relationship while at Puerta Vallarta, Mexico.<br><br>*If necessary, Ms. Keenan will testify in rebuttal to any testimony on the part of Megan Farrell-Nelson relative to August 2020. Ms. Keenan will testify that Ms. Farrell-Nelson voluntarily ingested drugs and alcohol that weekend in August 2020. Moreover, Ms. Keenan will testify that Ms. Farrell-Nelson participated in consensual sex with Ms. | .5 | .5 | |

| Witness's Name*, Phone Number, Address | Summary of Testimony / Why Testimony Unique | Time for Direct Exam (hours) | Time for Cross Exam (hours) | Dates of Testimony |
|---|---|---|---|---|
| | Keenan, Ms. Tunks and Bjorkman in August 2020 at the Wynne Encore Hotel in Las Vegas, Nevada. Further, Ms. Keenan will testify to Ms. Farrell-Nelson's behavior following the alleged sexual encounter with Bjorkman. Ms. Keenan may also testify to prior inconsistent statements by Ms. Farrell-Nelson. | | | |
| Holly Mabery, 30(b)(6) re corporate structure | Ms. Mabery will testify that eXp World Holdings Inc. is a Delaware corporation with its principal place of business in the State of Washington. Further, she will testify that eXp Realty, LLC is a Limited Liability Corporation formed in the State of Washington and with its principal place of business in the State of Washington. * If necessary, Ms. Mabery will testify that eXp World Holdings is the parent company of eXp Realty and that eXp World Holdings does not oversee the day-to-day operations of eXp Realty. Moreover, Ms. Mabery will testify that eXp World Holdings defers | .7 | .7 | |

| Witness's Name*, Phone Number, Address | Summary of Testimony / Why Testimony Unique | Time for Direct Exam (hours) | Time for Cross Exam (hours) | Dates of Testimony |
|---|---|---|---|---|
| | to eXp Realty when it comes to brokerage operations and its real estate agents. | | | |
| Brandon Williams, 30(b)(6) re revenue share | Mr. Williams will testify as to eXp's revenue share program. This includes how agents at eXp Realty participate in the revenue share program. Specifically, Mr. Williams will testify as to how revenue share is calculated both for expanded and exponential revenue share payments. He will further testify as to the term FLQAs (Front Line Qualified Agents) and how FLQAs are determined for purposes of calculating exponential revenue share. He will further testify that there are no calculations wherein eXp Realty or eXp World Holdings receive an allocation for revenue share. | .7 | 1 | |
| James Bramble, 30(b)(6) re revenue share policies and post August 2020 investigation | Mr. Bramble will testify as to eXp's revenue share program. This includes how agents at eXp Realty participate in the revenue share program and the policies behind it. He will further testify as to the | .7 | .5 | |

| Witness's Name*, Phone Number, Address | Summary of Testimony / Why Testimony Unique | Time for Direct Exam (hours) | Time for Cross Exam (hours) | Dates of Testimony |
|---|---|---|---|---|
| | process behind eXp's post August 2020 investigation and conclusions. | | | |
| Cory Haggard, 30(b)(6) re eXp Realty Agent Compliance Committee | Mr. Haggard will testify as to eXp Realty's Agent Compliance Committee and the investigation of post-August 2020 accusations regarding Michael Bjorkman and David Golden. | .7 | 1 | |
| Dr. Marc Cohen (Expert), may be contacted through eXp Defendants' counsel | Dr. Cohen will testify to his qualifications as a licensed physician to practice in the State of California and Washinton. He has a Master's of Science degree in Physiological Science and received an M.D. and completed a psychiatric residency. He is board certified in psychiatry and forensic psychiatry by the American Board of Psychiatry and Neurology. Dr. Cohen will offer opinions on whether Plaintiff suffered any mental damage or emotional harm as a result of exposure to sexual encounters with Mr. Mr. Golden, Bjorkman or Ms. Keenan. Dr. Cohen will also serve a as a rebuttal witness to | 1 | 1 | |

| Witness's Name*, Phone Number, Address | Summary of Testimony / Why Testimony Unique | Time for Direct Exam (hours) | Time for Cross Exam (hours) | Dates of Testimony |
|---|---|---|---|---|
| | Plaintiff's expert Dr. Raghavan. | | | |
| Gary Olsen (Expert), may be contacted through eXp Defendants' counsel | Mr. Olsen will testify to his qualifications as a Certified Public Accountant, licensed by the State of California. He has also been accredited by the American Institute of Certified Public Accountants in business valuation. Depending on the court's rulings on pending motions in limine, Mr. Olsen may testify to his opinion that the net revenue amount that eXp Realty received from Plaintiff totaled approximately $58,898 between 2018 and 2023, or .046% of eXp Realty's net revenues. Based on Plaintiff's contribution to eXp, only a significantly smaller amount could potentially be attributed to Sanford's compensation which could only represent .007% of his compensation. Moreover, this revenue is separate and apart from monies paid through eXp Realty's Revenue Share Program. | .7 | 1 | |
| Lori Namazi (Expert), may be | Ms. Namazi will testify to her qualifications as a | .7 | 1 | |

| Witness's Name*, Phone Number, Address | Summary of Testimony / Why Testimony Unique | Time for Direct Exam (hours) | Time for Cross Exam (hours) | Dates of Testimony |
|---|---|---|---|---|
| contacted through eXp Defendants' counsel | California-licensed real estate broker with 23 years of industry experience, specializing in brokerage operations and regulatory compliance. She will offer the following opinions that: the industry standard of care for a broker to vet and onboard prospective real estate agents centers on a reliance upon the Department of Real Estate licensing process; check the DRE to confirm an active license and ascertain whether there are any restrictions; and, if there are restrictions, contact the prospective agent and inquire. She will further opine that eXp Realty's process to vet and onboard prospective real estate agents complied with the standard of care and that this includes the vetting and onboarding of Golden and Bjorkman. | | | |
| Dr. Kimberly Mehlman Orozco (Expert), may be contacted through eXp | Dr. Mehlman-Orozco will testify to her qualifications as to her 18 years of experience as an expert on human trafficking. Dr. Mehlman-Orozco regularly serves as an expert witness | .7 | 1 | |

