Jennifer A. Lenze, Esq., CA Bar No. 246858
**LENZE LAWYERS, PLC**
999 Corporate Drive, Suite 100
Ladera Ranch, CA 92694
T: (310) 322-8800
F: (310) 322-8811
jlenze@lenzelawyers.com

Brooke Cohen, Esq., TX Bar No. 24007019 (PHV)
Andrea Hirsch, Esq., GA Bar No. 666557 (PHV)
**COHEN HIRSCH, LP**
5256 Peachtree Road, Suite 195-E
Atlanta, GA 30341
T: (678) 268-4683
brooke@cohenhirsch.com
andrea@cohenhirsch.com

Attorneys for Plaintiff Anya Roberts

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ANYA ROBERTS,<br><br>Plaintiff,<br>v.<br>eXp REALTY, LLC; MICHAEL L. BJORKMAN; DAVID S. GOLDEN; and GLENN SANFORD,<br><br>Defendants. | Case No. 2:23-cv-10492-AB-CTS<br>**AMENDED DISPUTED JURY INSTRUCTIONS – TRIAL 2 (DEFENDANTS eXp REALTY AND SANFORD)**<br><br>Trial Date: November 16, 2026<br><br>Location: Courtroom 7B<br>Judge: Hon. André Birotte Jr. |

Pursuant to the Court's Order Re: Civil Jury/Court Trial, the Court's order severing the claims for separate trial [Dkt. 472], and the Court's September 23, 2026 ruling [Dkt. 503], attached hereto as Exhibit A are the parties' disputed jury instructions for Trial 2 — the trial of Plaintiff's claims against Defendants eXp Realty, LLC and Glenn Sanford.

The instructions, positions, and objections are reproduced from the parties' Disputed Jury Instructions filed July 31, 2026 [Dkt. 442], and the instruction numbering of Dkt. 442 is retained. The set has been conformed to the Court's rulings as follows: (1) summary judgment was granted in favor of eXp World Holdings, Inc. on all claims [Dkt. 472], and references to eXp World Holdings, Inc. in the proposed instructions have been removed;

Dkt. 442 No. 19 (beneficiary liability — eXp World Holdings) is omitted; (2) summary judgment was granted in favor of Defendant Sanford on Plaintiff's vicarious-liability theories and negligent hiring, supervision, and retention claim [Dkt. 472]; Dkt. 442 No. 29 (negligent hiring — Sanford) is omitted, and the agency and negligent-hiring instructions (Nos. 8–13, 28, and 30–34) are directed to eXp Realty, LLC only; (3) under the Court's September 23, 2026 ruling, Defendants David S. Golden and Michael L. Bjorkman are not parties to Trial 2, but the question whether either of them violated 18 U.S.C. § 1591 will be tried in Trial 2 as an element of Plaintiff's claims; the instructions on that predicate (Nos. 14–16) are retained and conformed to the non-party status of Messrs. Golden and Bjorkman, and Plaintiff proposes a new Instruction No. 86 concerning their non-party status; (4) Dkt. 442 Nos. 17 and 18 (conspiracy and attempt, 18 U.S.C. § 1594) are omitted in light of the Court's August 14, 2026 ruling on the attempt theory against Messrs. Golden and Bjorkman and the withdrawal of Plaintiff's § 1591 claims against Messrs. Golden and Bjorkman; no claim under § 1594 is asserted against the Trial 2 Defendants as attempt to benefit is written in § 1595; and (5) the objections of Defendants Golden and Bjorkman, and Defendant Golden's Instruction No. 15, are reproduced as filed in Dkt. 442 for the Court's convenience, although those Defendants are not parties to Trial 2. Plaintiff's conforming edits are identified by bracketed notes following the affected instructions. Nothing herein withdraws or modifies any instruction, position, or objection stated in Dkt. 442, and each party's positions and objections are preserved.

Dated: October 12, 2026

**LENZE LAWYERS, PLC**
**COHEN HIRSCH, LP**

By: /s/ Jennifer A. Lenze
Jennifer A. Lenze (CA Bar No. 246858)
Brooke F. Cohen (TX Bar No. 24007019, PHV)
Andrea S. Hirsch (GA Bar No. 666557, PHV)
Attorneys for Plaintiff Anya Roberts

Dated: October 12, 2026

**GREENBERG TRAURIG, LLP**

By: /s/ Ivy Wang
Ivy A. Wang
Daniel Wadley
Attorneys for Defendants eXp Realty, LLC and Glenn Sanford

Dated: October 12, 2026 **LEWIS BRISBOIS BISGAARD & SMITH, LLP**

By: /s/ William Pallares
William E. Pallares
Attorneys for Defendants eXp Realty, LLC and Glenn Sanford

Attestation: Pursuant to L.R. 5-4.3.4(a)(2)(i), the filer attests that all other signatories listed, and on whose behalf this filing is submitted, concur in the filing's content and have authorized the filing.

# Index of Disputed Jury Instructions


| Instruction Number | Title | Source | Page Number |
|---|---|---|---|
| 1 | Claims and Defenses | 9th Cir. Model 1.5 | 4-7 |
| 3 | Duty of Jury - Oral Preliminary Instructions | 9th Cir. Model 1.3 | 8 |
| 4 | Burden of Proof - Clear and Convincing Evidence | 9th Cir. Model 1.7 | 9 |
| 7 | Punitive Damages | 9th Cir. Model 5.5 | 10-12 |
| 8 | Agent and Principal - Definition | 9th Cir. Model 4.4 | 13-14 |
| 9 | Agent - Scope of Authority Defined | 9th Cir. Model 4.5 | 15 |
| 10 | Apparent Agency | 9th Cir. Model 4.6 | 16-17 |
| 11 | Ratification | 9th Cir. Model 4.7 | 18 |
| 12 | Adverse Interest Exception | 9th Cir. Model 4.13 | 19 |
| 13 | Independent Contractor - Definition | 9th Cir. Model 4.14; CACI 3705; CACI 3704 (alternative); CACI 426 | 20-21 |
| 14 | TVPRA Claims / Direct Perpetrator - eXp Version | 18 U.S.C. § 1591 | 22-23 |
| 15 | TVPRA Direct Liability - Defendant Golden's Version | 18 U.S.C. §§ 1591(a)(1), 1591(e)(2)-(5), 1595(a); 9th Cir. Model Crim. 20.25A (adapted); Todd; Combs; Roe v. Howard | 24-25 |
| 16 | TVPRA – Violation of 18 U.S.C. § 1591 by Mr. Golden or Mr. Bjorkman (Predicate) - Plaintiff's Version | 18 U.S.C. §§ 1591(a)(1), 1591(e)(2)-(3), 1595(a); 9th Cir. Model Crim. 20.25A (adapted); Todd; Hornbuckle; Acevedo | 26-30 |
| 20 | TVPRA Knowing Beneficiary Liability - eXp Realty, LLC | 18 U.S.C. § 1595; J.G. v. Northbrook Industries | 31 |
| 21 | TVPRA Knowing Beneficiary Liability - Glenn Sanford | 18 U.S.C. § 1595; J.G. v. Northbrook Industries | 32 |
| 22 | TVPRA Knowledge Defined - eXp Version | Doe v. Red Roof Inn, 21 F.4th 714, 726 (11th Cir. 2021) | 33 |
| 23 | TVPRA Venture Defined - eXp Version | 18 U.S.C. § 1591(e)(6); Doe v. Red Roof Inn | 34 |
| 24 | TVPRA Participation in a Venture Defined - eXp Version | Mangroe; G.G. v. Salesforce.com; Red Roof Inns; Catelyn H. | 35 |

| Instruction Number | Title | Source | Page Number |
|---|---|---|---|
| 25 | TVPRA Engaged in Sex Trafficking Defined - eXp Version | 18 U.S.C. § 1591; Mangroe; Salesforce; Red Roof Inns; Catelyn H. | 36 |
| 26 | TVPRA Attempted Beneficiary Liability - Plaintiff's Version | 18 U.S.C. § 1595(a); Ratha v. Rubicon Resources, LLC (9th Cir. 2026) (en banc); Acevedo | 37-39 |
| 27 | TVPRA Beneficiary Liability - Plaintiff's Version | 18 U.S.C. § 1595(a); Acevedo; Ratha (en banc) | 40-41 |
| 28 | Negligent Hiring, Retention, and Supervision - eXp Realty Version | CACI 426 (modified) | 42-43 |
| 30 | Negligent Hiring, Supervision, or Retention - Plaintiff's Version | CACI 426 | 44-45 |
| 31 | Negligence Defined - eXp Version | 9th Cir. Model 6.3 | 46 |
| 32 | Causation - eXp FELA Version | 9th Cir. Model 6.4 | 47 |
| 33 | Causation - Substantial Factor | CACI 430 | 48 |
| 34 | Multiple Causes | CACI 431 (modified) | 49-50 |
| 80 | Evidence of Other Sexual Assaults - Permitted Propensity Use | Fed. R. Evid. 413 and 415; 9th Cir. Model Crim. 2.11 (adapted) | 51-53 |
| 81 | Other Acts Evidence - Permitted Nonpropensity Uses | Fed. R. Evid. 404(b) and 105 | 54-57 |
| 82 | Loss of Electronically Stored Information - Curative Instruction | Fed. R. Civ. P. 37(e)(1) | 58-59 |
| 83 | Intentional Loss of Electronically Stored Information - Adverse Inference | Fed. R. Civ. P. 37(e)(2) | 60 |
| 86 | Non-Parties David S. Golden and Michael L. Bjorkman - Plaintiff's Version | Dkt. 503; 9th Cir. Models 1.5 and 1.8 (adapted) | 61 |

# EXHIBIT A

## DISPUTED JURY INSTRUCTIONS – TRIAL 2

## DISPUTED INSTRUCTION NO. 1

### 1. Claims and Defenses

Proposed by: Plaintiff

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

Plaintiff Anya Roberts asserts that Michael L. Bjorkman and David S. Golden, who are not parties to this trial, violated the Trafficking Victims Protection Reauthorization Act, sometimes referred to as the "TVPRA," by engaging in sex trafficking of Ms. Roberts. You will be asked to decide whether Ms. Roberts has proved that one or both of them violated the TVPRA, because that is a necessary part of her federal claims under 18 U.S.C. § 1595 against the Defendants in this trial, eXp Realty, LLC and Glenn Sanford.

Ms. Roberts further asserts that Defendants eXp Realty, LLC and Glenn Sanford knowingly benefited from participating in one or more ventures that they knew or should have known had engaged in conduct that violated the TVPRA.

Ms. Roberts also asserts that eXp Realty, LLC is legally responsible for the conduct of Michael L. Bjorkman and David S. Golden in violation of the TVPRA under principles of agency and vicarious liability.

Ms. Roberts further asserts that eXp Realty, LLC was negligent in connection with the hiring, retention, supervision, or control of Michael L. Bjorkman and David S. Golden.

Ms. Roberts has the burden of proving these claims.

The defendants deny Ms. Roberts's claims. They contend, among other things, that all interactions with Ms. Roberts were consensual; neither Mr. Bjorkman nor Mr. Golden engaged in sex trafficking; the requirements for a commercial sex act were not satisfied; neither Mr. Bjorkman nor Mr. Golden used or intended to use force, fraud, or coercion to cause Ms. Roberts to engage in a commercial sex act; and eXp Realty, LLC and Glenn Sanford did not knowingly benefit from participating in a venture that they knew or should have known violated the TVPRA.

The defendants further contend that Michael L. Bjorkman and David S. Golden were not acting as agents of eXp Realty, LLC with respect to the conduct at issue; that eXp

Realty, LLC is not vicariously liable for their conduct; that eXp Realty, LLC was not negligent; and that no defendant legally caused Ms. Roberts's claimed injuries or damages.