| Witness's Name*, Phone Number, Address | Summary of Testimony / Why Testimony Unique | Time for Direct Exam (hours) | Time for Cross Exam (hours) | Dates of Testimony |
|---|---|---|---|---|
| Defendants' counsel | for hum trafficking cases. She holds a Ph.D. in Criminology. Since 2017, she has been the only Human Trafficking Expert Witness admitted by the Superior Court of California, County of Los Angeles to its "Panel of Expert Witnesses." Dr. Mehlman-Orozco will offer the following opinions: Sex trafficking is typically a clandestine crime; sex trafficking typically involves elements of modern slavery; sex trafficking victims are typically difficult to identify; indicia of other forms of crime, such as prostitution or sexual assault, are often erroneously conflated with indicia of sex trafficking; there were no indicia of "sex trafficking" tailored to the real estate industry at the time of Plaintiff's alleged incident; the research, evidence, and testimony suggests that Plaintiff would not have been identified as a victim of sex trafficking; there is no testimony or data to | | | |

| Witness's Name*, Phone Number, Address | Summary of Testimony / Why Testimony Unique | Time for Direct Exam (hours) | Time for Cross Exam (hours) | Dates of Testimony |
|---|---|---|---|---|
| | suggest that the alleged trafficking of Plaintiff was foreseeable or predictable; and Plaintiff's allegations, accepting them as true, are atypical and inconsistent with standard sex trafficking patterns and indicia. | | | |
| Dr. Elizabeth Loftus (Expert), may be contacted through eXp Defendants' counsel | Dr. Loftus will testify to her qualifications as to her years of experience and research surrounding memory. Dr. Loftus has a Ph.D. in Psychology and was elected to the National Academy of Science. Dr. Loftus will testify that based on her background, research, and training that consumption of drugs and alcohol does impact memory formation and recall. Dr. Loftus will further testify that the evidence is clear that during the period of time between the alleged assaults of 2020 and Plaintiff's complaint in 2024 that Plaintiff was exposed to suggestive information from other sources to form her memory of sexual assault. As such, Plaintiff's | .5 | .5 | |

| Witness's Name*, Phone Number, Address | Summary of Testimony / Why Testimony Unique | Time for Direct Exam (hours) | Time for Cross Exam (hours) | Dates of Testimony |
|---|---|---|---|---|
| | reconstruction of her memory of past events bears signs of tainted memory construction, formation and recall. | | | |
| Dr. Daniel Buffington (Expert), may be contacted through eXp Defendants' counsel | Will provide a pharmacological and toxicological analysis of the claims made by Plaintiff regarding her ingestion of certain substances and the subsequent physiological and cognitive effects she described. His testimony is unique because he will opine on the effects of certain substances on an individual. | .5 | 1.0 | |
| Deborah Heisz* (Expert), may be contacted through eXp Defendants' counsel | Rebuttal testimony, if necessary, on eXp's revenue share model. | .7 | .5. | |
| Branko Jovanovic* (Expert), may be contacted through eXp Defendants' counsel | Rebuttal testimony, if necessary, on eXp's revenue share model. | .7 | 1 | |
| Brady Nelson,* may be contacted through | Mr. Nelson will testify that he observed Plaintiff at his home following the event at Daytona Beach. While | .5 | .5 | |

| Witness's Name*, Phone Number, Address | Summary of Testimony / Why Testimony Unique | Time for Direct Exam (hours) | Time for Cross Exam (hours) | Dates of Testimony |
|---|---|---|---|---|
| Plaintiff's counsel | Plaintiff appeared intoxicated, he did not observe Plaintiff, Golden or Bjorkman ingest drugs. *If necessary, Mr. Nelson will testify as an impeachment witness to Ms. Farrell-Nelson. | | | |
| Sarah Cruse* | Ms. Cruse will testify as an eye-witness to the events underlying Ms. Christiana Lundy's allegations against Mr. Golden and Mr. Bjorkman, if Ms. Lundy is permitted to provide inadmissible Rule 415 testimony. | .5 | .5 | |
| Glenn Sanford,* may be contacted through eXp Defendants' counsel | Mr. Sanford will testify, if necessary, to his lack of knowledge of the underlying allegations in this matter. | .5 | .5 | |
| Dr. Matthew Norman* (Expert), may be contacted through eXp Defendants' counsel | Rebuttal testimony, if necessary, to Plaintiff's expert witness Marc LeBeau. | .5 | .5 | |

*Indicates that witness will be called only if the need arises.

//

//

Respectfully submitted,

DATED: October 12, 2026

GREENBERG TRAURIG, LLP

By /s/ Ivy A. Wang

Ivy A. Wang
Daniel J. Wadley
Attorneys for Defendants eXp Realty, LLC; AGNT, Inc. f/k/a eXp World Holdings, Inc.; and Glenn Sanford

DATED: October 12, 2026

LEWIS BRISBOIS BISGAARD & SMITH LLP

By: /s/ William E. Pallares

WILLIAM E. PALLARES
Attorneys for Defendants eXp Realty, LLC; AGNT, Inc. f/k/a eXp World Holdings, Inc.; and Glenn Sanford