The defendants do not have the burden of disproving Ms. Roberts's claims. If I instruct you on any affirmative defense, however, the defendant asserting that defense has the burden of proving that defense by a preponderance of the evidence.

Authority: Ninth Circuit Model Civil Jury Instruction 1.5

**eXp Defendants' Objection to Plaintiff's Proposed Jury Instruction No. 1**

The eXp Defendants object to Plaintiffs' Proposed Jury Instruction No. 1 on the basis that it is an improper instruction to the jury. The summation of the claims and defenses along with the evidence is subject to closing argument. This also includes each party's burden. This Court should not be asked to read an instruction that has an intended purpose to present to the jury what is essentially agreed upon argument. This instruction is nothing but a waste of time. The parties will never agree upon its wording and the Court should not be asked to referee each party's position.

Further, the instruction is substantively defective as it misstates, in part, the causes of action Plaintiff has made against the eXp Defendants. This Court has dismissed Plaintiff's Count I and II for direct perpetrator liability that Plaintiff pled against Golden and Bjorkman. Without perpetrator liability under the TVPRA, there can be no vicarious liability against eXp Realty LLC.

[Plaintiff's note (Trial 2): Instruction No. 1 is conformed to the Court's rulings: summary judgment was granted for eXp World Holdings, Inc. on all claims and for Defendant Sanford on the vicarious-liability and negligent-hiring claims [Dkt. 472]; Plaintiff's state-law tort claims against Messrs. Bjorkman and Golden are not before this jury; and under the Court's September 23, 2026 ruling [Dkt. 503] the question whether Messrs. Bjorkman and Golden violated 18 U.S.C. § 1591 will be decided in this trial as an element of Plaintiff's claims against eXp Realty, LLC and Mr. Sanford, although Messrs.

Bjorkman and Golden are not parties to it. The eXp Defendants' objection is reproduced from Dkt. 442 without change; its reference to "eXp Realty, LLC was not negligent" is now reflected in the instruction. The objections of Messrs. Bjorkman and Golden, who are not parties to Trial 2, are reproduced for the Court's convenience.]

**PLAINTIFF'S SUPPLEMENTAL RESPONSE TO eXp'S DKT. 514 ARGUMENT:** The dismissal of Counts I and II against Mr. Golden and Mr. Bjorkman personally did not, by itself, adjudicate whether the alleged § 1591 predicate conduct occurred. Plaintiff disputes eXp's contention that the withdrawal automatically eliminates eXp Realty's separately preserved vicarious-liability theory and requests that the Court determine that issue under Dkts. 472, 503, and 514.

**DISPUTED INSTRUCTION NO. 3**

**3. Duty of Jury - Oral Preliminary Instructions**

Proposed by: eXp Defendants

Members of the jury: You are now the jury in this case. It is my duty to instruct you on the law.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

At the end of the trial, I will give you final instructions. It is the final instructions that will govern your duties.

Please do not read into these instructions or anything I may say or do, that I have an opinion regarding the evidence or what your verdict should be.

Authority: Ninth Circuit Model Civil Jury Instruction 1.3

**PLAINTIFF'S OBJECTION:** No objection to the substance of Model Instruction 1.3, which duplicates the parties' Joint preliminary Duty of Jury instruction (Model 1.2). Plaintiff defers to the Court's preferred practice on whether preliminary instructions are read only or also provided in writing, and proposes that only one preliminary duty-of-jury instruction be given.

## DISPUTED INSTRUCTION NO. 4

**4. Burden of Proof - Clear and Convincing Evidence**

Proposed by: eXp Defendants

When a party has the burden of proving any claim or defense by clear and convincing evidence, it means that the party must present evidence that leaves you with a firm belief or conviction that it is highly probable that the factual contentions of the claim or defense are true. This is a higher standard of proof than proof by a preponderance of the evidence, but it does not require proof beyond a reasonable doubt.

Authority: Ninth Circuit Model Civil Jury Instruction 1.7

**PLAINTIFF'S OBJECTION:** No objection to Model Instruction 1.7 solely as it applies to Plaintiff's claim for punitive damages under Cal. Civ. Code § 3294, which requires clear and convincing evidence. Plaintiff objects to any use or placement of this instruction suggesting that a clear-and-convincing burden applies to any liability element of any claim; all liability elements are governed by the preponderance standard stated in the Joint burden instruction (Model 1.6). Plaintiff proposes that this instruction be given, if at all, adjacent to the punitive damages instruction and expressly limited to it.

## DISPUTED INSTRUCTION NO. 7

**7. Punitive Damages**

Proposed by: Joint / Plaintiff wording

If you find for the plaintiff Anya Roberts, you may, but are not required to, award punitive damages. The purposes of punitive damages are to punish a defendant and to deter similar acts in the future. Punitive damages may not be awarded to compensate a plaintiff.

The plaintiff Anya Roberts has the burden of proving by clear and convincing evidence that punitive damages should be awarded and, if so, the amount of any such damages.

You may award punitive damages only if you find that the defendant [name]'s conduct that harmed the plaintiff Anya Roberts was malicious, oppressive or in reckless disregard of the plaintiff's rights. Conduct is malicious if it is accompanied by ill will, or spite, or if it is for the purpose of injuring the plaintiff Anya Roberts. Conduct is in reckless disregard of the plaintiff's rights if, under the circumstances, it reflects complete indifference to the plaintiff's safety or rights, or if the defendant acts in the face of a perceived risk that its actions will violate the plaintiff's rights under federal law. An act or omission is oppressive if the defendant injures or damages or otherwise violates the rights of the plaintiff with unnecessary harshness or severity, such as by misusing or abusing authority or power or by taking advantage of some weakness or disability or misfortune of the plaintiff.

If you find that punitive damages are appropriate, you must use reason in setting the amount. Punitive damages, if any, should be in an amount sufficient to fulfill their purposes but should not reflect bias, prejudice, or sympathy toward any party. In considering the amount of any punitive damages, consider the degree of reprehensibility of the defendant [name] conduct[, including whether the conduct that harmed the plaintiff Anya Roberts was particularly reprehensible because it also caused actual harm or posed a substantial risk of harm to people who are not parties to this case. You may not, however, set the amount of any punitive damages to punish the defendant [name] for harm to anyone other than the plaintiff Anya Roberts in this case]. [In addition, you may consider the

relationship of any award of punitive damages to any actual harm inflicted on the plaintiff Anya Roberts.]

Punitive damages may not be awarded against [specify defendant.] [You may impose punitive damages against one or more of the defendants and not others and may award different amounts against different defendants.]You must determine punitive damages separately as to each Defendant, based solely on that Defendant's conduct and the claim on which liability is found. ~~[Punitive damages may be awarded even if you award plaintiff only nominal, and not compensatory, damages.]~~

Authority: Ninth Circuit Model Civil Jury Instruction 5.5

**eXp Defendants' Objection to Plaintiff's Proposed Jury Instruction No. 7**

The eXp Defendants object to any damages instruction or verdict form that permits a single, undifferentiated award against multiple Defendants.

Plaintiff must prove the nature and amount of damages caused by each Defendant's own actionable conduct. Damages allegedly caused by Mr. Golden, Mr. Bjorkman, any other person, any other entity, another Defendant or another incident may not be assessed against eXp Realty LLC or Glenn Sanford. The verdict form should require separate findings by claim, Defendant, injury, and category of damages.

The eXp Defendants further object to the punitive-damages instruction as premature, incomplete, and insufficiently defendant-specific. Any punitive-damages determination must be based solely on each Defendant's own conduct toward Ms. Roberts and the governing standard applicable to the particular claim on which liability is found.

The jury may not use the conduct, wealth, knowledge, intent, alleged reprehensibility, or other acts of Mr. Golden, Mr. Bjorkman, or any nonparty to punish the eXp Defendants. The eXp Defendants may not be punished for alleged harm to persons other than Ms. Roberts. Any punitive-damages verdict question and amount must be separately determined as to eXp Realty LLC and as to Mr. Sanford.

The bracket permitting punitive damages based upon nominal damages should be omitted unless the Court determines that the particular claim and governing substantive law permit such an award.

**PLAINTIFF'S RESPONSE TO eXp DEFENDANTS' NEW DAMAGES OBJECTION:** Plaintiff agrees that punitive-damages determinations must be Defendant-specific and that duplicate compensation is impermissible. Plaintiff objects, however, to any categorical instruction excluding harm caused through Mr. Golden's or Mr. Bjorkman's conduct where the elements of a surviving beneficiary, vicarious-liability, or negligence theory establish the particular Defendant's legal responsibility for that harm. Separate consideration of Defendants does not itself resolve causation, indivisibility, or legally attributable conduct.

**DISPUTED INSTRUCTION NO. 8**

**8. Agent and Principal - Definition**

Proposed by: Plaintiff

An agent is a person who performs services for another person under an express or implied agreement and who is subject to the other's control or right to control the manner and means of performing the services. The other person is called a principal. The agency agreement may be oral or written.

Authority: Ninth Circuit Model Civil Jury Instruction 4.4

**eXp Defendants' Objection to Plaintiff's Proposed Jury Instruction No. 8**

The eXp Defendants object to Plaintiffs' Proposed Jury Instruction No. 8 on the basis that it speaks to vicarious liability. Pursuant to this Court's ruling on the motions for summary judgment, this Court allowed Plaintiff to proceed with vicarious liability in conjunction with her perpetrator liability claims against Golden and Bjorkman in Counts I and II of the FAC. [Dkt. 472.] Since the ruling on the summary judgment motions, Plaintiff has dismissed with prejudice Counts I and II against Golden and Bjorkman. [Dkt. 514.] Without the underlying tort or statutory violation, there can be no vicarious liability. *See, e.g., Doe v. G6 Hospitality Property, LLC*, 817 F.Supp.3d 1074, 1090 (W.D. Wash. 2025) (holding a claim for direct perpetrator liability under the TVPRA requires an affirmative allegation of a violation of § 1591(a)) (citing *C.C. v. Rashid*, 2:23-CV-02056-GMN-BNW, 2024 WL 5200543 (D. Nev. Dec. 20, 2024); *B.J. v. G6 Hosp., LLC*, 22-CV-03765-MMC, 2023 WL 6120682 (N.D. Cal. Sept. 18, 2023); and *J.M. v. Choice Hotels Int'l, Inc.*, 2:22-CV-00672-KJM-JDP, 2023 WL 3456619 (E.D. Cal. May 15, 2023); *see also Borsotti v. Nationstar Mortgage, LLC*, No. CV 17-7193 DMG (JCx), 2018 WL 4855265, at *18 (C.D. Cal. Apr. 24, 2018) (holding vicarious liability is not an independent cause of action and must be predicated upon an underlying tort) (citing *Harvey v. City of Fresno*, No. 1:08-CV01399-OWW-DLBx, 2010 WL 892114, at *14 (E.D. Cal. Mar. 9, 2010)).

[Plaintiff's note (Trial 2): Instruction Nos. 8 through 13 concern Plaintiff's vicarious-liability theories (actual authority, apparent authority, and ratification), which following Dkt. 472 are asserted against eXp Realty, LLC only; the Court denied eXp Realty, LLC's motion for summary judgment on those theories, holding that whether Messrs. Golden and Bjorkman acted as its agents presents a question of fact [Dkt. 472]. Bracketed references to the alleged principal are to eXp Realty, LLC, and references to eXp World Holdings, Inc. have been removed. Messrs. Golden and Bjorkman are not parties to Trial 2; the instructions continue to refer to them because the question for the jury is whether they acted as agents of eXp Realty, LLC. The eXp Defendants' objections (that the agency theories are not stated in a separate cause of action) are reproduced without change; the Court's ruling on the same contention at summary judgment [Dkt. 472] governs.]

[eXp Defendants' note: Plaintiff's instructions fail to take into account that she has dismissed Counts I and II regarding direct perpetrator liability. [Dkt. 514.] Her allegations against eXp Realty and Mr. Sanford relative to the TVPRA relate solely to beneficiary liability.

**PLAINTIFF'S SUPPLEMENTAL RESPONSE:** Plaintiff disputes that Dkt. 514's dismissal of Counts I and II against Mr. Golden and Mr. Bjorkman personally adjudicated whether the alleged predicate conduct occurred or automatically extinguished Plaintiff's separately preserved vicarious-liability theory against eXp Realty. The Court should determine the scope of the surviving agency theory under the actual terms of Dkts. 472, 503, and 514. Plaintiff preserves the agency instructions pending that determination.

**DISPUTED INSTRUCTION NO. 9**

**9. Agent - Scope of Authority Defined**

Proposed by: Plaintiff

An agent is acting within the scope of authority if the agent [the specifically identified alleged agent] is engaged in the performance of duties which were expressly or impliedly assigned to the agent by ~~the principal~~the specifically identified alleged principal.

Authority: Ninth Circuit Model Civil Jury Instruction 4.5

**eXp Defendants' Objection to Plaintiff's Proposed Jury Instruction No. 9**

The eXp Defendants object to Plaintiffs' modified Proposed Jury Instruction No. 9 and the use of terms "specifically identified alleged agent" and "specifically identified alleged principal." Further, the eXp Defendants object to this instruction on the grounds it speaks to vicarious liability. Pursuant to this Court's ruling on the motions for summary judgment, the court allowed Plaintiff to proceed with vicarious liability in conjunction with her perpetrator liability claims against Golden and Bjorkman in Counts I and II of the FAC. [Dkt. 472.] Since the ruling on the summary judgment motions, Plaintiff has dismissed with prejudice Counts I and II against Golden and Bjorkman. [Dkt. 514.] Without the underlying tort or statutory violation, there can be no vicarious liability. *See, e.g.*, *Doe v. G6 Hospitality Property, LLC*, 817 F.Supp.3d 1074, 1090 (W.D. Wash. 2025) (holding a claim for direct perpetrator liability under the TVPRA requires an affirmative allegation of a violation of § 1591(a)) (citing *C.C. v. Rashid*, 2:23-CV-02056-GMN-BNW, 2024 WL 5200543 (D. Nev. Dec. 20, 2024); *B.J. v. G6 Hosp., LLC*, 22-CV-03765-MMC, 2023 WL 6120682 (N.D. Cal. Sept. 18, 2023); and *J.M. v. Choice Hotels Int'l, Inc.*, 2:22-CV-00672-KJM-JDP, 2023 WL 3456619 (E.D. Cal. May 15, 2023); *see also Borsotti v. Nationstar Mortgage, LLC*, No. CV 17-7193 DMG (JCx), 2018 WL 4855265, at *18 (C.D. Cal. Apr. 24, 2018) (holding vicarious liability is not an independent cause of action and must be predicated upon an underlying tort) (citing *Harvey v. City of Fresno*, No. 1:08-CV01399-OWW-DLBx, 2010 WL 892114, at *14 (E.D. Cal. Mar. 9, 2010)).

## DISPUTED INSTRUCTION NO. 10

### 10. Apparent Agency

Proposed by: Plaintiff

If eXp Realty, LLC has intentionally or unintentionally caused the Plaintiff Anya Roberts to believe that

~~[Bjorkman/Golden]~~[identify Mr. Bjorkman or Mr. Golden in a separate instruction] was the principal's agent, a relationship known as "apparent agency" may be created, even if no actual authority was ever given to the agent. Apparent agency, however, can never arise solely from the acts of the alleged agent.

To establish apparent agency, the Plaintiff Anya Roberts must prove that:

First, the alleged principal caused, by representation or action, the Plaintiff Anya Roberts to believe that [Bjorkman/Golden] was the principal's agent;

Second, the Plaintiff Anya Roberts relied on this representation or action to her detriment; and

Third, such reliance was reasonably justified.

If an apparent agency has been established, the principal is liable for the acts of the apparent agent just as if the principal had authorized the agent from the outset.

Authority: Ninth Circuit Model Civil Jury Instruction 4.6

**eXp Defendants' Objection to Plaintiff's Proposed Jury Instruction No. 10**

The eXp Defendants object to Plaintiffs' Proposed Jury Instruction No. 10 on the basis that it speaks to vicarious liability. Pursuant to this Court's ruling on the motions for summary judgment, this Court allowed Plaintiff to proceed with vicarious liability in conjunction with her perpetrator liability claims against Golden and Bjorkman in Counts I and II of the FAC. [Dkt. 472.] Since the ruling on the summary judgment motions, Plaintiff has dismissed with prejudice Counts I and II against Golden and Bjorkman. [Dkt. 514.] Without the underlying tort or statutory violation, there can be no vicarious liability. *See, e.g.*, *Doe v. G6 Hospitality Property, LLC*, 817 F.Supp.3d 1074, 1090 (W.D. Wash. 2025) (holding a claim for direct perpetrator liability under the TVPRA requires an affirmative allegation of a violation of § 1591(a)) (citing *C.C. v. Rashid*, 2:23-CV-02056-

GMN-BNW, 2024 WL 5200543 (D. Nev. Dec. 20, 2024); *B.J. v. G6 Hosp., LLC*, 22-CV-03765-MMC, 2023 WL 6120682 (N.D. Cal. Sept. 18, 2023); and *J.M. v. Choice Hotels Int'l, Inc.*, 2:22-CV-00672-KJM-JDP, 2023 WL 3456619 (E.D. Cal. May 15, 2023); *see also Borsotti v. Nationstar Mortgage, LLC*, No. CV 17-7193 DMG (JCx), 2018 WL 4855265, at *18 (C.D. Cal. Apr. 24, 2018) (holding vicarious liability is not an independent cause of action and must be predicated upon an underlying tort) (citing *Harvey v. City of Fresno*, No. 1:08-CV01399-OWW-DLBx, 2010 WL 892114, at *14 (E.D. Cal. Mar. 9, 2010)).

**DISPUTED INSTRUCTION NO. 11**

**11. Ratification**

Proposed by: Plaintiff

A purported principal who ratifies the acts of someone who was purporting to act as the principal's agent will be liable for the acts of that purported agent, provided that the principal made a conscious and affirmative decision to approve the relevant acts of the purported agent while in possession of full and complete knowledge of all relevant events.

Authority: Ninth Circuit Model Civil Jury Instruction 4.7

**eXp Defendants' Objection to Plaintiff's Proposed Jury Instruction No. 11**

The eXp Defendants object to Plaintiffs' Proposed Jury Instruction No. 11 on the basis that it exceeds the causes of action Plaintiff has lodged against the eXp Defendants. The FAC does not even reference, in the causes of action or elsewhere, a claim of Ratification. Because Plaintiff has not alleged Ratification, this claim is not at issue in this case and the eXp Defendants object to a Jury Instruction for claims that have not been alleged.

**DISPUTED INSTRUCTION NO. 12**

**12. Adverse Interest Exception**

Proposed by: Plaintiff

If you find that [Bjorkman/Golden][identify the particular alleged agent] was acting solely for his own purposes or those of a third party, then [Bjorkman/Golden]'s acts or omissions are not considered the acts or omissions of defendant ~~[name of alleged principal]~~[identify the particular alleged principal].

However, if you find that defendant eXp Realty, LLC ratified or knowingly received a benefit from the acts or omissions of [Bjorkman/Golden], then you may find defendant eXp Realty, LLC liable if you find that [Bjorkman/Golden] acted within his authority.

Authority: Ninth Circuit Model Civil Jury Instruction 4.13

**eXp Defendants' Objection to Plaintiff's Proposed Jury Instruction No. 12**

The eXp Defendants object to Plaintiffs' Proposed Jury Instruction No. 12 on the basis that it exceeds the causes of action Plaintiff has lodged against the eXp Defendants. Plaintiff can no longer pursue a perpetrator claim against eXp Realty LLC under an unpled vicarious liability theory predicated on perpetrator claims that no longer exist in the FAC. [See Dkt. 514.] Nor can Plaintiff pursue a ratification theory. Roberts did not plead any facts that would support a ratification theory. (ECF No. 84, ¶¶ 204-230.) Ratification is the affirmance of a prior act done by another, whereby the act is given effect as if done by an agent acting with actual authority. *Kristensen v.Credit Payment Servs., Inc.*, 879 F.3d 1010, 1014 (9th Cir. 2018) (quoting Restatement (3d) Agency, § 4.01(1)). A principal may ratify an agent's actions after the fact by voluntarily electing to adopt the agent's actions as the principal's own. *Ramos v. Los Rios Cmty. Coll. Dist.*, 2018 WL 626381, at *1 (E.D. Cal. Jan. 29, 2018). There are no allegations that Plaintiff ever informed eXp Realty LLC of any purported agent's actions, for eXp Realty LLC to even adopt as its own, until the filing of this lawsuit.

## DISPUTED INSTRUCTION NO. 13

**13. Independent Contractor - Definition**

Proposed by: eXp Defendants

An independent contractor is a person who performs services for another person under an express or implied agreement and who is not subject to the other's control of, or right to control, the manner and means of performing the services.

One who engages an independent contractor is not liable to others for the acts or omissions of the independent contractor.

Authority: Ninth Circuit Model Civil Jury Instruction 4.14 (first sentence); second sentence added by eXp

**PLAINTIFF'S OBJECTION:**

Under California law, an independent contractor may also be an agent, and independent-contractor status does not foreclose liability based on actual agency, apparent agency, the hirer's own negligent selection, hiring, retention, or supervision, or another independently applicable basis of liability. Agency and vicarious liability for the federal TVPRA claims remain governed by federal common law; Plaintiff does not propose a California-law ratification instruction. Plaintiff therefore proposes deleting the second sentence and giving CACI 3705 on disputed agency. If the Court concludes that employee-versus-independent-contractor status must also be decided under California law for the state-law negligence claim, Plaintiff proposes CACI 3704 as the fuller alternative.

**PLAINTIFF'S COMPETING INSTRUCTION — CACI 3705, EXISTENCE OF AGENCY RELATIONSHIP DISPUTED**

Plaintiff claims that Defendant eXp Realty, LLC is responsible for the conduct of [David S. Golden/Michael L. Bjorkman] because [Golden/Bjorkman] was acting as its agent.

To establish this agency relationship, Plaintiff must prove that Defendant eXp Realty, LLC gave [Golden/Bjorkman] authority to act on its behalf. This authority may be shown by words or may be implied from the parties' conduct. This authority cannot be shown by the words of [Golden/Bjorkman] alone.

Authority: CACI No. 3705. Proposed solely for the California state-law issues. The federal TVPRA agency and vicarious-liability questions are governed by federal common law.

**ALTERNATIVE ONLY IF EMPLOYEE STATUS MUST BE DECIDED — CACI 3704, EXISTENCE OF EMPLOYEE STATUS DISPUTED**

In deciding whether [David S. Golden/Michael L. Bjorkman] was an employee or an independent contractor for purposes of Plaintiff's California state-law claim, the most important factor is whether Defendant eXp Realty, LLC had the right to control how [Golden/Bjorkman] performed the work, not merely the result of the work. You must consider all of the circumstances of the relationship, including the extent of control, the distinct nature of the work, the skill required, who supplied the tools and place of work, the length and method of payment, whether the work was part of eXp Realty's regular business, and the parties' understanding of the relationship. No single secondary factor is controlling.

Authority: CACI No. 3704. Plaintiff proposes this instruction only if the Court determines that employee classification is a jury issue relevant to the California state-law claim; Plaintiff does not contend that employee status is required to establish federal common-law agency.

**DISPUTED INSTRUCTION NO. 14**

**14. TVPRA Claims / Direct Perpetrator - eXp Version**

Proposed by: eXp Defendants

The Trafficking Victims Protection Reauthorization Act ("TVPRA") prohibits sex trafficking.

A perpetrator is civilly liable for a violation of the TVPRA if he or she recruits, entices, harbors, transports, provides, obtains, or maintains, recruits, entices, harbors, transports, provides, obtains, advertises, maintains, patronizes, or solicits by any means a person knowing or in reckless disregard of the fact that means of force, threats of force, fraud, or coercion or any combination of those means will be used to cause the person to engage in a commercial sex act.

"Commercial sex act" means any sex act, on account of which anything of value is given to or received by any person."

"Coercion" means:

(1) threats of serious harm to or physical restraint against any person; (2) any scheme, plan, or pattern intended to cause a person to believe that failure to perform an act would result in serious harm to or physical restraint against any person; or

(3) the abuse or threatened abuse of law or the legal process.

"Serious harm" means any harm—physical or nonphysical—that is sufficiently serious, under all the surrounding circumstances, to compel a reasonable person of the same background as the plaintiff and in the same circumstances as the plaintiff to perform or to continue performing commercial sexual activity to avoid that harm. The harm may be psychological, financial, or reputational harm.

Authority: 18 U.S.C. § 1591

**PLAINTIFF'S OBJECTION:** Object. (1) The instruction is incomplete: it omits the statutory verbs added by the 2015 amendments — "advertises," "patronizes," and "solicits," 18 U.S.C. § 1591(a)(1) — which Defendants' own Instruction 37 includes. (2) The criminal "offense" framing is inappropriate for this civil action and duplicates, in truncated form, Plaintiff's proposed TVPRA — Direct Perpetrator Liability instruction (§§

1591(a)(1), 1595(a)), which states the elements completely, including the "knowing or in reckless disregard" mens rea and the definitions in § 1591(e). Plaintiff proposes her Instruction No. 16, as conformed to the non-party status of Messrs. Golden and Bjorkman in Trial 2, in place of this one.

**DISPUTED INSTRUCTION NO. 16**

**16. TVPRA – Violation of 18 U.S.C. § 1591 by Mr. Golden or Mr. Bjorkman (Predicate) - Plaintiff's Version**

Proposed by: Plaintiff

Plaintiff Anya Roberts claims that David Golden and Michael Bjorkman, who are not parties to this trial, violated the TVPRA by engaging in sex trafficking through force, fraud, or coercion. Each of Ms. Roberts's federal claims under 18 U.S.C. § 1595 against Defendants eXp Realty, LLC and Glenn Sanford requires her to prove that Mr. Golden or Mr. Bjorkman, or both, violated the TVPRA in this way. You must decide that question separately as to Mr. Golden and as to Mr. Bjorkman. [To be given separately as to each; "[Mr. Golden/Mr. Bjorkman]" refers to the individual whose conduct you are considering.]

To establish this violation, Plaintiff must prove each of the following by a preponderance of the evidence:

1. [Mr. Golden/Mr. Bjorkman] knowingly recruited or enticed Plaintiff;

2. At the time [Mr. Golden/Mr. Bjorkman] recruited or enticed Plaintiff, he knew, or acted in reckless disregard of the fact, that force, threats of force, fraud, coercion, or some combination of those means would be used to cause Plaintiff to engage in a commercial sex act;

3. The conduct of [Mr. Golden/Mr. Bjorkman] was in or affected interstate or foreign commerce; and

4. Plaintiff suffered harm as a result of the violation.

"Knowingly" means [Mr. Golden/Mr. Bjorkman] acted voluntarily and intentionally and not because of mistake or accident.

"Reckless disregard" means [Mr. Golden/Mr. Bjorkman] was aware of facts indicating a substantial risk that force, fraud, coercion, or threats of force would be used to cause a commercial sex act and consciously disregarded that risk.

"Entice" means to attract or tempt someone by offering an advantage or by arousing hope or desire. Enticement may be direct or indirect and may consist of a series of acts, representations, invitations, or opportunities.

A "sex act" means an act performed with another person for sexual gratification.

A "commercial sex act" means any sex act on account of which anything of value is given to or received by any person.

"Anything of value" is not limited to money. It may include tangible or intangible benefits, including a business or career opportunity; career advancement; access to influential persons, networking, coaching, or recruiting opportunities; revenue share, commissions, stock, fees, or other financial benefits; a valuable business relationship or agent placement; or photographs or videos of sexual conduct.

The phrase "on account of" requires a causal relationship between the sex act and the thing of value. Plaintiff need not prove an express agreement, bargained-for exchange, payment for sex, or quid pro quo.

"Fraud" includes an intentional misrepresentation, deception, or concealment of a material fact used to induce another person to act.

"Force" includes physical power. Causing a person to ingest a drug or intoxicating substance without knowledge or consent may constitute force or fraud if used to impair the person's ability to understand, choose, resist, or consent.

Plaintiff need not prove that [Mr. Golden/Mr. Bjorkman] personally performed the sex act. The predicate may be established by knowingly recruiting or enticing Plaintiff with the required state of mind even if the commercial sex act was not completed, provided Plaintiff proves the remaining elements of the § 1591 violation. She must prove harm resulting from the violation.

Authority: 18 U.S.C. §§ 1591(a)(1), 1591(e)(2)–(3), 1595(a); Ninth Circuit Model Criminal Jury Instruction 20.25A, adapted; United States v. Todd, 627 F.3d 329, 333–34 (9th Cir. 2010); United States v. Hornbuckle, 784 F.3d 549, 553–54 (9th Cir. 2015); Acevedo v. eXp Realty, LLC, 713 F. Supp. 3d 740, 764–74 (C.D. Cal. 2024).

**eXp Defendants' Objection to Plaintiff's Proposed Jury Instruction No. 16**

The eXp Defendants object to Plaintiff's Proposed Jury Instruction No. 16 because it goes well beyond the elements of the statute. The instructions impermissibly allow the jurors to apply each element to Mr. Bjorkman or Mr. Golden. The formulation of "[Mr.

Golden/Mr. Bjorkman]" permits the jury to use evidence that Mr. Golden allegedly recruited, enticed, drugged, touched, or otherwise acted toward Plaintiff to establish an element against Mr. Bjorkman. Every element must instead be separately proved as to Mr. Bjorkman and/or Mr. Golden based upon their own conduct and state of mind.

Additionally, no instruction should be given with respect to either Mr. Bjorkman or Mr. Golden absent evidence from which a reasonable jury could find that either personally recruited or enticed Plaintiff and, at the time they did so, knew or recklessly disregarded that force, fraud, or coercion would be used to cause Plaintiff to engage in a commercial sex act. Mr. Golden's alleged recruitment, invitations, representations, administration of substances, sexual conduct, or intent cannot satisfy any element against Mr. Bjorkman, and vice versa.

The proposed definitions of "entice" and "anything of value" are argumentative and improperly incorporate Plaintiff's factual theories, including networking, career opportunities, and agent placement, into the Court's statement of the law. The instruction should use the statutory language and should not identify disputed factual matters as legally qualifying benefits.

The proposed language concerning the administration of drugs is also not tied to any particular Defendant. It should not be given with respect to Mr. Bjorkman unless the jury is required to find that Mr. Bjorkman himself administered, caused the administration of, directed, assisted, or knowingly participated in the administration of a substance to Plaintiff.

The statement that Plaintiff need not prove that "[Mr. Golden/Mr. Bjorkman] personally performed the sex act" is incomplete and misleading unless immediately followed by an instruction that Plaintiff must nevertheless prove that Mr. Golden or Mr. Bjorkman personally committed an enumerated act under the statute with the required state of mind. Liability may not be imposed merely because Mr. Bjorkman was present, associated with Mr. Golden, attended the same event, or knew either Plaintiff or Mr. Golden.

Finally, the instruction improperly blurs a completed violation with an attempted violation by stating that Plaintiff need not prove that a sex act was completed. Any attempt theory must be separately instructed and must require proof of Mr. Golden and Mr. Bjorkman's individual intent and a substantial step toward committing the alleged violation.

For these and other reasons, the eXp Defendants' Proposed Jury Instruction on a potential liability under 18 U.S.C. § 1591 is more consistent with the statutory language and the proper scope of a jury instruction.

[Plaintiff's note (Trial 2): Instruction No. 16 is conformed to the Court's September 23, 2026 ruling [Dkt. 503] that the question whether Messrs. Golden and Bjorkman violated 18 U.S.C. § 1591 will be tried in Trial 2 as an element of Plaintiff's claims against eXp Realty, LLC and Mr. Sanford, although Messrs. Golden and Bjorkman are not parties to Trial 2. References to "Defendant" are conformed accordingly, and the instruction is to be given separately as to each individual, consistent with Mr. Bjorkman's request in Dkt. 442. The Court's August 14, 2026 ruling on the attempt theory governs the bracketed attempt language. Defendants' objections are reproduced from Dkt. 442 without change.]

[Dkt. 442 Disputed Instruction Nos. 17 (conspiracy, 18 U.S.C. § 1594(c)) and 18 (attempt, 18 U.S.C. § 1594(a)), proposed by Plaintiff against Defendants Bjorkman and Golden only, are omitted from the Trial 2 set. The Court's August 14, 2026 ruling permits the attempt theory under 18 U.S.C. § 1595 (Instruction No. 26) but no separate attempt claim against Messrs. Golden and Bjorkman, and Plaintiff's § 1591 claims against them were withdrawn by Dkt. 514. No claim under § 1594 is asserted against the Trial 2 Defendants, whose liability under § 1595 is predicated on a violation of § 1591 by Mr. Golden or Mr. Bjorkman (Instruction No. 16). Dkt. 442 Disputed Instruction No. 19 (beneficiary liability — eXp World Holdings, Inc.) is omitted because summary judgment

was granted in favor of eXp World Holdings, Inc. on all claims [Dkt. 472]. The parties' positions and objections stated in Dkt. 442 are preserved.]

**DISPUTED INSTRUCTION NO. 20**

**20. TVPRA Knowing Beneficiary Liability - eXp Realty, LLC**

Proposed by: eXp Defendants

To find eXp Realty liable under Count III for participating in a venture in violation of the TVPRA, Plaintiff Anya Roberts has the burden of proving each of the following elements by a preponderance of the evidence:

First, that defendant eXp Realty's knowingly participated in a venture;

Second, that defendant eXp Realty knowingly benefited from the venture; and

Third, that Defendant eXp Realty knew or should have known that the above venture was engaging in sex trafficking.

If you find that the plaintiff has proved every one of these elements by a preponderance of the evidence, your verdict should be for the plaintiff. If, on the other hand, Plaintiff Roberts has failed to prove any of these elements by a preponderance of the evidence, then your verdict should be for the defendant eXp Realty.

Although witnesses at trial and attorneys may have used the terms "sex trafficking" and "commercial sex" in their testimony, the legal definition of these terms which you must apply in this case are explained in these instructions as to the law that applies to this case. You are required to apply the law only as I instruct you, not based on any definition provided by any witness.

Authority: 18 U.S.C. § 1595; J.G. v. Northbrook Industries

PLAINTIFF'S OBJECTION: Object. The instruction misstates § 1595(a) by adding a heightened, stand-alone "knowingly participated" element severed from the statutory knowing-benefit requirement and by using "was engaging in sex trafficking" in place of the statute's "has engaged in an act" formulation. Although the instruction recites "knew or should have known," the separate actual-knowledge definition in Instruction No. 22 risks understating constructive knowledge. Plaintiff further objects to any requirement that the beneficiary personally participate in the sex-trafficking act itself and to the argumentative closing paragraph concerning witness terminology. Plaintiff proposes Instruction No. 27 instead.

## DISPUTED INSTRUCTION NO. 21

**21. TVPRA Knowing Beneficiary Liability - Glenn Sanford**

Proposed by: eXp Defendants

To find Defendant Sanford liable under Count III for participating in a venture in violation of the TVPRA, Plaintiff Anya Roberts has the burden of proving each of the following elements by a preponderance of the evidence:

First, that Defendant Sanford knowingly participated in a venture ;

Second, that Defendant Sanford knowingly benefited from the venture; and

Third, that Defendant Sanford knew or should have known that the above venture was engaging in sex trafficking.

If you find that the plaintiff has proved every one of these elements by a preponderance of the evidence, your verdict should be for the plaintiff. If, on the other hand, Plaintiff Roberts has failed to prove any of these elements by a preponderance of the evidence, then your verdict should be for Defendant Sanford.

Although witnesses at trial and attorneys may have used the terms "sex trafficking" and "commercial sex" in their testimony, the legal definition of these terms which you must apply in this case are explained in these instructions as to the law that applies to this case. You are required to apply the law only as I instruct you, not based on any definition provided by any witness.

Authority: 18 U.S.C. § 1595; *J.G. v. Northbrook Industries*

PLAINTIFF'S OBJECTION: Object. The instruction misstates § 1595(a) by adding a heightened, stand-alone "knowingly participated" element severed from the statutory knowing-benefit requirement and by using "was engaging in sex trafficking" in place of the statute's "has engaged in an act" formulation. Although the instruction recites "knew or should have known," the separate actual-knowledge definition in Instruction No. 22 risks understating constructive knowledge. Plaintiff further objects to any requirement that the beneficiary personally participate in the sex-trafficking act itself and to the argumentative closing paragraph concerning witness terminology. Plaintiff proposes Instruction No. 27 instead.

## DISPUTED INSTRUCTION NO. 22

**22. TVPRA Knowledge Defined - eXp Version**

Proposed by: eXp Defendants

Knowledge is an awareness or understanding of a fact or circumstance, a state of mind in which a person has no substantial doubt about the existence of a fact or circumstance, at the time the fact or circumstance occurred.

Authority: *Doe v. Red Roof Inns, Inc.*, 21 F.4th 714, 726 (11th Cir. 2021); Black's Law Dictionary (11th ed. 2019).

**PLAINTIFF'S OBJECTION:** Object. Section 1595(a) imposes beneficiary liability on a "knew or should have known" standard; a stand-alone definition limited to actual knowledge — with the added, unsourced phrase "at the time the fact or circumstance occurred" — understates the governing standard and invites the jury to require actual, contemporaneous knowledge that the statute does not. Any knowledge definition must also state the constructive-knowledge ("should have known") standard applicable to the beneficiary claims.

**DISPUTED INSTRUCTION NO. 23**

**23. TVPRA Venture Defined - eXp Version**

Proposed by: eXp Defendants

TVPRA- Venture, Defined

"Venture" means any group of two or more individuals associated in fact, whether or not a legal entity, taking part in a common undertaking or enterprise involving risk and potential profit.

Authority: 18 U.S.C. § 1591(e)(6); *Doe v. Red Roof Inns, Inc.*

**PLAINTIFF'S OBJECTION: Object in part. Section 1591(e)(6) defines** "venture" as "any group of two or more individuals associated in fact, whether or not a legal entity." The appended gloss — "taking part in a common undertaking or enterprise involving risk and potential profit" — is unnecessary and misleading to the extent it suggests the venture must be profit-driven as to each participant. Plaintiff proposes the statutory definition without the gloss.

## DISPUTED INSTRUCTION NO. 24

**24. TVPRA Participation in a Venture Defined - eXp Version**

Proposed by: eXp Defendants

TVPRA- Participation in a Venture, Defined

"Participation in a venture," for purposes of the TVPRA, means the participant must participate in the trafficking venture by providing "culpable assistant to a wrongdoer" and its conduct must demonstrate "a desire to promote the wrongful venture's success."

Authority: *Mangroe; G.G. v. Salesforce.com; Red Roof Inns; Catelyn H*.

PLAINTIFF'S OBJECTION: Object. The "culpable assistance to a wrongdoer" / "desire to promote the wrongful venture's success" formulation imports a heightened aiding-and-abetting standard into § 1595's civil beneficiary claim. The Ninth Circuit's en banc decision in Ratha v. Rubicon Resources, LLC, 168 F.4th 541 (9th Cir. 2026), applies the ordinary meaning of participation and does not require that a beneficiary operate or manage the venture or specifically intend to further the trafficking itself. See also G.G. v. Salesforce.com, Inc., 76 F.4th 544, 559–60 (7th Cir. 2023); Doe #1 v. Red Roof Inns, Inc., 21 F.4th 714, 725–27 (11th Cir. 2021). As drafted, the instruction would improperly collapse beneficiary liability into perpetrator or aiding-and-abetting liability.

**DISPUTED INSTRUCTION NO. 25**

**25. TVPRA Engaged in Sex Trafficking Defined - eXp Version**

Proposed by: eXp Defendants

TVPRA – Engaged in Sex Trafficking, Defined

"Engaged in sex trafficking" means a participant in the venture knowingly recruited, enticed, harbored, transported, provided, obtained, advertised, maintained, patronized, or solicited, by any means a person to engage in a commercial sex act by, fraud,.

"Serious harm" means any harm-physical or nonphysical-that is sufficiently serious, under all the surrounding circumstances, to compel a reasonable person of the same background as the plaintiff and in the same circumstances as the plaintiff to perform or to continue performing commercial sexual activity to avoid that harm. The harm may be psychological, financial, or reputational harm.

"Commercial sex act" means any sex act, on account of which anything of value is given to or received by any person.

Authority: 18 U.S.C. § 1591; Mangroe; Salesforce; Red Roof Inns; Catelyn H.

PLAINTIFF'S OBJECTION: Object in part. The instruction omits the "reckless disregard" mens rea and the statutory phrasing that force, fraud, or coercion "will be used to cause the person to engage in a commercial sex act," 18 U.S.C. § 1591(a), thereby suggesting that actual knowledge and a completed commercial sex act are required. To the extent it further requires that the beneficiary Defendant personally commit each element of the predicate trafficking violation, it conflates the underlying § 1591 predicate with the separate requirements for beneficiary liability under § 1595.

**DISPUTED INSTRUCTION NO. 26**

**26. TVPRA Attempted Beneficiary Liability - Plaintiff's Version**

Proposed by: Plaintiff

Ms. Roberts claims that Defendant [eXp Realty, LLC/Glenn Sanford] attempted to benefit financially, or by receiving something of value, from participation in a venture that Defendant knew or should have known had engaged in conduct violating the TVPRA.

To establish this claim, Ms. Roberts must prove each of the following by a preponderance of the evidence:

1. Ms. Roberts was a victim of a TVPRA violation by ~~[Michael Bjorkman/David Golden]~~[identify the particular underlying direct perpetrator in a separate verdict finding], as explained in Instruction No. 16;

2. Defendant participated in a venture;

3. Defendant intended to obtain a financial benefit or another thing of value from its participation in that venture;

4. Defendant took a substantial step toward obtaining that benefit;

5. When Defendant took that substantial step, Defendant knew or should have known that the venture had engaged in conduct violating the TVPRA; and

6. Ms. Roberts suffered harm as a result of the underlying TVPRA violation.

A Defendant attempts to benefit when it intends to obtain a financial or other benefit and takes a substantial step toward obtaining that benefit.

A substantial step is conduct that strongly corroborates Defendant's intent to obtain the benefit. The conduct must go beyond mere preparation, planning, hope, or expectation.

Ms. Roberts is not required to prove that Defendant ultimately received the intended benefit. An unsuccessful effort may constitute an attempt.

~~A benefit may include revenue-share payments, commissions, stock, fees, preservation or expansion of a downline, recruitment or retention of agents, increased business, preservation of a profitable relationship, or another tangible or intangible economic advantage.~~Defendants propose omission of the factual examples.

The intended benefit need not consist of proceeds generated directly by the sexual assault. It must, however, be a benefit Defendant intended to obtain from its participation in the venture.

If Ms. Roberts proves each element, your verdict on this claim must be for Ms. Roberts. If she fails to prove any element, your verdict must be for Defendant on this attempted-benefit theory.

Authority: 18 U.S.C. § 1595(a); Ratha v. Rubicon Resources, LLC (9th Cir. 2026) (en banc); Acevedo

**eXp Defendants' Objection to Plaintiff's Proposed Jury Instruction No. 26**

The eXp Defendants object to Plaintiff's Proposed Jury Instruction No. 26 on the basis that it exceeds the causes of action Plaintiff has lodged against the eXp Defendants. Although the FAC includes a cause of action claiming Defendants eXp Realty and Sanford violated 18 U.S.C. § 1595 (see FAC p. 65), the FAC makes no allegation of attempted beneficiary liability, nor is such a claim even referenced in any of the causes of action brought by Plaintiff against the eXp Defendants. Because Plaintiff has not alleged a cause of action against the eXp Defendants for attempted beneficiary liability, that claim is not at issue in this case and the eXp Defendants object to a Jury Instruction for a claim that has not been alleged.

Moreover, the eXp Defendants object to Plaintiff's Proposed Jury Instruction No. 26 because it goes well beyond the elements of the statute. Also, by stating "When Defendant took that substantial step, Defendant knew or should have known that the venture *had* engaged in an act violating the TVPRA," the instruction fails to require that Plaintiff prove that the knowing benefit occurred *while* the venture was engaging in an act violating the TVPRA. Both *Ratha v. Phatthana Seafood Co.* ("*Ratha I*"), 35 F.4th 1159, 1165, 1176 (9th Cir. 2022) and *Ratha v. Rubicon Res., LLC* ("*Ratha II*"), 168 F.4th 541, 561 (9th Cir. 2026) require that a beneficiary defendant's knowing benefit, or attempt to benefit, occur while the venture is still engaged in human trafficking. The Ninth Circuit first held in *Ratha I* that the plaintiffs needed to raise a triable issue that a defendant "knew or should have known that Phatthana *was engaged in conduct violating the TVPRA when* [defendant]

received a benefit from the alleged venture." *Ratha I*, 35 F.4th 1159 at 1176 (emphasis added). The Ninth Circuit proceeded to hold in *Ratha II* that:

> . . . Rubicon had knowledge of Phatthana's alleged human trafficking at least by February 2012. See Ratha I, 35 F.4th at 1177 (stating that "Rubicon was undisputedly aware of Ratha's whistleblower report" beginning on February 23, 2012). Because Rubicon attempted to sell shrimp to Walmart after that date, it attempted to benefit with the requisite knowledge.

*Ratha II*, 168 F.4th 541 at 561. Because the alleged human trafficking at the heart of *Ratha I* and *Ratha II* spanned 2010 to October 2012, *Ratha I*, 35 F.4th 1159 at 1165, Rubicon's attempt to benefit between February 2012 and October 2012 could properly show that Rubicon "knew or should have known that Phatthana *was engaged in conduct violating the TVPRA when* [Rubicon] received a benefit from the alleged venture." *See Ratha I*, 35 F.4th 1159 at 1176 (emphasis added). A finding that a defendant received a benefit with the mere knowledge that the venture *had* (previously) engaged in conduct violating the TVPRA is not sufficient under Ninth Circuit law.

For these and other reasons, the eXp Defendants' Proposed Jury Instruction on a potential liability under 18 U.S.C. § 1595 is more consistent with the statutory language and the proper scope of a jury instruction.

**PLAINTIFF'S RESPONSE TO eXp DEFENDANTS' NEW TEMPORAL OBJECTION:** Plaintiff agrees that the required knowledge must exist when the Defendant receives or attempts to obtain the qualifying benefit. Plaintiff disputes Defendants' additional contention that § 1595(a) categorically requires the venture to be committing trafficking at that same moment. The statute refers to a venture the Defendant knew or should have known "has engaged in an act" violating Chapter 77. Plaintiff requests an express ruling on Defendants' proposed additional temporal limitation; Ratha's knowledge-at-benefit analysis should not be converted into a separate element not stated in the statute.

DISPUTED INSTRUCTION NO. 27

**27. TVPRA Beneficiary Liability - Plaintiff's Version**

Proposed by: Plaintiff

Plaintiff claims that Defendants eXp Realty, LLC and Glenn Sanford are liable because a Defendant knowingly benefited from participation in a venture that Defendant knew or should have known had engaged in sex trafficking prohibited by federal law.

To establish this claim, Plaintiff must prove each of the following by a preponderance of the evidence:

1. Plaintiff was a victim of a TVPRA violation by ~~[Bjorkman/Golden]~~[identify the particular individual found to have committed the underlying TVPRA violation], as explained in Instruction No. 16, and suffered harm as a result;

2. Defendant knowingly benefited, financially or by receiving something of value, from Defendant's participation in a venture; and

3. At the time Defendant received the benefit, Defendant knew or should have known that the venture had engaged in an act violating the TVPRA.

A "venture" is a common undertaking or enterprise involving two or more persons or entities. ~~It need not have been created for an illegal purpose or have sex trafficking as its sole or~~ ~~primary purpose~~[eXp Defendants propose omission as overbroad], but it must have engaged in at least one TVPRA violation.

"Participation" means taking part in or sharing with others in the venture. ~~Plaintiff need~~ ~~not prove Defendant operated or managed the venture~~[eXp Defendants dispute the breadth of this definition] or personally committed the underlying assault, but mere awareness of the venture is not enough.

"Knowingly benefited" means Defendant was aware it was receiving the financial or other benefit, and the benefit arose from participation in the venture. The benefit need not be proceeds generated directly by the assault.

"Knew or should have known" may be established by actual or constructive knowledge. Knowledge may be proved by direct or circumstantial evidence. Plaintiff need

not prove Defendant knew every detail or knew this particular Plaintiff would become a victim.

Authority: 18 U.S.C. § 1595(a); Acevedo; Ratha (en banc)

**eXp Defendants' Objection to Plaintiff's Proposed Jury Instruction No. 27**

The eXp Defendants object to Plaintiff's Proposed Jury Instruction No. 27 on the basis that it goes well beyond the elements of the statute, including purporting to define such disputed legal issues in a manner that departs from the scope and language of the statute. For instance, the proposed jury instruction defines "venture" as "a common undertaking or enterprise involving two or more persons or entities. It need not have been created for an illegal purpose or have sex trafficking as its sole or primary purpose, but it must have engaged in at least one TVPRA violation." Plaintiffs' broad definition of venture exceeds the scope that has been applied by courts addressing this issue. Also, by stating "At the time Defendant received the benefit, Defendant knew or should have known that the venture *had* engaged in an act violating the TVPRA," the instruction fails to require that Plaintiff prove that the knowing benefit occurred *while* the venture was engaging in an act violating the TVPRA. Both *Ratha v. Phatthana Seafood Co.* ("*Ratha I*"), 35 F.4th 1159, 1165, 1176 (9th Cir. 2022) and *Ratha v. Rubicon Res., LLC* ("*Ratha II*"), 168 F.4th 541, 561 (9th Cir. 2026) require that a beneficiary defendant's knowing benefit, or attempt to benefit, occur while the venture is still engaged in human trafficking. The Ninth Circuit first held in *Ratha I* that the plaintiffs needed to raise a triable issue that a defendant "knew or should have known that Phatthana *was engaged in conduct violating the TVPRA when* [defendant] received a benefit from the alleged venture." *Ratha I*, 35 F.4th 1159 at 1176 (emphasis added). The Ninth Circuit proceeded to hold in *Ratha II* that:

> . . . Rubicon had knowledge of Phatthana's alleged human trafficking at least by February 2012. See Ratha I, 35 F.4th at 1177 (stating that "Rubicon was undisputedly aware of Ratha's whistleblower report" beginning on February 23, 2012). Because Rubicon attempted to sell shrimp to Walmart after that date, it attempted to benefit with the

requisite knowledge.

*Ratha II*, 168 F.4th 541 at 561. Because the alleged human trafficking at the heart of *Ratha I* and *Ratha II* spanned 2010 to October 2012, *Ratha I*, 35 F.4th 1159 at 1165, Rubicon's attempt to benefit between February 2012 and October 2012 could properly show that Rubicon "knew or should have known that Phatthana *was engaged in conduct violating the TVPRA when* [Rubicon] received a benefit from the alleged venture." *See Ratha I*, 35 F.4th 1159 at 1176 (emphasis added). A finding that a defendant received a benefit with the mere knowledge that the venture *had* (previously) engaged in conduct violating the TVPRA is not sufficient under Ninth Circuit law.

The eXp Defendants' Proposed Jury Instruction on potential liability under 18 U.S.C. § 1595 is consistent with the statutory language and the scope of the statute as recognized by federal courts throughout the country.

**PLAINTIFF'S RESPONSE TO eXp DEFENDANTS' NEW TEMPORAL OBJECTION:** Plaintiff agrees that the required knowledge must exist when the Defendant receives the qualifying benefit. Plaintiff disputes Defendants' additional contention that § 1595(a) categorically requires the venture to be committing trafficking at that same moment. The statutory text uses "has engaged in an act," and Plaintiff requests that any

additional temporal limitation be resolved expressly rather than embedded in the instruction by substituting "was engaging."

## DISPUTED INSTRUCTION NO. 28

**28. Negligent Hiring, Retention, and Supervision - eXp Realty Version**

Proposed by: eXp Defendants

To find Defendant eXp Realty liable for negligent hiring, retention, and supervision under Count VII, Plaintiff must prove by a preponderance of the evidence all of the following:

1. That Defendants eXp Realty hired Defendants Golden and Bjorkman as employees;

2. That Defendants Golden and Bjorkman posed a substantial risk to other eXp employees;

3. That Defendants eXp Realty knew or should have known that Defendants Golden and Bjorkman posed a substantial risk to Plaintiff at the time they were hired;

4. That Defendants Golden and Bjorkman harmed Plaintiff through civil battery and sexual battery, as defined in Instructions __ - ___; and

5. That Defendant eXp Realty's negligence in hiring, retaining, and supervising Defendants Golden and Bjorkman was a substantial factor in causing Plaintiff's harm.

If you unanimously find that Plaintiff Roberts has proven each of the elements of her claim by a preponderance of the evidence, then you should find for the Plaintiff. If you find that any part of Plaintiffs claim has not been proved by preponderance of the evidence, then you should find for the Defendant.

Authority: CACI 426 (modified)*

PLAINTIFF'S OBJECTION: Object. The instruction departs from CACI 426 without disclosure of the modifications: (1) it inserts "as employees," although CACI 426 reaches employees and agents and California law does not confine the claim to formal employment; (2) it replaces CACI 426's "unfit or incompetent" and "particular risk" standards with an undefined "substantial risk to other eXp employees," narrowing both the protected class and the risk standard; (3) it limits knowledge to "at the time they were hired," eliminating retention and supervision liability based on qualifying knowledge acquired during the relationship; (4) it adds a new cumulative requirement that Plaintiff

prove both civil battery and sexual battery by both individuals, rather than that the particular unfitness or risk materialized and caused harm; and (5) the "unanimously" language is surplusage covered by the Joint concluding instructions. Plaintiff proposes Instruction No. 30 instead.

**[Dkt. 442 Disputed Instruction No. 29 (negligent hiring, retention, and supervision — Glenn Sanford version, proposed by the eXp Defendants) is omitted from the Trial 2 set because summary judgment was granted in favor of Defendant Sanford on Plaintiff's negligent hiring, supervision, and retention claim [Dkt. 472]. Plaintiff's negligent hiring, supervision, and retention claim proceeds against eXp Realty, LLC only (Instruction Nos. 28 and 30). The eXp Defendants' submission and Plaintiff's objection are preserved in Dkt. 442.]**

*The eXp Defendants are still evaluating the choice of law in light of this Court's October 9, 2026 order of dismissal of certain claims and allegations, and reserve the right to substitute Florida instructions for the negligent hiring, retention, and supervision in Count VII.

## DISPUTED INSTRUCTION NO. 30

**30. Negligent Hiring, Supervision, or Retention - Plaintiff's Version**

Proposed by: Plaintiff

Plaintiff claims she was harmed by ~~Michael Bjorkman and/or David Golden~~[use a separate instruction and separate particular-risk finding for each individual] and that Defendant eXp Realty, LLC is responsible because it negligently hired, supervised, or retained Bjorkman and/or Golden.

To establish this claim, Plaintiff must prove all of the following:

1. Defendant hired or retained [Bjorkman/Golden] to perform recruiting, Agent Attraction, sponsorship, networking, or related services;

2. [Bjorkman/Golden] was, or became, unfit to perform those services because he ~~presented a risk of drugging, sexually assaulting, exploiting, or otherwise harming women~~[insert a neutral, Court-approved description of the particular alleged unfitness and risk supported by the evidence] recruited through those activities;

3. Defendant knew or should have known that [Bjorkman/Golden] presented that particular risk to others;

4. The particular risk harmed Plaintiff; and

5. Defendant's negligence in hiring, supervising, or retaining [Bjorkman/Golden] was a substantial factor in causing Plaintiff's harm.

Authority: CACI 426

**eXp Defendants' Objection to Plaintiff's Proposed Jury Instruction No. 30**

The eXp Defendants object to Plaintiff's Proposed Jury Instruction No. 30 on the basis that the eXp Defendants' Proposed Jury Instruction on Negligent Hiring, Retention, and Supervision is more consistent with the language of the Model Jury Instruction.

The eXp Defendants also believe the jury is required to find the specific injuries that Plaintiff has alleged the evidence supports: in this case, the drugging and sexual assault of Plaintiff by Mr. Golden and Mr. Bjorkman.

## DISPUTED INSTRUCTION NO. 31

**31. Negligence Defined - eXp Version**

Proposed by: eXp Defendants

Negligence is the failure to use reasonable care to prevent harm to oneself or to others.

A person can be negligent by acting or by failing to act. A person is negligent if that person does something that a reasonably careful person would not do in the same situation or fails to do something that a reasonably careful person would do in the same situation.

You must decide how a reasonably careful person would have acted in [name of plaintiff/defendant]'s situation.

Authority: CACI 401.*

PLAINTIFF'S POSITION: Plaintiff does not object to the substance of CACI 401 if California law governs Count VII, but the party placeholder should be completed as eXp Realty, LLC. Plaintiff preserves the parties' separate choice-of-law dispute and objects to substituting a Florida negligence standard absent a Court ruling that Florida law governs the particular issue.

*The eXp Defendants are still evaluating the choice of law in light of this Court's October 9, 2026 order of dismissal of certain claims and allegations, and reserve the right to substitute Florida instructions for the negligent hiring, retention, and supervision in Count VII.

**DISPUTED INSTRUCTION NO. __. Civil Battery by Mr. Golden - eXp Realty Version**

Proposed by: eXp Defendants

To find that Mr. Golden harmed Plaintiff through civil battery as alleged by Plaintiff, Plaintiff must prove by a preponderance of the evidence all of the following:

1. Mr. Golden intentionally made physical contact with the body of Plaintiff. The contact must have been the result of a deliberate, intentional act by Mr. Golden that was aimed at making contact with Plaintiff. Words alone, however offensive, gestures, or Mr. Golden's mere presence in the same room as Plaintiff are not physical contact and cannot be a battery;

2. The contact was harmful or offensive. A contact is offensive only if it would offend a reasonable person's sense of personal dignity; the ordinary, expected contacts of everyday life are not batteries; and

3. The contact was against Plaintiff's will, meaning Plaintiff did not consent to it.

If you unanimously find that Plaintiff has proven each of these elements by a preponderance of the evidence, then you should find Mr. Golden harmed Plaintiff through civil battery. If you find that any of these elements has not been proved by preponderance of the evidence, then you shall not find that Mr. Golden harmed Plaintiff through civil battery.

Authority: Fla. Stat. § 784.03; Paul v. Holbrook; Quilling; Sullivan; Restatement (Second) of Torts §§ 13, 18, 19

**PLAINTIFF'S OBJECTION**: Plaintiff objects to the proposed instruction as unnecessary to Count VII and as improperly narrowing the underlying harmful conduct to personal physical touching by the named individual. Any instruction defining the underlying conduct must conform to the governing choice-of-law ruling, the particular risk alleged and supported by the evidence, and Plaintiff's preserved theory that actionable contact may be intentionally caused directly or indirectly. Words, circumstances, and presence may also be admissible circumstantial evidence even when they are not themselves the physical contact. Plaintiff further objects to using this instruction as a

cumulative element requiring proof of both civil battery and sexual battery for negligent hiring, supervision, or retention.

**DISPUTED INSTRUCTION NO. __. Civil Battery by Mr. Bjorkman - eXp Realty Version**

Proposed by: eXp Defendants

To find that Mr. Bjorkman harmed Plaintiff through civil battery as alleged by Plaintiff, Plaintiff must prove by a preponderance of the evidence all of the following:

1. Mr. Bjorkman intentionally made physical contact with the body of Plaintiff. The contact must have been the result of a deliberate, intentional act by Mr. Bjorkman that was aimed at making contact with Plaintiff. Words alone, however offensive, gestures, or Mr. B Bjorkman's mere presence in the same room as Plaintiff are not physical contact and cannot be a battery;

2. The contact was harmful or offensive. A contact is offensive only if it would offend a reasonable person's sense of personal dignity; the ordinary, expected contacts of everyday life are not batteries; and

3. The contact was against Plaintiff's will, meaning Plaintiff did not consent to it.

If you unanimously find that Plaintiff has proven each of these elements by a preponderance of the evidence, then you should find Mr. Bjorkman harmed Plaintiff through civil battery. If you find that any of these elements has not been proved by preponderance of the evidence, then you shall not find that Mr. Bjorkman harmed Plaintiff through civil battery.

Authority: Fla. Stat. § 784.03; Paul v. Holbrook; Quilling; Sullivan; Restatement (Second) of Torts §§ 13, 18, 19

**PLAINTIFF'S OBJECTION**: Plaintiff objects to the proposed instruction as unnecessary to Count VII and as improperly narrowing the underlying harmful conduct to personal physical touching by the named individual. Any instruction defining the underlying conduct must conform to the governing choice-of-law ruling, the particular risk alleged and supported by the evidence, and Plaintiff's preserved theory that actionable contact may be intentionally caused directly or indirectly. Words, circumstances, and presence may also be admissible circumstantial evidence even when they are not themselves the physical contact. Plaintiff further objects to using this instruction as a

cumulative element requiring proof of both civil battery and sexual battery for negligent hiring, supervision, or retention.

**DISPUTED INSTRUCTION NO. __. Sexual Battery by Mr. Golden - eXp Realty Version**

Proposed by: eXp Defendants

To find that Mr. Golden harmed Plaintiff through sexual battery as alleged by Plaintiff, Plaintiff must prove by a preponderance of the evidence all of the following:

1. An act of oral, anal, or female genital penetration by, or union with, a sexual organ occurred, or an act of anal or female genital penetration of Plaintiff by any other object occurred. Conduct short of such penetration or union is not a sexual battery, including a person's presence in a room, a state of undress, exposure, a verbal remark, or offensive touching that does not involve penetration or union;

2. Plaintiff himself committed that act. He cannot be held liable for an act committed by any other person; and

3. The act was intentional and was against Plaintiff's will, meaning without her consent. "Consent" means intelligent, knowing, and voluntary consent and does not include coerced submission.

If you unanimously find that Plaintiff has proven each of these elements by a preponderance of the evidence, then you should find Mr. Golden harmed Plaintiff through sexual battery. If you find that any of these elements has not been proved by preponderance of the evidence, then you shall not find that Mr. Golden harmed Plaintiff through sexual battery.

Authority: Fla. Stat. § 794.011(1)(a), (j)

**PLAINTIFF'S OBJECTION**: Plaintiff objects to the proposed instruction as unnecessary to Count VII, premature absent a choice-of-law ruling, and improperly limited to an act personally committed by the named individual if that formulation would foreclose otherwise preserved grounds of legal responsibility or intentionally caused contact. The proposed text also contains an obvious error stating that "Plaintiff himself committed that act." Any underlying-conduct instruction should be defendant-specific, should not impose additional elements beyond the governing substantive law, and should not be made a cumulative prerequisite together with civil battery for the negligence claim.

**DISPUTED INSTRUCTION NO. __. Sexual Battery by Mr. Bjorkman - eXp Realty Version**

Proposed by: eXp Defendants

To find that Mr. Bjorkman harmed Plaintiff through sexual battery as alleged by Plaintiff, Plaintiff must prove by a preponderance of the evidence all of the following:

1. An act of oral, anal, or female genital penetration by, or union with, a sexual organ occurred, or an act of anal or female genital penetration of Plaintiff by any other object occurred. Conduct short of such penetration or union is not a sexual battery, including a person's presence in a room, a state of undress, exposure, a verbal remark, or offensive touching that does not involve penetration or union;

2. Plaintiff himself committed that act. He cannot be held liable for an act committed by any other person; and

3. The act was intentional and was against Plaintiff's will, meaning without her consent. "Consent" means intelligent, knowing, and voluntary consent and does not include coerced submission.

If you unanimously find that Plaintiff has proven each of these elements by a preponderance of the evidence, then you should find Mr. Bjorkman harmed Plaintiff through sexual battery. If you find that any of these elements has not been proved by preponderance of the evidence, then you shall not find that Mr. Bjorkman harmed Plaintiff through sexual battery.

Authority: Fla. Stat. § 794.011(1)(a), (j)

**PLAINTIFF'S OBJECTION**: Plaintiff objects to the proposed instruction as unnecessary to Count VII, premature absent a choice-of-law ruling, and improperly limited to an act personally committed by the named individual if that formulation would foreclose otherwise preserved grounds of legal responsibility or intentionally caused contact. The proposed text also contains an obvious error stating that "Plaintiff himself committed that act." Any underlying-conduct instruction should be defendant-specific, should not impose additional elements beyond the governing substantive law, and should not be made a cumulative prerequisite together with civil battery for the negligence claim.

**DISPUTED INSTRUCTION NO. 32**

The eXp Defendants withdraw Disputed Instruction 32 (Causation – eXp FELA Version) at this time.

**DISPUTED INSTRUCTION NO. 33**

**33. Causation - Substantial Factor**

Proposed by: Plaintiff

A substantial factor in causing harm is a factor that a reasonable person would consider to have contributed to the harm.

It must be more than a remote or trivial factor. It does not have to be the only cause of the harm.

Conduct is not a substantial factor if the same harm would have occurred without that ~~conduct~~[identify the particular Defendant and the conduct found attributable to that Defendant].

Authority: CACI 430

**eXp Defendants' Objection**

The eXp Defendants do not object to Plaintiff's Proposed Jury Instruction No. 33 at this time.

## DISPUTED INSTRUCTION NO. 34

**34. Multiple Causes**

Proposed by: Plaintiff

~~A Defendant's conduct~~A person's negligence may combine with another person's conduct, a preexisting condition, or another event to cause harm.

If you find that a Defendant's conduct was a substantial factor in causing Ms. Roberts's harm, that Defendant cannot avoid responsibility merely because another person, condition, or event was also a substantial factor.

~~You must nevertheless consider each Defendant separately and determine whether that Defendant's own conduct was a substantial factor in causing Ms. Roberts's harm.~~[Defendants request defendant-specific wording; eXp requests exact CACI 431 wording.]

Authority: CACI 431 (modified)

**eXp Defendants' Objection**

The eXp Defendants object to Plaintiff's Proposed Jury Instruction No. 34 because it is not relevant to the allegations of this case and the Proposed Instruction goes beyond what would be necessary to instruct the jurors in this matter. Moreover, the proposed jury instruction departs from the language set forth in CACI No. 431. The eXp Defendants propose that the Proposed Jury Instruction, to the extent this Court determines it is necessary and elects to use CACI No. 431, adhere to the language set forth in CACI No. 431, which provides:

Causation: Multiple Causes

A person's negligence may combine with another factor to cause harm. If you find that [name of defendant]'s negligence was a substantial factor in causing [name of plaintiff]'s harm, then [name of defendant] is responsible for the harm. [Name of defendant] cannot avoid responsibility just because some other person, condition, or event was also a substantial factor in causing [name of plaintiff]'s harm.

**DISPUTED INSTRUCTION NO. 80 (CONDITIONAL)**

**80. Evidence of Other Sexual Assaults - Permitted Propensity Use**

Proposed by: Plaintiff

You have heard evidence that ~~Defendant [Michael Bjorkman/David Golden] committed or attempted to commit other acts of sexual assault~~Evidence has been admitted from which you may decide whether [Mr. Bjorkman/Mr. Golden] committed or attempted the specifically identified qualifying act against persons other than Ms. Roberts.

You may consider that evidence in deciding whether [Mr. Bjorkman/Mr. Golden] committed or attempted to commit the conduct alleged by Ms. Roberts in this case. This includes considering whether the evidence tends to show that he had a propensity to commit sexual assault.

For purposes of this instruction, an “other sexual assault” includes an attempt to engage in nonconsensual sexual contact. An attempted sexual assault does not require proof that the intended sexual contact was completed. There must, however, be evidence from which you may reasonably find that [Mr. Bjorkman/Mr. Golden] intended to engage in qualifying nonconsensual sexual contact and took action toward that result.

You may give the evidence whatever weight you believe it deserves, or no weight at all.

The admission of this evidence does not relieve Ms. Roberts of her burden to prove every element of her claims by a preponderance of the evidence. You may not find that [Mr. Bjorkman/Mr. Golden] engaged in the conduct alleged solely because you believe he committed another wrongful act. You must determine whether Ms. Roberts proved the conduct and each element at issue in this case.

You must apply this instruction separately as to Mr. Bjorkman and as to Mr. Golden:

1. Evidence of acts committed by Michael Bjorkman may be considered as propensity evidence only in deciding whether Michael Bjorkman engaged in the conduct alleged;

2. Evidence of acts committed by David Golden may be considered as propensity evidence only in deciding whether David Golden engaged in the conduct alleged; and

3. You may not use these incidents as propensity evidence against eXp Realty, LLC, or Glenn Sanford, neither of which is alleged to have personally committed the alleged act.

The same evidence may be relevant to eXp Realty, LLC or Glenn Sanford for a different, limited purpose, such as knowledge, notice, foreseeability, negligent retention, or ratification. You may consider it for such a purpose only as explained in my other instructions.

Authority: Federal Rules of Evidence 413 and 415; Ninth Circuit Model Criminal 2.11 (adapted)

**eXp Defendants' Objection to Plaintiff's Proposed Jury Instruction No. 80**

The eXp Defendants object to Plaintiff's Proposed Jury Instruction No. 80. Plaintiff is not permitted to introduce Rule 404(b) or Rule 415 evidence pertaining to Defendants Bjorkman and Golden against the eXp Defendants. *McMahon v. Valenzuela*, 2015 U.S. Dist. LEXIS 159611 at *9 (C.D. Cal. 2015) ("In the Ninth Circuit, in order for Rule 415 to apply to evidence that a party is seeking to introduce at trial, (1) *the defendant* must be accused of an offense of sexual assault or child molestation; (2) the evidence being proffered must be related to the commission of another offence of sexual assault or child molestation; and (3) the evidence must be relevant."(emphasis added)). Given that Rule 415 is the civil equivalent of Rules 413 and 414, the language of the Rules 413 and 414 make clear that the admission of any propensity evidence is restricted to the defendant who committed such prior acts. Fed. R. Evid. 413 (a) ("[T]he court may admit evidence that *the defendant* committed any other sexual assault" (emphasis added)); Fed. R. Evid. 414 ("[T]he court may admit evidence that *the defendant* committed any other child molestation." (emphasis added).

[Plaintiff's note (Trial 2): Instruction No. 80 is proposed conditionally. Fed. R. Evid. 415 applies in a civil case "involving a claim for relief based on a party's alleged sexual assault"; Messrs. Bjorkman and Golden are not parties to Trial 2, and Plaintiff's claims against the Trial 2 Defendants are predicated on their conduct. Whether Rule 415 applies in Trial 2, and whether any other-acts evidence is admitted and for what purposes, is reserved for the Court's rulings on the Trial 2 motions in limine; Plaintiff alternatively relies on Fed.

R. Evid. 404(b)(2) (Instruction No. 81). The instruction is conformed to the non-party status of Messrs. Bjorkman and Golden and to the dismissal of eXp World Holdings, Inc. [Dkt. 472]. Defendants' objections are reproduced from Dkt. 442 without change.]

## DISPUTED INSTRUCTION NO. 81

**81. Other Acts Evidence - Permitted Nonpropensity Uses**

Proposed by: Plaintiff

You have heard evidence concerning other acts allegedly committed by Michael Bjorkman and/or David Golden and evidence concerning reports, complaints, or information received by the Defendants about those acts.

Except as permitted by my instruction concerning evidence of other sexual assaults, you may not use other-acts evidence to conclude that a person has a bad character and therefore probably acted in accordance with that character on the occasion at issue.

A. Use as to Michael Bjorkman or David Golden

As to the individual (Mr. Bjorkman or Mr. Golden) connected to the evidence, you may consider it, to the extent relevant, in deciding:

1. His intent;

2. His knowledge;

3. His motive;

4. His opportunity;

5. His preparation;

6. Whether he acted pursuant to a plan or recurring method;

7. Whether the conduct was the result of mistake or accident;

8. Whether he knew or recklessly disregarded that force, fraud, coercion, drugging, or incapacitation would be used to cause a commercial sex act;

9. Whether he and another person were acting together or with a shared purpose; and

10. Whether his statements or explanations concerning the events were credible.

~~An act committed by Mr. Bjorkman or Mr. Golden may~~ not be used to show that the other of them had a propensity to commit sexual assault. It may be considered as to the other of them only if it bears on a permitted issue such as his knowledge, intent, participation, plan, or absence of mistake.

B. Use as to eXp Realty or Glenn Sanford

You may consider evidence of other incidents, reports, complaints, or allegations received by a Defendant only for a theory that remains pending against that Defendant. Negligence and vicarious-liability uses apply to eXp Realty, LLC only; beneficiary-liability uses may apply to eXp Realty, LLC or Mr. Sanford as otherwise instructed. Subject to those limits, you may consider the evidence to the extent that it bears on:

1. What that Defendant actually knew;
2. What that Defendant should have known through reasonable care;
3. Notice and foreseeability;
4. Whether that Defendant negligently hired, supervised, retained, or controlled Bjorkman or Golden;
5. Whether that Defendant consciously adopted, approved, or ratified relevant conduct;
6. Whether that Defendant knowingly accepted or retained benefits after learning the material facts;
7. Whether an officer, director, or managing agent authorized or ratified conduct for purposes of punitive damages; and
8. Whether explanations offered for Defendant's actions or inaction were credible.

You may not conclude that a corporate Defendant has a character or propensity to commit sexual assault. You also may not hold a Defendant liable merely because another person committed a prior wrongful act.

You must consider the evidence separately as to each Defendant and only for a purpose for which it was admitted.

Authority: Federal Rules of Evidence 404(b) and 105

**eXp Defendants' Objection**

The eXp Defendants object to Plaintiff's Proposed Jury Instruction No. 81 Plaintiff is not permitted to introduce evidence of other bad acts by Mr. Bjorkman and Mr. Golden contained in investigation documents for any purpose other than potentially showing notice and knowledge on the part of the eXp Defendants. Plaintiff is not permitted to introduce

404(b) evidence pertaining to other parties against the eXp Defendants, nor are they permitted to usurp the purposes permitted under that Rule against a Defendant who did not commit the prior bad act.

[Plaintiff's note (Trial 2): Instruction No. 81 is conformed to the non-party status of Messrs. Bjorkman and Golden and to the dismissal of eXp World Holdings, Inc. [Dkt. 472]. Part B applies to eXp Realty, LLC and Mr. Sanford on the § 1595 claim and, as to the negligent hiring, supervision, and retention and vicarious-liability theories, to eXp Realty, LLC only. Defendants' objections are reproduced from Dkt. 442 without change.]

## DISPUTED INSTRUCTION NO. 82 (CONDITIONAL)

**82. Loss of Electronically Stored Information - Curative Instruction**

Proposed by: Plaintiff

The Court has determined that [Defendant] should have preserved ~~[identify ESI]~~[fill with the particular Defendant and specific ESI only after all Rule 37(e)(1) findings] because litigation was anticipated or pending, that the information was lost because reasonable steps were not taken to preserve it, and that the information cannot now be restored or replaced through additional discovery.

The Court has also determined that the loss of this information prejudiced Ms. Roberts.

You may consider:

1. The circumstances under which the information was lost;

2. The adequacy of Defendant's preservation efforts;

3. Defendant's explanation for the loss; and

4. How the absence of the information affects your evaluation of the evidence and the credibility of the witnesses.

You may not presume solely from the loss that the information was unfavorable to Defendant. You must evaluate the loss together with all the other evidence.

Authority: Federal Rule of Civil Procedure 37(e)(1)

**eXp Defendants' Objection to Plaintiff's Proposed Jury Instruction No. 82**

The eXp Defendants object to Plaintiff's Proposed Jury Instruction No. 82 because violates the Court's denial of Plaintiff's Motion in Limine No. __. The instruction is not relevant to any matter at issue in this case. Moreover, there has been no determination by this Court that the eXp Defendants should have preserved information or that the loss of such information has prejudiced Plaintiff. These determinations are made during discovery and prior to the close of fact discovery.

**PLAINTIFF'S RESPONSE:** Instruction No. 82 is expressly conditional and would be given only if the Court makes the findings required by Rule 37(e)(1). Defendants' objection references an unidentified motion-in-limine ruling. Plaintiff requests that Defendants identify the specific ruling and its scope before the conditional instruction is removed.

## DISPUTED INSTRUCTION NO. 83 (CONDITIONAL)

**83. Intentional Loss of Electronically Stored Information - Adverse Inference**

Proposed by: Plaintiff

The Court has determined that [Defendant] should have preserved [identify ESI] because litigation was anticipated or pending, that the information was lost because reasonable steps were not taken to preserve it, that it cannot be restored or replaced through additional discovery, and that Defendant acted with the intent to deprive Ms. Roberts of the information's use in this litigation.

Because of that finding, you ~~[may/must]~~[select only as ordered by the Court] presume that the lost information was unfavorable to Defendant.

Specifically, you [may/must] presume that the lost information would have been unfavorable to Defendant concerning ~~[identify the particular factual issue narrowly]~~[fill with the responsible Defendant, specific ESI, and narrow issue only after the Court makes every Rule 37(e)(2) finding].

You should not extend that presumption beyond the particular information and issue I have identified. You must decide all remaining issues from the evidence and instructions as a whole.

Authority: Federal Rule of Civil Procedure 37(e)(2)

eXp Defendants' Objection to Plaintiff's Proposed Jury Instruction No. 83

The eXp Defendants object to Plaintiff's Proposed Jury Instruction No. 83 because violates the Court's denial of Plaintiff's Motion in Limine No. __. The instruction is not relevant to any matter at issue in this case. Moreover, there has been no determination by this Court that the eXp Defendants should have preserved information or that the loss of such information has prejudiced Plaintiff. These determinations are made during discovery and prior to the close of fact discovery.

**PLAINTIFF'S RESPONSE:** Instruction No. 83 is expressly conditional and would be given only if the Court makes the findings required by Rule 37(e)(2). Defendants' objection incorrectly identifies Instruction No. 82 and references an unidentified motion-in-limine ruling. Plaintiff requests that Defendants identify the specific ruling and its scope before the conditional instruction is removed.

## DISPUTED INSTRUCTION NO. 86

**86. Non-Parties David S. Golden and Michael L. Bjorkman**

Proposed by: Plaintiff

David S. Golden and Michael L. Bjorkman are not parties to this trial. You should not speculate about why they are not parties, and you should not draw any inference for or against any party from that fact.

Because Ms. Roberts's claims against eXp Realty, LLC and Mr. Sanford depend in part on what Mr. Golden and Mr. Bjorkman did, you will be asked to decide certain questions about their conduct, including whether that conduct violated 18 U.S.C. § 1591, as I will explain in these instructions. You must decide those questions from the evidence presented in this trial, applying the legal standards and burden of proof I instruct you to apply to those questions.

The question for you in this trial is whether eXp Realty, LLC and Mr. Sanford are liable to Ms. Roberts under the standards I explain to you.

Authority: Court's ruling of September 23, 2026 [Dkt. 503] (Golden and Bjorkman not parties to Trial 2; § 1591 predicate to be tried in Trial 2); Ninth Circuit Model Civil Jury Instructions 1.5 and 1.8 (adapted); Plaintiff's proposed Amended Final Pretrial Conference Order ¶ 14(e).

[Plaintiff's note: This instruction is new and did not appear in Dkt. 442. It implements the Court's September 23, 2026 ruling that Messrs. Golden and Bjorkman are not parties to Trial 2 and is proposed as the neutral instruction contemplated by Plaintiff's proposed Amended Final Pretrial Conference Order ¶ 14(e). Plaintiff proposes that it be given with the preliminary instructions and repeated in the final instructions. Defendants eXp Realty, LLC and Sanford object to the instruction as unnecessary; Plaintiff maintains that a short neutral instruction is necessary to prevent speculation and to explain why the jury must decide predicate conduct by nonparties.]

**eXp Defendants' Objection to Plaintiff's Proposed Jury Instruction No. 83**

Defendants object to this instruction as unnecessary. The substance of the instruction is embodied in other instructions to the jury. They are to weigh the evidence presented to them for purposes of assessing liability. They are not to take anything in

account that has not been presented during trial, including speculation. By bringing attention to the fact the Golden and Bjorkman are not parties will only initiate speculation rather than address speculation.